# EXHIBIT A

 Select Language

Powered by Google **Translate**

# Civil Court Case Information – Case History

## Case Information

| | | | |
|---|---|---|---|
| Case Number: | CV2020-054300 | Judge: | Russell, Andrew |
| File Date: | 7/13/2020 | Location: | Northeast |
| Case Type: | Civil | | |

## Party Information

| Party Name | Relationship | Sex | Attorney |
|---|---|---|---|
| Peter Strojnik | Plaintiff | Male | Pro Per |
| Driftwood Hospitality Management L L C | Defendant | | Pro Per |
| United Hotels And Resorts L L C | Defendant | | Pro Per |
| C G D Tempe L P | Defendant | | Pro Per |

## Case Documents

| Filing Date | Description | Docket Date | Filing Party |
|---|---|---|---|
| 7/17/2020 | AFS - Affidavit Of Service | 7/20/2020 | |
| NOTE: UNITED HOTELS AND RESORTS LLC | | | |
| 7/17/2020 | SUM - Summons | 7/20/2020 | Plaintiff(1) |
| 7/15/2020 | SUM - Summons | 7/16/2020 | Plaintiff(1) |
| 7/15/2020 | SUM - Summons | 7/16/2020 | Plaintiff(1) |
| 7/15/2020 | AFS - Affidavit Of Service | 7/20/2020 | |
| NOTE: DRIFTWOOD HOSPITALITY MANAGEMENT LLC | | | |
| 7/15/2020 | AFS - Affidavit Of Service | 7/20/2020 | |
| NOTE: CGD TEMPE LP | | | |
| 7/13/2020 | COM - Complaint | 7/15/2020 | Plaintiff(1) |
| 7/13/2020 | CCN - Cert Arbitration - Not Subject | 7/15/2020 | Plaintiff(1) |
| 7/13/2020 | CSH - Coversheet | 7/15/2020 | Plaintiff(1) |

## Case Calendar
**There are no calendar events on file**

## Judgments
**There are no judgments on file**

Person Filing: PETER STROJNIK
Address (if not protected): 7847 N. CENTRAL AVE
City, State, Zip Code: PHOENIX, ARIZONA 85020
Telephone: 602-524-6602
Email Address: PS@strojnik.com
Lawyer's Bar Number: _____

CLERK OF THE
SUPERIOR COURT
FILED
L. GUTIERREZ, DEP.

2020 JUL 15  PM 12: 10

For Clerk's Use Only

Representing  ☒ Self, without a Lawyer  or  ☐ Attorney for  ☐ Plaintiff   OR  ☐ Defendant

ORIGINAL

# SUPERIOR COURT OF ARIZONA
# IN MARICOPA COUNTY

PETER STROJNIK

Name of Plaintiff

And

DRIFTWOOD HOSPITALITY MANAGEMENT ET AL.

Name of Defendant

Case No.: CV2020-054300

**SUMMONS**

If you would like legal advice from a lawyer,
contact the Lawyer Referral Service at

602-257-4434
or
www.lawyerfinders.org.
Sponsored by the
Maricopa County Bar Association

---

**WARNING: This is an official document from the court that affects your rights. Read this carefully.
If you do not understand it, contact a lawyer for help.**

---

**FROM THE STATE OF ARIZONA TO:** DRIFTWOOD HOSPITALITY MANAGEMENT, LLC

Name of Defendant

1. **A lawsuit has been filed against you.** A copy of the lawsuit and other court papers are served on you with this *"Summons"*.

2. If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court, and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint. To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to the:

   • **Office of the Clerk of the Superior Court, 201 West Jefferson Street, Phoenix, Arizona 85003-2205 OR**

   • **Office of the Clerk of the Superior Court, 18380 North 40th Street, Phoenix, Arizona 85032 OR**

   • **Office of the Clerk of Superior Court, 222 East Javelina Avenue, Mesa, Arizona 85210-6201 OR**

   • **Office of the Clerk of Superior Court, 14264 West Tierra Buena Lane, Surprise, Arizona, 85374.**

   Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons.

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

CV11f 010119

Case Number: _____

3.  If this *"Summons"* and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your *"Response"* or *"Answer"* must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served. If this *"Summons"* and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4.  You can get a copy of the court papers filed in this case from the Petitioner at the address listed at the top of the preceding page, from the Clerk of the Superior Court's Customer Service Center at:

    *   601 West Jackson, Phoenix, Arizona 85003
    *   18380 North 40th Street, Phoenix, Arizona 85032
    *   222 East Javelina Avenue, Mesa, Arizona 85210
    *   14264 West Tierra Buena Lane, Surprise, Arizona 85374.

5.  Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by the party needing accommodation or his/her counsel at least three (3) judicial days in advance of a scheduled proceeding.

6.  Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

SIGNED AND SEALED this date     JUL 1 3 2020     JEFF FINE, CLERK

CLERK OF SUPERIOR COURT

K. Melzer
Deputy Clerk

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

Page 2 of 2     CV11f 010119

CLERK OF THE
SUPERIOR COURT
FILED
M. MESSMER, DEP

2020 JUL 17 PM 3: 20

For Clerk's Use Only

Person Filing: PETER STROJNIK
Address (If not protected): 7847 N. CENTRAL AVE
City, State, Zip Code: PHOENIX, ARIZONA 85020
Telephone: 602-524-6602
Email Address: PS@strojnik.com
Lawyer's Bar Number: _____

Representing ☒ Self, without a Lawyer  or  ☐ Attorney for  ☐ Plaintiff   OR  ☐ Defendant

ORIGINAL

# SUPERIOR COURT OF ARIZONA
# IN MARICOPA COUNTY

PETER STROJNIK

Name of Plaintiff

And

DRIFTWOOD HOSPITALITY MANAGEMENT ET AL

Name of Defendant

If you would like legal advice from a lawyer,
contact the Lawyer Referral Service at

602-257-4434
or
www.lawyerfinders.org.
Sponsored by the
Maricopa County Bar Association

Case No.: CV2020-054300

## SUMMONS

---

**WARNING: This is an official document from the court that affects your rights.  Read this carefully.
If you do not understand it, contact a lawyer for help.**

---

**FROM THE STATE OF ARIZONA TO:** UNITED HOTELS AND RESORTS, LLC

Name of Defendant

1. **A lawsuit has been filed against you.  A copy of the lawsuit and other court papers are served on you
   with this *"Summons"*.**

2. **If you do not want a judgment or order taken against you without your input, you must file an
   *"Answer"* or a *"Response"* in writing with the court, and pay the filing fee. If you do not file an
   *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or
   Complaint.  To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to the:**

   - **Office of the Clerk of the Superior Court, 201 West Jefferson Street, Phoenix, Arizona 85003-
     2205 *OR***

   - **Office of the Clerk of the Superior Court, 18380 North 40th Street, Phoenix, Arizona 85032 *OR***

   - **Office of the Clerk of Superior Court,  222 East Javelina Avenue, Mesa, Arizona  85210-6201
     *OR***

   - **Office of the Clerk of Superior Court, 14264 West Tierra Buena Lane, Surprise, Arizona, 85374.**

   **Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of
   this Summons.**

Case Number: _____

3.  If this *"Summons"* and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your *"Response"* or *"Answer"* must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served. If this *"Summons"* and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4.  You can get a copy of the court papers filed in this case from the Petitioner at the address listed at the top of the preceding page, from the Clerk of the Superior Court's Customer Service Center at:

    • 601 West Jackson, Phoenix, Arizona 85003
    • 18380 North 40th Street, Phoenix, Arizona 85032
    • 222 East Javelina Avenue, Mesa, Arizona 85210
    • 14264 West Tierra Buena Lane, Surprise, Arizona 85374.

5.  Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by the party needing accommodation or his/her counsel at least three (3) judicial days in advance of a scheduled proceeding.

6.  Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

SIGNED AND SEALED this date    JUL 1 3 2020    _____

JEFF FINE, CLERK
CLERK OF SUPERIOR COURT

K. Melzer
Deputy Clerk

_____
Deputy Clerk

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

CV11f 010119

Person Filing: PETER STROJNIK
Address (if not protected): 7847 N. CENTRAL AVE
City, State, Zip Code: PHOENIX, ARIZONA 85020
Telephone: 602-524-6602
Email Address: PS@strojnik.com
Lawyer's Bar Number: _____

Representing ☒ Self, without a Lawyer  or  ☐ Attorney for  ☐ Plaintiff  OR  ☐ Defendant

CLERK OF THE
SUPERIOR COURT
FILED
L. GUTIERREZ, DEP.

2020 JUL 15  PM 12: 10

For Clerk's Use Only

ORIGINAL

# SUPERIOR COURT OF ARIZONA
# IN MARICOPA COUNTY

If you would like legal advice from a lawyer,
contact the Lawyer Referral Service at

602-257-4434
or
www.lawyerfindersaz.org.
Sponsored by the
Maricopa County Bar Association

CV 2020-054300

**PETER STROJNIK**

Name of Plaintiff

And

**DRIFTWOOD HOSPITALITY MANAGEMENT ET AL.**

Name of Defendant

Case No.: _____

## SUMMONS

---

**WARNING: This is an official document from the court that affects your rights. Read this carefully. If you do not understand it, contact a lawyer for help.**

---

## FROM THE STATE OF ARIZONA TO: CGD TEMPE, L.P.
### Name of Defendant

1. **A lawsuit has been filed against you.** A copy of the lawsuit and other court papers are served on you with this *"Summons"*.

2. **If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing** with the court, and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint. To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to the:

   - **Office of the Clerk of the Superior Court, 201 West Jefferson Street, Phoenix, Arizona 85003-2205 OR**
   - **Office of the Clerk of the Superior Court, 18380 North 40th Street, Phoenix, Arizona 85032 OR**
   - **Office of the Clerk of Superior Court, 222 East Javelina Avenue, Mesa, Arizona 85210-6201 OR**
   - **Office of the Clerk of Superior Court, 14264 West Tierra Buena Lane, Surprise, Arizona, 85374.**

   **Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons.**

---

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

CV11f 010119

Case Number: _____

3.  If this *"Summons"* and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your *"Response"* or *"Answer"* must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served. If this *"Summons"* and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4.  You can get a copy of the court papers filed in this case from the Petitioner at the address listed at the top of the preceding page, from the Clerk of the Superior Court's Customer Service Center at:

    - 601 West Jackson, Phoenix, Arizona 85003
    - 18380 North 40th Street, Phoenix, Arizona 85032
    - 222 East Javelina Avenue, Mesa, Arizona 85210
    - 14264 West Tierra Buena Lane, Surprise, Arizona 85374.

5.  Requests for reasonable accommodation for persons with disabilities must be made to the division assigned to the case by the party needing accommodation or his/her counsel at least three (3) judicial days in advance of a scheduled proceeding.

6.  Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

**JEFF FINE, CLERK**

SIGNED AND SEALED this date    JUL 1 3 2020    _____

CLERK OF SUPERIOR COURT

Deputy Clerk

K. Melzer
Deputy Clerk

© Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

Page 2 of 2

CV11f  010119

CLERK OF THE
SUPERIOR COURT
FILED
L. GUTIERREZ, DEP.

2020 JUL 15 PM 12: 10

Peter Strojnik
Pro Per
7847 N. Central Ave.
Phoenix, AZ 85020
(602) 524-6602

**ORIGINAL**

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
**IN AND FOR THE COUNTY OF MARICOPA**

**PETER STROJNIK,**

                              Plaintiff,

        vs.

**DRIFTWOOD HOSPITALITY MANAGEMENT,**
**et al,**

                              Defendant.

Case Number: CV2020-054300

**DECLARATION OF SERVICE BY A**
**PRIVATE PROCESS SERVER**

Received by Rush Hour Legal Service to be served on **DRIFTWOOD HOSPITALITY MANAGEMENT, LLC.**

I, Russell D. Hoffman, do hereby affirm that on the **14th day of July, 2020** at **1:36 pm,** I:

served **DRIFTWOOD HOSPITALITY MANAGEMENT, LLC** by delivering a true copy of the **Summons;**
**Complaint; Certificate of Arbitration** with the date and hour of service endorsed thereon by me, to:
**CORPORATION SERVICE COMPANY Brooklyn Vandeventer (Agent) (Statutory Agent)** at the
address of: **8825 N. 23rd Ave. Suite 100, Phoenix, AZ 85021**, and informed said person of the contents
therein, in compliance with state statutes.

**Description** of Person Served: Age: 24, Sex: F, Race/Skin Color: White, Height: 5'3", Weight: -, Hair:
Blonde, Glasses: Y

I, being fully qualified under ARCP 4(e) to serve process within the State of Arizona and having been so
appointed by Maricopa County Superior Court, Declare under penalty of perjury that the foregoing is true
and correct and was executed on the above date.

**Russell D. Hoffman**
Process Server MC-7486

**Rush Hour Legal Service**
**P.O. Box 30997**
**Mesa, AZ 85275**
**(480) 797-9483**

Our Job Serial Number: RUL-2020001317
Service Fee: $26.00

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1g



Peter Strojnik
Pro Per
7847 N. Central Ave.
Phoenix, AZ 85020
(602) 524-6602



CLERK OF THE
SUPERIOR COURT
FILED
M. MESSMER, DEP

2020 JUL 17 PM 3: 20

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

**PETER STROJNIK,**

Plaintiff,

vs.

**DRIFTWOOD HOSPITALITY MANAGEMENT,**
**et al,**

Defendant.

Case Number: CV2020-054300

**DECLARATION OF SERVICE BY A**
**PRIVATE PROCESS SERVER**

Received by Rush Hour Legal Service to be served on **UNITED HOTELS AND RESORTS, LLC.**

I, Trent Mennenga, do hereby affirm that on the **15th day of July, 2020 at 11:50 am, I:**

served **UNITED HOTELS AND RESORTS, LLC** by delivering a true copy of the **Summons; Complaint;**
**Certificate of Arbitration** with the date and hour of service endorsed thereon by me, to: **WEI WANG**
**(Office Manager Authorized by Statutory Agent)** at the address of: **858 W. Elliot Rd. Suite 102,**
**Tempe, AZ 85284**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 50, Sex: F, Race/Skin Color: Asian, Height: 5'7", Weight: 120, Hair:
Brown, Glasses: N

I, being fully qualified under ARCP 4(e) to serve process within the State of Arizona and having been so
appointed by Maricopa County Superior Court, Declare under penalty of perjury that the foregoing is true
and correct and was executed on the above date.



**Trent Mennenga**
MC-8792

**Rush Hour Legal Service**
P.O. Box 30997
**Mesa, AZ 85275**
**(480) 797-9483**

Our Job Serial Number: RUL-2020001318
Service Fee: $65.00

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1g



CLERK OF THE
SUPERIOR COURT
FILED
L. GUTIERREZ, DEP.

2020 JUL 15 PM 12: 09

Peter Strojnik
Pro Per
7847 N. Central Ave.
Phoenix, AZ 85020
(602) 524-6602

 **ORIGINAL**

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
**IN AND FOR THE COUNTY OF MARICOPA**

**PETER STROJNIK,**

Plaintiff,

vs.

**DRIFTWOOD HOSPITALITY MANAGEMENT,**
**et al,**

Defendant.

Case Number: CV2020-054300

**DECLARATION OF SERVICE BY A**
**PRIVATE PROCESS SERVER**

Received by Rush Hour Legal Service to be served on **CGD TEMPE, L.P.**.

I, Russell D. Hoffman, do hereby affirm that on the **14th day of July, 2020 at 1:36 pm, I:**

served **CGD TEMPE, L.P.** by delivering a true copy of the **Summons; Complaint; Certificate of Arbitration** with the date and hour of service endorsed thereon by me, to: **CORPORATION SERVICE COMPANY Brooklyn Vandeventer (Agent) (Statutory Agent)** at the address of: **8825 N. 23rd Ave. Suite 100, Phoenix, AZ 85021**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 24, Sex: F, Race/Skin Color: White, Height: 5'3", Weight: -, Hair: Blonde, Glasses: Y

I, being fully qualified under ARCP 4(e) to serve process within the State of Arizona and having been so appointed by Maricopa County Superior Court, Declare under penalty of perjury that the foregoing is true and correct and was executed on the above date.

**Russell D. Hoffman**
Process Server MC-7486

**Rush Hour Legal Service**
**P.O. Box 30997**
**Mesa, AZ 85275**
**(480) 797-9483**

Our Job Serial Number: RUL-2020001316
Service Fee: $26.00

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1g



1    Peter Strojnik,
2    7847 N. Central Avenue
     Phoenix, Arizona 85020
3    Telephone:  (602) 524-6602
     ps@strojnik.com
4

**COPY**

JUL **1 3** 2020

CLERK OF THE SUPERIOR COURT
K. MELZER
DEPUTY CLERK

5         **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
6              **IN AND FOR THE COUNTY OF MARICOPA**

7                                                  Case No: CV2020-054300
                                                   **CERTIFICATE OF ARBITRATION**
8    PETER STROJNIK,

9                                    Plaintiff,

10               vs.

11   (1)    DRIFTWOOD HOSPITALITY
     MANAGEMENT, LLC; (2) UNITED
12   HOTELS AND RESORTS, LLC; (3) CGD
     TEMPE LP,
13

14                                   Defendant.

15

16        The above cause is not subject to compulsory arbitration.

17        RESPECTFULLY SUBMITTED this 13th day of July, 2020.

18
                              **PETER STROJNIK**
19

20                            _____
                              Peter Strojnik
21                            Plaintiff

22

23

24

25

26

27

28



1  Peter Strojnik,
2  7847 N. Central Avenue
   Phoenix, Arizona 85020
3  Telephone:  (602) 524-6602
   ps@strojnik.com
4

**COPY**

JUL 1 3 2020

CLERK OF THE SUPERIOR COURT
K. MELZER
DEPUTY CLERK

5  **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
   **IN AND FOR THE COUNTY OF MARICOPA**
6

7                                          Case No:  CV2020-054300

8  PETER STROJNIK,                         **COMPLAINT**

9                          Plaintiff,      **1.  Americans with Disabilities**
                                               **Act**
10                vs.                       **2.  Negligence**
                                            **3.  Negligent**
11  (1)    DRIFTWOOD HOSPITALITY               **Misrepresentation**
    MANAGEMENT, LLC; (2) UNITED             **4.  Failure to Disclose**
12  HOTELS AND RESORTS, LLC; (3) CGD        **5.  Fraud / Consumer Fraud**
    TEMPE LP,
13                                          **JURY TRIAL REQUESTED**
14                          Defendant.
15

16                     **SYNOPSIS OF CLAIMS**

17  1. Plaintiff brings this action as an ADA Tester and a consumer of hotel lodging services.

18     Hotels, motels and other places of lodging have developed a system of deceptive self-

19     identification through the use of purchased brand names such as "Holiday Inn" and

20     "DoubleTree by Hilton"  while at the same time concealing the true identity of the

21     hotel owners and operators. The intent and purpose of this deceptive identification is

22     to mislead the lodging public into believing that they are booking a hotel  room at a

23     national brand name property when they are in fact booking a room with an unknown

24     owner and an unknown operator.

25  2. This Complaint describes the deceptive identification of a two hotels in Maricopa

26     County: The Holiday Inn Phoenix West located at 1500 N. 51st Avenue, Phoenix,

27     Arizona 85043 ("Holiday Inn") and Doubletree By Hilton Hotel located at 2100 South

28     Priest Drive in Tempe, AZ 85282 ("Doubletree by Hilton").

3. "Holiday Inn" is neither owned nor operated by "Holiday Inn". It is operated by Defendant Driftwood Hospitality Management, LLC and owned by United Hotels and Resorts, LLC. The use of the brand "Holiday Inn" is purchased from the current ostensible owner of the brand, Intercontinental Hotels Group ("IHG").

4. "Doubletree by Hilton" is neither owned nor operated by Hilton. It is operated by Defendant Driftwood Hospitality Management, LLC and owned by CGD Tempe, LP. The use of the brand name "Doubletree by Hilton" is purchased from the current ostensible owner of the brand, Hilton Domestic Operating Company, Inc., for the purpose of misleading the consumers, including Plaintiff.

5. The Complaint further notes that in 1990 the U.S. Congress passed the Americans with Disabilities Act ("ADA") which requires public accommodations, including places of lodging such as Holiday Inn and Doubletree by Hilton to abide by certain well developed and clearly understood accessibility requirements. Places of lodging generally follow the business model that compares the costs of ADA remediation against the settlement and defense costs of occasional lawsuit, and the use of misrepresentations on their booking websites.

6. Holiday Inn and Doubletree by Hilton prefer paying a sporadic litigation costs and settlement amounts versus incurring the costs of remediation because the former is cheaper than the latter. Both hotels have been previously sued for violating the ADA, to wit: *Gastelum v. Champion Hotel Investment of Phoenix,* (U.S. Dist. Az. Case No: 2:17-cv-03834-DJH) (Holiday Inn) and *Gastelum v. CGD Tempe, L.P.,* (U.S. Dist. Az. Case No: 2:18-cv-00512-GMS) (Doubletree by Hilton), but they have not remediated the ADA violations. Both Hotels engage in misrepresentations of accessible features at their booking websites. Both hotels perpetuate discrimination against the disabled in favor of profit. Both hotels maintain architectural and non-architectural barriers to accessibility.

7. Plaintiff brings this action pursuant to the (1) Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* and corresponding regulations, 28 CFR Part 36 and Department of Justice Standards for Accessible Design ("ADA"), (2) Negligence, (3) Negligent Misrepresentation, (4) Failure to Disclose and (5) Fraud / Consumer Fraud.

## PARTIES

8. Plaintiff is a retired veteran and a disabled person as defined by the 2008 ADA Amendment Act, 28 C.F.R. 36.105 all as more fully developed below.

9. Defendant Driftwood Hospitality Management, LLC, operates numerous lodging properties, including the Holiday Inn property at 1500 N. 51st Ave., Phoenix, Arizona and the DoubleTree by Hilton property at 2100 South Priest Drive in Tempe, AZ 85282.

10. Defendant United Hotels and Resorts, LLC owns the Holiday Inn property.

11. Defendant CGD Tempe, LP, owns the Doubletree by Hilton property.

12. Holiday Inn and Doubletree by Hilton are sometimes referred to jointly as "Hotels".

## PLAINTIFF'S DISABILITIES AS DEFINED BY THE 2008 ADA AMENDMENT ACT AND 28 C.F.R. 36.105

13. At all times relevant hereto, Plaintiff suffered from the following physical disabilities: prostate cancer, genitourinary impairment, renal cancer, severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, missing right knee ameliorated with a prosthesis, limitation on the use of both shoulders, elbows and wrists, pleurisy, hyper blood pressure.

14. Plaintiff's physical infirmities alleged above do both of the following:

    a. Affect neurological, musculoskeletal, respiratory, cardiovascular, reproductive and genitourinary body systems; and

    b. Limit, without regard to mitigated or unmitigated measures, active or inactive state, remissive or non-remissive condition, the following major life activities: walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, breathing, getting in and out of a car, working, carrying stuff and other major life activities.

15. Plaintiff has a history of impairments stated in the preceding paragraph.

16. Plaintiff is regarded as having a physical conditions that limit major life activities.

17. Because of Plaintiff's disabilities, he requires the use of lodging facilities that are accessible to him and have the standard accessibility features of the construction related accessibility standards including those required by 42 U.S.C. Sec. 12101 et seq., 28 C.F.R. Part 36, the relevant Standards for Accessibility Design, as such laws and regulations relate to walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, breathing, getting in and out of a car, carrying stuff and working.

18. Plaintiff has been declared disabled and has been issued a government disability placard reproduced in the margin.



19. The following Table 1 indicates the relationship between Plaintiff's ADA disabilities and major life activities:

**RELATION BETWEEN PLAINTIFF'S ADA DISABILITY AND MAJOR LIFE ACTIVITIES**

| DISABILITY | | | | RELATION | |
|---|---|---|---|---|---|
| DESCRIPTION | DISABILITY PRONG | | | MAJOR LIFE ACTIVITY | 28 C.F.R. 36 REFERENCE |
| | Impairment | History Of | Reg'ed As | | |
| Prostate Cancer And Genitourinary Impairment | x | x | x | Abnormal cell growth, genitourinary, bladder, reproductive functions. | (c)(1)(ii) (d)(1)(iv) (d)(1) (v) (d)(1) (vi) (d)(1)(viii) (d)(2)((iii)(F) (e)(1)(2) (f)(1) |
| Renal Cancer | x | x | x | Abnormal cell growth, midsection twisting, turning, general movement. | (c)(1)(ii) (d)(1)(iv) (d)(1)(v) (d)(1)(vi) (d)(1)(viii) (d)(2)((iii)(F) |

| | | | | | (e)(1)(2)<br>(f)(1) |
|---|---|---|---|---|---|
| Severe Right-Sided Neural Foraminal Stenosis With Symptoms Of Femoral Neuropathy | x | x | x | Walking, standing, sitting, bending, sleeping, working, climbing stairs, kicking, jumping, twisting body, running, climbing, carrying stuff and other major life activities | (c)(1)(i)<br>(d)(1)(iv)<br>(d)(1)(v)<br>(d)(1)(vi)<br>(d)(1)(viii)<br>(d)(2)(iii)(D)<br>(e)(1)(2)<br>(f)(1) |
| Partially Missing Limb - Missing Right Knee | x | x | x | Walking, standing, sitting, bending, walking, sleeping, working, climbing stairs, kicking, jumping, running, twisting knee, carrying stuff, and other major life activities. | (c)(1)(i)<br>(d)(1)(iv)<br>(d)(1)(v)<br>(d)(1)(vi)<br>(d)(1)(viii)<br>(d)(2)(iii)(D)<br>(e)(1)(2)<br>(f)(1) |
| Limitation On The Use Of Both Shoulders, Elbows And Wrists | x | x | x | Performing manual tasks, sleeping, reaching, lifting, writing, working, twisting the wrist, shoulder and elbows, grasping, pushing, opening doors, carrying stuff and working. | (c)(1)(i)<br>(d)(1)(iv)<br>(d)(1)(v)<br>(d)(1)(vi)<br>(d)(1)(viii)<br>(e)(1)(2)<br>(f)(1) |
| Pleurisy | x | x | x | Performing manual tasks, sleeping, walking, reaching, lifting, writing, working, carrying stuff, or physically functioning on any level. | (c)(1)(i)<br>(d)(1)(iv)<br>(d))1)(v)<br>(d))1)(vi)<br>(d)(2)((iii)(D)<br>(e)(1)(2)<br>(f)(1) |
| **Table 1** | | | | | |

20. Plaintiff has been declared permanently disabled by the Arizona Department of Transportation and is, therefore "regarded as" being disabled. The disabled placard

5

reproduced in the margin above entitles him to preferential parking, stopping and the use of passenger loading / drop of zone areas.

21. In their unmitigated, active state, Plaintiff's impairments require the use of a wheelchair as defined in 28 C.F.R. 36.104.

22. Plaintiff incorporates the entirety of 28 C.F.R. 36 and the Standards for Accesibility Design into this Complaint as if fully stated herein.

**PLAINTIFF'S ADA REQUIREMENTS FOR FULL AND EQUAL ENJOYMENT OF A HOTEL**

23. With respect to the disclosures required by 28 C.F.R. 36.302(e)(1)(ii) and with respect to the removal of actual, physical or architectural barriers to accessibility,  Plaintiff alleges:

   a. Plaintiff is ADA disabled as described above. The relationship between Plaintiff's impairments and major life activities is described in Table 1.

   b. Plaintiff's impairments are substantially limiting as this term is defined in the 2008 ADA Amendment Act and interpreted in 28 C.F.R. 36.105.

   c. Plaintiff alleges that the provisions of the 2008 ADA Amendment Act and 28 C.F.R. 35.105 relating to (1) ameliorative effects of mitigating measures (2) episodic impairments, (3) remissive impairments, (4) predictable assessments and (5) the interpretative definition of "substantially limiting" apply to Plaintiff.

   d. Because of and based on Plaintiff's impairments described above, Plaintiff requires a place of lodging  where he desires to book a room to both:

      1. Identify and describe accessible features and guest rooms offered through its reservations service in sufficient detail to permit Plaintiff assess independently whether Defendant's Hotel and guest rooms meet Plaintiff's accessibility needs; and

      2. Remediate architectural accessibility barriers that relate to Plaintiff's impairments.

e.  The identification of accessible features at the hotel through a hotel's reservation service is required because without such information, Plaintiff is unable to assess independently whether a hotel's condition meets Plaintiff's needs.

f.  The remediation of architectural accessibility barriers as they relate to Plaintiff's impairments is required because any encounter with architecturally inaccessible elements causes Plaintiff discomfort and pain when using, negotiating, overcoming or otherwise encountering such barriers.

g.  As a result, Plaintiff requires a hotel's booking services to disclose, and the hotel to remediate, all of the following accessibility requirements of the applicable Standards for Accessibility Design[1]:

(i) Operable parts [205[2], 309, 404,] such as doors, door opening and closing hardware, AC controls. An encounter with a non-compliant operable part causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(ii) Knee and toe clearances [306] at counters, bars etc. An encounter with a non-compliant knee and toe clearance causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(iii)   Reach ranges [308] in sales stores and other elements. An encounter with a non-compliant reach range causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

---

[1] These requirements are based on Plaintiff's disability as defined in the 2008 ADA Amendment Act and 28 C.F.R. 36.105 in their active, inactive, remissive, non-remissive, mitigated or unmitigated states.

[2] Bracketed numbers refer to Standards for Accessibility Design.

(iv)    Accessible routes [402]. An encounter with a non-compliant accessible route causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(v) Walking surfaces [403] on accessible routes. An encounter with a non-compliant walking surfaces causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(vi)    Parking spaces, passenger loading ones, stairways and handrails [501, 502, 503, 504, 505]. An encounter with a non-compliant parking facilities, stairways and handrails causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(vii)    Toilet and bathing rooms, water closets and toilet compartments, lavatories and sinks, bathtubs, shower compartments, grab bars, seats, washing machines, clothes dryers and saunas and steam rooms [602, 603, 604, 606, 607, 608, 609, 610, 611 and 612]. An encounter with a non-compliant toilet and bathing rooms, water closets and toilet compartments, lavatories and sinks, bathtubs, shower compartments, grab bars, seats, washing machines, clothes dryers and saunas and steam rooms cause Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such barriers and deprive him of full and equal enjoyment of the hotel.

(viii)    Transient lodging guest rooms [806]. An encounter with a non-compliant transient lodging guest room causes Plaintiff to experience pain and discomfort when using, negotiating, overcoming or otherwise encountering such a barrier and deprive him of full and equal enjoyment of the hotel.

(ix)    Dining surfaces and work surfaces, benches, check out isles and sales and service counters [902, 903, 904]. An encounter with a non-compliant dining

1   surfaces and work surfaces, benches, check out isles and sales and service

2   counters cause Plaintiff to experience pain and discomfort when using,

3   negotiating, overcoming or otherwise encountering such barriers and deprive

4   him of full and equal enjoyment of the hotel.

5   (x) Swimming pools and saunas [1009]. An encounter with non-compliant

6   swimming pools or saunas causes Plaintiff to experience pain and discomfort

7   when using, negotiating, overcoming or otherwise encountering such barriers

8   and deprive him of full and equal enjoyment of the hotel.

9   **ALLEGATIONS RELATING TO HOLIDAY INN**

10  24. Driftwood holds itself out as the manager and operator of Holiday Inn.

11  25. On or about July 10, 2020, Plaintiff reviewed Driftwood's booking website

12  diftwoodhospitality.com to visit and/or lodge at the Holiday Inn.

13  26. The Driftwood booking website referred Plaintiff to Holiday Inn Phoenix West

14  Website:



| 1 | Holiday | Inn | Phoenix-West |
|---|---|---|---|
| 2 | 1500 North 51st Ave |
| 3 | Phoenix, AZ 85043 |
| 4 | **Phone:** 602-484-9009 |
|   | **Fax:** 602-484-0108 |
|   | Website |

27. Upon clicking on the "website" prompt for Holiday Inn, Plaintiff was taken to a website "westphoenixhotel.com" which is a Japanese prostitution recruitment website www.westphoenixhotel.com:





28. Plaintiff was shocked and dismayed by Holiday Inn website disclosed on the Driftwood's website.

29. Plaintiff's further efforts took him to the booking website for International Hotels Group PLC ("IHG") which disclosed that it owns the Holiday Inn brand:



30. The IHG website provides booking services for Holiday Inn.  Plaintiff found the following information on the IHG booking website relative to 28 C.F.R. 36.302(e)(1)(ii) required disclosures for Holiday Inn:

## 28 C.F.R. 36.302(e)(1)(ii) DISCLOSURES
### https://www.ihg.com/holidayinn/hotels/us/en/phoenix/phxaz/hoteldetail

https://www.ihg.com/hotels/us/en/find-hotels/hotel/list?fromRedirect=true&qAms=null&qSrt=sAV&qDest=Phoenix,%20AZ,%20United%20States&qCiD=22&qCiMy=062020&qCoD=23&qCoMy=062020&setPMCookies=true&srb_u=1



11

**Hotel Areas with Accessible Routes from Accessible Public Entrance**

- Registration Area
- Accessible Guest Rooms
- Business Center
- Meeting Room
- Exercise Facility
- Pool

**Provided by Hotel**

- Accessible Self-Parking
- Van Accessible Self Parking
- Ramp Access
- Portable Bathtub Seats
- Closed Caption TVs
- Telephone with TDD
- Visual Alarm/Alert in Guest Rooms
- Visual Alarm/Alert in Public Spaces
- Communication Kits with Visual Alarms

## ROOMS

https://www.ihg.com/holidayinn/hotels/us/en/find-hotels/hotel/rooms?qDest=1500%20North%2051st%20Avenue,%20Phoenix,%20AZ,%20US&qCiMy=62020&qCiD=11&qCoMy=62020&qCoD=12&qAdlt=1&qChld=0&qRms=1&qRtP=6CBARC&qSlH=PHXAZ&qAkamaiCC=US&qSrt=sDD&qBrs=re.ic.in.vn.cp.vx.hi.ex.rs.cv.sb.cw.ma.ul.ki.va.ii.sp.nd.ct.sx&qAAR=6CBARC&qWch=1&qSmP=1&setPMCookies=true&qRad=30&qRdU=mi&srb_u=1&qSHBrC=HI

**ONLY 1 ROOM CATEGORY AVAILABLE. THERE ARE AT LEAST 4 MORE CATEGORIES:**

| One Bed | Two Beds | Suite | Standard |
|---|---|---|---|
| FROM | FROM | FROM | FROM |
| 93.10 USD | 102.60 USD | 131.10 USD | 93.10 USD |
| OR | OR | | OR |
| 7,500 points + 37.00 USD | 7,500 points + 37.00 USD | | 7,500 points + 37.00 USD |

("2 BEDS" COVERS 2 DOBLE BEDS AND TWO QUEEN BEDS CATEGORIES)

**Table 2**

31. IHG disclosed the information relating to Holiday Inn in its capacity as the agent (IHG) for principal ("Holiday Inn").

32. The reproduction of relevant booking websites in Table 2 above demonstrates a failure to identify and describe accessible features and guest rooms offered through

13

1      its reservations service in sufficient detail to permit Plaintiff to assess independently

2      whether Defendant's Hotel or guest room meet Plaintiff's accessibility needs.

3  33. The booking website also discloses that the alleged accessible rooms at the Holiday

4      Inn are not dispersed among various categories of guest rooms as documented in Table

5      2.

6  34. Therefore, Plaintiff called Holiday Inn and inquired whether it was ADA compliant.

7      The booking clerk confirmed that it was.

8  35. On or about July 11, 2020, Plaintiff personally visited Holiday Inn and personally

9      encountered the following photographically documented conditions at the Hotel.

10     Below each photograph is a vernacular description of the barrier that denied Plaintiff

11     the 'full and equal' access that would satisfy the injury-in-fact requirement (i.e., that

    he personally suffered discrimination under the ADA on account of his disability).



**PERSONAL BARRIER ECOUNTERS 2020-07-11**

Identification.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Accessible parking slope too steep.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15



No marked passenger loading zone.

16
17
18
19
20
21
22
23
24



Passenger loading zone too steep.

25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





Improperly configured check in counter.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





Inaccessible bar.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



No access from parking to lobby – no curb ramps.



No van accessible marking anywhere.

**Table 3.**

36. IHG's disclosures made on Holiday Inn's booking website, Table 2, were (1) inadequate and (2) false with respect to, inter alia, allegedly accessible "public entrance", "registration desk", "accessible self-parking" and "van accessible self-parking" as documented in Table 3.

37. Plaintiff is deterred from booking a room at the Holiday Inn because the violations documented above are directly related to his disabilities by the application and use of common sense as suggested by the United States Supreme Court in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)

38. Each of the above conditions constitute a violation of the ADA and deprived Plaintiff of full and equal access and enjoyment of the Holiday Inn.

39. The removal of barriers is readily achievable.

40. Plaintiff's injury will be redressed by the removal of barriers as requested below.

**ALLEGATIONS RELATING TO DOUBLETREE BY HILTON**

41. On or about July 11, 2020, Plaintiff consulted DoubleTree by Hilton website at https://www.hilton.com/en/hotels/phxmpdt-doubletree-phoenix-tempe.

42. Plaintiff discovered the following statements and representations there:

| 28 C.F.R. 36.302(e)(1)(ii) DISCLOSURES |
| :---: |
| https://www.hilton.com/en/hotels/phxmpdt-doubletree-phoenix-tempe/ |

**Accessible Amenities**

**Available accessible features include:**

- Accessible
- Accessible business center
- Accessible concierge desk
- Accessible elevators
- Accessible exercise facility
- Accessible guest rooms with mobility features with entry or passage doors that provide 32" of clear width
- Accessible hotel restaurant
- Accessible meeting rooms
- Accessible parking
- Accessible parking spaces for cars in the self-parking facility
- Accessible public entrance
- Accessible registration desk

20

- Accessible route from the accessible public entrance to the accessible guestrooms
- Accessible route from the accessible public entrance to the registration area
- Accessible route from the hotel's accessible entrance to the meeting room/ballroom area
- Accessible route from the hotel's accessible public entrance to at least one restaurant
- Accessible route from the hotel's accessible public entrance to the business center
- Accessible route from the hotel's accessible public entrance to the exercise facilities
- Accessible route from the hotel's accessible public entrance to the spa
- Accessible route from the hotel's accessible public entrance to the swimming pool
- Accessible swimming pool
- Accessible transportation with advance notice
- Assistive listening devices for meetings upon request
- Closed captioning on televisions or closed captioning decoders
- Hotel complies with ADA Guidelines
- Hotel complies with the Americans with Disabilities Act of 1990
- Public Areas/Facilities accessible for physically challenged
- Roll-in Shower
- Rooms accessible to wheelchairs (no steps)
- Service animals welcome
- TTY for guest use
- Van-accessible parking in the self-parking facility
- Visual alarm for hearing impaired

**The following features aren't available:**

- Valet only parking

### ROOMS

| Room Filters | Special Rates | ✔ | Accessible Rooms | | Use Points & Money |
|---|---|---|---|---|---|



1 King Bed with
Sofabed-nonsmoking

**Quick Book** $79
Honors Dream Away



2 Queen Beds
Nonsmoking

**Quick Book** $79
Honors Dream Away



2 Qn Mobility/hearing
Access Ri Shwr No
Smok

**Quick Book** $79
Honors Dream Away



2 Qn Mobility/hearing
Accessible Tub No
Smok

**Quick Book** $79
Honors Dream Away





**Table 4.**

43. The representations in the above Table 4 state that DoubleTree by Hilton is a fully accessible hotel.

44. The representations in Table 4 admit that the ostensibly accessible rooms at the DoubleTree by Hilton are not properly dispersed among various categories of rooms.

45. Plaintiff visited DoubleTree by Hilton and noted the following ADA deficiencies:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**PERSONAL BARRIER ECOUNTERS**
**2020-07-11**

Identification



Inaccessible to fireplace sitting area

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Improperly configured handrails.



Inaccessible gift shop items.

1
2
3
4
5
6
7
8
9
10
11
12



Inaccessible to Milagro

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Improperly configured handrails to Milagro.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Over 20 lbs to open.



Inaccessible restaurant – bar sitting area.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Inaccessible bar.



Only one grab bar in accessible toilet.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



More than 5 lbs to open.



Improperly configured handrails throughout.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





1
2
3
4
5
6
7
8
9
10
11



All latches to bodies of water too  high.

12
13
14
15
16
17
18
19
20
21
22
23



Open risers throughout.

24
25
26
27
28

31

Handicapped parking visually too steep.

**Table 5.**

46. The list of unavailable accessibility features is false and incomplete, as documented in Table 5.

47. The representations that DoubleTree by Hilton is "accessible" with "accessible hotel restaurant" and "accessible parking" and "accessible registration desk" and that "Hotel complies with ADA guidelines" and that it complies "with the Americans with Disabilities Act of 1990" are false as documented in Table 5.

48. Plaintiff is deterred from booking a room at the DoubleTree by Hilton because the violations documented above are directly related to his disabilities by the application and use of common sense as suggested by the United States Supreme Court in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)

49. Each of the above conditions constitute a violation of the ADA and deprived Plaintiff of full and equal access and enjoyment of the DoubleTree by Hilton.

50. The removal of barriers is readily achievable.

51. Plaintiff's injury will be redressed by the removal of barriers as requested below.

**ALLEGATIONS RELATING TO INTENTIONALITY**

52. Defendants have been subject to a previous ADA actions but have not remediated ADA violations.

53. Defendants made a conscious decision to not comply with the ADA and to discriminate against persons with disabilities because, in their business judgment, payment of lawsuit damages is cheaper than integration through ADA compliance.

54. Defendants made a conscious decision to mislead the traveling public of the ownership, management and operations of their Hotels under deceptive names, i.e., Holiday Inn and DoubleTree by Hilton.

55. Factors for consideration include:

    a. Defendants' conduct is and has been reprehensible; and

    b. The severity of the harm likely to result, i.e. segregation of persons with disabilities, has been achieved through greed for net profit; and

    c. Defendants' actions actually segregate Plaintiff and other disabled individuals from the non-disabled rest traveling public; and

    d. The duration of Defendant's misconduct is of long duration; and

    e. Defendants' were and are fully aware of their own illicit maintenance of segregationist hotels; and

    f. Particularly where compensatory damages may be low, "the need for punishment or deterrence may be increased by reason of the very fact that the defendant will have no liability for compensatory damages". *Sanchez v. Clayton*, 117 N.M. 761, 767, 877 P.2d 567, 573 (1994) (citing to 1 Dan B. Dobbs, *Law of Remedies* § 3.11(10), at 515-16 (2d ed. 1993))).

56. These factors recommend that only the most severe sanctions against Defendants will assure compliance with the ADA, integration of disabled individuals into the mainstream of social life, and assure that Defendants' and others similarly situated stop deceiving the public consumers, including Plaintiff, with false representations of their places of lodging.

## COUNT I
### (Americans with Disabilities Act)

57. Plaintiff realleges all allegations heretofore set forth.

33

58. Defendants are owners and operators of Holiday Inn and DoubleTree by Hilton as more fully developed above.

59. Defendant have violated the requirements of the ADA, including 28 C.F.R. 36 and the relevant Standards for Accessibility Design as more fully stated above.

**WHEREFORE,** Plaintiff prays for relief against each Defendant as follows:

    A.  Relief described in 42 U.S.C. §2000a – 3; and

    B.  Relief described in 42 U.S.C. § 12188(a) and (b) and, particularly -

    C.  Injunctive relief order to alter Defendant's place of public accommodation to make it readily accessible to and usable by all individuals with disabilities; and

    D.  Requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by Subchapter III of the ADA; and

    E.  Equitable nominal damages; and

    F.  For costs, expenses and attorney's fees; and

    G.  All remedies provided for in 28 C.F.R. 36.501(a) and (b); and

    H.  All other relief susceptible of proof based on the allegations.

## COUNT II
### (Negligence and Negligence Per Se)

60. Plaintiff realleges all allegations heretofore set forth.

61. Defendants owed Plaintiff a duty to remove ADA accessibility barriers so that Plaintiff as a disabled individual would have full and equal access to Defendants' Hotels.

62. Defendants has been subject to previous ADA actions in the United States District Court for the District of Arizona *Gastelum v. Champion Hotel Investment of Phoenix,* (U.S. Dist. Az. Case No: 2:17-cv-03834-DJH) (Holiday Inn) and *Gastelum v. CGD Tempe, L.P.,* (U.S. Dist. Az. Case No: 2:18-cv-00512-GMS) (Doubletree by Hilton), but they have not remediated the ADA violations.

63. The ADA is a civil rights legislative pronouncements while the enforceable implementing regulation are safety pronouncements. *See,* e.g. 28 C.F.R. 36 and 2010 Standards for Accessibility Design.

64. Every time that Plaintiff is required to negotiate a non-compliant element in Defendant's Hotel, Plaintiff suffers pain and physical discomfort that the regulation is designed to prevent.

65. Plaintiff personally experienced the violations of enforceable implementing regulations and personally experienced paid, discomfort and suffering as a result of Defendants' violations of implementing regulations.

66. Plaintiff suffered physical and emotional damages in an amount to be proven at trial but in no event less than $35,000.00.

67. The implementing regulations were designed for the specific purpose of preventing, in part, the types of injuries suffered by Plaintiff.

68. Defendants breached this duty.

69. Defendants' knowing, and intentional discrimination has worked counter to our Nation's goals enumerated in 42 U.S.C. 12101(a), causing Plaintiff injury.

70. By engaging in negligent conduct described herein, Defendants engaged in intentional, aggravated and outrageous conduct.

71. Defendants consciously, knowingly and intentionally pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

72. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter these Defendants and others similarly situated from pursuing similar acts, and in no event less than $235,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of negligence; and

    B. For damages in the amount of no less than $35,000.00; and

    C. For punitive damages in the amount of no less than $235,000.00; and

    D. For such other and further relief as the Court may deem just and proper.

## COUNT III
### (Negligent Misrepresentation)

73. Plaintiff realleges all allegations heretofore set forth.

74. Defendants failed to exercise reasonable care or competence in obtaining or communicating the information regarding ADA compliance to Plaintiff through their booking website as alleged above.

75. Defendants supplied false information to Plaintiff for guidance in Plaintiff's business transaction, to wit: the renting of a hotel room.

76. Defendants' false statements were made in the course of Defendants' business in which Defendants have a pecuniary interest, to wit: renting of rooms.

77. Plaintiff justifiably relied on Defendants' false representation.

78. Plaintiff has suffered pecuniary losses as a result of his reliance on Defendants' false information regarding ADA compliance, to wit: he spent time, effort and resources in an amount to be proven at trial, but in no event less than $35,000.00.

79. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

80. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter these Defendants and others similarly situated from pursuing similar acts, but in no event less than $235,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of negligent misrepresentation; and

    B. For damages in an amount requested; and

    C. For punitive damages in the amount requested; and

    D. For such other and further relief as the Court may deem just and proper.

## COUNT IV
### (Failure to Disclose)

81. Plaintiff realleges all allegations heretofore set forth.

82. Defendants were under a duty to Plaintiff to exercise reasonable care to disclose matters required to be disclosed pursuant to 28 C.F.R. 36.302(e)(1)(ii) as more fully alleged above.

83. Defendants was under a duty to disclose matters to Plaintiff that Defendants knew were necessary to be disclosed to prevent Plaintiff to be misled by partial disclosures of ADA compliance as more fully alleged above.

84. The compliance with the ADA is a fact basic to the transaction.

85. Defendants failed to make the necessary disclosures.

86. As a direct consequence of Defendants' failure to disclose, Plaintiff visited the Hotels, but is deterred from booking a room there because of their non-compliance with the ADA.

87. Plaintiff has been damaged by Defendant's non-disclosure in an amount to be proven at trial, but in no event less than $35,000.00.

88. Defendants either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

89. Defendants are liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter these Defendants and others similarly situated from pursuing similar acts but in no event less than $235,000.00

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of that Defendant failed to disclose information; and

    B. For damages in the amount requested; and

    C. For punitive damages in the amount requested; and

    D. For such other and further relief as the Court may deem just and proper.

**COUNT V**
**(Fraud -Common Law and Consumer)**

90. Plaintiff realleges all allegations heretofore set forth.

91. Defendants made representations as alleged above.

92. The representations were material.

93. The representations were false.

94. Defendants knew that the representations were false or were ignorant to the truth or falsity thereof.

95. Defendants intended that Plaintiff rely on the false representations.

96. Plaintiff reasonably relied on the misrepresentations.

97. Plaintiff has a right to rely on the misrepresentations.

98. Plaintiff was consequently and proximately damaged by Defendant's misrepresentations.

99. Defendants' misrepresentations were made in connection with the sale or advertisement of merchandise with the intent that Plaintiff rely on it.

100. Renting of hotel rooms is "merchandise" as this term is defined in A.R.S. §44-1521(5).

101. Plaintiff suffered an injury resulting from the false misrepresentation(s) and was damaged thereby in an amount of no less than $35,000.00.

102. Defendant either intended to cause injury to Plaintiff or defendant consciously pursued a course of conduct knowing that it created a substantial risk of significant harm to Plaintiff.

103. Defendant is liable to Plaintiff for punitive damages in an amount to be proven at trial sufficient, however, to deter this Defendant and others similarly situated from pursuing similar acts but in no event less than $235,000.00.

**WHEREFORE,** Plaintiff prays for relief as follows:

    A. For finding of that Defendant failed to disclose information; and

    B. For damages in the amount requested; and

    C. For punitive damages in the amount requested; and

    D. For such other and further relief as the Court may deem just and proper.

1

## REQUEST FOR TRIAL BY JURY

2

Plaintiff respectfully requests a trial by jury in issues triable by a jury.

3

RESPECTFULLY SUBMITTED this 13th day of July, 2020.

4

5

**PETER STROJNIK**

6

7

Peter Strojnik
Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**In the Superior Court of the State of Arizona**

**In and For the County of** MARICOPA

Case Number CV 2020 - 054300

**CIVIL COVER SHEET- NEW FILING ONLY**
(Please Type or Print)

Plaintiff's Attorney PRO SE

Attorney Bar Number

CLERK OF THE
SUPERIOR COURT
FILED
K. MELZER, DEP.

Is Interpreter Needed?   ☐ Yes   ☒ No

If yes, what language(s): 20 JUL 13 PM 4:28

---

Plaintiff's Name(s): (List all)      Plaintiff's Address:                Phone #:           Email Address:
PETER STROJNIK, 7847 N. CENTRAL AVE, PHOENIX, AZ 85020 602-524-6602 PS@STROJNIK.COM

(List additional Plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s): (List All)
DRIFTWOOD HOSPITALITY MANAGEMENT, LLC

UNITED HOTELS AND RESORTS, LLC

CGD TEMPE, LP

(List additional Defendants on page two and/or attach a separate sheet)

### RULE 26.2 DISCOVERY TIER OR MONETARY RELIEF CLAIMED:

**IMPORTANT: Any case category that has an asterisk (\*) MUST have a dollar amount claimed or Tier selected.** State the monetary amount in controversy or place an **"X"** next to the discovery tier to which the pleadings allege the case would belong under Rule 26.2.

☒ Amount Claimed $270,000          ☐ Tier 1   ☐ Tier 2   ☒ Tier 3

### NATURE OF ACTION

Place an **"X"** next to the **one** case category that most accurately describes your primary case. **Any case category that has an asterisk (\*) MUST have a dollar amount claimed or Tier selected as indicated above.**

**100 TORT MOTOR VEHICLE:**

☐ 101 Non-Death/Personal Injury\*

☐ 102 Property Damage\*
☐ 103 Wrongful Death\*

## 110 TORT NON-MOTOR VEHICLE:

- [ ] 111 Negligence*
- [ ] 112 Product Liability – Asbestos*
- [ ] 112 Product Liability – Tobacco*
- [ ] 112 Product Liability – Toxic/Other*
- [ ] 113 Intentional Tort*
- [ ] 114 Property Damage*
- [ ] 115 Legal Malpractice*
- [ ] 115 Malpractice – Other professional*
- [ ] 117 Premises Liability*
- [ ] 118 Slander/Libel/Defamation*
- [ ] 116 Other (Specify) _____ *

## 120 MEDICAL MALPRACTICE:

- [ ] 121 Physician M.D.*
- [ ] 122 Physician D.O*
- [ ] 123 Hospital*
- [ ] 124 Other*

## 130 & 197 CONTRACTS:

- [ ] 131 Account (Open or Stated)*
- [ ] 132 Promissory Note*
- [ ] 133 Foreclosure*
- [ ] 138 Buyer-Plaintiff*
- [ ] 139 Fraud*
- [ ] 134 Other Contract (i.e. Breach of Contract)*
- [ ] 135 Excess Proceeds-Sale*
- [ ] Construction Defects (Residential/Commercial)*
  - [ ] 136 Six to Nineteen Structures*
  - [ ] 137 Twenty or More Structures*
- [ ] 197 Credit Card Debt (Maricopa County Only)*

## 150-199 OTHER CIVIL CASE TYPES:

- [ ] 156 Eminent Domain/Condemnation*
- [ ] 151 Eviction Actions (Forcible and Special Detainers)*
- [ ] 152 Change of Name
- [ ] 153 Transcript of Judgment
- [ ] 154 Foreign Judgment

- [ ] 158 Quiet Title*
- [ ] 160 Forfeiture*
- [ ] 175 Election Challenge
- [ ] 179 NCC-Employer Sanction Action (A.R.S. §23-212)
- [ ] 180 Injunction against Workplace Harassment
- [ ] 181 Injunction against Harassment
- [ ] 182 Civil Penalty
- [ ] 186 Water Rights (Not General Stream Adjudication)*
- [ ] 187 Real Property *
- [ ] Special Action against Lower Courts
      (See Lower Court Appeal cover sheet in Maricopa)
- [ ] 194 Immigration Enforcement Challenge
      (A.R.S. §§1-501, 1-502, 11-1051)

## 150-199 UNCLASSIFIED CIVIL:

- [ ] Administrative Review
      (See Lower Court Appeal cover sheet in Maricopa)
- [ ] 150 Tax Appeal
      (All other tax matters must be filed in the AZ Tax Court)
- [ ] 155 Declaratory Judgment
- [ ] 157 Habeas Corpus
- [ ] 184 Landlord Tenant Dispute – Other*
- [ ] 190 Declaration of Factual Innocence (A.R.S. §12-771)
- [ ] 191 Declaration of Factual Improper Party Status
- [ ] 193 Vulnerable Adult (A.R.S. §46-451)*
- [ ] 165 Tribal Judgment
- [ ] 167 Structured Settlement (A.R.S. §12-2901)
- [ ] 169 Attorney Conservatorships (State Bar)
- [ ] 170 Unauthorized Practice of Law (State Bar)
- [ ] 171 Out-of-State Deposition for Foreign Jurisdiction
- [ ] 172 Secure Attendance of Prisoner
- [ ] 173 Assurance of Discontinuance
- [ ] 174 In-State Deposition for Foreign Jurisdiction
- [ ] 176 Eminent Domain– Light Rail Only*
- [ ] 177 Interpleader– Automobile Only*
- [ ] 178 Delayed Birth Certificate (A.R.S. §36-333.03)
- [ ] 183 Employment Dispute- Discrimination*

☐ 185 Employment Dispute-Other*

☐ 196 Verified Rule 45.2 Petition

☐ 195(a) Amendment of Marriage License

☐ 195(b) Amendment of Birth Certificate

☒ 163 Other*
CIVIL RIGHTS _____
(Specify)

## EMERGENCY ORDER SOUGHT

☐ Temporary Restraining Order    ☐ Provisional Remedy    ☐ OSC    ☐ Election Challenge

☐ Employer Sanction    ☐ Other (Specify) _____

## COMMERCIAL COURT (Maricopa County Only)

☐ This case is eligible for the Commercial Court under Rule 8.1, and Plaintiff requests assignment of this case to the Commercial Court. More information on the Commercial Court, including the most recent forms, are available on the Court's website at:

https://www.superiorcourt.maricopa.gov/commercial-court/.

**Additional Plaintiff(s):**

_____

_____

**Additional Defendant(s):**

_____

_____

# EXHIBIT B

1

Monica M. Ryden (State Bar No. 023986)

2

**JACKSON LEWIS PC**
2111 East Highland Avenue, Suite B-250

3

Phoenix, AZ  85016
Telephone: (602) 714-7044

4

Facsimile: (602) 714-7045

5

Monica.Ryden@jacksonlewis.com

6

Attorneys for Defendants

7

**ARIZONA SUPERIOR COURT**

8

**MARICOPA COUNTY**

9

10

Peter Strojnik,                                    Case No.  CV2020-054300

11

Plaintiff,

12

vs.                                         **NOTICE OF FILING**
                                              **NOTICE OF REMOVAL**

13

Driftwood  Hospitality  Management,  LLC;
United Hotels and Resorts, LLC; and CGD

14

Tempe LP,

15

Defendants.

16

17

**TO:    CLERK OF COURT, SUPERIOR COURT OF THE STATE OF ARIZONA,**

18

**COUNTY OF MARICOPA:**

19

        PLEASE  TAKE  NOTICE  that  pursuant  to  28  U.S.C.  §§ 1331,  1441,  and  1446.

20

Defendants Driftwood Hospitality Management, LLC, United Hotels and Resorts, LLC

21

and CGD Tempe, LP ("Defendants") serve this Notice that they have filed a Notice of

22

Removal of the above-captioned action from this Court to the United States District Court

23

for the District of Arizona.  A true and correct copy of the Notice of Removal is attached

24

as **Exhibit 1** and is incorporated by reference.  As provided in 28 U.S.C. § 1446(d), this

25

Notice effects the removal of this action, and this Court shall proceed no further unless and

26

until this case is remanded.

27

28

1

DATED August 3, 2020.

JACKSON LEWIS P.C.

By: */s/ Monica M. Ryden*
Monica M. Ryden
Attorneys for Defendants

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 3, 2020, I electronically transmitted this document to the Clerk's Office using the AZTurboCourt System for filing, and sent a copy via e-mail and U.S. Mail to:

Peter Strojnik
7847 North Central Avenue
Phoenix, AZ  85020
PS@strojnik.com
Plaintiff


*/s/ Susan Johnson*

4836-5131-2837, v. 1

3