Monica M. Ryden (State Bar No. 023986)
**JACKSON LEWIS PC**
2111 East Highland Avenue, Suite B-250
Phoenix, AZ  85016
Telephone: (602) 714-7044
Facsimile: (602) 714-7045
Monica.Ryden@jacksonlewis.com

Attorneys for Defendants

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Strojnik,<br><br>             Plaintiff,<br><br>   vs.<br><br>Driftwood Hospitality Management, LLC; United Hotels and Resorts, LLC; and CGD Tempe LP,<br><br>             Defendants. | Case No.  CV-20-01532-PHX-DJH<br><br>**MOTION TO DISMISS** |

Defendants Driftwood Hospitality Management, LLC ("Driftwood"), United Hotels and Resorts, LLC ("United Hotels and Resorts") and CGD Tempe, LP ("CGD Tempe") move to dismiss the Complaint filed against them by Plaintiff Peter Strojnik ("Strojnik"). Dismissal is appropriate pursuant to Federal Rules of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim.

## I.      BACKGROUND

The Complaint alleges Strojnik is a disabled individual as defined by the Americans with Disabilities Act ("ADA") and an ADA tester.  (Compl. ¶¶ 1, 8.)  Strojnik visited the Holiday Inn at 1500 N. 51st Avenue, Phoenix, Arizona ("Holiday Inn") and DoubleTree at 2100 South Priest Drive, Tempe, Arizona ("DoubleTree") to photograph alleged ADA

deficiencies at the hotels.[1]  (*Id.* ¶¶ 35, 45.)  Plaintiff alleges he is deterred from visiting the hotels because they are not ADA compliant.  (*Id.* ¶¶ 37, 47.)

During Strojnik's review, he discovered that Defendants failed to provide necessary disclosures for online booking, and the hotels were filled with accessibility barriers.  (*Id.* ¶¶ 32, 43.)  In particular, Strojnik alleges that the booking website does not identify and describe accessible features in enough detail to reasonably permit him to assess independently whether the hotel or guest rooms meet his accessibility needs and inadequately disperses accessible rooms among the room categories.  (*Id.* ¶¶ 32, 33, 43, 44.)  Strojnik also describes various physical barriers, which he describes as inaccessible, including parking, seating, etc.  (*Id.* ¶¶ 35, 45.)  He states that these barriers denied him full and equal access to the hotels.  (*Id.* ¶¶ 38, 49.)

Strojnik alleges five cause of action: (1) violation of the Americans with Disabilities Act; (2) negligence; (3) negligent misrepresentation; (4) failure to disclose; and (5) fraud/consumer fraud.

## III.   LEGAL STANDARD

### A.   Dismissal for Lack of Standing.

Rule 12(b)(1) empowers the court to dismiss claims over which it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  A defendant may bring a Rule 12(b)(1) motion to dismiss based on lack of standing.  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  A Rule 12(b)(1) jurisdictional challenge may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In a facial attack, the moving party asserts that the allegations in the complaint are "insufficient on their face" to establish federal jurisdiction.  *Id.*; *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).  A factual jurisdictional challenge occurs when the moving party "disputes the truth of the allegations that, by themselves, would otherwise invoke jurisdiction."  *Safe Air*,

---

[1] Under Fed. R. Evid. 201(c)(2), the Court may take judicial notice of the fact that The Holiday Inn is about 13 miles from Plaintiff's house.  The DoubleTree is about 16 miles from Plaintiff's house.  *See* Google maps (Exhibit 1).

373 F.3d at 1039.   In resolving a factual dispute, "the court need not presume the truthfulness of the plaintiff's allegations" and may review evidence beyond the complaint. *Id*.  The plaintiff bears the burden of establishing subject matter jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Defendants mount *both* a facial and factual attack on Plaintiff's claims.

### B.    Article III Standing Under the ADA.

A disabled person claiming access discrimination in violation of the ADA must establish Article III standing in order to maintain their lawsuit.  *Chapman v. Pier 1 Imports*, 631 F.3d 939, 946 (9th Cir. 2011).  Article III standing requires that a plaintiff sufficiently plead: (1) an injury-in-fact; (2) causal connection to defendant's challenged conduct; and that is (3) likely to be "redressed by favorable decision."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-31 (1992).   An injury-in-fact must be (a) actual or imminent, not conjectural or hypothetical, and (b) concrete and particularized. *Id*. at 560. Because injunctive relief is the only remedy available to individuals under Title III of the ADA, Plaintiff must also show that he faces a "real and immediate threat of repeated injury" to establish an injury-in-fact for purposes of standing.  *Chapman*, 631 F.3d at 946.  The Ninth Circuit has held that there are two ways an ADA plaintiff may establish standing to sue for injunctive relief: (1) the plaintiff can either demonstrate "deterrence" or (2) an injury-in-fact coupled with an intent to return to the noncompliant facility."  *Chapman*, 631 F.3d at 944.  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  *Chapman*, 631 F.3d at 954. Courts have found this is especially true in ADA cases.  *Vogel v. Sym Props., LLC*, No. CV 15-098550AB (ASx), 2017 U.S. Dist. LEXIS 214360, at *4 (C.D. Cal. Aug. 4, 2017).

"To establish standing to pursue injunctive relief under the ADA," a plaintiff must also "demonstrate a 'real and immediate threat of repeated injury' in the future."  *Brooke v. H&K P'ship*, 2016 U.S. Dist. LEXIS 148572, at 5 (E.D. Cal. Oct. 26, 2016) (citing *Chapman*, 631 F.3d at 946).  Because its jurisdiction is limited, "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."

3

*Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citing *Cal. ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979)).

"An ADA plaintiff can establish standing to sue for injunctive relief either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility." *Chapman*, 631 F.3d at 944.  The first prong of the test—demonstrating deterrence—is known as the "deterrent effect prong."  *See Brooke v. Peterson*, 185 F. Supp. 3d 1203, 1209-10 (C.D. Cal. 2016) (citing *Chapman*, 631 F.3d at 949-50).  Under the "deterrent prong," Plaintiff must show that he "encountered barriers related to [his] disability" at a place of accommodation and that he was deterred from returning to the facility because of the barriers."  *Corbett v. Insomniac Holdings LLC*, No. CV 16-3604 PSG (JEMx), 2017 U.S. Dist. LEXIS 221191, at *8 (C.D. Cal. Jan. 19, 2017).

### C. Dismissal for Failure to State a Claim.

Under Rule 12(b)(6), a complaint or any portion thereof may be dismissed when it is apparent from the face of the pleadings that the plaintiff has failed to state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).  "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).  However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id*. (quoting *Twombly*, 550 U.S. at 557).  A complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  This means that the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  There must be "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. . .and factual allegations that are taken as true must plausibly suggest entitlement to relief, such that it is not unfair to require the opposing party to be

subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Ruling on a motion to dismiss is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679.

### D.    Leave to Amend.

Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Leave to amend may be denied if amendment would be futile.  *Gordon v. City of Oakland*, 627 F.3d 1092 (9th Cir. 2010).

### IV.    PLAINTIFF'S ADA CLAIM SHOULD BE DISMISSED FOR LACK OF STANDING AND FAILURE TO STATE A CLAIM.

#### A.    Plaintiff Lacks Standing Because He Cannot Show an Injury in Fact or the Likelihood of Imminent Future Harm.

Plaintiff fails to credibly allege that he suffered an injury-in-fact—which must be "concrete and particularized" and "actual or imminent," not conjectural or hypothetical. *See Lujan*, 504 U.S. at 560.  A plaintiff "***lacks standing...if the barriers he seeks to enjoin do not pose a real and immediate threat to him due to his particular disability***." *Chapman*, 631 F.3d at 953 (emphasis added).  "A bare procedural violation ***unassociated with a plaintiff's particular disability*** cannot satisfy the demands of Article III standing." *Gastelum v. Canyon Hosp. LLC*, No. CV-17-02792-PHX-GMS, 2018 U.S. Dist. LEXIS 87850, at *16 (D. Ariz. May 25, 2018) (quoting *Spokeo, Inc. v. Robbins*, 136 S. Ct. 1540, 1550 (2016)).  Given the "trend of abusive ADA litigation, special diligence and vigilant examination of the standing requirement are necessary and appropriate to ensure the

1   litigation serves the purpose for which the ADA was enacted." *Harris v. Stonecrest Care*
2   *Auto Center*, 472 F. Supp. 2d 1208, 1215 (S.D. Cal. 2007).

3           Plaintiff alleges that he experiences pain and discomfort when encountering non-
4   compliant doors, walking surfaces, parking spaces, toilet and bathing rooms, guest rooms,
5   etc.  (Compl. ¶ 23.)  These are the **only facts** supporting standing for **prospective** injunctive
6   relief.  Plaintiff, however, does not allege that he actually has a reservation for any future
7   stay at either of the subject hotels.  And, more importantly, as standing is determined at the
8   time the complaint was filed, Plaintiff does not allege that, at the time the Complaint was
9   filed, he actually had any reservations to ever stay at this hotel in the future.

10          Moreover, Plaintiff lives in Phoenix, Arizona, within miles of the hotels.  This only
11  underscores his lack of standing.  The Complaint says nothing at all about the need for a
12  prospective, forward looking injunction against these particular properties, except Plaintiff
13  alleges he intended to lodge at the Holiday Inn.  (Compl. ¶ 25.)  But Plaintiff has sued
14  hundreds of other hotels in Arizona, California, Colorado, Hawaii, Oregon, and Texas.  As
15  a result, it is not plausible to believe that Plaintiff will return to either the Holiday Inn or the
16  DoubleTree, when he has asserted, to courts in hundreds of other cases, that he intends on
17  patronizing *other* hotels.  Clearly, Plaintiff has no real, plausible intent to return, nor does he
18  face the risk of imminent future harm.

19          Many other district courts **_and the Ninth Circuit_** have dismissed similarly
20  functionally identical complaints.  *See Strojnik v. Pasadena Robles Acquisition, LLC*, 801
21  Fed. App'x 569 (9th Cir. Apr. 15, 2020) (plaintiff failed to demonstrate intent to return or
22  deterrence) ("*Pasadena Robles*"), affirming *Strojnik v. Pasadena Robles*, 2019 U.S. Dist.
23  LEXIS 213070 (C.D. Cal. Aug. 14, 2019); *Strojnik v. Kapalua Land Co.*, 379 F. Supp. 3d
24  1078 (9th Cir. Apr. 14, 2020) (plaintiff failed to demonstrate an injury and amendment
25  would have been futile), affirming *Strojnik v. Kapalua Land*, 2019 U.S. Dist. LEXIS
26  165525, at *9 (D. Haw. Aug. 26, 2019) ("Plaintiff fails to cite any legal authority providing
27  that failure to detail all accessible and inaccessible elements of a public accommodation
28  results in an ADA violation")*; Strojnik v. Swantown Inn & Spa LLC*, No. 2:18-cv-01831-

RBL, ECF No. 12 at 3 (W.D. Wash. Mar. 12, 2019) (dismissing case with prejudice and noting plaintiff's "history of predatory, unethical filings and hard-to-believe assertions"); *Strojnik v. Wickstrom Hosp., LLC*, 2020 U.S. Dist. LEXIS 52889 (E.D. Cal. Mar. 25, 2020) (Report and Recommendation that plaintiff's complaint be dismissed for lack of standing, ruling that plaintiff's conclusory allegations failed to establish injury in fact, an intent to return to the specific hotel or deterrence.  The allegations of deterrence and intent to return are identical to those at issue here.)

Moreover, Plaintiff must allege "more than labels and conclusions."  *Strojnik v. Bakersfield Convention Hotel I, LLC*, No. 19-cv-01098 LJO JLT, 2020 U.S. Dist. LEXIS 16339, *10 (E.D. Cal. Jan. 31, 2020) (plaintiff "cannot satisfy the demands of Article III by alleging a bare procedural violation. . . The allegation Plaintiff has made is no more than bare legal conclusion").

Here, other than a bare-bones allegations that he visited the subject hotels, there is no real allegation of a true intent to return, of a connection to the subject property (that existed as of the date the complaint was filed and standing is assessed), or of a real intent to return.  Therefore, Plaintiff lacks standing.

**B.     Plaintiff Lacks Standing Because He Cannot Show a Threat of Repeated Injury.**

Plaintiff fails to allege "a sufficient likelihood that he will again be wronged in a similar way."  *Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983).  Federal courts must make "case-by-case determinations about whether a particular plaintiff's injury is imminent."  *Civil Rights Educ. & Enforcement Ctr. v. Hosp. Properties Trust* ("*CREEC*"), 867 F.3d 1093 (9th Cir. 2017) (citing *Houston v. Marod Supermarkets, Inc*., 733 F.3d 1323, 1335-37 (11th Cir. 2013) (assessing various factors in determining whether plaintiff suing under ADA Title III was likely to actually visit the supermarket, including prior visits, proximity of residence to store, plans for future visits, and status as an "ADA tester who has filed many similar lawsuits").  For Plaintiff to allege an injury that is "imminent," he must express more than a "vague desire to return" to the hotel.  *Summers v. Earth Island Inst.*, 555 U.S. 488, 496

(2009).  Absent a "firm intention to visit" the location, Plaintiff has not alleged sufficient facts "to satisfy the requirement of imminent injury[.]"  *Id*.  "General statements regarding Plaintiff's intent to travel to an area . . . are insufficient to allege an 'actual and imminent' injury."  *Brooke v. Choice Hotels Int'l, Inc.*, No. 3:16-cv-00310, 2016 U.S. Dist. LEXIS 600623, at *3 (S.D. Cal. May 5, 2016) (citing *Summers*, 555 U.S. at 493) ("*Choice Hotels Int'l*").

A plaintiff's mere "profession of an intent to return...[is] simply not enough" for standing.  *Lujan*, 504 U.S. at 564.  The Court in *Lujan* ruled that "such 'some day' intentions—without any description of concrete plans, or indeed even any specification of when the someday will be" do not establish an intent to return as necessary for standing. *Id*.  In assessing the genuineness of an expressed intent to return, courts in the Ninth Circuit have examined factors such as "(1) the proximity of the place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant."  *Advocates for Individuals with Disabilities LLC v. WSA Props. LLC*, 210 F. Supp. 3d 1213, 1221 (D. Ariz. 2016).  Each of these factors weighs against Plaintiff.

### 1.   Plaintiff's Residence is Within Miles of Defendants' Hotels.

This factor considers the geographical proximity of the subject business to the plaintiff's residence as an indication of the sincerity of the plaintiff's intent to return to the business.  Here, where Plaintiff's residence is within miles of the hotels are within miles of the hotels, this factor weighs against Plaintiff.  Plaintiff has no reservations (or had none as of the date he filed the Complaint) and he has no genuine intent to return.  In addition, Plaintiff has sued <u>hundreds</u> of other hotels.  Therefore, it is not plausible to believe that Plaintiff will return to *this* specific hotel, when he has averred, to courts in hundreds of other cases, that he intends on patronizing *other* hotels.

### 2.   Plaintiff Has No History of Past Patronage of Defendants' Hotel.

This factor looks to the plaintiff's history of visits to the subject business.  A lack of patronage before the visits giving rise to the lawsuit is a factor that strongly favors the

1  defendant business.  *Brooke v. H.P. Hospitality, LLC*, 2017 U.S. Dist. LEXIS 214372, at

2  *8; *see also Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at *8-*9.

3       Plaintiff does not allege that he has <u>ever</u> visited Defendants' hotel in the past.

4  Plaintiff only pleads that he visited one time.  If anything, Plaintiff undermines his own

5  intent to return by revealing that whatever motivation he has for going to the hotel in the

6  future is based on nothing more than a desire to further his ADA litigation—in other words,

7  for no other reason than to form the basis for another ADA lawsuit.  *See Sprewell v. Golden*

8  *State Warriors*, 266 F.3d, 979, 988 (9th Cir. 2000), *aff'd* dismissal of claims alleging

9  violations of section 301, section 1981, section 1985(3), the Unruh Act, and his common

10 law right to fair procedure and *rev'd* dismissal of state law claims for intentional

11 interference with contract, intentional interference with business relations, civil conspiracy,

12 and unfair business practices ("[A] plaintiff can . . . plead himself out of a claim by

13 including unnecessary details contrary to his claims."); *Soo Line R.R. v. St. Louis*

14 *Southwestern Ry. Co.*, 125 F.3d 481, 483 (7th Cir. 1997) ("A plaintiff can plead himself

15 out of court by alleging facts which show that he has no claim, even though he was not

16 required to allege those facts.").  Plaintiff's lack of any past patronage is even further

17 undermined by how close the subject hotels are from his residence.

18       Plaintiff had never visited Defendants' hotels before the facts giving rise to this

19 lawsuit.  And he also has told other courts that he stays in other hotels, and intends to do

20 so again.  This factor weighs strongly in Defendants' favor.

21            **3.    Plaintiff Does Not Have Definitive Plans to Return.**

22        When analyzing a plaintiff's intent to return to establish an "injury in fact," the

23 Ninth Circuit has held that the plaintiff's "profession of an intent to return . . . [was] simply

24 not enough" for standing.  *Pasadena Robles*, 2019 U.S. Dist. LEXIS 213070, *aff'd*, 801

25 F. App'x 569, 570 (9th Cir. Apr. 15, 2020) (citing *Lujan*, 504 U.S. at 564).  In the ADA

26 context, courts evaluate the possibility of *future* harm by assessing the likelihood a

27 plaintiff will *again* visit *the premises at issue*.  *Harris v. Del Taco, Inc.*, 396 F. Supp. 2d

28 1107, 1113 (C.D. Cal. 2005) (emphasis added).  If a plaintiff does not have concrete and

genuine plans to return to the subject business, then this factor weighs in the defendant's favor. *Advocates for Individuals with Disabilities*, 210 F. Supp. 3d at 1221.

For an ADA plaintiff to allege an intent to return, he must express more than a "vague desire to return" to the accommodation's location. *Summers*, 555 U.S. at 496 (2009). Without a "firm intention to visit" the location, the plaintiff has not alleged facts "to satisfy the requirement of imminent injury[.]" *Id.* In other words, "'some day' intentions—without any description of concrete plans, or indeed even any specification of *when* the some day will be—do not support a finding of the 'actual or imminent' injury that [Supreme Court] cases require." *Brooke v. Choice Hotels Int'l, Inc.*, 2016 U.S. Dist. LEXIS 60062, at * 7-8 (S.D. Cal. May 5, 2016) (citing *Lujan*, 504 U.S. at 564) (emphasis in original). "General statements regarding Plaintiff's intent to travel to an area . . . are insufficient to allege an 'actual and imminent' injury." *Id*. (citing *Summers*, 555 U.S. at 493.).

Plaintiff does not allege he will be returning to the hotels. Nor does Plaintiff allege he has any reservations at the hotel, or, more importantly, that he had such reservations as of the time he filed the complaint and at the time standing was created. Plaintiff has filed hundreds of identical other lawsuits, against other hotels, alleging that he intends on returning to those hotels, not to this one. Having admitted that he only visited this hotel once before for purposes of bringing this lawsuit, and having averred to other courts, that he regularly visits *other* hotels and stays *there*, Plaintiff has not plausibly demonstrated an intent to return to *this* hotel sufficient to support constitutional standing.

The Ninth Circuit has acknowledged that a plaintiff's extensive ADA litigation history can possibly undermine that plaintiff's credibility in alleging an intent to return, although courts must consider such evidence cautiously. *D'Lil v. Best Western Encina Lodge & Suites*, 538 F.3d 1031, 1040 (9th Cir. 2008). Plaintiff must do more than allege that he intends to return to the hotels at some point in the future. Rather, he must allege why he has a desire to stay at the specific hotels being sued. *Orangewood,* 2020 U.S. Dist. LEXIS 11743 at *20. The Complaint is devoid of any allegations that would explain

Plaintiff's preference for *Defendants'* hotels at all, and therefore, even assuming that Plaintiff sufficiently alleged an intent to stay at a hotel in the Phoenix area generally, he has not alleged an intent to return *to Defendants' hotels*.

Therefore, when considered in light of the far distance between Plaintiff's residence and the subject business, any sincerity in his supposed plans to return specifically to Defendant's hotel is extremely implausible. This factor weighs heavily in Defendants' favor.

### 4.   Plaintiff's Frequency of Travel Near Defendants' Hotel.

When considering this factor, courts examine the plaintiff's assertion of frequent travel near the defendant's business, such that the plaintiff would inherently be more likely to frequent the business. *See Advocates for Individuals with Disabilities*, 210 F. Supp. 3d at 1221; *see also Lema v. Comfort Inn, Merced*, 2012 U.S. Dist. LEXIS 42170. If a plaintiff does not allege any facts supporting his or her frequency of travel near the defendant business, then this factor should weigh in the defendant's favor.

The only real reason Plaintiff visited the hotels, was for his litigation. Plaintiff also lives in Phoenix! Plaintiff's Complaint is devoid of any allegation that he frequents <u>hotels in his home city</u>, nor does he include any other fact that would cause this factor to tilt towards a finding of frequency. To the contrary, Plaintiff lives in Arizona and has no reason to stay at a hotel in the Phoenix area or stay at these specific hotels. Therefore, this factor weighs strongly in Defendants' favor, particularly combined with the distance between the subject business and Plaintiff's residence.

In sum, none of the four factors weighs in Plaintiff's favor. Plaintiff has failed to demonstrate a definite intent to return to Defendants' hotels. The Complaint thus fails to establish standing through injury-in-fact and intent to return.

### C.   Plaintiff Lacks Standing Because He Cannot Show that He is Deterred From Returning to Defendants' Hotel.

To demonstrate deterrence, a plaintiff must allege "actual knowledge of illegal barriers at a public accommodation to which he or she desires access" *and* that "a

11

defendant's failure to comply with the ADA deters her from making use of the defendant's facility." *CREEC*, 867 F.3d at 1098.  A showing of deterrence is the alternative to proving both injury-in-fact and intent to return to the subject business to demonstrate standing to bring an ADA claim.  *Chapman*, 631 F.3d at 949.  To adequately plead deterrence, a plaintiff must provide more than the empty allegation that he or she "was deterred;" rather, some sort of corroborating facts are necessary to demonstrate to the court that the "threat of future injury [is] sufficiently 'imminent' to permit a plaintiff to sue for injunctive relief." *Blue Ravine*, 2012 U.S. Dist. LEXIS 102056, at *11-*12 (quoting *Chapman*, 631 F.3d at 949).  "[B]ecause virtually all Ninth Circuit precedent uses the word 'return' when referring to the deterrent effect doctrine, plaintiffs must show that they actually visited places of business some time before filing their claims in order to invoke the 'deterrent effect doctrine.'" *Brooke v. H.P. Hospitality, LLC*, 2017 U.S. Dist. LEXIS 214372, at *9. The plaintiff must show the court that there is some reason why the plaintiff visits this business in particular.  For example, in *Doran v. 7-Eleven, Inc.* and *Pickern v. Holiday Quality Foods Inc.*, two of the leading Ninth Circuit cases on point, the plaintiffs demonstrated more than an empty allegation of deterrence.  In *Doran*, the plaintiff alleged that he went to the defendant's convenience store every year on his annual Disneyland trip, and in *Pickern*, the plaintiff alleged that the defendant's grocery store was near his grandmother's residence and that he wished to shop at the store on days he visited her. *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1040 (9th Cir. 2008); *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002).

It is not enough to simply say that he intends to return to Defendants' hotel if it fixes all alleged barriers.  (Plaintiff does not allege even this much.)  Instead, Plaintiff is required to plead why he wants to stay at this specific hotel.  *Strojnik v. Orangewood LLC*, 2020 U.S. Dist. LEXIS 11743, at *25-26 (C.D. Cal. Jan. 22, 2020).  A desire to stay at the specific challenged hotel can be shown by explaining a preference for that hotel.  *Id.* ("While Plaintiff alleges that he 'has lodged at Hilton Hotels countless times previously, and, to the best of his memory, at this Hotel' and 'prefers to stay at Hilton properties

because he and [his ex-wife] are members of the Hilton Honors Rewards Program,' . . . there are no allegations as to why Plaintiff prefers this particular Hilton property, as opposed to others in the 'Disneyland area'" dismissing complaint with prejudice).  As the *Orangewood* Court cogently explained:

> requiring that a Plaintiff allege he will return to a geographic area far from his home and have some preference to return to that accommodation over another is essential to alleging he is plausibly deterred from patronizing the accommodation. For example, imagine that someone who lives in Miami traveled to Alaska on vacation and encountered a snow shoe store with a barrier.   Unless that person alleges that she plans to travel to Alaska again, she cannot plausibly allege that she is currently deterred from patronizing the store. Moreover, assume that Alaska has a thousand snow shoe stores spread across various locations.   If the individual cannot plausibly allege a preference to visit that particular store on a return trip, she cannot plausibly allege that she is deterred from visiting that store.

*Id.* at *25 n.19.  The Complaint is devoid of any reason why Plaintiff would stay at a hotel miles away from his home, or why he would choose these hotels over any other hotel in the Phoenix area.

In this instant Complaint, Plaintiff has simply alleged that some barriers exist in some parts of the hotels.   However, courts have found similar allegations insufficient. *Brooke v. H.P. Hospitality, LLC*, 2017 U.S. Dist. LEXIS 214372, at *9-10.   Here, Plaintiff's vague allegations in the Complaint are similar to those she set forth in *H.P. Hospitality*.

## V.   PLAINTIFF'S REMAINING CAUSES OF ACTION SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM.

Plaintiff asserts claims against Defendants for negligence, negligent misrepresentation, failure to disclose, and fraud/consumer fraud.  In an attempt to transform an ordinary ADA claim into tort, Plaintiff alleges: "Defendant owed Plaintiff a duty to remove ADA accessibility barriers," (Compl. ¶ 61), "failed to exercise reasonable care of competence in obtaining or communicating the information regarding ADA compliance," (Compl. ¶ 74), "were under a duty to Plaintiff to exercise reasonable care to disclose matters required to be disclosed pursuant to [ADA regulations]," (Compl. ¶ 82), "made

misrepresentations in connection with the sale or advertisement of [hotel rooms]," (Compl. ¶¶ 61, 62). These allegations are not enough to state a claim. A negligence claim is composed of four elements: "(1) a duty requiring the defendant to conform to a certain standard of care; (2) a breach by the defendant of that standard; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual damages." *Gipson v. Kasey*, 214 Ariz. 141, ¶ 9, 150 P.3d 228, 230 (2007). "The first element, whether a duty exists, is a matter of law for the court to decide." *Id.* Plaintiff cannot establish any of these requisite elements here. First, Plaintiff fails to allege any basis for a valid legal duty owed to him by Defendants or a breach of that duty.

When courts speak of duty, they refer to "the sum total of those considerations of policy which lead the law to say that the particular plaintiff is entitled to protection." *Cedars-Sinai Med. Ctr. v. Superior Court*, 18 Cal. 4th 1 (1998); *Dillon v. Legg*, 68 Cal.2d 728, 734 (1968). Duty is described as follows:

> [I]n determining the existence of duty, our task "is not to decide whether a particular plaintiff's injury was reasonably foreseeable in light of a particular defendant's conduct, but rather to evaluate more generally whether the category of negligent conduct at issue is sufficiently likely to result in the kind of harm experienced that liability may appropriately be imposed on the negligent party." *Ballard v. Uribe* (1986) 41 Cal.3d 564, 572–573, fn. 6…

*Taylor v. Elliott Turbomachinery Co. Inc*. (2009) 171 Cal. App. 4th 564, 593-594 (emphasis added). Here, Plaintiff only alleges garden-variety ADA claims, but no basis for a legal duty. Plaintiff's causes of action for negligence, negligent misrepresentation, failure to disclose, and fraud/consumer fraud are not saved by his reliance on violations of the ADA either. As the Court held in *Estate of Saylor,* 54 F.Supp.3d 409 (D. Md. 2014), negligence cannot be based on a breach of the ADA because, for a breach of a statute to be evidence of negligence, the statute typically must pertain to public safety or health, whereas the ADA is an anti-discrimination statute. Similarly, in *White v. NCL America, Inc*., 2006 WL 1042548 (S.D. Fla. 2006), the Court held that "[b]ecause the ADA was not designed to protect those with disabilities from personal injuries, Plaintiff is unable to state a claim

for negligence per se."  Transforming ordinary ADA claims into negligence claims would be inappropriate expansion of ADA law.

Damages are not available to a private plaintiff suing under the ADA; the remedy is limited to injunctive relief.  *Louie v. BFS Retail & Commercial Operations, LLC*, 178 Cal. App. 4th 1544, 1556 (2009), relying on 42 U.S.C. § 12188(a)(1) (remedies available to private plaintiff, under ADA subchapter regarding public accommodations and services operated by private entities, are remedies set forth in 42 U.S.C. § 2000a-3(a), civil rights statute authorizing civil action for injunctive relief); *Wander v. Kaus*, 304 F.3d 856, 858 (2002); *Org. for Advancement of Minorities v. Brick Oven Rest.*, 406 F.Supp.2d 1120, 1129 (S.D. Cal. 2005).  *Wagner v. Regent Invs., Inc*., 903 F.Supp. 966, 970 (E.D. Va. 1995). Furthermore, Plaintiff pleads no facts in support of these claims beyond the alleged ADA causes of action.  Since "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" under Fed. Rules of Civ. P., rule 8(a)(2), these canned inferences are insufficient as a matter of law and the negligence cause of action should be dismissed.  *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

Only weeks ago, a court in the Southern District of California dismissed a nearly identical claim by Plaintiff, holding, "As other courts have previously instructed Plaintiff, Congress did not enact the ADA to create 'a separate duty of care to give rise to an independent negligence claim under state laws.'"  *Strojnik v. Braemar P'ship*, No. 19-cv-01446-BAS-AHG, 2020 U.S. Dist. LEXIS 105066, at *5 (S.D. Cal. June 16, 2020) (quoting *Strojnik v. Bakersfield Convention Hotel 1, LLC*, 2020 U.S. Dist. LEXIS 16339, 2020 WL 509156, at *8; and *Strojnik v. Landry's, Inc*., No. 4:19-cv-1170, 2019 U.S. Dist. LEXIS 223873at *6 (S.D. Tex. Dec. 9, 2019) (holding that Strojnik failed to allege his negligence claim because the "allegations do not support the existence of a duty outside that imposed by the ADA")).

This Court should follow suit and dismiss Plaintiff's claim, with prejudice.

## VI.   PLAINTIFF SHOULD NOT BE PROVIDED LEAVE TO AMEND.

While leave to amend shall be freely granted, leave may be denied if amendment would be futile. *Gordon v. City of Oakland*, 627 F.3d 1092 (9th Cir. 2010).  For purposes of assessing futility on [a motion for leave to amend], the legal standard is the same as it would be on a motion to dismiss under FRCP 12(b)(6)."  *Green v. Mercy Hous., Inc*., No. C 18-04888 WHA, 2019 U.S. Dist. LEXIS 45333, at *2-3 (N.D. Cal. Mar. 19, 2019) (citing *Miller v. Rykoff-Sexton, Inc*., 845 F.2d 209, 214 (9th Cir. 1988), overruled on other grounds by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."))

The Ninth Circuit has recently affirmed an opinion from the Central District of California dismissing one of Plaintiff's complaints, without leave to amend.  *Pasadena Robles*, 801 Fed. App'x 569 (affirmed dismissal of complaint for lack of standing and without leave to amend). Another district court did the same thing only weeks ago, dismissing a nearly identical claim by Plaintiff, with prejudice.  *Strojnik v. Braemar P'ship,* No. 19-cv-01446-BAS-AHG, 2020 U.S. Dist. LEXIS 105066, at *5 (S.D. Cal. June 16, 2020).  As discussed above, Plaintiff cannot show he has standing because he cannot show an injury in fact, threat of repeated injury, or deterrence.  As such, like the court in *Pasadena Robles* and the many other cases Plaintiff has been involved in and dismissed, Plaintiff should be denied leave to amend because such amendment would be futile.

## VII.   CONCLUSION

For all these reasons, Defendants ask this Court to grant its Motion to Dismiss the Complaint.

DATED August 10, 2020.


**JACKSON LEWIS P.C.**


By:*/s/ Monica M. Ryden*
Monica M. Ryden
Attorneys for Defendants

16

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATION OF COUNSEL**

Counsel for Defendants certifies that the parties have conferred in good faith but were unable to agree that the Complaint is curable by permissible amendments or that the instant motion was otherwise avoidable through agreement by the parties.

By: */s/ Monica M. Ryden*
Monica M. Ryden
Attorneys for Defendants

1

## CERTIFICATE OF SERVICE

2

I hereby certify that on August 10, 2020, I electronically transmitted the attached

3

document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

4

Notice of Electronic Filing to the following CM/ECF registrants, and by electronic mail if

5

not registered:

6

Peter Strojnik
7847 North Central Avenue

7

Phoenix, AZ  85020

8

PS@strojnik.com
Plaintiff

9

10

*/s/ Susan Johnson*

11

12

4823-8949-0373, v. 1

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

18

# EXHIBIT 1

 Google Maps    7847 North Central Avenue, Phoenix, AZ to 1500 North 51st Avenue, Phoenix, AZ     Drive 12.2 miles, 17 min





7847 North Central Avenue, Phoenix, AZ to 2100 South Priest Drive, Tempe, Arizona

Drive 15.5 miles, 22 min

