Peter Strojnik,
7847 N. Central Avenue
Phoenix, Arizona 85020
Telephone: (602) 524-6602
ps@strojnik.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Peter Strojnik, <br><br> Plaintiff, <br><br> vs. <br><br> (1)  Driftwood Hospitality Management, LLC; (2) United Hotels and Resorts, LLC; (3) CGD Tempe LP, <br><br> Defendants. | Case No: 2:20-CV-01532-DJH <br><br> **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS** |

### SUMMARY OF MOTION AND RESPONSE

Defendants removed this case from the Maricopa Court Superior Court on the basis of federal question jurisdiction. Dkt. at [1]. They now bring a 12(b)(1) motion claiming lack of subject matter jurisdiction over the same claim. On the assumption that they will prevail on 12(b)(1) Motion, they move to dismiss all counts for failure to state a claim under 12(b)(6).

Defendants recognize, as they must, that Superior Court's original jurisdiction is much broader than that of the District Court. Superior Court jurisdiction extends to all cases and proceedings in which exclusive jurisdiction is not vested by law in another court. *See* Ariz. Const. Article 6 at §14. On the other hand, federal courts jurisdiction is significantly limited. *Kekkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

In the exercise of its broader jurisdiction, the Maricopa County Superior Court has already soundly rejected an analytically indistinguishable Motion to Dismiss in *Strojnik v. KSVA Hospitality Partners, LLC* (M.C. CV 2020-051506). *See* Minute

Entry Denying Motion to Dismiss, Exhibit 1. Because the Superior Court's standard had been established by Judge Campagnolo, it was incumbent upon Defendants to remove the case to the Federal Court and try their luck here.

The removal of action for federal question jurisdiction and a subsequent 12(b)(1) motion to dismiss the same claim for lack of jurisdiction is folly.  A dismissal for lack of subject-matter jurisdiction must be without prejudice because it deprives the dismissing court of any power to adjudicate the merits of the case. *Wages v. I.R.S.*, 915 F.2d 1230, 1234 (9th Cir. 1990). *See also Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 101, 118 S. Ct. 1003 (1998) where the Supreme Court emphasized that a federal court must establish as "an antecedent" matter that it has jurisdiction prior to addressing 12(b)(6) issues.

Therefore, if this Court lacks jurisdiction under 12(b)(1), it never gets to the merits under 12(b)(6).  The case must be remanded back to the Superior Court from where it originated. The remand must include the ADA claim because the dismissal for lack of jurisdiction is *without* prejudice, *Wages v. IRS,* supra, and because the Superior Court *does have* jurisdiction over the ADA claim.  If this Court decides that it lacks jurisdiction over the ADA claim, but the State Court from which the case was removed has jurisdiction over the ADA claim, then the entire case is remanded back to the Superior Court.  Alternatively, since Federal Court's dismissal for lack of jurisdiction must be *without* prejudice, Plaintiff can simply refile the same claim in the State Court yet again.

So, if Defendants are correct and Federal Court has no jurisdiction, Defendants could have saved a whole lot of money, time and judicial resources by simply leaving it there.

But Defendants are not correct. This Court has jurisdiction.

Defendants mount a facial attack on Plaintiff's ADA standing. Motion at 7-13. While the discussion of the law relating to 12(b)(1) facial attack is generally accurate, it is given in cosmic vacuum as it fails to relate the law to the allegations in the Complaint.  The United States Supreme Court and the 9th Circuit Court of Appeals have

clearly defined the quantum of jurisdictional allegations required at the pleadings stage. Unfortunately, Defendants confuse *Ashcroft*[1] and *Twombly*[2] with *Lujan*[3] *Seldin*[4], *Centex*[5], *Kayo*[6], *CREEC*[7] and Fed. R. Civ. P. 9(b)[8].

The distinction between allegations supporting a cause of action under *Ashcroft* and *Twombly*, and the allegations supporting jurisdictional standing under *Lujan, Seldin, Centex, Kayo, CREEC* and Fed. R. Civ. P. 9(b) is significant. While *Ashcroft* and *Twombly* require strict factual enhancements to state a cause of action, *Lujan* is clear that the district courts must "presume that general [jurisdictional] allegations embrace those specific facts that are necessary to support the claim." *Id.,* 505 U.S. at 561.

These principles are so fundamental to the standing jurisdiction issue that the general discussion of same is relegated to Addendum A.

The 12(b)(6) part of the motion is sparse on argument and limited in persuasion. It argues, essentially, that a plaintiff who files an ADA claim cannot also assert independent state court causes of action. This is simply not so.

## THE COMPLAINT

On July 13, 2020, Plaintiff brought a complaint in Maricopa County Superior Court against Driftwood Hospitality Management, LLC, the operating entity for two hotel owners in Maricopa County: United Hotels and Resorts, LLC ("United"), the owner of Holiday Inn Phoenix West ("Holiday Inn") and against CGD Tempe LP ("CGD"), the owner of Doubletree by Hilton ("Doubletree by Hilton"). The Complaint alleges three types of wrongs: (1) Brand deceit in violation of Arizona's Consumer Fraud Act ("CFA"), website misrepresentations in violation of 28 C.F.R. 36.302(e)(1)(ii), the

---

[1] *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)
[2] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544,127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)
[3] *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)
[4] *Warth v. Seldin,* 422 U.S. 490, 501, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975),
[5] *Maya v. Centex Corp.,* 658 F.3d 1060, 1067 (9th Cir. 2011),
[6] *Wilson v. Kayo Oil Co.*, 563 F.3d 979 (9th Cir. 2009)
[7] *Civil Rights Education and Enforcement Center v. Hospitality Properties Trust*, 867 F.3d 1093, 1099 (9th Cir. 2017)
[8] Allegations of "intent" (to return) and "state of mind" (deterred state of mind) may be alleged generally.

3

Arizona Consumer Fraud Act ("CFA"), (2) common law fraud related counts and (3) ADA Discrimination.

In connection with these claims, Plaintiff provides background facts relating to his disabilities as defined in the 2008 ADA Amendment Act and 28 C.F.R. 36.105 (¶¶13-18), the relationship between Plaintiff's disabilities and major life activities (¶¶19-22 and Table 1), Plaintiff's ADA Requirements (¶23(a)-(d)(1) and (2), (e)-(g)(i)-(x)).

In ¶6, Plaintiff alleges the obvious:

> Holiday Inn and Doubletree by Hilton prefer paying a sporadic litigation costs and settlement amounts versus the costs of remediation because the former is cheaper than the latter. Both hotels have been previously sued for violating the ADA, to wit: *Gastelum v. Champion Hotel Investment of Phoenix*, (U.S. Dist. Az. Case No: 2:17-cv-03834-DJH) (Holiday Inn) and *Gastelum v. CGD Tempe, L.P.*, (U.S. Dist. Az. Case No: 2:18-cv-00512-GMS) (Doubletree by Hilton), but they have not remediated the ADA violations. Both Hotels engage in misrepresentations of accessible features at their booking websites. Both hotels perpetuate discrimination against the disabled in favor of profit. Both hotels maintain architectural and non-architectural barriers to accessibility.

*Allegations relating to Brand Deceit*

In ¶¶ 1-4 the Complaint describes the general lodging industry's practice of misidentifying the ownership and operational management. In ¶1, the Complaint alleges the general method of brand deceit in violation of Arizona's Consumer Fraud Act:

> Hotels, motels and other places of lodging have developed a system of deceptive self-identification through the use of purchased brand names such as "Holiday Inn" and "DoubleTree by Hilton" while at the same time concealing the true identity of the hotel owners and operators. The intent and purpose of this deceptive identification is to mislead the lodging public into believing that they are booking a hotel room at a national brand name property when they are in fact booking a room with an unknown owner and an unknown operator.

In connection with advertising its lodging services, Defendants United and CGD hold themselves out as "Holiday Inn" and "Doubletree by Hilton" when, in fact they are neither. ¶¶2-4. They purchase national brand names for the specific purpose of misleading the consumers, including Plaintiff. ¶¶3-4.

*Allegations of Website Misrepresentations – Holiday Inn*[9]

28 C.F.R. 36.302(e)(1)(ii) requires places of lodging to make the following disclosures in connection with "reservations made by any means, including by telephone":

> Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs.

On July 10, 2020, Plaintiff reviewed Driftwood's booking website diftwoodhospitality.com to visit and/or lodge at the Holiday Inn.  Upon clicking on the "website" prompt for Holiday Inn, Plaintiff was taken to a website "westphoenixhotel.com" which is a Japanese prostitution recruitment website www.westphoenixhotel.com. ¶27. Further efforts to book a room at the Holiday Inn took Plaintiff to the International Hotels Group, PLC ("IHG") website which provided limited description of accessible features the Holiday Inn in violation of 28 C.F.R. 36.302(e)(1)(ii) and disclosed lack of dispersion of accessible rooms among several room categories in violation of §224.5 of the 2010 Standards. ¶¶29-33. As a result of booking website's noncompliance with the disclosure requirements, Plaintiff called the Hotel and inquired of the person answering the phone whether the hotel was ADA compliant and was assured that it was. ¶34.

On the following day, Plaintiff visited Holiday Inn and personally encountered seven (7) distinct ADA violations documented in Table 3 of the Complaint. Plaintiff declined to book a room and is currently deterred from booking a room at the Holiday Inn:

---

[9] When the case was removed to the District Court, some of the website information and most of the photographic evidence did not scan well.  Therefore, the following portions of the Complaint are reproduced in Exhibit 8 for clarity: ¶ 26 with photo and website snip, ¶27 with Holiday Inn's website snip recruiting women for Japanese prostitution, ¶29 disclosing IHG Hotels and Resorts, ¶30 igh.com website for Holiday Inn with Table 2, ¶35 with photographic evidence of Holiday Inn's physical barriers in Table 3, ¶42 containing website representations by Doubletree by Hilton and Table 4, ¶45 documenting Doubletree's physical ADA violations and Table 5.

5

36. IHG's disclosures made on Holiday Inn's booking website, Table 2, were (1) inadequate and (2) false with respect to, inter alia, allegedly accessible "public entrance", "registration desk", "accessible self-parking" and "van accessible self-parking" as documented in Table 3.

37. Plaintiff is deterred from booking a room at the Holiday Inn because the violations documented above are directly related to his disabilities by the application and use of common sense as suggested by the United States Supreme Court in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)

38. Each of the above conditions constitute a violation of the ADA and deprived Plaintiff of full and equal access and enjoyment of the Holiday Inn.

39. The removal of barriers is readily achievable.

40. Plaintiff's injury will be redressed by the removal of barriers as requested below.

*Allegations of Website Misrepresentations – Doubletree by Hilton*

On July 11, 2020, Plaintiff reviewed the booking website for Doubletree by Hilton and noted its representation that "DoubleTree by Hilton is a fully accessible hotel", but that accessible rooms are not properly dispersed among several categories of rooms. ¶¶ 42-44 and Table 4. Plaintiff the personally visited Doubletree by Hilton and discovered and photographically documented fourteen (14) distinct violations of the Standards. ¶45 and Table 5. The discovery of these violations rendered Doubletree by Hilton's representations of accessibility false and fraudulent as alleged in ¶47. Plaintiff alleges that he is deterred from booking a room at the DoubleTree by Hilton "because the violations documented above are directly related to his disabilities". ¶48.

## DISCUSSION

Defendants make an error in their forum shopping effort. The Honorable David G. Campbell soundly rejected a different defendant's Motion to Dismiss in an analytically indistinguishable case. *See Gastelum v. Pacific Heritage Inn of Chandler, LLC* (D.C. Ariz. 2:18-cv-01271)[10] at Dkt. 18, Exhibit 2, where Judge Campbell stated at pp 6-9:

---

[10] The *Gastelum* Complaint was authored by Plaintiff who acted as Mr. Gastelum attorney in the matter.

**C. Standing.**

Standing requires (1) an injury-in-fact, (2) causation between the injury and the allegedly wrongful conduct, and (3) that the injury is likely to be redressed by a favorable decision from the court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Where a case is at the pleading stage, the plaintiff must allege facts demonstrating each element. *CREEC*, 867 F.3d at 1099. An injury-in-fact must be "(a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (internal quotations and citations omitted). "[A] party seeking review must allege facts showing that he is himself adversely affected." *Sierra Club v. Morton*, 405 U.S. 727, 740 (1972). There must be "'continuing, present adverse effects' stemming from the defendant's actions." *CREEC*, 867 F.3d at 1098 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)).

Under the ADA, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, [or] facilities . . . of any place of public accommodation[.]" 42 U.S.C. § 12182(a). Hotels are places of public accommodation, *id.* at § 12181(7)(A), and Plaintiff has a disability as defined under the ADA, *id.* at § 12102. Plaintiff sufficiently alleges that the ADA violations caused his injury, and the injury is likely to be redressed by a favorable decision from the Court. The Court therefore will address only whether Plaintiff has alleged an injury-in-fact.

**1. Actual or Imminent Injury.**

An injury is "actual" if a person who is disabled "is currently deterred from patronizing a public accommodation due to a defendant's failure to comply with the ADA[.]" *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002); *see also Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1041 (9th Cir. 2008) ("Allegations that a plaintiff has visited a public accommodation on a prior occasion and is currently deterred from visiting that accommodation by accessibility barriers establish that a plaintiff's injury is actual or imminent."). In *CREEC*, the Ninth Circuit clarified that a plaintiff need not personally encounter the barriers or personally visit the hotel. Injury arises from "the plaintiff's 'actual knowledge' of a barrier, rather than the source of that knowledge." *CREEC*, 867 F.3d at 1099.

Plaintiff alleges that he "visited the [Defendant's] hotel to independently verify that it was . . . suitable to accommodate his disability." Doc. 1 at 14 ¶ 38. During his visit, he "noted that the hotel was not compliant with the ADA, " and his complaint lists twelve specific accessibility barriers that

7

he observed. *Id.* at 14-15 ¶ 39. Plaintiff alleges that, "[a]s a result of [these] deficiencies, " he "declined to book a room at the hotel." *Id.* at 15 ¶ 40. He further alleges that "he is deterred from visiting [this] accommodation by accessibility barriers and other violations of the ADA." *Id.* at 4 ¶ 17. These allegations, which must be assumed true in this facial evaluation of jurisdiction, sufficiently assert that Plaintiff's injury is actual or imminent.

### 2. Likelihood of Future Injury.

Because Plaintiff seeks injunctive relief, he must also show that he is "likely to suffer future injury." *Lyons*, 461 U.S. at 105. In *Chapman*, the Ninth Circuit discussed two ways a plaintiff could demonstrate a likelihood of future harm. 631 F.3d at 948-50. First, the plaintiff could show "an intent to return to a noncompliant accommodation, " in which event he would be "likely to reencounter a discriminatory architectural barrier." *Id.* at 948-50; *see also D'Lil*, 538 F.3d at 1037. Alternatively, a plaintiff can show that "he is deterred from visiting a noncompliant public accommodation because he has encountered barriers related to his disability there." *Chapman*, 631 F.3d at 949. In *CREEC*, the Ninth Circuit found a sufficiently alleged injury to pursue injunctive relief under this "deterrent effect doctrine" because the plaintiffs alleged "they intend to visit the relevant hotels, but have been deterred from doing so by the hotels' noncompliance with the ADA." 867 F.3d at 1099.

Plaintiff alleges continuing adverse effects under both theories. He asserts that he "intends to book a room at the Defendant's hotel once Defendant has removed all the accessibility barriers . . . and has fully complied with the ADA." Doc. 1 at 4 ¶ 16. And he alleges that he is "deterred from visiting that accommodation" due to "accessibility barriers and other violations of the ADA." *Id.* at 4 ¶ 17. Taking the allegations of the complaint as true and construing them in Plaintiffs favor, the Court concludes that he has sufficiently alleged a likelihood of future injury.

**IT IS ORDERED** that Defendant's motion to dismiss (Doc. 10) is **denied**. (footnotes omitted, emphasis in original.)

As in *Gastelum*, Plaintiff here sufficiently alleges that the ADA violations caused his injury[11], *see* Complaint at Tables 2-5 (documenting discriminatory conditions) and the injury is likely to be redressed by a favorable decision from the

---

[11] "So long as the discriminatory conditions continue, and so long as a plaintiff is aware of them and remains deterred, the injury under the ADA continues." *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1137 (9th Cir. 2002)

8

Court. *See* Complaint at ¶¶ 40 and 51 ("Plaintiff's injury will be redressed by the removal of barriers as requested below.")

Further, as Judge Campbell found[12], "allegations that a plaintiff has visited a public accommodation on a prior occasion and is currently deterred from visiting that accommodation by accessibility barriers establish that a plaintiff's injury is actual or imminent". The allegations in the case under consideration are indistinguishable. *See* Complaint ¶¶24-40 (relating to Holiday Inn) and ¶¶ 41-51 (relating to Doubletree by Hilton).

Lastly, Judge Campbell found that the likelihood of future injury can be shown by one or two methods: "an intent to return to the non-compliant accommodation" in which event he would be "likely to reencounter a discriminatory architectural barrier"[13], alternatively, a plaintiff can show that "he is deterred from visiting a noncompliant public accommodation because he has encountered barriers related to his disability there."[14] Here, Plaintiff alleges that:

> 37. Plaintiff is deterred from booking a room at the Holiday Inn because the violations documented above are directly related to his disabilities by the application and use of common sense as suggested by the United States Supreme Court in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)
>
> \*\*\*
>
> 48. Plaintiff is deterred from booking a room at the DoubleTree by Hilton because the violations documented above are directly related to his disabilities by the application and use of common sense as suggested by the United States Supreme Court in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)
>
> \*\*\*
>
> 86. As a direct consequence of Defendants' failure to disclose, Plaintiff visited the Hotels, but is deterred from booking a room there because of their non-compliance with the ADA.

---

[12] Citing to *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1041 (9th Cir. 2008)
[13] Citing to Chapman, 631 F.3d at 948-50.
[14] Citing to *Chapman*, 631 F.3d at 949.

9

In addition, Plaintiff has standing room reservations at Doubletree by Hilton for November 8, 2020 and at Holiday Inn for November 15, 2020. *See* Exhibits 10 and 11, respectively.

Defendants reference certain cases filed by Plaintiff in California. These cases offer no precedential value. *See, e.g., Gastelum v. Pacific Inn of Chandler, LLC* (D.C. Ariz. 2:18-cv-01271-DGC at Dkt 18) Exhibit 2. The *Gastelum* decision confirms that previously decided cases involving the same plaintiff are not entitled to res judicata or collateral estoppel defenses. However, to the extent the Court may be interested in analytically indistinguishable California decisions, Plaintiff offers *Johnson v. Alhambra & O Associates,* (2019 E.D. Cal. 2:19-cv-00103 at Dkt. 15), Exhibit 3; *Strojnik v. GF Carneros Tenant* (ND Cal. 3:19-cv-03583 at Dkt. 28) (Denying motion to dismiss against the same general allegations as here), Exhibit 4 (same); *Strojnik v. 574 Escuela, LLC* (N.D. Cal. 3:18-cv-06777 at Dkt. 20), Exhibit 5 (same); *Strojnik v. 574 Escuela* (N.D. Cal. 3:18-cv-06777 at Dkt. 24), Exhibit 6 (denial of motion to reconsider); *Strojnik v. Resort at Indian Springs, LLC* (N.D. Cal. 5:19-cv-04616-SVK at Dkt. 35), Exhibit 7 (same).

*Negligence is Well Pled*

Defendants predictably argue that a negligence claim cannot be predicated on the violation of the ADA, citing to *Estate of Saylor v. Regal Cinemas, Inc.*, 54 F. Supp. 3d 409 (D. Md. 2014) and *White v. NCL America, Inc*., 2006 WL 1042548 (S.D. Fla. 2006). *Saylor* was based on Maryland law and *White* was based on Florida law. Neither applies to Arizona law.

The proposition that negligence can be predicated on Defendants' duty to remediate inaccessible elements has been specifically adopted in Arizona. *See* Judge Campagnolo decision in *Strojnik v. KSVA*, Exhibit 1. It has also been specifically adopted in California cases, *see Strojnik v. GF Carneros Tenant* (ND Cal. 3:19-cv-03583 at Dkt. 28) (same) Exhibit 4, *Strojnik v. 574 Escuela, LLC* (N.D. Cal. 3:18-cv-06777 at Dkt. 20), Exhibits 5 and 6; *Strojnik v. Resort at Indian Springs, LLC* (N.D. Cal. 5:19-cv-04616-SVK at Dkt. 35) (same) Exhibit 7.

In Arizona, negligence requires proof of a duty owed to the plaintiff, a breach of that duty, an injury proximately caused by that breach, and damage. *Ontiveros v.*

10

*Borak,* 136 Ariz. 500, 504, 667 P.2d 200, 204 (1983). "Negligence per se applies when there has been a violation of a specific requirement of a law." *Griffith v. Valley of the Sun Recovery and Adjustment Bureau, Inc.,* 126 Ariz. 227, 229, 613 P.2d 1283, 1285 (App. 1980) "The statute or regulation must 'proscribe certain or specific acts' to support a finding of ... negligence per se." Jefferson L. Lankford & Douglas A. Blaze, *The Law of Negligence in Arizona* § 3.05[2] (3d ed. 2004) (quoting *Griffith,* 126 Ariz. at 229, 613 P.2d at 1285).

General ADA statutes, 42 U.S.C. 12101 *et seq* do not proscribe certain or specified acts. However, the implementing regulation, 28 C.F.R. 36 and the applicable Standards for Accessibility Design, are safety regulations that provide extraordinarily specific regulations for safe accessibility to public accommodations[15]. These regulations represent specific and certain obligations relating to safety.

For example, the dimensions referenced in the Standards are specific and absolute. *See* Standards at §104.1 ("**104.1 Dimensions**. Dimensions that are not stated as 'maximum' or 'minimum' are absolute.") For example, the accessible parking slope cannot exceed 1:48. While the requirement for accessible parking is a general desegregation measure, the requirement of maximum slope is a specific safety regulation – if the slope is any steeper, a disabled person can fall or roll down the slope.

The violation of specificity is adequately alleged.

Plaintiff adequately alleges breach causal connection and damages. Purely emotional damages are recoverable in negligence. *Murray v. Farmers Insurance Co.,* 366 P.3d 117 (2016)

Negligence and negligence per se are well pled.

***Fraud Related Claims are Well Pled***

---

[15] For example, a handicapped parking spot cannot be inclined steeper than 1:48 in either direction. This is so because a person in a wheelchair can potentially roll into traffic and because a person not in a wheelchair has to grab onto the car frame not to lose balance and fall.

11

1  Defendants move to dismiss fraud related claims for the same reason advanced with respect to negligence - that the ADA does not permit damages. *See* Motion at 13. This is a novel argument that has not been adopted by any court to Plaintiff's knowledge.

Misrepresentation related claims are not based on the ADA, they are based on common law fraud and statutory Consumer Protection Law. Plaintiff alleges that Defendants misrepresented their affiliations (brand deceit) and that they misrepresented facts on their websites and telephonic discussions. These are common law and Arizona statutory causes of action. They are completely divorced from the ADA and would exist with or without the ADA claims.

Without further analysis from Defendants, Plaintiff cannot adequately respond and, to that end, requests the opportunity to sur-reply in the event Defendants present additional argument in their Reply[16].

**CONCLUSION AND PRAYER FOR RELIEF**

For reasons stated above, Plaintiff requests a blanket denial of Defendants' Motion to Dismiss in its entirety.  Alternatively,  should the Court find that Plaintiff omitted any generally accepted judicial phrase of art, fact or allegation, or otherwise failed in his pleading, Plaintiff requests the leave to amend.

If the Court finds lack of standing jurisdiction, then Strojnik request a choice of (1) leave to amend, or (2) dismissal without prejudice and a remand to the Maricopa County Superior Court.

RESPECTFULLY SUBMITTED this 14th day of August, 2020.

                              **PETER STROJNIK**

                              Peter Strojnik
                              Plaintiff

---

[16] The parties discussed Defendants' anticipated Motion to Dismiss on August 10, 2020; however, the discussion was limited to Defendant's Motion to dismiss ADA claims for lack of standing. None of the other claims, or a Rule 12(b)(6) failure to state a claim, were discussed. Exhibit 9.

12

# ADDENDUM A

# SUMMARY OF STANDING JURISDICTION

The United States Supreme Court and the 9th Circuit Court of Appeals have clearly defined the quantum of jurisdictional allegations required at the pleadings stage. Unfortunately, some district courts have confounded the *Ashcroft*[17] and *Twombly*[18] with *Lujan* [19]*Seldin*[20], *Centex*[21], *Kayo*[22], *CREEC*[23] and Fed. R. Civ. P. 9(b)[24].

The distinction between allegations supporting a cause of action under *Ashcroft* and *Twombly*, and the allegations supporting jurisdictional standing under *Lujan, Seldin, Centex, Kayo, CREEC* and Fed. R. Civ. P. 9(b) is significant. While *Ashcroft* and *Twombly* require strict factual enhancements to state a cause of action, *Lujan* is clear that the district courts must "presume that general [jurisdictional] allegations embrace those specific facts that are necessary to support the claim." *Id.,* 505 U.S. at 561.

# ANALYSIS

## A. LEGAL STANDARDS

### I. Distinction Between Facial and Factual Challenges to Jurisdiction

A motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction may be "facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). Where a defendant makes a facial attack on jurisdiction, factual allegations of the complaint are taken as true. *Fed'n of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996); *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) ("At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion dismiss, [courts] presume that general allegations embrace those specific facts that are necessary to support the claim.") (internal citation and quotations omitted). The plaintiff is then entitled to have those facts construed in the light most favorable to him or her. *Fed'n of African Am. Contractors*, 96 F.3d at 1207.

In contrast, a factual attack on subject matter jurisdiction occurs when, as here, a defendant challenges the actual lack of jurisdiction with affidavits or other evidence. *See Leite v.*

---

[17] *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)
[18] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544,127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)
[19] *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)
[20] *Warth v. Seldin,* 422 U.S. 490, 501, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975),
[21] *Maya v. Centex Corp.,* 658 F.3d 1060, 1067 (9th Cir. 2011),
[22] *Wilson v. Kayo Oil Co.*, 563 F.3d 979 (9th Cir. 2009)
[23] *Civil Rights Education and Enforcement Center v. Hospitality Properties Trust*, 867 F.3d 1093, 1099 (9th Cir. 2017)
[24] Allegations of "intent" (to return) and "state of mind" (deterred state of mind) may be alleged generally.

*Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). "When the defendant raises a factual attack, the plaintiff must support … jurisdictional allegations with 'competent proof,' under the same evidentiary standard that governs in the summary judgment context." *Leite*, 749 F.3d at 1121 (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010)). The district court may resolve those factual disputes itself, unless "the existence of jurisdiction turns on disputed factual issues[.]" *Id.* at 1121-22 (citations omitted). "To the extent that the jurisdictional facts are disputed . . ., the parties should be allowed to conduct discovery for the limited purpose of establishing jurisdictional facts before the claims can be dismissed." *Siderman de Blake v. Republic of Argentina*, 965 F.2d 699, 713 (9th Cir. 1992)

Where a defendant brings a factual challenge, "a court may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment." *White v. Lee,* 227 F.3d 1214, 1242 (9th Cir. 2000) (citation omitted). Once the moving party has made a factual challenge by offering affidavits or other evidence to dispute jurisdictional allegations in the complaint, the party opposing the motion must "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *Colwell v. Dep't of Health & Human Servs.,* 558 F.3d 1112, 1121 (9th Cir. 2009) (quoting *St. Clair v. City of Chico,* 880 F.2d 199, 201 (9th Cir. 1989)).

In *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 101, 118 S. Ct. 1003 (1998), the Supreme Court emphasized that a federal court must first establish as "an antecedent" matter that it has jurisdiction.

## II.     Elements of Proof under Rule 12(b)(1) and 12(b)(6) are Different.

The standing inquiry requires a plaintiff to show (1) he suffered an "injury in fact; (2) there is a causal connection between that injury and the defendant's conduct; and (3) a favorable decision would likely redress the injury. *Civil Rights Educ. & Enforce. Ctr. v. Hosp. Properties Trust* ("CREEC"), 867 F.3d 1093, 1098 (9th Cir. 2017) (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992)). When a plaintiff seeks injunctive relief, he must also "allege 'continuing, present adverse effects' stemming from the defendant's actions." *Id.* (quoting *City of Los Angeles v. Lyons,* 461 U.S. 95, 102 (1983)). Federal courts must "take a broad view of constitutional standing in civil rights cases, especially where, as under the ADA, private enforcement suits are the primary method of obtaining compliance with the act." *Doran v. 7-Eleven, Inc.,* 524 F.3d 1034, 1039-40 (9th Cir. 2008) ((quoting *Trafficante v. Metro Life Ins. Co.,* 409 U.S. 205, 209 (1972)).

On the other hand, to state an ADA claim, a plaintiff must allege that (1) he is an individual with a disability; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability. 42 U.S.C. §§ 12182(a)-(b); *Molski v. M.J. Cable, Inc.,* 481 F.3d 724, 730 (9th Cir. 2007); *Arizona ex rel. Goddard v. Harkins Amusement Enter. Inc.*, 603 F.3d 666, 670 (9th Cir. 2010).

### III.  Pleading Standards under Rule 12(b)(1) and 12(b)(6) are also Different[25].

*Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (*Ashcroft*) and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544,127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (*Twombly*) apply to 12(b)(6) motions. *Twombly* and *Iqbal* addressed the pleading required to survive a motion to dismiss for failure to state a claim, and, distilled to their essence, impose two requirements. First, the reviewing court, though crediting factual assertions made in the pleadings, is not required to credit legal conclusions. *Ashcroft,* 129 S.Ct. at 1949-50 (citing *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955). Second, the complaint cannot survive a motion to dismiss unless it alleges facts that plausibly (not merely conceivably) entitle plaintiff to relief. *Id.* at 1950-51.

However, *Twombly* and *Iqbal* are ill-suited to application in the constitutional standing context because in determining whether plaintiff states a claim under 12(b)(6), the court necessarily assesses the merits of plaintiff's case. But the threshold question of whether plaintiff has standing (and the court has jurisdiction) is distinct from the merits of his claim. Rather, "[t]he jurisdictional question of standing precedes, and does not require, analysis of the merits." *Equity Lifestyle Props., Inc. v. Cnty. of San Luis Obispo,* 548 F.3d 1184, 1189 n. 10 (9th Cir. 2008); *see also Seldin,* 422 U.S. at 500, 95 S.Ct. 2197 (Standing "in no way depends on the merits of the contention that particular conduct is illegal.") (*Seldin)*; *Bell v. Hood,* 327 U.S. 678, 682, 66 S.Ct. 773, 90 L.Ed. 939 (1946); *Catholic League for Religious and Civil Rights v. City & Cnty. of San Francisco,* 624 F.3d 1043, 1049 (9th Cir. 2010) (en banc) ("Nor can standing analysis, which prevents a claim from being adjudicated for lack of jurisdiction, be used to disguise merits analysis, which determines whether a claim is one for which relief can be granted if factually true.").

The proper 12(b)(1) analysis is subject to a different standard. *Maya v. Centex Corp.,* 658 F.3d 1060, 1067 (9th Cir. 2011) (quoting *Warth v. Seldin,* 422 U.S. 490, 501, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975).) "For purposes of ruling on a motion to dismiss for want of standing, both the trial and reviewing courts must accept as true all material allegations of the complaint and must construe the complaint in favor of the complaining party." *Seldin,* 422 U.S. at 501, 95 S.Ct. 2197. "**At the pleading stage… we `presum[e] that general**

---

[25] Plaintiff confesses that he first recognized the depth of this perplexity from the extraordinary analysis by the Honorable John A. Mendez. In *Johnson v. Alhambra & O Associates,* (2019 E.D. Cal. 2:19-cv-00103 at Dkt. 15), Judge Mendez denied a motion to dismiss under Rule 12(b)(1) by noting, in part:

> [A] plaintiff's statement of subject-matter jurisdiction is not governed by the strict pleading standard of *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554 (2007). *Maya v. Centex Corp.,* 658 F.3d 1060, 1067 (9th Cir. 2011).

The entire decision is appended hereto as Exhibit 3.

15

**allegations embrace those specific facts that are necessary to support the claim.'"** *Defenders of Wildlife,* 504 U.S. at 561, 112 S.Ct. 2130 (emphasis supplied) (quoting *Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 889, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990)); *see also Lucas v. S.C. Coastal Council,* 505 U.S. 1003, 1014 n. 3, 112 S.Ct. 2886, 120 L.Ed.2d 798 (1992) (cautioning that while at the summary judgment stage, the court "require[s] specific facts to be adduced by sworn testimony," a "challenge to a generalized allegation of injury in fact made at the pleading state ... would have been unsuccessful"). *See also Wilson v. Kayo Oil Co.*, 563 F.3d 979, 980 (9th Cir. 2009) (*Wilson*) (per curiam) (noting that the minimal allegations that a plaintiff intends to return is sufficient to defeat a motion to dismiss).

### IV.   Fed. R. Civ. P. 9(b) is Consistent with *Seldin, Mayo* and *Wilson.*

Fed. R. Civ. P. 9(b) is consistent with *Seldin, Mayo* and *Wilson.* It provides that "intent (*to return*) … and other conditions of a person's mind (*being deterred*) may be alleged generally". Fed. R. Civ. P. 9(b).

Federal Rules of Civil Procedure were drawn under the authority of the act of June 19, 1934, U.S.C., Title 28, §723b [see 2072] (Rules in actions at law; Supreme Court authorized to make), and §723c [see 2072] (Union of equity and action at law rules; power of Supreme Court) and also other grants of rule-making power to the Court. See Clark and Moore, *A New Federal Civil Procedure—I. The Background*, 44 Yale L.J. 387, 391 (1935). *Notes of Advisory Committee on Rules—1937 at ¶3.*

### V. The *CREEC* Pleading Standard is Also Consistent with *Seldin, Mayo, Wilson* and Fed. R. Civ. P. 9(b)

The Court in *Civil Rights Education and Enforcement Center v. Hospitality Properties Trust*, 867 F.3d 1093, 1099 (9th Cir. 2017) addressed the very jurisdictional issue facing the court here: The Court in *Civil Rights Education and Enforcement Center v. Hospitality Properties Trust*, 867 F.3d 1093, 1099 (9th Cir. 2017) addressed the very jurisdictional issue facing the court here. The Court confirmed that ADA plaintiffs may demonstrate a likelihood of future harm in one of two ways. They may either show (1) injury in fact coupled with an intent to return to the offending facility; or (2) deterrence from visiting or returning to the facility because of the ADA violation(s). *Id.* at 1098-99.

> A plaintiff experiences continuing adverse effects where a defendant's failure to comply with the ADA deters her from making use of the defendant's facility. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 953 (9th Cir. 2011) (en banc). We have dubbed this the "deterrent effect doctrine." *Id.* at 949-50. "[W]hen a plaintiff who is disabled within the meaning of the ADA has actual knowledge of illegal barriers at a public accommodation to which he or she desires access, that plaintiff need not engage in the 'futile gesture' of attempting to gain access in order to show actual injury. . . ." *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1135 (9th Cir. 2002) (quoting

16

42 U.S.C. § 12188(a)(1)). "So long as the discriminatory conditions continue, and so long as a plaintiff is aware of them and remains deterred, the injury under the ADA continues." *Id.* at 1137.

\*\*\*

**The Named Plaintiffs have alleged in the First Amended Complaint that they intend to visit the relevant hotels, but have been deterred from doing so by the hotels' non-compliance with the ADA. They further allege that they will visit the hotels when the non-compliance is cured.** Thus, the ADA violations have prevented them from staying at the hotels. Without such averments, they would lack standing. However, "construing the factual allegations in the complaint in favor of the plaintiffs, " as we must at this preliminary stage, *Mont. Shooting Sports Ass'n v. Holder*, 727 F.3d 975, 979 (9th Cir. 2013), we conclude that the Named Plaintiffs have sufficiently alleged injury in fact. *Chapman*, 631 F.3d at 953. **Their harm is "concrete and particularized, " and their intent to visit the hotels once they provide equivalent shuttle service for the disabled renders their harm "actual or imminent, not conjectural or hypothetical."** (*Emphasis supplied*)

*CREEC* 867 F.3d at 1100-01.

**END**