Monica M. Ryden (State Bar No. 023986)
**JACKSON LEWIS PC**
2111 East Highland Avenue, Suite B-250
Phoenix, AZ  85016
Telephone: (602) 714-7044
Facsimile: (602) 714-7045
Monica.Ryden@jacksonlewis.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Strojnik, | Case No.  2:20-cv-01532-DJH |
| Plaintiff, | |
| vs. | **MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT** |
| Driftwood Hospitality Management, LLC; United Hotels and Resorts, LLC; and CGD Tempe LP, | |
| Defendants. | |

## TABLE OF AUTHORITIES

**Cases** ........................................................................................................................**Page(s)**

*Advocates for Individuals with Disabilities LLC v. MidFirst Bank*,
   279 F. Supp. 3d 891 (D. Ariz. 2017) ........................................................................... 1

*Molski v. Evergreen Dynasty Corp.*,
   500 F.3d 1047 (9th Cir. 2007) ................................................................................. 4, 5

*Moy v. United States*,
   906 F.2d 467 (9th Cir. 1990) ................................................................................... 4, 5

*Safir v. U.S. Lines, Inc.*,
   792 F.2d 19 (2d Cir. 1986) .......................................................................................... 5

*Strojnik v. 575 Escuela, LLC*,
   No. 3:18-cv-06777-JD, 2020 U.S. Dist. LEXIS 57459 (N.D. Cal. Mar. 31, 2020) ................................................................................................................. 5

<a>
</a>

*Strojnik v. Bakersfield Convention Hotel I, LLC*,
   No. 1:19-cv-01098 LJO JLT, 2020 U.S. Dist. LEXIS 16339 (E.D. Cal.
   Jan. 30, 2020) .................................................................................................... 5

*Strojnik v. Evans Hotels, LLC*,
   No. 3:19-cv-000650-BAS-AHG, 2020 U.S. Dist. LEXIS 35550
   (S.D. Cal. Mar. 2, 2020) ..................................................................................... 6

*Strojnik v. Fresno Hotel Holdings, LLC*,
   No. 1:19-cv-01195, 2020 U.S. Dist. LEXIS 40548 (E.D. Cal. Mar. 9,
   2020) ................................................................................................................... 6

*Strojnik v. Griffin*,
   No. 1:18-cv-01619-LJO-SAB, 2019 U.S. Dist. LEXIS 156174
   (E.D. Cal. Sep. 11, 2019) ................................................................................... 6

*Strojnik v. Griffin*,
   No. 1:18-cv-01619-LJO-SAB, 2019 U.S. Dist. LEXIS 40825
   (E.D. Cal Mar. 13, 2019) ................................................................................... 6

*Strojnik v. New Crescent Invs. LLC*,
   No. CV-20-00343-PHX-DWL, 2020 U.S. Dist. LEXIS 36248 (D. Ariz.
   Mar. 2, 2020) ...................................................................................................... 6

*Strojnik v. Pasadena Robles Acquisition, LLC*,
   No. 2:19-CV-02067-AB, 2019 U.S. Dist. LEXIS 213070 (C.D. Cal.
   Aug. 14, 2019), *aff'd*, 2020 U.S. App. LEXIS 11896 (9th Cir. April 15,
   2020) ................................................................................................................... 3

*Strojnik v. SCG America Construction, Inc.*,
   Case No. SACV 19-1560 JVS (JDE), 2020 U.S. Dist. LEXIS 133127
   (C.D. Cal. Apr. 19, 2020) ............................................................................. 4, 5

*Strojnik v. Singpoli Grp., LLC*,
   No. LACV 19-00066 JLS, 2019 U.S. Dist. LEXIS 24494 (C.D. Cal.
   Feb. 14, 2019) .................................................................................................... 6

*Strojnik v. Victus Grp., Inc.*,
   No. 1:18-CV-1620 AWI SKO, 2020 U.S. Dist. LEXIS 54117
   (E.D. Cal. Mar. 27, 2020) ................................................................................. 5

Defendants Driftwood Hospitality Management, LLC ("Driftwood"), United Hotels and Resorts, LLC ("United Hotels and Resorts") and CGD Tempe, LP ("CGD Tempe") move this Court to declare Plaintiff Peter Strojnik ("Strojnik") a vexatious litigant requiring him to obtain leave of court before filing any future claims under the Americans with Disabilities Act ("ADA") in the United States District Court for the District of Arizona.

## I.   BACKGROUND

Strojnik has filed 159 almost identical ADA lawsuits as a *pro se* litigant since his disbarment in Arizona for doing effectively the same thing.[1]  As an attorney, Strojnik filed *more than one thousand* state court actions against Arizona businesses in different plaintiff's names.  He filed upwards of 160 more in federal court. *See Advocates for Individuals with Disabilities LLC v. MidFirst Bank*, 279 F. Supp. 3d 891, 893 (D. Ariz. 2017) (finding that Peter Strojnik "pursued upwards of 160 cookie-cutter lawsuits in federal court and, from early to later 2016, more than 1,700 such suits in Arizona state court").  As a *pro se* litigant, he's returning to many of the same hotels he sued in different plaintiff's names.  For example, in this action, Strojnik sued for alleged ADA violations at two properties: (1) the Holiday Inn at 1500 N. 51st Avenue, Phoenix, Arizona ("Holiday Inn"); and (2) the DoubleTree at 2100 South Priest Drive, Tempe, Arizona ("DoubleTree"). (Compl. ¶¶ 35, 45.)  And this, after his client, Fernando Gastelum, entered settlement agreements promising never to return to these properties.[2]

Strojnik makes no effort to disguise that he is filing these lawsuits with the intention of harassing, annoying, or disturbing the opposite party.  For example, Driftwood is currently defending two actions by Strojnik: (1) *Strojnik v. 8757 Rio San Diego Mission Valley Owner, LLC*, Case No. 3:20-CV-00384-DMS-MSB, which is pending in the

---

[1] Under Fed. R. Evid. 201(c)(2), the Court may take judicial notice of the PACER search results for Peter Strojnik (Exhibit 1).  The Court may also take judicial notice regarding Strojnik's suspension and disbarment (Exhibits 2 – 4).

[2] Copies of the three settlement agreements signed by Fernando Gastelum, including the two agreements concerning the Holiday Inn and DoubleTree are attached as Exhibits 5, 6, and 7.

Southern District of California; and (2) this action. In attempting to extract a settlement from Driftwood in California, Strojnik makes bald assertions that while Driftwood may prevail on a motion to dismiss (plaintiff acknowledges his suit may be dismissed for lack of standing), they must pay to avoid a prolonged fight:

> We have now entered the standard ADA pattern: You filed a Motion to Dismiss, I responded (see attached), you will reply and then we wait.
>
> If the case is ultimately dismissed in the District Court for lack of standing, I will appeal, if I lose that, I will file the case in the State Court that has different standing requirements, *see White v. Square*. I will also review and potentially add claims pursuant to Cal. Civ. Code §§1709 et seq. 1710(3), 17500 and Cal. Bus. & Prof. Code 17200 et seq. and some other claims that I continue to explore. Very interesting stuff!
>
> All of this is very good for the litigation business; however, your client is not in the litigation business, it is in the lodging business, and this is very bad for the lodging business.
>
> What is good for the lodging business but not so good for the legal business is settlement of claims. Therefore, I propose:
>
> 1. Good faith review of the Hotel for ADA compliance; and
> 2. Best efforts to remediate readily achievable remediations; and
> 3. Full release of the Hotel, ownership and affiliates relating to the allegations in the Complaint; and
> 4. Payment of costs, fees, expenses and all categories of damages in the amount of $18,750.00; and
> 5. Stipulation to dismiss with prejudice; and
> 6. This offer relates only to the property in issue.
>
> If your client has any interest in releasing other lodging properties that it or its affiliated companies may have interest in, I am willing to release all such *other* properties have provided each agrees to items (1) and (2) above and pays $1,500.00 for costs, expenses, investigative and other fees. *This offer does not include cases in which I have issued a pre-litigation letter or filed a complaint, as in the attached. This*

2

> *offer does not apply to the case filed in Maricopa County, attached.*
>
> I am looking forward to several exciting new developments in these cases.

*See* July 16, 2020 email from Peter Strojnik (with attachment) (emphasis added). The timing of this lawsuit indicates that it was filed to punish Driftwood for filing a motion to dismiss in the California action. The message from Strojnik is clear: defendants should not attempt to defend against his lawsuits, they should just pay.

Many of his complaints are literal copy-paste versions of one another. As discussed in Defendant's Motion to Dismiss (Doc. 16), Strojnik's claims are without merit, and his credibility and motives regarding his intent to stay at Defendants' hotels are simply unbelievable given the preposterous volume of complaints.

Strojnik's motives are harassing and purely financial, as demonstrated by his inclusion of state-law claims in addition to ADA claims simply to provide leverage for settlement dollars. Title III doesn't allow plaintiffs to claim damages — only attorney fees and an injunction. As Strojnik can no longer claim attorney fees, he's included claims for negligence, negligent misrepresentation, failure to disclose, and fraud/consumer fraud, all in the effort to circumvent the ADA and claim damages. Strojnik attempts to, and usually does, extract monetary settlements to resolve his claims based on the high volume of his cases that are voluntarily dismissed shortly after filing. Strojnik employed this same high-volume/quick-settlement tactic in Arizona before he was disbarred.

Strojnik's litigation tactics are abusive, harassing, and not intended to vindicate any right under the ADA. He files hundreds of virtually identical copy-paste lawsuits to extort defendants for quick settlements without any legitimate intent to visit the locations he claims. Strojnik's assembly line of copy-paste ADA complaints results in an extreme burden to the judicial system, the defendants he preys on, and society generally.

Courts have dismissed Strojnik's complaints without leave to amend, *see, e.g., Strojnik v. Pasadena Robles Acquisition, LLC*, No. 2:19-CV-02067-AB, 2019 U.S. Dist. LEXIS 213070 (C.D. Cal. Aug. 14, 2019), *aff'd*, 2020 U.S. App. LEXIS 11896 (9th Cir.

April 15, 2020), and declared him a vexatious litigant, *see, e.g., Strojnik v. SCG America Construction, Inc.*, Case No. SACV 19-1560 JVS (JDE), 2020 U.S. Dist. LEXIS 133127 (C.D. Cal. Apr. 19, 2020). Defendants ask this Court to do the same.

**IV.     STROJNIK SHOULD BE DECLARED A VEXATIOUS LITIGANT.**

The All Writes Act, 28 U.S.C. § 1651(a), vests federal courts with the discretion to enjoin vexatious litigants. *Strojnik v. SCG America Construction, Inc.*, Case No. SACV 19-1560 JVS (JDE), 2020 U.S. Dist. LEXIS 133127 (C.D. Cal. Apr. 19, 2020) (citing *Weissman v. Quail Lodge Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999); *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990)). Such orders are "extraordinary remed[ies] that should be narrowly tailored and rarely used." *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990). "Nevertheless, '[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider meritorious claims of other litigants.'" *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (quoting *De Long*, 912 F.3d at 1148).

"Although the Ninth Circuit never has articulated a precise standard to be followed by courts presented with a motion to declare a litigant vexatious, it has cautioned that such an order 'cannot issue merely upon a showing of litigiousness.'" *Strojnik v. SCG America Construction, Inc.*, Case No. SACV 19-1560 JVS (JDE) (C.D. Cal. Apr. 19, 2020) (citing *Moy*, 906 F.2d at 470). Rather, the Court must: "(1) give the plaintiff an opportunity to oppose the order; (2) create an adequate record of what court filings support issuance of the order; and (3) find that the filings were frivolous and harassing." *Id.* (citing *De Long*, 912 F.2d at 1147-48). If the Court finds that a vexatious litigant order is proper, it must be narrowly tailored so as "'to prevent infringement on the litigator's right of access to the courts.'" *Id.* (citing *De Long*, 912 F.2d at 1148 (quoting *Sires v. Gabriel*, 748 F.2d 49, 51 (1st Cir. 1984))).

To determine if Strojnik's actions are frivolous or harassing, the Court "must look at the number and to the content of the filings as indicia of the frivolousness of the litigant's claims." *Id.* (quoting *De Long*, 912 F.2d at 1148) (internal quotations omitted). As an alternative to frivolousness, the district court may make an alternative finding that the

4

litigant's filings "show a pattern of harassment." *De Long*, 912 F.2d at 1148. The Ninth Circuit has adopted the Second Circuit's five factor test in *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986) as "a helpful framework" for determining this substantive factor. *See Molski*, 500 F.3d at 1058 (applying the framework to this factor and the other substantive factor, the narrow tailoring of the restriction). These five factors are:

> (1) The litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Safir*, 792 F.2d at 24.

Strojnik's propensity for filing a multitude of disability discrimination cases, particularly against hotel defendants, is very well known. *See Strojnik v. 575 Escuela, LLC*, No. 3:18-cv-06777-JD, 2020 U.S. Dist. LEXIS 57459, at *5 (N.D. Cal. Mar. 31, 2020); *Strojnik v. Bakersfield Convention Hotel I, LLC*, No. 1:19-cv-01098 LJO JLT, 2020 U.S. Dist. LEXIS 16339, at *1 (E.D. Cal. Jan. 30, 2020); *Strojnik v. Victus Grp., Inc.*, No. 1:18-CV-1620 AWI SKO, 2020 U.S. Dist. LEXIS 54117, at *6 (E.D. Cal. Mar. 27, 2020). While this alone does not establish vexation, a "district court must look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *Moy*, 906 F.2d at 470 (an order declaring a litigant vexatious "cannot issue merely upon a showing of litigiousness."); *but see Molski*, 500 F.3d at 1059 (quoting *De Long*, 912 F.2d at 1148).

As stated above, "countless courts have questioned Strojnik's motives in pursing litigation and whether he has a good faith basis for his claims. This is based on the fact that he files near identical lawsuits, save a few photographs and name changes, in what is apparently an effort to pressure ADA defendants into settlements before courts can reach the merits." *Strojnik v. SCG America Construction, Inc.*, Case No. SACV 19-1560 JVS

1  (JDE), 2020 U.S. Dist. LEXIS 133127 (C.D. Cal. Apr. 19, 2020) (citing *IA Lodging Napa*
2  *First*, 2020 U.S. Dist. LEXIS at *13-14).

3  Although Strojnik is a *pro se* litigant in this case, he is also a former attorney with
4  vast knowledge and experience in the realm of ADA cases. *See Strojnik v. New Crescent*
5  *Invs. LLC*, No. CV-20-00343-PHX-DWL, 2020 U.S. Dist. LEXIS 36248, at *2-3 (D. Ariz.
6  Mar. 2, 2020); *Strojnik v. Singpoli Grp., LLC*, No. LACV 19-00066 JLS (AGR), 2019 U.S.
7  Dist. LEXIS 24494, at *3 (C.D. Cal. Feb. 14, 2019). Strojnik is no longer an attorney
8  because his law license was suspended for unethical conduct. *Id.* "Strojnik should be very
9  well aware of the type of conduct that is permissible, yet despite repeated questioning of
10 his intentions, he continues to file countless ADA cases in an effort to obtain money from
11 his victims." *Id.*

12 In addition to the constant strain on the judicial system, there have been multiple
13 occasions where Strojnik has ignored requests from the courts. *See, e.g., Strojnik v. Griffin*,
14 No. 1:18-cv-01619-LJO-SAB, 2019 U.S. Dist. LEXIS 40825, at *2 (E.D. Cal Mar. 13,
15 2019) ("It is apparent that [Strojnik] has made insufficient efforts to comply with the order
16 [to show cause]"); *Strojnik v. Fresno Hotel Holdings, LLC*, No. 1:19-cv-01195, 2020 U.S.
17 Dist. LEXIS 40548, at *2 (E.D. Cal. Mar. 9, 2020) (Strojnik failed to obey a court order
18 and failed to appear at a telephonic status conference); *Strojnik v. Griffin*, No. 1:18-cv-
19 01619-LJO-SAB, 2019 U.S. Dist. LEXIS 156174, at *3 (E.D. Cal. Sep. 11, 2019) (Strojnik
20 failed to file a motion for default judgment as ordered, then did not respond to a resulting
21 order to show cause); *Strojnik v. Evans Hotels, LLC*, No. 3:19-cv-000650-BAS-AHG, 2020
22 U.S. Dist. LEXIS 35550, at *5 (S.D. Cal. Mar. 2, 2020) ("[Strojnik]'s communications
23 with the Court indicate a complete disregard for the expectation that a litigant should make
24 a diligent effort to appear for hearing dates at all.").

25 In sum, Strojnik's history contains countless filings of frivolous complaints and
26 instances of directly ignoring court orders. These findings support Defendant's motion for
27 a pre-filing restriction.

28

## VI. CONCLUSION

For the foregoing reasons, Defendants respectfully requests that this Court declare Plaintiff a vexatious litigant, enjoining Strojnik from filing any civil action alleging a cause of action for violation of the Americans with Disabilities Act within the United States District for the District of Arizona, without first obtaining certification form the Chief Judge of the District Court that his claims are not frivolous or asserted for an improper purpose.

DATED August 21, 2020.

**JACKSON LEWIS P.C.**

By: */s/ Monica M. Ryden*
 Monica M. Ryden
 Attorneys for Defendants

# **EXHIBITS**

| | |
|---|---|
| Exhibit 1 | PACER search results for Peter Strojnik (plaintiff) |
| Exhibit 2 | Arizona State Bar's Order of Interim Suspension of Peter Strojnik, Case No. PDJ-2018-9018 (July 11, 2018) |
| Exhibit 3 | Arizona State Bar Complaint against Peter Strojnik, Case No. PDJ-2018-9105 (November 16, 2018) |
| Exhibit 4 | Arizona State Bar's Judgment of Disbarment of Plaintiff Peter Strojnik, and Strojnik's corresponding consent, Case. No. PDJ-2018-9105 (May 10, 2019) |
| Exhibit 5 | Settlement Agreement and Release |
| Exhibit 6 | Settlement Agreement and Release |
| Exhibit 7 | Settlement Agreement and Release |
| Exhibit 8 | July 16, 2020 email from Peter Strojnik |

**CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Peter Strojnik
7847 North Central Avenue
Phoenix, AZ  85020
PS@strojnik.com
Plaintiff


*/s/ Amalia Tafoya*           _


4833-5477-4469, v. 1