Clerk of the Superior Court
\*\*\* Electronically Filed \*\*\*
05/29/2020 8:00 AM

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2020-051506                                                                                      05/28/2020

|  |  |
|---|---|
| HONORABLE THEODORE CAMPAGNOLO | CLERK OF THE COURT<br>A. Wood<br>Deputy |

| | |
|---|---|
| PETER STROJNIK | PETER STROJNIK<br>7847 N CENTRAL AVE<br>PHOENIX AZ  85020 |
| v. | |
| K S V A HOSPITALITY PARTNERS L L C | BRIAN C LOCKER |
| | JUDGE CAMPAGNOLO |

## MINUTE ENTRY

The Court has reviewed and considered Defendant's Motion to Declare Plaintiff a Vexatious Litigant, Plaintiff's Response thereto, Defendant's Reply, the relevant filings in this case, and the applicable law. Defendant combined a motion to dismiss with this Motion, which resulted in an Order from this Court to refile the Motion to Dismiss as a separate pleading. The Court will consider the Motion to Dismiss at the appropriate time. The Court finds that an evidentiary hearing, as requested by Plaintiff, would not be helpful or appropriate on this Motion.

Defendant requests this Court to declare Plaintiff a vexatious litigant based upon his history of filing frivolous pleadings as an attorney. A.R.S. §12-3201 was enacted to prevent *pro se* litigants from abusing the Court system. The statute does not include lawyers, because safeguards are in place to sanction errant lawyers.

In this case, Plaintiff, who was a lawyer, was sanctioned by disbarment on May 10, 2019 by the Arizona Supreme Court for the filing of numerous frivolous pleadings on behalf of clients. There is nothing of substance in Defendant's Motion that delineates any violations that Plaintiff has committed as a *pro se* litigant. Even if the Court determines that this case was filed frivolously, which has not yet been considered by the Court, one instance would not amount to "vexatious

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2020-051506                                                                 05/28/2020

conduct" as defined in §12-3201.

    Plaintiff's history as a lawyer was less than stellar when it came to filing lawsuits. However, Plaintiff has been punished for those offenses. The Court is not going to further punish Plaintiff for filing one lawsuit in Arizona as a *pro se* litigant, simply because Defendant believes it is frivolous. Further, this Court has no authority under §12-3201 to sanction Plaintiff for misconduct he committed when he was a lawyer. Defendant failed to present any showing that Plaintiff has continued a pattern of misconduct as a *pro se* litigant, such that it would amount to vexatious conduct under §12-3201.

    **IT IS ORDERED** that Defendant's Motion to Declare Plaintiff a Vexatious Litigant is denied.