Monica M. Ryden (State Bar No. 023986)
**JACKSON LEWIS PC**
2111 East Highland Avenue, Suite B-250
Phoenix, AZ  85016
Telephone: (602) 714-7044
Facsimile: (602) 714-7045
Monica.Ryden@jacksonlewis.com

Attorneys for Defendants

### UNITED STATES DISTRICT COURT

### DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Strojnik,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>Driftwood Hospitality Management, LLC; United Hotels and Resorts, LLC; and CGD Tempe LP,<br><br>　　　　　Defendants. | Case No.  2:20-cv-01532-DJH<br><br>**REPLY IN SUPPORT OF MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT** |

Defendants Driftwood Hospitality Management, LLC ("Driftwood"), United Hotels and Resorts, LLC ("United Hotels and Resorts") and CGD Tempe, LP ("CGD Tempe") have moved this Court to declare Plaintiff Peter Strojnik ("Strojnik") a vexatious litigant requiring him to obtain leave of court before filing any future claims under the Americans with Disabilities Act ("ADA").  Motion to Declare Plaintiff a Vexatious Litigant (Doc. 17) ("Motion").  Strojnik opposed.  Response (Doc. 18).  Defendants' request that the Court grant the Motion.

### I.　　BACKGROUND

Strojnik, a former attorney who was disbarred for filing hundreds of ADA lawsuits without factul or legal basis, has now begun filing dozens of ADA lawsuits *pro se* in Arizona, California, Colorado, Hawaii, Idaho New Mexico, Oregon, Puerto Rico, Texas

1

and Washington.[1]  Strojnik was recently declared a vexatious litigant in the U.S. District Court, Central District of California and the U.S. District Court, Northern District of California.  *Strojnik v. SCG America Construction, Inc.*, Case No. SACV 19-1560 JVS (JDE), 2020 U.S. Dist. LEXIS 133127 (C.D. Cal. Apr. 19, 2020) ("*SCG*"); *Strojnik v. IA Lodging Napa First LLC*, Case No. 19-cv-03983-DMR, 2020 U.S. Dist. LEXIS 95738, at *37 (N.D. Cal. June 1, 2020) ("*IA Lodging*").

Strojnik filed this ADA lawsuit alleging that he is deterred from staying at the Defendants' hotels, the Holiday Inn and the DoubleTree (which are both a short drive from his home in Central Phoenix), because he allegedly encountered a handful of barriers to the accessibility of the Defendants' properties.  When Strojnik was a licensed attorney he represented plaintiffs in more than 1,700 ADA lawsuits in Arizona state and federal courts—the vast majoriy of those cases were dismissed because it was determined that his clients lacked standing.  Motion, Ex. 2 ("Order of Interim Suspension"), at 4, 11.  That ultimately is what got him disbarred.  California federal courts have also determined that Strojnik lacked standing to pursue his ADA accessiblity claims and dismissed his cases. *See*, *e.g.*, *Strojnik v. Pasadena Robles Acquisition, LLC*, Case No. 19-cv-2067, Docket No. 23, 2019 U.S. Dist. LEXIS 213070 (C.D. Cal. Aug. 14, 2019) (dismissing without leave to amend for failure to allege standing), aff'd, 801 Fed. Appx. 569, 2020 WL 1875249 (9th Circ. 2020); *Strojnik v. Four Sisters Inns, Inc.*, Case No. 19-cv-1991, Docket No. 21, 2019 U.S. Dist. LEXIS 212094 (C.D. Cal. Dec. 9, 2019 (same); *Strojnik Sr. v. Orangewood LLC*, Case No. 19-cv-946, Docket No. 43, 2020 U.S. Dist. LEXIS 11743 (C.D. Cal. Jan. 22, 2020) (same).[2]  Strojnik's response to Defendants' Motion is that the Court lacks the power to declare him a vexatious litigant because he filed in state court, and then waited for

---

[1] Strojnik generally files his complaints in the district courts.  In Arizona, he has chosen to file his complaints in the Arizona Superior Court. Some of these cases have been removed to the Arizona District Court.

[2] California district courts have also dismissed Strojnik's complaints for other reasons, including failure to prosecute and failure to follow court orders.  *See IA Lodging*, 2020 U.S. Dist. LEXIS 95738, at *20 (listing cases).

1    Defendants to remove the case to federal court.  As discussed below, this does not prevent
2    this Court from putting some protections in place aimed at stopping Strojnik's abuse of the
3    judicial system.

4          Strojnik makes no effort to disguise that he is filing these lawsuits intending to
5    harass, annoy, or disturb Defendants.  When Driftwood moved to dismiss against Strojnik
6    in the Southern District of California, *Strojnik v. 8757 Rio San Diego Mission Valley*
7    *Owner, LLC*, Case No. 3:20-CV-00384-DMS-MSB, he filed this action.  Driftwood moved
8    to dismiss on July 10, 2020.  *See id.* (Doc. 17).  Strojnik visited Driftwood's booking
9    website for the Holiday Inn that *same day*; he visited Driftwood's booking website for the
10   DoubleTree the next day; and trespassed on both properties to take pictures.  Motion, Ex.
11   8 ("July 16, 2020 email from Peter Strojnik") and enclosed Complaint, ¶¶ 25, 35, 41, 45.
12   Strojnik had sued these two properties as an attorney with his client Fernando Gastelum
13   ("Gastelum").  Both *Gastelum v. Champion Hotel Investment of Phoenix LLC*, Case No.
14   2:17-cv-03834-DJH (against the Holiday Inn) and *Gastelum v. CGD Tempe L P*, Case No.
15   2:18-cv-00512-GMS (against the DoubleTree) resulted in settlements.  Motion, Ex. 6 and
16   Ex. 7 ("Settlement Agreements and Releases").  The fee arrangement between Gastelum
17   and Strojnik gave Strojnik the authority to accept settlements and keep all money without
18   Gastelum's approval.  Motion, Ex. 2 ("Order of Interim Suspension"), at 9.

19         When Driftwood filed a motion dismiss and motion to declare Strojnik a vexatious
20   litigant in this matter, he wrote a letter to defense counsel stating that "***Driftwood and I***
21   ***will be joined at the hips until each and every Driftwood portfolio is absolutely 100%***
22   ***ADA compliant***."  Defendants' Reply in Support of Motion to Dismiss (Doc. 12), Ex. 2
23   ("August 24, 2020 Letter from Peter Strojnik") (Emphasis added).  Never mind whether
24   making any facility 100% ADA compliant is readily achievable.  *See* 42 U.S.C. §
25   12182(b)(2)(A)(iv).  Strojnik's standard, recognized by no court, is 100% compliance.

26         Strojnik has spelled out his intention to Defendants: he's still in the "litigation
27   business."  Motion, Ex. 8 ("July 16, 2020 email from Peter Strojnik").  For the one property
28   in Southern California, he demanded payment "of costs, fees, expenses and all categories

1    of damages in the amount of $18,750." *Id.* He also offered to release other properties *he*
2    *has never visited* provided each agrees to pay another $1,500 each. *Id.* If Defendants do
3    not succumb to extortion, the harassment will continue. *Id.* He will appeal if he loses, he
4    will add claims, and he will sue other properties. *Id.*

5    Enough is enough. Driftwood manages around 70 hotels across the country. It
6    cannot be held hostage wherever Strojnik will file next.

7    **II.    STROJNIK SHOULD BE DECLARED A VEXATIOUS LITIGANT.**

8    **A. Legal Standard**

9    "Flagrant abuse of the judicial process cannot be tolerated because it enables one
10    person to preempt the use of judicial time that properly could be used to consider meritorious
11    claims of other litigants.'" *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir.
12    2007) (quoting *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990)). The All Writs
13    Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing
14    orders against vexatious litigants. *Id.* at 1057. A.R.S. 12-3201, which governs the power of
15    an Arizona state court judge to declare a *pro se* litigant a vexatious litigant, does not apply.

16    **B. All Four *De Long* Factors Are Met Here.**

17    Although the Ninth Circuit has never articulated a precise standard to be followed by
18    the courts presented with a motion to declare a litigant vexatious, it has cautioned that such
19    an order "cannot issue merely upon a showing of litigiousness." *Moy v. United States*, 906
20    F.2d 467, 470 (9th Cir. 1990). Rather, the court must: (1) give the plaintiff an opportunity to
21    oppose the order; (2) create an adequate record of what court filings support issuance of the
22    order; and (3) find that the filings were frivolous or harassing." *Id.* (citing *De Long*, 912 F.2d
23    at 1147-48). If the Court finds that a vexatious litigant order is proper, it must be narrowly
24    tailored so as "'to prevent infringement on the litigator's right of access to the courts.'" *Id.* at
25    1148 (quoting *Sires v. Gabriel*, 748 F.2d 49, 51 (1st Cir. 1984)).

26    **1. Notice and Opportunity to be Heard**

27    An opportunity to oppose the motion is sufficient to satisfy the due process
28    requirement. *Molski*, 500 F.3d at 1058-59. Strojnik requests an evidentiary hearing. But no

4

hearing is required as long as the party potentially subject to a pre-filing order has the opportunity to fully brief the issue. *See id.* Strojnik had the opportunity to file an opposition to the motion. Thus, the first *De Long* factor has been met.

### 2. Adequate Record for Review

"An adequate record for review should include a listing of all the cases and motions that led the district court to conclude a vexatious litigant order was needed." *De Long*, 912 F.2d at 1147. The Court may take judicial notice of the search results in PACER showing Strojnik's 159 ADA cases. Motion, Ex. 1 ("PACER search results for Peter Strojnik (plaintiff)"). There is an adequate record for review here.

### 3. Substantive Findings of Frivolous Litigation History

The third requirement set forth in *De Long* "gets to the heart of the vexatious litigant analysis." *Molski*, 500 F.3d at 1059. To determine if Strojnik's actions are frivolous or harassing, the Court "must look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *Id.* (quoting *De Long*, 912 F.2d at 1148) (internal quotations omitted). As an alternative to frivolousness, the district court may make an alternative finding that the litigant's filings "show a pattern of harassment." *De Long*, 912 F.2d at 1148. The Ninth Circuit has adopted the Second Circuit's five factor test in *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986) as "a helpful framework" for determining this substantive factor. *See Molski*, 500 F.3d at 1058 (applying the framework to this factor and the other substantive factor, the narrow tailoring of the restriction). These five factors are:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Safir*, 792 F.2d at 24.

Strojnik's propensity for filing a multitude of disability discrimination cases, including Arizona hotels, is very well known. As an attorney, Strojnik "pursued upwards of 160 cookie-

5

cutter lawsuits in federal court and, from early to later 2016, more than 1,700 such suit in Arizona state court." *Advocates for Individuals with Disabilities LLC v. MidFirst Bank*, 279 F. Supp. 3d 891, 893 (D. Ariz. 2017). As a *pro se* litigant, Strojnik continues to pursue cookie-cutter lawsuits in Arizona and other states. He is also trying to extort money from the some of the same hotels he sued with Gastelum. *See, e.g.*, Complaint (Doc. 1-3), ¶ 6 (referencing two prior Gastelum matters); Complaint, *Strojnik v. New Crescent Investments LLC*, Case No. CV2020-050551, Docket No. 1-3 ("Complaint"), ¶ 23 (referencing the prior Gastelum matter).

The Arizona District Court has held that Strojnik's tactics are "extortionate" stating in part, "[no] fee is the reasonable fee for an unnecessary lawsuit that a demand letter would have taken care of. A demand for a fee beyond what is reasonable is a demand without legal basis under the ADA." *MidFirst*, 279 F. Supp. 3d at 898. Here, when Driftwood did not pay Strojnik related to a property it manages in Southern California, but moved to dismiss instead, Strojnik punished Driftwood by filing this lawsuit in Arizona. When Driftwood filed a motion dismiss and motion to declare Strojnik a vexatious litigant in this matter, he vowed that "***Driftwood and I will be joined at the hips until each and every Driftwood portfolio is absolutely 100% ADA compliant***." Defendants' Reply in Support of Motion to Dismiss (Doc. 12), Ex. 2 ("August 24, 2020 Letter from Peter Strojnik") (Emphasis added). The law does not require that a facility be 100% ADA compliant. *See* 42 U.S.C. § 12182(b)(2)(A)(iv).

Strojnik is not represented by counsel, but he is a former attorney. Strojnik argues that "a private plaintiff can be declared a vexatious litigant only for filing patently meritless claims *pro se*, but not as the attorney for a client," citing *Weissman v. Quail Lodge Inc.*, 197 F.3d 1194, 1197 (9th Cir. 1999), and thus "all references to Strojnik's prior representation of his prior civil rights clients is irrelevant." (Response at 2.) But *Weissman* does not support this conclusion. In *Weissman*, the court held that an attorney appearing on behalf of a client appearing on behalf of a client cannot be sanctioned as a vexatious litigant. *Id.* at 1197. Rather, the method to curtail an attorney would be to give the attorney notice and an

opportunity to be heard prior to imposing restrictions on his right to practice law. *Id.* at 1197-1198. Strojnik has had the opportunity to be heard on whether he should be disbarred for professional misconduct over his filing of ADA lawsuits, and he consented to disbarment. Motion, Ex. 3 ("Arizona State Bar Complaint against Peter Strojnik") and Ex. 4 ("Arizona State Bar's Judgment of Disbarment"). Defendants ask that he be curtailed as a litigant. His history as an attorney is relevant. *Cf. Strojnik v. New Crescent Invs., LLC*, Case No. CV-20-00343-PHX-DWL, 2020 U.S. Dist. LEXIS 36248, * 2-3 (D. Ariz. Mar. 3, 2020) ("In light of the fact that Plaintiff is now bringing a pro se accessibility lawsuit, the Court cannot conclude that the fact of Plaintiff's disbarment for bringing meritless accessibility lawsuits is irrelevant.")

Strojnik has caused needless expense to other parties and has posed an unnecessary burden on the court and their personnel. For example, after his disbarment, Strojnik tried to sue the State Bar of Arizona and its attorneys for allegedly entering into a conspiracy with the Arizona Attorney General, the law firm of Jennings, Strauss & Salmon, and East Mesa Chamber of Commerce just to prevent "Plaintiff from acting as a private attorney general in the prosecution of Plaintiff's and Plaintiff's clients' civil rights." *Strojnik v. State Bar of Arizona*, No. CV-19-02704-PHX-DJH (D. Ariz. Mar. 17, 2020). This Court dismissed all of Strojnik's claims against the State Bar and individual defendants with prejudice. *Id.* The idea that Strojnik is a "private attorney general" obtaining injunctive relief, not for himself alone but also for the public, is at direct odds with his claims for damages.

In sum, Strojnik's history contains countless filings of frivolous complaints. These findings support Defendants' motion for a pre-filing restriction. Other sanctions would not be adequate to protect the courts and other parties. Strojnik has already been declared a vexatious litigant by two courts in California and was disbarred in Arizona, his home state. *See IA Lodging* and *SCG*, supra; Motion, Ex. 4 ("Arizona State Bar's Judgment of Disbarment"). He remains unrepentant and undeterred and continues use the system to wreck legal and economic havoc on the lives of innocent business owners.

On April 19, 2020, the Central District of California granted a motion to declare Strojnik a vexatious litigant. *See SCG*, supra. That court reviewed Strojnik's extensive ADA litigation history and noted that "countless courts have questioned Strojnik's motives in pursuing the litigation and whether he has a good faith basis for his claims." *Id.* at 12. The court recognized that although Strojnik is a pro se litigant, he is "also a former attorney with vast knowledge and experience in the realm of ADA cases" and yet continues to file "near identical lawsuits." *Id.* at 13. The court accordingly entered a pre-filing order enjoining Strojnik from filing ADA cases in the Central District without first obtaining certification from the Chief Judge of that district that his claims are not frivolous or asserted for an improper purpose. *Id.* at 14.

On June 1, 2020, the Northern District of California granted a motion to declare Strojnik a vexatious litigant. *See IA Lodging*, supra. The court reviewed Strojnik's extensive history of litigation and noted that the "complaints in Strojnik's ADA cases are substantially identical, substituting only the name of the defendant and other minor details." *Id.* at 27. The court recognized that as early as 2017, "courts in the Ninth Circuit have repeatedly admonished Strojnik for failing to allege a connection between ADA violations and plaintiff's particular disabilities." *Id.*

> This practice was evident in ADA cases for which Strojnik served as counsel. *See, e.g., Advocates for Individuals with Disabilities Found., Inc. v. Circle K Properties, Inc.*, No. 16-cv-02358, 2017 U.S. Dist. LEXIS 130689, 2017 WL 2637886, at *5 (D. Ariz. Mar. 20, 2017) ("[W]hile the lodged amended complaint states that [the plaintiff] is disabled, it does not identify what his disability is or how the alleged discriminatory barrier affects his specific disability."); *MidFirst Bank*, 279 F. Supp. 3d at 893 ("The complaint never specifies what [the plaintiff's] disability is or how the [defendant's] parking lot's purported deficiencies denied him access to any facilities."); *Gastelum v. Canyon Hospitality LLC*, 2018 U.S. Dist. LEXIS 87850, 2018 WL 2388047, at (D. Ariz. May 25, 2018) ("[The plaintiff] has failed to indicate in any of the complaints how the facility constructs a barrier to his particular disability."). The complaints Strojnik now files on his own behalf contain the exact same flaw. *See, e.g., Strojnik v. v. Pasadena Robles Acquisition, LLC*, Case No. 19-cv-2067, Docket No. 23 at 4 fn. 1, 2019 U.S. Dist. LEXIS 213070 at *4 (C.D. Cal. Aug. 14, 2019) ("[H]aving

failed to articulate in allegations what the specific barriers are, Plaintiff also failed to tie them to his alleged disability as required to show that the violation 'affects the plaintiff in a personal and individual way.'" (quoting *Lujan*, 504 U.S. at 560 n. 1)); *Strojnik v. Resort at Indian Springs, LLC*, Case No. 19-cv-4616-SVK, Docket No. 23 at 7, 2019 U.S. Dist. LEXIS 218559 at *12 (N.D. Cal. Dec. 19, 2019) ("The lack of details about Plaintiff's particular physical limitations, combined with the conclusory captions of the photographs submitted in the addendum, renders the complaint unclear as to whether and how the alleged barriers affected Plaintiff's use of enjoyment of the facility."); *Four Sisters Inns, Inc.*, Case No. 19-cv-2991, Docket No. 21 at 5, 2019 U.S. Dist. LEXIS 212094 at *7 (C.D. Cal. Dec. 9, 2019) ("Plaintiff does not state facts showing how the purported violations affect him or interfere with his mobility needs, and the captions in the Addendum are bare legal conclusions cast in the form of factual allegations.").

*Id.* at *28-29.  The court accordingly entered a pre-filing order enjoining Strojnik from filing any civil action in the Northern District of California that challenges access to public accommodations by disabled people without first obtaining certification from the general duty judge that his claims plausibly allege Article III standing.  *Id.* at *37-38.

The concerns raised by SCG America Construction and IA Lodging Napa First are much like those raised by Defendants and provide even more support that a pre-filing order is an appropriate remedy at this time.

### 4. Tailoring of Pre-Filing Order

To curtail Strojnik's abuse of the judicial process, Defendants request that this Court issue an order which would enjoin Strojnik from filing any civil action alleging a cause of action for violation of the Americans with Disabilities Act within the United States District for the District of Arizona, without first obtaining certification form the Chief Judge of the District Court that his claims are not frivolous or asserted for an improper purpose.

To close the loophole suggested by Strojnik, where he could simply file in state court and wait for defendants to remove the case to federal court, if any civil action in which Strojnik is a plaintiff is removed to the Arizona District Court from state court, pursuant to 28 U.S.C. §§ 1441, 1442, 1442a, 1443, or 1444, Strojnik should have to obtain leave from the Court to continue the action.  Requiring Strojnik to obtain leave from the Court to continue

1   any civil action removed to the Arizona District Court from state court preserves defendants'
2   right to remove, yet prevents Strojnik from thwarting the injunction order requested by
3   Defendants.  *See Maisano v. CoreCivic*, No. CV 18-00134-PHX-DLR (MHB), 2018 U.S.
4   Dist. LEXIS 10632 (D. Ariz. Sept, 1, 2020) ("'[the plaintiff] should not be able to use
5   defendants' removal of these actions as an opportunity to thwart the clear intent of the
6   [injunction orders] by renewing his frivolous and vexatious litigation in this Court.'")
7   (quoting *Sassower v. Abrams*, 833 F. Supp. 253 (S.D.N.Y. 1993)).

8       Furthermore, given Strojnik's thinly veiled threat to sue Driftwood properties
9   wherever they may be, Driftwood requests that Strojnik have to obtain leave of court before
10  maintaining *any* other future claims against Driftwood under the ADA in any federal court,
11  rather than limit the restriction to this District.

12      These restrictions will not deny Strojnik access to the courts, including for any
13  legitimate ADA claim, and it adds a valuable layer of protection for the Court and potential
14  future ADA defendants of Strojnik in this District.  It also protects Driftwood.

15  **IV.    PLAINTIFF'S REQUEST FOR RULE 11 DISCOVERY IS IMPROPER.**

16      Strojnik claims that "Driftwood and its Counsel submit no evidence regarding
17  vexatious litigant" and request Rule 11 discovery to "flush out Driftwood's and its
18  Counsel's basis for its Motion."  (Response at 11.)  A Rule 11 motion has not been filed,
19  and Strojnik has not provided a sufficient factual basis for Rule 11 discovery.

20      The Advisory Committee Notes to Rule 11 have suggested that "discovery on a Rule
21  11 sanctions request is appropriate only upon a showing of extraordinary circumstances."
22  Fed. R. Civ. P. 11 advisory committee's note.  *See also McCall v. Montgomery Hous. Auth.*,
23  No. 2:10-cv-367-MEF, 2010 U.S. Dist. LEXIS 155540, at *6-7 (M.D. Ala. Dec. 14, 2010)
24  (denying motion for Rule 11 sanctions).  There are no "extraordinary circumstances" here.

25      Here where Defendants have asked the Court to declare Strojnik a vexatious litigant,
26  discovery solely relevant to possible future filing of a motion for Rule 11 sanctions is
27  improper.  Allowing that discovery would deter defendants from seeking relief from serial
28  litigants and is contrary to public policy.  Nor has Strojnik cited one case that supports its

argument that this type of Rule 11 discovery is appropriate in the context of an ADA case. Such alleged Rule 11 discovery is not relevant, and is disproportionate, under Federal Rule of Civil Procedure 26(b)(1).   The Court should deny Plaintiff's request for Rule 11 discovery.

**CONCLUSION**

Despite having been disbarred, Strojnik has been able to continue his campaign of frivolous and harassing litigation by filing lawsuits as a *pro se* litigant.  Enough is enough. Defendants request that this Court declare Plaintiff a vexatious litigant and issue an injunction enjoining Strojnik from filing any civil action alleging a cause of action for violation of the Americans with Disabilities Act within the United States District for the District of Arizona, without first obtaining certification form the Chief Judge of the District Court that his claims are not frivolous or asserted for an improper purpose.  If any civil action in which Strojnik is a plaintiff is removed to the Arizona District Court from state court, pursuant to 28 U.S.C. §§ 1441, 1442, 1442a, 1443, or 1444, Strojnik should have to obtain leave from the Court to continue the action.

Furthermore, given Strojnik's thinly veiled threat to sue Driftwood properties wherever they may be, Driftwood requests that Strojnik have to obtain leave of court before maintaining any other future claims against Driftwood under the ADA in any federal court, rather than limit the restriction to this District.

DATED September 4, 2020.


**JACKSON LEWIS P.C.**


By:*/s/ Monica M. Ryden*
    Monica M. Ryden
    Attorneys for Defendants

11

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on September 4, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Peter Strojnik
7847 North Central Avenue
Phoenix, AZ  85020
PS@strojnik.com
Plaintiff


*/s/      Susan Johnson*


4815-6802-3497, v. 1

12