Monica M. Ryden (State Bar No. 023986)
**JACKSON LEWIS PC**
2111 East Highland Avenue, Suite B-250
Phoenix, AZ 85016
Telephone: (602) 714-7044
Facsimile: (602) 714-7045
Monica.Ryden@jacksonlewis.com

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Peter Strojnik,<br><br>Plaintiff,<br><br>vs.<br><br>Driftwood Hospitality Management, LLC; United Hotels and Resorts, LLC; and CGD Tempe LP,<br><br>Defendants. | Case No. 2:20-CV-01532-PHX-DJH<br><br>**DEFENDANTS' RESPONSE OBJECTING TO PLAINTIFF'S MOTION TO REMAND** |

Defendants respond objecting to Plaintiff's Motion to Remand his consumer fraud claim (Doc. 21).[1] Plaintiff's frivolous ADA claim is the lynchpin of this and nearly every other lawsuit he has filed in the last few years, including the lawsuits currently pending in the District of Arizona.[2] Peter Strojnik's propensity for filing a multitude of disability

[1] Plaintiff's Motion concerns "Count 5 relating to Defendants' Brand Deceit and Consumer Fraud," (Doc. 21 at 1), sometimes incorrectly referred to in the Motion as "Count 7." There is no "Count 7" in the Complaint.

[2] Related cases include: *Strojnik v. New Crescent Investments LLC*, 2:20-cv-00343-DWL (filed 02/14/20); *Strojnik v. Xenia Hotels and Resorts Incorporated et al*, 2:20-cv-01434-JJT (filed 07/21/20); *Strojnik v. Driftwood Hospitality Management LLC et al*, 2:20-cv-01532-DJH (filed 08/03/20); *Strojnik v. Patel et al*, 2:20-cv-01566-DJH (filed 08/06/20); *Strojnik v. Payson Hospitality Group LLC*, 2:20-cv-01763-JJT (filed 09/09/20); *Strojnik v. HPTRI Corporation et al*, 2:20-cv-01868-SPL (filed 09/25/20); *Strojnik v. Phoenix North Bell M6 LLC et al*, No. 2:20-cv-02065-DLR (filed 10/26/20); *Strojnik v. Ogle et al*, No. 3:20-cv-08194-JAT (filed 07/30/20); *Strojnik v. WMH Enterprises LLC*, No. 3:20-cv-08232-JJT (filed 09/02/20); *Strojnik v. HV Global Management Corporation*,

discrimination cases against various businesses, including Arizona hotels, is very well known. As an attorney, Strojnik "pursued upwards of 160 cookie-cutter lawsuits in federal court and, from early to later 2016, more than 1,700 such suits in Arizona state court." *Advocates for Individuals with Disabilities LLC v. MidFirst Bank*, 279 F. Supp. 3d 891, 893 (D. Ariz. 2017) (referring to Strojnik's tactics as "extortionate"). Strojnik has stated his desire to file 10,000 ADA compliance lawsuits, and then file a million nationwide. (Doc. 17, Exhibit 2 at 10.) Although disbarred for professional misconduct over his filing of ADA lawsuits, Strojnik continues to file such suits as a *pro se* litigant. Strojnik's allegations that hotels are engaged in "brand deceit" is just one of his extortion tools so he can demand a fee without legal basis under the ADA.

Rule 1 requires that the rules of civil procedure "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. Remanding Strojnik's consumer fraud or "brand deceit" (Claim 5) to state court will not accomplish this purpose. As set forth below, the Court has supplemental jurisdiction over Claim 5 pursuant to 28 U.S.C. § 1367(a). No part of this case should be remanded to the state court.

## I. BACKGROUND

Because only injunctive relief is available for violations of Title III of the ADA, Strojnik's lawsuits typically include other claims so he can demand a fee without legal basis under the ADA. *See e.g., Gastelum v. CGD Tempe, L.P.*, No. 2:18-cv-00512-GMS (Doc. 1 filed 02/14/2018) (bringing the action pursuant to the ADA and alleging additional claims for negligence, negligent misrepresentation, failure to disclose and fraud/consumer fraud); *Gastelum v. Champion Hotel Investment of Phoenix LLC*, No. 2:17-cv-03834-DJH

---

No. 3:20-cv-08247-JAT (filed 09/21/20); *Strojnik v. LADA Sedona LP*, No. 3:20-cv-08262-DWL (filed 10/02/20); *Strojnik v. Pro Hospitality One PV LLC et al*, 3:20-cv-08264-JJT (filed 10/12/20); *Strojnik v. Schnieder*, 3:20-cv-08268-DWL (filed 10/16/20); *Strojnik v. Lonesome Valley Hospitality LLC et al*, No. 3:20-cv-08276-SPL (filed 10/23/20); *Strojnik v. Choice Hotels International Incorporated et al*, No. 4:20-cv-00331-JGZ (filed 08/03/20).

(Doc. 1 filed 10/19/2017) (same). *See also Strojnik v. New Crescent Investments, LLC*, No. 2:20-cv-00343-DWL (Doc. 21 filed 03/04/2020) (bringing the action pursuant to the ADA and asserting supplemental state law claims for negligence, common law fraud, and consumer fraud); *Strojnik v. Xenia Hotels and Resorts Incorporated et al.*, No. 2:20-cv-01434-JJT (Doc. 1-3 filed 06/29/2020) (in addition to the ADA, asserting claims for common law fraud, consumer fraud, failure to disclose, fraudulent concealment, securities fraud – federal and state law, and negligence)*; Strojnik v. Choice Hotels International, Inc., et al.*, No. 4:20-cv-00331-JGZ (Doc. 1-3 filed 06/29/2020 (same); *Strojnik v. Rosalee Schneider*, No. 3:20-cv-08268-DWL (Doc. 1-3 filed 06/09/2020) (in addition the ADA, asserting claims for negligence, failure to disclose, and fraud/consumer fraud); *Strojnik v. WMH Enterprises LLC*, No. 3:20-cv-08232-JJT (Doc. 1-1 filed 03/03/2020) (in addition to the ADA, asserting claims for negligence, negligent misrepresentation, failure to disclose, fraud/consumer fraud, consumer fraud – brand deceit).

Strojnik brought this action "as an ADA Tester and a consumer of hotel lodging services." (Complaint, Doc. 1-3, ¶ 1.) He claims that hotels, motels and other places of lodging have "developed a system of deceptive self-identification through the use of purchased brand names such as 'Holiday Inn' and 'DoubleTree by Hilton' while at the same time concealing the true identity of the hotel owners and operators." (*Id.*) Notably, Strojnik has identified the owners and operators of the hotels subject to this lawsuit, suing Defendants United Hotels and Resorts, LLC, CGD Tempe, LP, Driftwood Hospitality Management, LLC. (*Id.* ¶¶ 9-11.) Stojnik alleges that he visited Defendants' hotels after he visited booking websites for the Holiday Inn Phoenix West and DoubleTree by Hilton, which did not include sufficient detail to permit Strojnik to assess whether the hotels were ADA compliant. (*Id.* ¶¶ 24-51.) Strojnik criticizes Defendants for referring to the hotels as the Holiday Inn Phoenix West and DoubleTree by Hilton, and alleges that the he was consequently and proximately damaged by Defendants' misrepresentations "in connection with the sale or advertisement of merchandise," i.e., the renting of hotel rooms. (*Id.* ¶¶ 90-103.) Thereby, extorting Defendants to pay a fee without legal basis under the ADA,

alleging (falsely) he was damaged in an amount no less than $35,000 and will seek punitive damages no less than $235,000. (*Id.* ¶¶ 101, 103.)

As set forth in Defendants' Motion to Dismiss (Doc. 12) and Motion to Declare Plaintiff a Vexatious Litigant (Doc. 17), Strojnik has stated that he intends to continue filing lawsuit against Defendant Driftwood. Strojnik has vowed that "***Driftwood and I will be joined at the hips until each and every Driftwood portfolio is absolutely 100% ADA compliant.***" Defendants' Reply in Support of Motion to Dismiss (Doc. 12), Ex. 2 ("August 24, 2020 Letter from Peter Strojnik") (Emphasis added). Notwithstanding that the law does not require that a facility be 100% ADA compliant. *See* 42 U.S.C. § 12182(b)(2)(A)(iv). Each lawsuit comes with a new demand, unless and until Driftwood is willing to pay a fee for every property it manages. Motion to Declare Plaintiff a Vexatious Litigant (Doc. 17), Ex. 8 ("July 16, 2020 email from Peter Strojnik") (demanding $1,500 per property for costs, expenses, investigative and other fees for properties he has not even visited).

## II. LEGAL ARGUMENT

### A. Claim 5 is Part of the Same Case or Controversy

There is no dispute that this Court has original jurisdiction over Strojnik's ADA claim. Strojnik argues that this Court lacks supplemental jurisdiction over his state-law consumer fraud or "brand deceit" claim (Claim 5) because the consumer fraud claim does not share a common nucleus of operative fact with the ADA claim. (Doc. 21 at 5-6.) In support of this argument, Strojnik notes that the two claims have different elements. (*See id.*) However, the standard for determining whether supplemental jurisdiction exists is not whether the federal and state claims share the same elements; the standard is whether the claims share "a common nucleus of operative fact" such that a plaintiff "would ordinarily be expected to try them all in one judicial proceeding." *Harkin v. Fitness Int'l LLC*, No. CV-17-00352-TUC-RM, 2018 U.S. Dist. LEXIS 45146, 2018 WL 1400075 (D. Ariz. Mar. 20, 2018) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)).

Strojnik's ADA claim and his consumer fraud claim are both premised on Defendants' alleged misrepresentations on their booking websites regarding accessibility of the hotels located at 1500 N. 51st Avenue, Phoenix, Arizona 85043 (the "Holiday Inn") and 2100 South Priest Drive, Tempe, Arizona 85282 (the "DoubleTree"). The underlying factual allegations are substantially the same for both claims, and a plaintiff would ordinarily expect to try both claims in one judicial proceeding. Although the claims have different elements, they nevertheless share a common nucleus of operative fact. Accordingly, the Court has supplemental jurisdiction over Plaintiff's state-law consumer fraud claim pursuant to 28 U.S.C. § 1367(a).

Strojnik argues that damages may be recoverable under the Arizona Consumer Fraud Act. (Doc. 21 at 6.) Of course, the only remedy available to a private litigant under Title III is injunctive relief. 42 U.S.C. § 12188(a); *see Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) ("Damages are not recoverable under Title III of the ADA—only injunctive relief is available for violations of Title III."). Thus, to prevail on a consumer fraud claim, Strojnik will have to make an additional showing that he suffered damages. But this does not negate that Strojnik's state law claims (including, but not limited to, his consumer fraud claim) are closely intertwined with his ADA claim. Indeed, Strojnik seeks a declaration from this Court that Defendants violated the ADA as a predicate basis for seeking damages under state law. (*See* Complaint, Doc. 1-3, ¶¶ 59, 64, 74-76, 82-84, 91.) Regardless of the possibility that Strojnik will have to make an additional showing, it is undisputed that Strojnik's July 2020 visits to the hotels form the basis for his Complaint and for *all* allegations therein. Strojnik's ADA and state-law claims therefore all clearly arise from the same common nucleus of operative facts.

This is not a case where some but not all defendants have joined in the removal, and Strojnik's cited case law regarding multiple defendants who did not join in the removal is inapplicable. (Doc. 21 at 3 (citing *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986).) This is also not a case where plaintiff has alleged federal claims against one defendant and state law claims against other defendants. Again, Strojnik's

cited case law is inapplicable. (*Id.* at 4 (citing *Finley v. United States*, 490 U.S. 545 (1989) (pendant party jurisdiction not available).) The federal claim which made this case subject to removal was brought against all Defendants, and all Defendants participated in the removal from state court to federal court.

Considerations of judicial economy, convenience, and fairness support the exercise of supplemental jurisdiction in this case. *See Gibbs*, 383 U.S. at 726 (explaining that these factors justify supplemental jurisdiction). Numerous courts have already found the exercise of supplemental jurisdiction over state law claims related to an ADA claim proper. *See, e.g.*, *Chapman v. Pier 1 Imports (U.S.), Inc.*, 2011 U.S. Dist. LEXIS 93451, 2011 WL 3667510 at *8 (E.D. Cal. Aug. 22, 2011); *Johnson v. United Rental Nw., Inc.*, No. 2:11-cv-00204-JAM-EFB, 2011 U.S. Dist. LEXIS 77027, 2011 WL 2746110 at *4 (E.D. Cal. July 13, 2011); *Johnson v. Makinen*, No. 2:09-cv-796-FCD-KJM, 2009 U.S. Dist. LEXIS 60850, 2009 WL 2137130 at *3 (E.D. Cal. July 15, 2009). Strojnik is a serial litigator of ADA tester lawsuits, and his complaints typically include other frivolous claims in an attempt to extort hotels for money. That does not change the fact that they are routed in his abuse of the ADA. The consumer fraud claim arises from the same common nucleus of operative facts and is so related to Strojnik ADA claim as to form part of the same constitutional case. *See Gibbs*, 383 U.S. at 725.

**B. Even If Claim 5 Did Not Arise from the Same Common Nucleus of Operative Facts, Discretionary Factors Do Not Support Remand.**

Plaintiff's Motion to Remand cites 28 U.S.C. § 1367(c) and argues that the "brand deceit claim is new, novel and complex." (Doc. 21 at 6.) It is not. The Arizona District Court had previously found that "[t]he Arizona Consumer Fraud Act is *not* novel or complex." *Palmer v. Web Indus.*, No. CV 04-2362-PCT-SMM, 2007 U.S. Dist. LEXIS 14477, at *9 (D. Ariz. Feb. 26, 2007) (emphasis added). Thus, retention of jurisdiction in the present case does not disregard the interests of comity.

Strojnik's remarks with respect to Defendants' use of the hotel brand names (Doc. 21 at 6) are not persuasive because Strojnik acknowledges that the company that owns or

manages a hotel may be different than the company who owns the hotel brand. Hotel trademark licensing is governed by contract law and generally supports the licensing of hotel brand names for marketing purposes. *Cf. In re Station Casinos, Inc.*, No. BK-09-52477-GWZ, 2010 Bankr. LEXIS 5424, at *10-11 (Bankr. D. Nev. Feb. 2, 2010) (approval was warranted of an agreement compromising a master lease of hotel and casino properties operated by a bankruptcy debtor, including a license agreement for use of trademarks). This does not create a "new or novel" consumer fraud claim.

## VI. CONCLUSION

Strojnik's attempt to carve out Claim 5 so he can continue his harassment of Defendants in another matter should be rejected. Defendants ask that the Court deny Plaintiff's Motion to Remand.

DATED October 29, 2020.

**JACKSON LEWIS P.C.**

By: */s/ Monica M. Ryden*
Monica M. Ryden
Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on October 29, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Peter Strojnik
7847 North Central Avenue
Phoenix, AZ 85020
PS@strojnik.com
*Plaintiff*

*/s/ Susan Johnson*

4852-4440-3151, v. 1