# EXHIBIT "A"

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PETER STROJNIK,

                Plaintiff,

      v.

IA LODGING NAPA FIRST LLC,

                Defendant.

Case No. 19-cv-03983-DMR

**ORDER FOR SUPPLEMENTAL INFORMATION**

Re: Dkt. No. 8

Defendant IA Lodging Napa First LLC filed a motion to declare pro se Plaintiff Peter Strojnik a vexatious litigant. [Docket No. 8.] The court held a hearing on October 24, 2019. Strojnik is ordered to file a declaration verified under penalty of perjury that provides the following information about his ADA practice:

1. How many ADA cases has Strojnik filed in the Northern District of California? How many ADA cases has he filed in California? For each case, provide the following information:

   a. A detailed description of the alleged barriers, including the date(s) that Strojnik encountered the barriers;

   b. Details regarding any investigation Strojnik performed regarding the alleged barriers, such as visiting a site and/or personally taking photographs, as well as the dates of the investigations;

   c. Whether Strojnik dismissed the case voluntarily before any court action, and if so, the reason for dismissal (e.g., settlement);

   d. Whether the complaint(s) was challenged on a motion to dismiss, and if so, whether any portion of the motion was granted and on what basis;

   e. Whether any of the cases have been tried on the merits.

2.    What is the total amount of money Strojnik has recovered in settlements of his ADA cases filed in this district?  What is the average recovery in those cases?

3.    What is the total amount of money Strojnik has recovered in settlements of his ADA cases filed in California?  What is the average recovery in those cases?

4.    Explain Strojnik's process for drafting his complaints, including the following information:

    a.    Does Strojnik tailor each complaint to the specific facts of a case?

    b.    Who assists in preparing his complaints?

    c.    Does he personally review each complaint before it is filed to ensure its accuracy?

    d.    Does he personally take the photographs he attaches to his complaint?  If not, who does?

Strojnik shall file the required declaration by no later than November 30, 2019.

**IT IS SO ORDERED.**

Dated: October 29, 2019



_____
Donna M. Ryu
United States Magistrate Judge

# EXHIBIT "B"

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PETER STROJNIK,

          Plaintiff,

    v.

IA LODGING NAPA FIRST LLC,

          Defendant.

Case No. 19-cv-03983-DMR

**ORDER TO COMPLY**

Re: Dkt. No. 8

On July 10, 2020, pro se plaintiff Peter Strojnik filed this case against IA Lodging Napa First LLC ("Andaz Napa"), alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* and related state law claims. [Docket No. 1 ("Compl.").] Defendant IA Lodging Napa First LLC ("Andaz Napa") filed a motion to dismiss the complaint for lack of subject matter jurisdiction and a motion to declare Strojnik a vexatious litigant. [Docket Nos. 7, 8.] The court held a hearing on both motions. In conjunction with the vexatious litigant motion, the court ordered Strojnik to submit further information regarding his ADA litigation in this district. [Docket No. 40.] Strojnik filed objections to the court's order and refused to respond to the majority of the court's requests. [Docket No. 41]

On February 25, 2020, the court granted Andaz Napa's motion to dismiss for lack of standing.[1] [Docket No. 49 ("Order on MTD").] The court noted several deficiencies in Strojnik's pleadings, including that Strojnik failed to "explain which accessibility features are required to accommodate his disability" and how Andaz Napa failed to provide those features. Order on MTD at 4. The court also noted that Strojnik has filed other cases in this district with "essentially identical complaints against other entities that merely replace the defendant's name and other minor details."

---

[1] Strojnik has since filed an amended complaint, and Andaz Napa's motion to dismiss that complaint is set for hearing on May 14, 2020.

*Id.* at 7 (citing cases). The court observed:

> Strojnik's form complaint and generic opposition brief raise the question of whether his pleadings are made in good faith or whether he is merely relying on the federal court's liberal policy of granting leave to amend. The number of other, essentially identical, complaints he has filed in this district raise a concern that Strojnik files bare-bones complaints that do not meet pleading standards in order to pressure ADA defendants into settlements before the court can reach the merits of his claims.

*Id.* at 8.

The concern raised by the court addresses exactly the kind of conduct that pre-filing orders are intended to prevent. *See De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990) ("Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants."). A litigant who mills out generic complaints that do not meet pleading standards, knowing that either the case will settle without reaching the merits or that the court will grant leave to amend, is abusing the judicial process. Such a litigation strategy wastes the resources of the court, which must repeatedly rule on the same pleading issues. It also imposes unjustified costs on parties who are forced to defend loosely pleaded complaints that do not allege specific facts about their misconduct. Most concerning, the mere fact of filing a lawsuit (regardless of its pleading sufficiency) may pressure defendants into settling what might be meritless claims rather than incur the considerable time and resources required to retain counsel and mount a defense.

There are significant indicia that warrant further investigation into Strojnik's litigation tactics. First, Andaz Napa submitted an extensive record of Strojnik's ADA litigation in Arizona, where Strojnik was formerly licensed as an attorney. On July 11, 2018, Strojnik was suspended from the Arizona State Bar for his conduct in litigating disability access cases. [Docket No. 8-1 ("RJN"), Ex. 3 ("Order of Interim Suspension").] The ASB cited numerous reasons in support of its suspension order, including that Strojnik filed almost 2,000 state and federal cases that allege "vague and non-specific violations"; erroneously sued properties that are not subject to disability access laws, such as dirt lots; and hired "people from Craigslist to go take pictures of businesses that might be non-compliant." *Id.* at 4-6. The ASB concluding the Strojnik was "partaking in a scheme that will cause imminent and substantial harm to the public and administration of justice."

*Id.* at 16.

Second, as noted above, Strojnik has filed numerous and substantially identical complaints in this district, substituting only the name of the defendant and other minor details. At least two other judges in the Northern District have determined that Strojnik's form complaints fail to allege standing. *See Strojnik v. Hyatt Int'l Corp.*, Case No. 19-cv-3006-NC, Docket No. 33; *Strojnik v. Resort at Indian Springs, LLC*, Case No. 19-cv-4616-SVK, Docket No. 23. In a different context, Judge William Orrick admonished Strojnik for filing an early motion for summary judgment in violation of General Order 56. *Strojnik v. VY Verasa Commercial Company LLC, et al.*, Case No. 19-cv-2556-WHO, Docket No. 31. Judge Orrick noted that "Strojnik's behavior has been questionable since this case's inception" and that he would "consider this conduct in any future motion if his litigation performance does not substantially improve." *Id.*

Finally, numerous other district courts have taken issue with Strojnik's litigation practice. *See Strojnik v. Orangewood LLC*, Case No. 19-cv-00946 (C.D. Cal.), Docket No. 18 (dismissing complaint because Strojnik did not "identify what features or information [he] requires for his accessibility needs"); *Strojnik v. Pasadena Robles Acquisition, LLC*, Case No. 19-cv-02067 (C.D. Cal), Docket No. 23 (granting motion to dismiss for lack of standing with prejudice); *Strojnik v. Landry's Inc.*, Case No. 19-cv-01170 (S.D. Tex.), Docket No. 18 (dismissing ADA complaint with prejudice for failure to state a claim); *Strojnik v. Swantown Inn & Spa LLC*, Case No. 18-cv-1831 (W.D. Wash.), Docket No. 12 (dismissing complaint with prejudice and noting "Strojnik's history of predatory, unethical filings and hard-to-believe assertions"); *Strojnik v. Hotel Circle GL Holdings, LLC*, 19-cv-01194 (granting motion to dismiss for lack of standing); *Strojnik v. Four Sisters Innds, Inc.*, 19-cv-02991 (C.D. Cal.) (dismissing complaint with prejudice for lack of standing). Of particular note, the District of Nevada noted Strojnik's practice of filing "[t]emplate complaints filled with non-specific allegations." *Advocates for Individuals With Disabilities LLC v. MidFirst Bank*, 279 F. Supp. 3d 891, 893 (D. Ariz. 2017). That court characterized Strojnik's litigation as "extortionate" and "ethically suspect." *Id.* at 893, 897. The running theme in these cases does nothing to assuage the court's concerns that Strojnik's copy-and-paste complaints are intended to intimidate ADA defendants into prompt settlements rather than to vindicate the rights

of people with disabilities.

Based on these concerns, the court ordered Strojnik to provide information about his ADA litigation in this district. [Docket No. 40.] Strojnik's objections to that order are not well taken. The court is not, as Strojnik claims, shifting the burden on him to prove that he is not a vexatious litigant. Rather, the court is complying with its obligation to review the vexatious litigant motion with a full understanding of the pertinent facts. *See De Long*, 912 F.2d at 1147. The information the court ordered from Strojnik is not within Andaz Napa's ability to provide, such as Strojnik's process for preparing and reviewing his complaints. Strojnik's objection based on the confidentiality of his settlement agreements is also meritless. The court did not ask Strojnik to give specific settlement amounts for specific cases; rather, the court ordered Strojnik to provide the total amount of money he has recovered in settlement, as well as the average across his cases. This information is not tied to any specific case or settlement agreement. Finally, Strojnik responded to some of the court's requests in a footnote. These responses are inadequate; the court ordered Strojnik to "*explain* [his] process for drafting his complaints." Strojnik's single-word responses do not comply with the clear intent of the order to elicit a narrative response.

For all of the reasons stated above, Strojnik is ordered to fully comply with the court's order of October 29, 2019. He must provide specific, separate, detailed responses to each of the court's questions, including a detailed narrative explaining his process for drafting and reviewing complaints. Strojnik must provide all of the requested information by no later than April 6, 2020.

Failure to comply with this order will result in sanctions.

**IT IS SO ORDERED.**

Dated: March 19, 2020

_____
Donna M. Ryu
United States Magistrate Judge

United States District Court
Northern District of California

4

# EXHIBIT "C"

Peter Strojnik (Sr.)
7847 N. Central Ave.
Phoenix, Arizona 85020
Telephone: (602) 524-6602
PS@strojnik.com

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

Case No: 4:19-cv-03983-DMR

**PLAINTIFF'S RESPONSE TO
COURT'S QUESTIONS 1-4 [40]**

PETER STROJNIK,

                                        Plaintiff,

vs.

IA LODGING NAPA FIRST LLC, DBA
ANDAZ NAPA,

                                        Defendant.

Plaintiff responds to Court's Questions [40] as follows:

**QUESTION 1:**

How many ADA cases has Strojnik filed in the Northern District of California? How many ADA cases has he filed in California? For each case, provide the following information:

a. A detailed description of the alleged barriers, including the date(s) that Strojnik encountered the barriers;

b. Details regarding any investigation Strojnik performed regarding the alleged barriers, such as visiting a site and/or personally taking photographs, as well as the dates of the investigations;

c. Whether Strojnik dismissed the case voluntarily before any court action, and if so, the reason for dismissal (e.g., settlement);

d. Whether the complaint(s) was challenged on a motion to dismiss, and if so, whether any portion of the motion was granted and on what basis;

e. Whether any of the cases have been tried on the merits.

**ANSWER:**

Please see attached spreadsheet.

a. The barriers are described in detail s indicated in the attached Exhibits.

b. Strojnik conducts all accessibility investigations personally. See Exhibits.

c. Please refer to Exhibit 1.

d. Please see Exhibit 1. There are particularly 2 defense counsel (Warren, Stillman) who file Motions to Dismiss as a matter of course. While Strojnik does not believe that any of the complaints are subject to dismissal, he nonetheless either (1) files an amended complaint to resolve Defense's concerns, or (2) responds to the Motion.

California District Courts have issued conflicting decisions on the sufficiency of *CREEC* based Complaints *See, e.g., Johnson v. Alhambra & O Associates* (2019 E.D. Cal. 2:19-cv-00103 at Dkt. 15), *Strojnik v. The Victus Group* (E.D. Cal. 1:18-cv-01620 at Dkt. 15), and ***Strojnik v. GF Carneros Tenant, LLC* (N.D. Cal. 3:19-cv-03583 at Dkt. 28)**[1]. Where the Court disagrees, Strojnik appeals:

| Case | Dist. Ct. No. | Appeal No. |
|------|---------------|------------|
| *Strojnik v. Singpoli Group, LLC* | Central 2:19-cv-00066 | 19-55310 |
| *Strojnik v. Four Sisters Inns* | Central 2:19-cv-02991 | 19-56523 |
| *Strojnik v. Orangewood, LLC* | Central 8:19-cv-00946 | 20-55162 |
| *Strojnik v. Pasadena Robles Acquisition, LLC* | Central 2:19-cv-02067 | 19-56037 |

e. No cases have been tried on the merits.

**QUESTION 2:**

What is the total amount of money Strojnik has recovered in settlements of his ADA cases filed in this district? What is the average recovery in those cases?

---

[1] This is a ND District Case.

2

**ANSWER:**

Please see attached spreadsheet, Exhibit 1.

**QUESTION 3:**

What is the total amount of money Strojnik has recovered in settlements of his ADA
cases filed in California? What is the average recovery in those cases?

**ANSWER:**

Please see attached spreadsheet, Exhibit 1:

| | |
|---|---:|
| Total Settlement /Judgment Recovery for 117 cases | $249,079 |
| (Filing and Service Fees) | (55,960) |
| ($58,000 investigative fees) | (58,000) |
| (Equipment, paper, mailing, printing costs at $465 per case) | (5,800) |
| (Travel Costs Averaged at $450 per hotel) | (52,000) |
| **NET FROM SETTLEMENTS FOR 117 CASES** | **$77,119** |
| **NET PER CASE** | **$664.81** |

Also of note is that in the past several years Strojnik has donated $1.2M± of his
ADA fees to a 501(c)(3) organization for the disabled.

**QUESTION 4:**

Explain Strojnik's process for drafting his complaints, including the following information:

    a.  Does Strojnik tailor each complaint to the specific facts of a case?

    b.  Who assists in preparing his complaints?

    c.  Does he personally review each complaint before it is filed to ensure its accuracy?

    d.  Does he personally take the photographs he attaches to his complaint? If not, who does?

**ANSWER:**

Strojnik has carefully studied the 9th Circuit Court of Appeals decision *Civil Rights Educ. & Enforce. Ctr. V. Hosp. Properties Trust*, 867 F.3d 1093, 1098 (9th Cir. 2017) and the cases cited therein, particularly regarding the jurisdictional and standing requirements. Plaintiff then reviews the facts applicable to the jurisdictional standing in ADA cases and incorporates them into a Complaint. Strojnik further reviews the pre-filing due diligence report and incorporates the factual matters documented in the pre-filing DD Report into the Complaint.

a.  Yes.

b.  No one.

c.  Yes. Each Complaint is personally prepared and reviewed by Strojnik who strives that any complaint is factually indisputable through photographic evidence.

d.  Yes or as otherwise indicated in the Pre-Filing Due Diligence Report, e.g., when the Complaint alleges violations of 28 C.F.R. 36.302(e).  If the photographs come from a different source, such as a website, the source of the photographs is indicated in the Complaint. Strojnik's current practice is, and continues to be, to personally visit the public accommodation and personally experience barriers to accessibility and documents the same with personally taken photographs.

DATED this 21st day of March, 2020.

**PETER STROJNIK**

_____

Peter Strojnik
Plaintiff

FILED AND SERVED THROUGH PACER

| | Case Title | Court | Descript ion of Barriers | Dates Encou ntere d | Dismi ssal? | Why? | M2 D? | Basis? | FF + 65 SF + 505 AF | INVESTIG ATION COST FIXED | EQUIPME NT, PAPER, MAILING, PRINTING COST AVERAGE | TRAVEL COSTS AVERAGE | TOTAL COSTS | SETTLEMEN T AMOUNT | NET FROM CASES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | STROJNIK CALIFORNIA ADA DISTRICT COURT CASES AS OF 2020-03-20 | | | | | | | | | | | | | | |
| 1 | Peter Strojnik v. Marriott International, Inc. | CD | SEE DD REPORT | | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |
| 2 | Peter Strojnik Sr. v. Best Western Hotels and Resorts | CD | SEE DD REPORT | | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |
| 3 | Peter Strojnik Sr. v. Zislis Boutique Hotels, LLC | CD | SEE DD REPORT | | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |
| 4 | Peter Strojnik Sr. v. Second Street Corporation | CD | SEE DD REPORT | | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |
| 5 | Peter Strojnik Sr. v. Singpoli Group, LLC | CD | SEE DD REPORT | | Yes | Appeal | Yes | 12(b)( 1) | $970 | $500 | $50 | $450 | $1,970 | | |
| 6 | Peter Strojnik Sr. v. Hyatt Hotels Corp. | CD | SEE DD REPORT | | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |
| 7 | Peter Strojnik, Sr. v. Burton Way Hotels LLC | CD | SEE DD REPORT | | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |
| 8 | Peter Strojnik, Sr. v. Georgian Hotel, Inc. | CD | SEE DD REPORT | | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |
| 9 | Peter Strojnik v. Dole Food Company, Inc. | CD | SEE DD REPORT | | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |
| 10 | Peter Strojnik v. Urban Commons Cordova, LLC | CD | SEE DD REPORT | | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 11 | Peter Strojnik Sr v. Pasadena Robles Acquisition, LLC | CD | SEE DD REPORT | No | Appeal | Yes - On Appeal | 12(b)(1) | $970 | $500 | $50 | $450 | $1,970 |
| 12 | Peter Strojnik v. Aung Solvang LLC | CD | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 13 | Peter Strojnik v. Ayres-Orange, L.P. | CD | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 14 | Peter Strojnik Sr. v. Orangewood LLC | CD | SEE DD REPORT | No | Appeal | Yes - On Appeal | 12(b)(1) | $970 | $500 | $50 | $450 | $1,970 |
| 15 | Peter Strojnik v. Pacifica Hotel Company, Inc. | CD | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 16 | Peter Strojnik v. Four Sisters Inns, Inc | CD | SEE DD REPORT | No | Appeal | Yes - On Appeal | 12(b)(1) | $970 | $500 | $50 | $450 | $1,970 |
| 17 | Peter Strojnik v. Landmark Marriott Suites LLC | CD | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 18 | Peter Strojnik, Sr. v. Bent Olsen et al | CD | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 19 | Peter Strojnik Sr. v. King Frederick Motel, LLC | CD | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 20 | Peter Strojnik Sr. v. Khanna Enterprises, LTD | CD | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 21 | Peter Strojnik, Sr. v. SCG America Construction Inc. | CD | SEE DD REPORT | No | NA | Yes | 12(b)(1) | $465 | $500 | $50 | $450 | $1,465 |
| 22 | Peter Strojnik Sr. v. Salone Development Corporation | CD | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 23 | Peter Strojnik Sr. v. Interstate Hotels and Resorts Inc. | CD | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 24 | Peter Strojnik Sr. v. Interstate Hotels and Resorts, Inc. | CD | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 25 | Peter Strojnik Sr. v. DMD Lodging Inc | CD | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 26 | Peter Strojnik Sr. v. CMP 1 Santa Ana Owner LP | CD | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 27 | Peter Strojnik Sr. v. Shandilya, Inc. | CD | SEE DD REPORT | No | NA | Yes | 12(B)(1) | $465 | $500 | $50 | $450 | $1,465 |
| 28 | Peter Strojnik Sr. v. Lee Family Trust | CD | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 29 | Peter Strojnik Sr. v. President Hotel Investment, LLC | CD | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 30 | Peter Strojnik Sr. v. SWK Properties, LLC | CD | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 31 | Peter Strojnik v. Shakti Investments, LLC | CD | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 32 | Peter Strojnik v. Dario Pini Trust | CD | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 33 | Peter Strojnik v. Ventura Seaward Hotel, LP | CD | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 34 | Peter Strojnik v. Ventura BV Inn, LLC | CD | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 35 | Strojnik v. Evergreen Destination Holdings, LLC | ED | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 36 | Strojnik v. 574 Escuela, LLC | ED | SEE DD REPORT | Yes | Settle | Yes | 12(B)(1) | $465 | $500 | $50 | $450 | $1,465 |
| 37 | Strojnik v. Ravensbrook Inn Yosemite | ED | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 38 | Strojnik v. Griffin et al | ED | SEE DD | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 39 | Strojnik v. The Victus Group, Inc. | ED | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 40 | Strojnik v. BRE Newton Hotels Property Owner, LLC | ED | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 41 | Strojnik v. Bakersfield Convention Hotel I, LLC | ED | SEE DD REPORT | Yes | Settle | Yes | 12(b)(1) | $465 | $500 | $50 | $450 | $1,465 |
| 42 | Strojnik v. Integrated Capital, LLC | ED | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 43 | Peter Strojnik v. JW World Enterprises, Inc. | ED | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 44 | (PS) Strojnik v. Capitol Regency, LLC | ED | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 45 | Strojnik v. Shivkrupa Investments, Inc. | ED | SEE DD REPORT | Yes | Settle | Yes (withdrawn) | NA | $465 | $500 | $50 | $450 | $1,465 |
| 46 | Strojnik v. Uniwell Fresno Hotel, LLC | ED | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 47 | Peter Strojnik, Sr. v. 1309 West Shaw, LLC | ED | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 48 | Strojnik v. Hi Fresno Hotel Holdings, LLC | ED | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 49 | Strojnik v. Hotel Circle GL Holdings, LLC | ED | SEE DD REPORT | No | NA | Yes | 12(b)(1) | $465 | $500 | $50 | $450 | $1,465 |
| 50 | Strojnik v. BRE SSP Property Owner, LLC | ED | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 51 | Strojnik v. Stone Creek Lodging, L.P. | ED | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 52 | (PS) Strojnik v. Azul Hospitality Group, LLC et al | ED | SEE DD REPORT | No | NA | Yes | 12(b)(1) | $465 | $500 | $50 | $450 | $1,465 |
| 53 | Strojnik v. Kanhaiya, LLC | ED | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 54 | Strojnik v. Weaver Enterprises, LP | ED | SEE DD REPORT | Yes | Settle | Yes | 12(b)(1) Settle | $465 | $500 | $50 | $450 | $1,465 |
| 55 | (PS) Strojnik v. Kanhaiya, LLC | ED | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 56 | (PS) Strojnik v. Sacramento Hotel, LLC | ED | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 57 | (PS) Strojnik v. Vantage Pointe Inc. | ED | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 58 | (PS) Strojnik v. Wickstrom Hospitality, LLC | ED | SEE DD REPORT | No | NA | Yes | 12(b)(1) | $465 | $500 | $50 | $450 | $1,465 |
| 59 | (PS) Strojnik v. Kaidan Hospitality LP | ED | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 60 | (PS) Strojnik v. Izabella Investment, LLC | ED | SEE DD REPORT | Yes | Settle | No | Settle | $465 | $500 | $50 | $450 | $1,465 |
| 61 | Strojnik v. Joie de Vivre Hospitality LLC | ND | SEE DD REPORT | Yes | Settle | No | Settle | $465 | $500 | $50 | $450 | $1,465 |
| 62 | Strojnik v. Marriott International Inc | ND | SEE DD REPORT | Yes | Settle | No | Settle | $465 | $500 | $50 | $450 | $1,465 |
| 63 | Strojnik v. 574 Escuela, LLC | ND | SEE DD REPORT | No | NA | Yes | 12(b)(1) | $465 | $500 | $50 | $450 | $1,465 |
| 64 | Strojnik v. Benchmarck Conference Resorts of California, LLC | ND | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 65 | Strojnik v. ML San Jose Holding LLC | ND | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 66 | Strojnik v. Ensemble Hotel Partners, LLC | ND | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 67 | Strojnik v. Bernardus LLC | ND | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 68 | Strojnik v. JMA Ventures LLC | ND | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 69 | Strojnik, Sr. v. Mirabel Hotel and Restaurant Group LLC | ND | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 70 | Strojnik v. VY Verasa Commercial Company LLC et al | ND | SEE DD REPORT | No | NA | Yes | 12(b)(1) | $465 | $500 | $50 | $450 | $1,465 |
| 71 | Strojnik v. Hyatt International Corporation | ND | SEE DD REPORT | Yes | Settle | Yes | 12(b)(1) | $465 | $500 | $50 | $450 | $1,465 |
| 72 | Strojnik v. Xenia Hotels & Resorts, Inc. | ND | SEE DD REPORT | No | NA | Yes | 12(b)(1) | $465 | $500 | $50 | $450 | $1,465 |
| 73 | Strojnik, Sr. v. First & Mission Properties LLC | ND | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 74 | Strojnik v. Wilson | ND | SEE DD | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 75 | Strojnik v. Madrona Manor | ND | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 76 | Strojnik v. Fowler LLC | ND | SEE DD | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 77 | Strojnik v GF Carneros Tenant, LLC | ND | SEE DD REPORT | Yes | Settle | Yes | Denied | $465 | $500 | $50 | $450 | $1,465 |
| 78 | Strojnik v. WCH Napa LLC | ND | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 79 | Strojnik v. IA Lodging Napa First LLC | ND | SEE DD REPORT | No | NA | Yes | NA | $465 | $500 | $50 | $450 | $1,465 |
| 80 | Strojnik v. 539 Johnson Street, LLC | ND | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 81 | Strojnik v. Resort at Indian Springs, LLC | ND | SEE DD REPORT | No | NA | Yes | 12(b)(1) | $465 | $500 | $50 | $450 | $1,465 |
| 82 | Strojnik v. Homestead Inn LLC | ND | SEE DD REPORT | No | NA | Yes | 12(b)(1) | $465 | $500 | $50 | $450 | $1,465 |
| 83 | Strojnik v. Classic Hotels & Resorts LLC et al | ND | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 84 | Strojnik v. Mount View Hotel Partners | ND | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 85 | Strojnik v. Portola Hotel, LLC | ND | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 86 | Strojnik v. SWVP Monterey, LLC | ND | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 87 | Strojnik v. R.F. Weichert V, Inc. | ND | SEE DD REPORT | No | NA | Yes | 12(b)(1) | $465 | $500 | $50 | $450 | $1,465 |
| 88 | Strojnik v. Napa Hotel and Restaurant LLC | ND | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 89 | Strojnik v. Napa Discovery Inn, LLC | ND | SEE DD REPORT | Yes | Settle | No | Settle | $465 | $500 | $50 | $450 | $1,465 |
| 90 | Strojnik v. Pacifica Hotel, Pacific, L.P. | ND | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 91 | Strojnik v. Moraya Investments, LLC | ND | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 92 | Strojnik v. Seema Will Rogers, LLC | ND | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 93 | Strojnik v. The Inn at Jack London Square, LLC | ND | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 94 | Strojnik v. Pendry San Diego, LLC | SD | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 95 | Strojnik v. Torrey Pines Club Corporation | SD | SEE DD REPORT | Judgment | Judgment | No | Judgment for PS | $465 | $500 | $50 | $450 | $1,465 |
| 96 | Strojnik v. Host Hotels and Resorts | SD | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 97 | Strojnik v. La Jolla Bed & Breakfast Inc. | SD | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 98 | Strojnik v. GHALP Parnership, L.P. | SD | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| 99 | Strojnik v. CWI 2 La Jolla Hotel, LP | SD | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |
| ## | Strojnik v. Lizerbram | SD | SEE DD | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 |

| | Case | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ## | Strojnik v. Prospect Hospitality, LP. | SD | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |
| ## | Strojnik v. Bartell Hotels Management Company | SD | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |
| ## | Strojnik v. RNM Hospitality, Inc et al | SD | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |
| ## | Strojnik v. Marla K Hicks Trust | SD | SEE DD REPORT | No | NA | Yes | 12(b)(1) | $465 | $500 | $50 | $450 | $1,465 | | |
| ## | Strojnik v. 1315 Orange LLC | SD | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |
| ## | Strojnik v. Barrigon Inc | SD | SEE DD | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |
| ## | Strojnik v. Cherokee Lodge, LLC | SD | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |
| ## | Strojnik v. Indoc Partners, LLC | SD | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |
| ## | Strojnik v. Village 1017 Coronado, Inc. | SD | SEE DD REPORT | No | NA | Yes | 12(b)(1) | $465 | $500 | $50 | $450 | $1,465 | | |
| ## | Strojnik v. Kamla Hotels, Inc. | SD | SEE DD REPORT | No | NA | Yes | 12(b)(1) | $465 | $500 | $50 | $450 | $1,465 | | |
| ## | Strojnik v. San Diego Farah Partners, L.P. | SD | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |
| ## | Strojnik v. Souldriver Lessee, Inc. | SD | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |
| ## | Strojnik v. RBI Investors L.P. | SD | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |
| ## | Strojnik v. Lafayette Landlord, LLC | SD | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |
| ## | Strojnik v. Driftwood Capital Partners LLC | SD | SEE DD REPORT | No | NA | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |
| ## | Strojnik, Sr v. Cypress Inn Investors | SD | SEE DD REPORT | Yes | Settle | No | NA | $465 | $500 | $50 | $450 | $1,465 | | |
| | | | | | | | | $55,960 | $58,000 | $5,800 | $52,200 | $171,960 | $249,079 | $77,119 |
| | | | | | | | | | | | | CASE AVERAGE | | $664.81 |

# EXHIBIT "D"

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Peter Strojnik,                    )
                                   )
            Plaintiff,             )
                                   )
vs.                                ) No. CV-20-343-PHX-DWL
                                   )
New Crescent Investments,          )
LLC, d/b/a Sheraton Crescent       )
Phoenix,                           )
                                   )
            Defendant.             )
_____)


DEPOSITION OF PETER STROJNIK

(Videoconference)


Phoenix, Arizona
September 18, 2020
8:55 a.m.



(COPY)

REPORTED BY:
HD REPORTING, LLC
HALEY DAWN WESTRA, RPR, CRR
Certified Court Reporter
AZ-CR No. 50762

Peter Strojnik - September 18, 2020

```
1                       PETER STROJNIK,
2    a witness herein, having been first duly sworn by the
3    Certified Reporter to speak the truth and nothing but
4    the truth, was examined and testified as follows:
5
6                       EXAMINATION
7    BY MR. LEAVITT:
8        Q.    Hey, Peter.
9        A.    How are you?
10       Q.    I'm good.  This is my first time taking a depo
11   on Zoom, and I presume that this might be your first
12   time being deposed on Zoom; is that correct?
13       A.    That is correct.
14       Q.    Okay.  I am going to do my best to ask
15   questions that are clear and concise.
16             And if you could wait until I finish asking
17   the question before you answer, then I will wait until
18   you finish answering the question before I ask another
19   one.  Is that okay?
20       A.    Of course.
21       Q.    Okay.  And if you can be patient with me while
22   I try to navigate this Zoom stuff, I will certainly be
23   patient with you.
24       A.    Thank you.
25       Q.    You're welcome.
```

Peter Strojnik - September 18, 2020

```
1   STATE OF ARIZONA        )
                            ) ss.
2   COUNTY OF MARICOPA      )

3

4        BE IT KNOWN that the foregoing proceedings were
    taken before me; that the witness before testifying was
    duly sworn to testify to the whole truth; that the
5   foregoing pages are a full, true and accurate record of
    the proceedings, all done to the best of my skill and
6   ability; that the proceedings were taken down by me in
    shorthand and thereafter reduced to print under my
7   direction.

8        I CERTIFY that I am in no way related to any of
    the parties hereto nor am I in any way interested in
9   the outcome hereof.

10       I CERTIFY that I have complied with the ethical
    obligations set forth in ACJA 7-206(F)(3) and ACJA
11  7-206 J(1)(g)(1) and (2).  Dated at Phoenix, Arizona,
    this 21st day of September, 2020.

12
         [X]  Review and signature was requested.
13       [ ]  Review and signature not requested.
         [ ]  Review and signature was waived.
14       [ ]  Review and signature not required.

15

16

17       _____
              HALEY DAWN WESTRA, RPR, CRR
18          Arizona Certified Reporter No. 50762

19

20       I CERTIFY that HD REPORTING, LLC, has complied
    with the ethical obligations set forth in ACJA 7-206
21  (J)(1)(g)(1) through (6).

22

23

24       _____
                    HD REPORTING, LLC
25          AZ Registered Reporting Firm No. R1139
```

Peter Strojnik - September 18, 2020

```
 1          We're talking about brand deceit.  Brand
 2  deceit is -- only relates to the -- to the -- to the
 3  deceit of self-identification, if you want.
 4          And, yes, the damages are what I told
 5  you: I got to pay money for gas.  I got to spend
 6  time -- you know, time on my computer.  I've got to go
 7  there.  I go there.
 8          So there are economic damages.  There are
 9  emotional damages and whatever else you want.
10          Yes, and I feel -- I feel like I've been
11  deceived.
12      Q.   Okay.  So for your common law fraud, failure
13  to disclose, and consumer fraud claims in this case,
14  I think I've got to understand what your emotional
15  damages are you're alleging.
16          The physical damages that you're alleging
17  resulted from the fraud is that you went there and
18  experienced pain, physical pain, on the property; is
19  that right?
20      A.   Correct.
21      Q.   Okay.  So let's talk about the monetary
22  damages that you just brought up.
23          Are you saying that it is the -- that your
24  monetary damages arising from the common law fraud,
25  consumer fraud, failure to disclose are what?
```

Peter Strojnik - September 18, 2020

1    A.    The money I have to spend going there, the

2   cost of travel, the cost of my time, and the expense of

3   the other costs.

4           But I will agree with you that the damages are

5   relatively nominal, but they are damages.

6    Q.    Now, what is your -- what is your time worth,

7   do you believe?

8    A.    Per hour, 650.

9    Q.    Well, you're saying that the cost of your time

10  to do something.

11          What's your time worth, do you believe?

12   A.    $650 an hour.

13   Q.    Okay.  And so you feel like by them failing to

14  disclose and committing fraud, you wasted your time

15  going to the property; is that correct?

16   A.    That's not the only thing, but that's part of

17  it, yes.

18   Q.    And so if you're -- if the property had not --

19  had said, "Hey, we are not compliant with the ADA,"

20  would you have gone to the property to inspect it?

21   A.    I think we're getting confused now.  We're

22  confusing the two different elements of fraud.

23          The first element of fraud is the disclosure

24  on the Marriott website regarding Sheraton/New Crescent

25  accessibility under 302(e)(1)(ii).  That's one element

# EXHIBIT "E"



Neutral
As of: October 30, 2020 8:19 PM Z

# *Strojnik v. IA Lodging Napa First LLC*

United States District Court for the Northern District of California

February 25, 2020, Decided; February 25, 2020, Filed

Case No. 19-cv-03983-DMR

**Reporter**
2020 U.S. Dist. LEXIS 32075 *; 2020 WL 906722

PETER STROJNIK, Plaintiff, v. IA LODGING NAPA FIRST LLC, Defendant.

**Subsequent History:** Motion granted by, Sanctions allowed by, Dismissed by *Strojnik v. IA Lodging Napa First LLC, 2020 U.S. Dist. LEXIS 95738 (N.D. Cal., June 1, 2020)*

Related proceeding at *Strojnik v. Vill. 1017 Coronado, Inc., 2020 U.S. Dist. LEXIS 106175 (S.D. Cal., June 16, 2020)*

## Core Terms

Hotel, barriers, disability, website, encountered, accommodation, compliant, deterred, mobility

**Counsel:** **[\*1]** Peter Strojnik, Plaintiff, Pro se, Phoenix, AZ.

For IA Lodging Napa First LLC, also known as Andaz Napa, Defendant: Eric Michael Kennedy, LEAD ATTORNEY, Buchalter, APC, Los Angeles, CA; Tracy Anne Warren, LEAD ATTORNEY, Buchalter, San Diego, CA.

**Judges:** Donna M. Ryu, United States Magistrate Judge.

**Opinion by:** Donna M. Ryu

## Opinion

### ORDER ON DEFENDANT'S MOTION TO DISMISS

Re: Dkt. No. 7

On July 10, pro se plaintiff Peter Strojnik filed this case against IA Lodging Napa First LLC ("Andaz Napa"), alleging violations of the *Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.* and related state law claims. [Docket No. 1 ("Compl.").] Andaz Napa moves to dismiss Strojnik's complaint for lack of subject matter jurisdiction pursuant to *Federal Rule of Civil Procedure ("Rule") 12(b)(1).* [Docket Nos. 7 ("Mot."), 24 ("Reply").] Strojnik timely opposed. [Docket No. 20 ("Opp.").] The court held a hearing on October 24, 2019.

After considering the parties' briefing and oral argument, the court grants Andaz Napa's motion to dismiss.

### I. BACKGROUND

#### A. Strojnik's ADA Litigation

Strojnik resides in Maricopa County, Arizona. Compl. ¶ 1. He filed the complaint in this case on July 10, 2019, alleging that Andaz Napa violated various provisions of the ADA and related state laws. He alleges that he is "legally **[\*2]** disabled by virtue of a severe right-sided neural foraminal stenosis with symptoms of femoral neuropathy, prostate cancer and renal cancer, degenerative right knee [*sic*]." *Id.* ¶ 3. He states that he

2020 U.S. Dist. LEXIS 32075, *2

"walks with difficulty and pain" and "requires compliant mobility accessible features at places of public accommodation." *Id.* ¶ 4.

According to Strojnik, he "intended to visit California Wine Country" and reviewed hotel booking websites in advance of his trip. Compl. ¶ 15. He identified Andaz Napa's property (the "Hotel") through these sites. *Id.* ¶ 16. Strojnik alleges that both third-party websites and Andaz Napa's website "failed to identify and describe mobility related accessibility features and guest rooms offered through its reservation service in enough detail to reasonably permit Plaintiff to assess independently whether Defendant's Hotel meets his accessibility needs." *Id.* ¶ 17. He avers that Andaz Napa's booking website "failed to make reservations for accessible guest rooms available in the same manner as individuals who do not need accessible rooms." *Id.* ¶ 20. Strojnik determined from reviewing Andaz Napa's website that there were architectural barriers to accessibility. *Id.* **[*3]** ¶ 22.

Strojnik alleges that Andaz Napa violated the ADA by denying him "equal access to its public accommodation" and that the ADA violations "relate to [his] disability and interfere with [his] full and complete enjoyment of the Hotel." Compl. ¶ 24. He states that he declined to book a room at the Hotel because Andaz Napa's "failure to remove accessibility barriers prevented [him] from equal access to [the Hotel]." *Id.* ¶¶ 25, 27. Strojnik attaches several photographs and what appear to be screenshots of websites to his complaint. Compl. at 11-25. Each of these has a caption that purports to identify inaccessible features.

Strojnik brings claims based on the ADA, the *California Unruh Act*, the *California Disabled Persons Act*, and a claim for negligence. Andaz Napa moves to dismiss the complaint for lack of standing and also moves for an order declaring Strojnik a vexatious litigant.

## II. LEGAL STANDARD FOR *RULE 12(b)(1)* MOTIONS

The question of standing is "an essential and unchanging part of the case-or-controversy requirement of Article III [of the U.S. Constitution]." *Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)*. Because standing is a jurisdictional issue, it is properly addressed under a *Rule 12(b)(1)* motion. *Cetacean Cmty. v. Bush, 386 F.3d 1169, 1174 (9th Cir. 2004)*. A court will dismiss a party's claim for lack **[*4]** of subject matter jurisdiction

"only when the claim is so insubstantial, implausible, foreclosed by prior decisions of th[e Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998)* (citation and quotation marks omitted); *see Fed. R. Civ. P. 12(b)(1)*. In order to satisfy Article III's standing requirements, a plaintiff must show "(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 180-81, 120 S. Ct. 693, 145 L. Ed. 2d 610 (2000)*.

## III. MOTION TO DISMISS

Andaz Napa moves to dismiss Strojnik's ADA claim on the basis that he failed to adequately plead that he has standing to sue under Article III of the U.S. Constitution. Because injunctive relief is the only relief available to private ADA plaintiffs, a plaintiff alleging ADA violations must establish standing to pursue injunctive relief. Standing for injunctive relief requires a plaintiff to establish a "real and immediate threat of repeated injury." *Fortyune v. Am. Multi-Cinema, Inc., 364 F.3d 1075, 1081 (9th Cir. 2004)*. Ninth Circuit caselaw establishes that an ADA plaintiff may establish standing **[*5]** "either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility." *Chapman v. Pier 1 Imps. (U.S.), Inc., 631 F.3d 939, 944 (9th Cir. 2011)*. Andaz Napa asserts that Strojnik has failed to establish either an injury-in-fact coupled with an intent to return or, alternatively, that he was deterred from visiting the Hotel because of the allegedly noncompliant features.

### A. Actual Encounters

An ADA plaintiff may establish standing if he encountered a noncompliant barrier related to his disability and that there is "a sufficient likelihood that he will again be wronged in a similar way." *See Chapman, 631 F.3d at 948* (quoting *City of Los Angeles v. Lyons, 461 U.S. 95, 111, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983)*).

### 1. Injury-in-Fact

As an initial matter, Strojnik's bare-bones complaint lacks specific details about the injuries Andaz Napa allegedly caused him. Although he alleges that he "intended to visit California Wine Country," he does not state the dates he intended to travel or the purpose of the trip. *See* Comp. ¶ 15. He also does not give the date he accessed Andaz Napa's website, or from what location, or any other details corroborating his allegations. He does not describe what "mobility related accessibility" features he tried and failed to identify on Andaz Napa's website. *See* Compl. **[*6]** ¶ 19. He

Additionally, in order to suffer an injury-in-fact arising from an actual encounter with a barrier, an ADA plaintiff must establish that the barrier relates to his disability. *Chapman, 631 F.3d at 947 n. 4* ("[A] plaintiff's standing to claim an ADA violation is necessarily linked to the nature of his disability."). Strojnik's allegations relate mainly to the lack of information regarding accessibility features on Andaz Napa's website, but he does not explain which accessibility features are required to accommodate his disability or allege that those specific features were not described on the website. Further, although Strojnik attaches pictures to his complaint that purport to be architectural features within Andaz Napa, he does not allege that he personally took those pictures. His sparse complaint does not allege that he visited the Hotel, that he encountered any barriers at the Hotel, or that any alleged barriers at the Hotel relate to his disability. He also does not identify how any of the architectural features violate the ADA, and only inserts generic captions such as "[i]naccessible check in counter." *See* Compl. at 15. Although Strojnik alleges that he "walks with difficulty" and "requires compliant **[*7]** mobility accessible features at places of public accommodation," he does not specify which features of the Hotel are a barrier to him. Notably, Strojnik appears to concede that the allegations in his complaint are inadequate, as he provides a declaration that provides "specific facts clarifying jurisdictional allegations in the complaint." Opp. at 3-4, *see* Strojnik Decl. ¶¶ 25-34. In his declaration, he asserts that he "visited Andaz" and "noted that Andaz was not suitable for his needs and documented notable ADA violations through photography." Strojnik Decl. ¶¶ 30-31. Strojnik does not explain why he did not plead these "specific facts" in his complaint. Nor did he offer to amend the complaint to add such facts.

Finally, although Strojnik is a frequent ADA litigant, his complaint does not cite any statutes, regulations, or caselaw that support his theories of injury. For example, he alleges that third-party booking websites failed to identify accessibility features within Andaz Napa, but it is not clear whether he is alleging claims against Andaz Napa based on the information on the third party sites, and if so, on what basis.

In sum, the generic descriptions in the complaint are too vague to **[*8]** assess whether and how Strojnik was injured by Andaz Napa.

**2. Intent to Return**

Even if Strojnik adequately alleged that encountered barriers at the Hotel, he would also have to establish "a sufficient likelihood that he will again be wronged in a similar way." *Lyons, 461 U.S. at 111*; *see also Chapman, 631 F.3d at 949* ("Article III . . . requires a sufficient showing of likely injury in the future related to the plaintiff's disability to ensure that injunctive relief will vindicate the rights of the particular plaintiff rather than the rights of third parties."). "'[S]ome day' intentions—without any description of concrete plans, or indeed even any specification of *when* the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require." *Lujan, 504 U.S. at 564*.

Andaz Napa argues that Strojnik's single statement that he "intends to visit Defendant's Hotel at a specific time when the Defendant's noncompliant Hotel becomes fully compliant" is insufficient to confer standing. It points out that Strojnik's residence in Arizona is over 700 miles from the Hotel; that Strojnik does not allege that he had ever visited the Hotel in the past; that he has not alleged a concrete plan to visit the Hotel in the future; and that he **[*9]** did not proffer any reason as to why he would patronage the Hotel in the future, such as frequent travel in the area or "specific ties" to the property. *Cf. Doran v. 7-Eleven, Inc., 524 F.3d 1034, 1040 (9th Cir. 2008)* (holding that a plaintiff adequately established an intent to return when he "alleged that he had visited the [defendant] store on ten to twenty prior occasions, that he is currently deterred from visiting the store because of its accessibility barriers, that the store is conveniently located near his favorite fast food restaurant in Anaheim, and that he plans to visit Anaheim at least once a year on his annual trips to Disneyland"); *Pickern v. Holiday Quality Foods Inc., 293 F.3d 1133, 1135-38 (9th Cir. 2002)* (plaintiff established an "actual or imminent injury for the purposes of standing" where he had visited the defendant's store in the past, stated that he prefers to shop there, noted that the store is close to where his grandmother lives, and alleged that he would like to visit the store when he visits her).

2020 U.S. Dist. LEXIS 32075, *9

In his declaration, Strojnik asserts that he and Mrs. Strojnik "travel to Napa . . . between once and twice per year to stock up on California wines and spirits" and that he "visited Andaz to determine if it would be suitable for [his] mobility needs upon his return to Napa." Strojnik **[*10]** Decl. ¶¶ 25-30. However, the complaint itself does not allege any specific facts relating to Strojnik's intent to return to the Hotel.

Accordingly, Strojnik has not pleaded that he encountered barriers at the Hotel and is likely to be injured by the same barriers in the future.

### B. Deterrence

As an alternative to establishing an actual encounter with a barrier, an ADA plaintiff may establish standing by pleading that he was deterred from visiting the facility in the first place. "[W]hen a plaintiff who is disabled within the meaning of the ADA has actual knowledge of illegal barriers at a public accommodation to which he or she desires access, that plaintiff need not engage in the 'futile gesture' of attempting to gain access in order to show actual injury." *Pickern v. Holiday Quality Foods Inc., 293 F.3d 1133, 1135 (9th Cir. 2002)* (quoting *42 U.S.C. § 12188(a)(1)*). However, even under a deterrence theory, a plaintiff must allege "actual knowledge of a barrier" and an intent to visit a facility once it is ADA compliant. *Civil Rights Educ. & Enf't Ctr. v. Hosp. Properties Tr., 867 F.3d 1093, 1099 (9th Cir. 2017)* ("*CREEC*").

For the reasons examined above, Strojnik has not pleaded that he was deterred from visiting the Hotel. First, he has not alleged actual knowledge of barriers related to his disability that deterred him from patronizing the Hotel. The photographs attached **[*11]** to his complaint have generic and vague descriptions that do not explain either why the identified features are not ADA compliant or why they are related to his disability. Second, as described above, Strojnik has not adequately alleged that he intends to visit the Hotel once it remedies the purported violations. In his declaration, he provides additional details regarding his connection to Napa and his reasons for returning to the area; however, none of these facts appear in his complaint.

In sum, Strojnik has failed to plead facts sufficient to establish Article III standing.

### IV. LEAVE TO AMEND

Under *Federal Rule of Civil Procedure 15(a)*, leave to amend should be granted as a matter of course, at least until the defendant files a responsive pleading. *Fed. R. Civ. P. 15(a)(1)*. After that point, *Rule 15(a)* provides generally that leave to amend the pleadings before trial should be given "freely . . . when justice so requires." *Fed. R. Civ. P. 15(a)(2)*. "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003)* (quotation omitted). In the absence of an "apparent" reason, such as undue delay, bad faith or dilatory motive, prejudice to the opposing party, futility of the amendments, or repeated failure to cure deficiencies in the complaint by prior amendment, it is an abuse of discretion **[*12]** for a district court to refuse to grant leave to amend a complaint. *Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)*; *Lockheed Martin Corp. v. Network Sols., Inc., 194 F.3d 980, 986 (9th Cir. 1999)*. These factors do not "merit equal weight," and "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, 316 F.3d at 1052*. "Granting leave to amend does not necessarily mean that the underlying allegations ultimately have merit." *FlatWorld Interactives LLC v. Apple Inc., 12-CV-01956-WHO, 2013 U.S. Dist. LEXIS 172453, 2013 WL 6406437, at *3 (N.D. Cal. Dec. 6, 2013)*. "Rather, '[a]bsent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a presumption under *Rule 15(a)* in favor of granting leave to amend.'" *Id.* (quoting *Eminence Capital, 316 F.3d at 1052*).

It is within the discretion of the court to deny leave to amend because of "bad faith or dilatory motive." *Foman, 371 U.S. at 182*. In this case, Strojnik's complaint and opposition raise several concerns. First, in his opposition, Strojnik cites *Castillo-Antonio v. Hernandez, No. 19-cv-672-JSC, 2019 U.S. Dist. LEXIS 108962 (N.D. Cal. 2019)* but he does not explain how the reasoning of that case bears on any of the issues presented here. He merely states that "[t]he legal reasoning in *Castillo-Antonio* is incorporated in its entirety." Opp. at 6. Second, he argues that the Ninth Circuit's opinion in *CREEC* supports that he has adequately pleaded Article III standing; however, he quotes an entire page of **[*13]** that opinion without attempting to apply that analysis to his case. *Id.* at 6-7. Third, Strojnik appears to concede that the allegations in his complaint are inadequate, as he provides a declaration that provides "specific facts clarifying jurisdictional allegations in the complaint." He does not explain why he did not plead these "specific facts" in his complaint, nor did he offer to amend the complaint to

add such facts. Finally, a cursory review of other cases Strojnik has filed in this district reveals that he has filed essentially identical complaints against other entities that merely replace the defendant's name and other minor details. *See, e.g.*, *Strojnik v. Joie de Vivre Hospitality LLC*, No. 18-cv-6587-JSC; *Strojnik v. Marriott Int'l Inc.*, No. 18-cv-6586-EDL; *Strojnik v. 574 Escuela, LLC*, No. 18-cv-6777-JD; *Strojnik v. Benchmark Conference Resorts of California, LLC*, No. 18-7704-VKD. Much like the complaint in this case, those complaints do not allege specific dates or details regarding the defendants' alleged ADA violations.

Strojnik's form complaint and generic opposition brief raise the question of whether his pleadings are made in good faith or whether he is merely relying on the **[*14]** federal court's liberal policy of granting leave to amend. The number of other, essentially identical, complaints he has filed in this district raise a concern that Strojnik files bare-bones complaints that do not meet pleading standards in order to pressure ADA defendants into settlements before the court can reach the merits of his claims. However, the court will grant Strojnik leave to amend his complaint, with the warning that continued failure to file complaints without case-specific information may subject him to sanctions or a pre-filing order. The latter will be addressed in more detail in the court's forthcoming order on Andaz Napa's motion to declare Strojnik a vexatious litigant.

Strojnik shall file an amended complaint by no later than March 4, 2020.

**IT IS SO ORDERED**.

Dated: February 25, 2020

IT IS SO ORDERED

/s/ Donna M. Ryu

Donna M. Ryu

United States Magistrate Judge

---