Peter Strojnik,
7847 N. Central Avenue
Phoenix, Arizona 85020
Telephone: (602) 524-6602
ps@strojnik.com

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Strojnik,<br><br>Plaintiff,<br><br>vs.<br><br>(1) Driftwood Hospitality Management, LLC; (2) United Hotels and Resorts, LLC; (3) CGD Tempe LP,<br><br>Defendants. | Case Nos: 2:20-cv-01532-PHX-DJH<br>2:20-cv-00343<br>2:20-cv-01434<br><br>CONSOLIDATED<br><br>**PLAINTIFF'S VERIFIED DECLARATION IN RESPONSE TO ORDER [30]** |

On December 18, 2020, the Court issued the following order [30]:

> **IT IS ORDERED** that Plaintiff file a declaration verified under penalty of perjury that provides the following information about his Americans with Disabilities Act ("ADA") practice:
> 1. How many ADA cases has Plaintiff filed as a *pro se* litigant in Arizona? And of these cases:
>    a. How many have been tried on the merits?
>    b. How many has Plaintiff voluntarily dismissed?
>    c. How many have settled?
> 2. What is the total amount of money Plaintiff has recovered in settlements from his *pro se* ADA cases filed in Arizona? What is the average recovery in those cases?

As documented in the following accounting table:

1. Plaintiff as a pro se litigant filed 0 cases that include an ADA claim in the United States District Court and 64 cases that include an ADA claim in State Courts.

a. Of those, 0 have been tried on the merits.
b. Plaintiff voluntarily dismissed 14 of those cases.
c. 13 of the cases containing ADA claims were settled and paid.
2. Total recovery from settlement of ADA claims is **$5,040.48.** This number represents recovery of filing fees and service of process fees only. The total costs for ADA claims is **($26,169.50)**. The average recovery per ADA claim is negative **($330.13).** Plaintiff is currently showing negative accounting on all ADA claims in the amount of **(21,129.02)**:

| ADA CLAIM ACCOUNTING AS OF 12/19/2020 | |
|---|---|
| Cases filed in Arizona District Court that Include ADA Claim | 0 |
| Cases filed in Superior Courts that include ADA Claim | 64 |
| Cases where court found Strojnik not vexatious litigant | 0 |
| Cases where court found Strojnik vexatious litigant | 2 |
| Number of cases tried on he merits | 0 |
| Number of cases voluntarily dismissed | 14 |
| Number of ADA cases settled | 13 |
| Funds Recovered on ADA Claims | $5,040.48 |
| Fees and Service Costs - ADA Claims | (11,419.50) |
| Initial Expenses Paid Alocted - ADA Claims | (3,000.00) |
| Initial Expenses Incurred But Not Yet Paid - ADA Claims | (11,750.00) |
| Total Costs - ADA Claims | ($26,169.50) |
| Gross recovery minus costs | ($21,129.02) |
| Average Net Recovery per ADA Claim | ($330.14) |

A financial loss of $21,129.50 is a fair price to promote, even on a minor scale,

(7) the Nation's proper goals regarding individuals with disabilities … to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals; and

To prevent:

(8) the continuing existence of unfair and unnecessary discrimination and prejudice [that] denies people with disabilities the opportunity …to pursue those opportunities for which our free society is justifiably famous…

*See* 42. U.S.C. §12101(a)(7)(8).

Plaintiff's ADA enforcement litigation is a product of a strong moral obligation to enforce basic human right of equal treatment for all, including the forgotten men, women

and children who end up on the freeway off-ramp with extended hands. Plaintiff views his financial loss of $21,129.02 as a fair cost incurred in this moral endeavor.

The accounting further shows that two motions to declare Plaintiff a vexatious litigant filed in the Superior Court have been denied. Exhibits 1 and 2. Plaintiff further suggests that in all three consolidated matters before the court now, Defendants knew that the Superior Court would similarly deny their vexatious litigant motions if they were filed in the Superior Court. This, in turn, prompted them to remove the cases from state court to federal court as a matter of forum shopping.

Defendants filed their vexatious litigant motions in federal court under the All Writs Act, 28 U.S.C. §1651. The statute authorizes federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Plaintiff confirms that he has no intention of filing any ADA claims in the U.S. District Court, but cannot exercise any control over a defendants' actions in removing the cases to the district court.

I verify under the penalty of perjury that the above is true and accurate, to the best of my memory and accounting abilities.

RESPECTFULLY SUBMITTED THIS 19th day of December, 2020.

**PETER STROJNIK**

_____
Plaintiff

ECF filed

3