# EXHIBIT "A"

Decision on Submitted Matter

FILED
DEC 1 6 2020
Clerk of the Court
Superior Court of CA County of Santa Clara
BY_____DEPUTY
M. Rosales

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SANTA CLARA

| | |
|---|---|
| Peter Strojnik<br><br>    Plaintiff,<br><br>vs.<br><br>Sashi Group, LLC et al<br><br>    Defendants. | Case No. 20CV367614<br><br>Order Granting Motion to Declare Plaintiff Peter Strojnik a Vexatious Litigant |

    This matter came on for hearing before the Honorable Maureen A. Folan on December 15, 2020. Plaintiff appeared telephonically as did counsel for SHR and Palmetto and Creekside. Although the Court appreciates the arguments made at the hearing, the Court was not persuaded to change its tentative ruling other than to impose a deadline by which plaintiff must post his security.

    Defendant SHR Palo Alto, LLC ("SHR") brings this motion to declare plaintiff, Peter Strojnik, a vexatious litigant in Santa Clara County Superior Court. SHR asks this Court to require plaintiff to post a security bond, both pursuant to Code of Civil Procedure 391.3 and Code of Civil Procedure 1030. Finally, SHR would like this Court to impose a pre-filing order on plaintiff. Defendants Palmetto Hospitality of Palo Alto, LLC dba Hilton Garden Inn and International Hotel Associates No. 3 LLC dba Creekside Inn-A Greystone Hotel ("Palmetto" "Creekside") have filed a request for joinder in the motion. The joinder request is GRANTED. Plaintiff has filed an opposition to the motion.

1
ORDER

According to defendants, plaintiff has filed over 1,700 fraudulent ADA lawsuits in the state and federal courts and was suspended by the Arizona State Bar for doing so. He was disbarred in May 2019. Since his suspension, he has filed over 180 construction related accessibility ADA lawsuits in California federal courts.

Plaintiff filed his original complaint in this matter against four separate and distinct hotel defendants on June 25, 2020 alleging various construction related accessibility causes of action. Plaintiff amended his complaint on July 24, 2020 to correct the name of a defendant.

The Court granted defendant Palmetto et al's Motion to Strike the First Amended Complaint on November 12, 2020 finding plaintiff to be a high frequency litigant. In so doing, the Court rejected plaintiff's argument that Code of Civil Procedure 425.50, 425.55 and Government Code Section 70616.5 are unconstitutional. Plaintiff filed a second amended complaint on November 16, 2020 but, again, did not comply with the pleading requirements of Code of Civil Procedure Code of Civil Procedure 425.50, nor did he pay the $1,000 filing fee. Plaintiff also added news claims to the second amended complaint for which he did not receive court permission.

**1. Vexatious Litigant Determination**

CCP 391(b) "lists four alternative definitions for a vexatious litigant." (*Holcomb v. U.S. Bank National Assoc.* (2005) 129 Cal.App.4th 1494, 1501.) Defendants argue that Plaintiff is a vexatious litigant under the first and fourth definitions. As the moving party, Defendants bear the burden of proving that Plaintiff is a vexatious litigant. (*Camerado Ins. Agency, Inc. v. Superior Court* (1993) 12 Cal.App.4th 838, 842.)

Defendants ask the Court to take judicial notice the Arizona Bar Interim Suspension of plaintiff as well as a PACER printout of all of the cases plaintiff filed presumably asserting construction related accessibility claims. Exhibits 1, 2. Additionally defendants seek judicial notice of copies of 12 of plaintiff's construction related disability complaints filed in federal court within the past year, most or many of which have been dismissed with prejudice. Exhibits 3-15. Defendants also ask the Court to take judicial notice of 2 Federal Court orders declaring plaintiff to be a vexatious litigant. Exhibits 16-17 and a documents showing adverse judgments

and liens involving plaintiff. Exhibit 18. Finally, defendants ask the Court to take judicial notice of the Presiding Judge of the Northern District of California's order denying plaintiff's petition to file a complaint nearly identical to the one plaintiff filed in this case. Exhibit 19.

A precondition to taking judicial notice is that the matter is relevant to an issue under review. (*People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 422; see also *Gbur v. Cohen* (1979) 93 Cal.App.3d 296, 301.) From a general standpoint, the exhibits at issue are relevant herein as they are directly relied upon by Defendants to support their motion. A review of Defendants' memorandum as well as the requests for judicial notice also shows that Defendants clearly articulated the relevance of each exhibit to their motion. They stated that the exhibits support their motion by showing that Plaintiff has commenced, prosecuted, or maintained in propria persona at least five litigations that have been finally determined adversely to him and that he has previously twice been declared a vexatious litigant. In view of the nature of Defendants' motion, the relevance of the exhibits they submitted is self-evident.

Evidence Code § 452(b) mandates this Court to take judicial notice of the records of any court of this state, or any court of record of the United States, or of any state of the United States. In furtherance of this mandate, Evidence Code § 664 establishes a statutory presumption that public employees tasked with the creation and maintenance of public records regularly performed their duties. In other words, when the law requires that a public employee or agent of a public agency perform a duty, such as collection and recording of data, a statutory presumption is created that this duty was regularly performed.

Court records are expressly subject to judicial notice under Evidence Code § 45(d). Official acts of government agencies are otherwise judicially noticeable under Evidence Code § 452(c), and that provision has been broadly construed to include public records and proceedings. (See Evid. Code, § 452, Law Revision Commission Comments.) Thus, the records in question are proper subjects for judicial notice. They are also manifestly relevant to the pending motion as indicated above. Defendants' request for judicial notice is therefore GRANTED, with the caveat that judicial notice does not establish the truth of statements or allegations in the records or factual findings that were not the product of an adversary hearing involving the question of the existence or nonexistence of said facts. (See *Lockley v. Law Office of Cantrell, Green, Pekich,*

*Cruz & McCort* (2001) 91 Cal.App.4th 875, 882; see also see also *Kilroy v. State of California* (2004) 119 Cal.App.4th 140, 145-148; *People v. Long* (1970) 7 Cal.App.3d 586, 591.)

### A. Vexatious Litigant Determination under CCP 391(b)(1)

CCP 391(b)(1) defines a vexatious litigant in relevant part to be a person who, "[i]n the immediately preceding seven-year period[,] has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person..."

Defendants have presented evidence that plaintiff has had more than eleven cases dismissed with prejudice in the past year alone as an in pro per plaintiff. See, RFJN Exh.3-15. Plaintiff does not dispute that these actions were dismissed but argues that many of them were dismissed because the Court refused to permit supplemental jurisdiction. Defendants added that plaintiff also has had some 19 judgments entered against him in the last two years and a recently dismissal of a complaint with prejudice on December 3, 2020 in the Strojnik v. Inn at Jack London Square, LLC Case 4:20-cv-01289 SBA.

Defendants have established that plaintiff, as a pro per litigant, has maintained at least five litigations in the preceding seven-year period that have been finally adversely determined against him.

### B  Vexatious Litigant Determination under CCP 391 (b) (4)

Code of Civil Procedure Section 391 (b) (4) defines a vexatious litigant as "a person..(4) who has been previously declared to be a vexatious litigant by any state or federal court of record in any action or proceeding based on the same or substantially similar facts, transaction or occurrence. Defendant submitted two federal court orders declaring plaintiff to be a vexatious litigant. Like this case, the cases in which plaintiff was declared a vexatious litigant involved ADA based claims.   Defendants have met their burden under CCP 391 (b) (4).

## 2. Reasonable Probability of Prevailing

Pursuant to Code of Civil Procedure Sections 391.1 and 391.3, if defendants seek an order requiring plaintiff to furnish a security, as they do here, defendants must also establish plaintiff has no reasonable probability of prevailing in this litigation.

At this stage in the proceedings, this burden has been met for several reasons. First, by order dated November 12, 2020, this Court determined that plaintiff was a high frequency litigant and was required to comply with Code of Civil Procedure 425.50. The Court granted a motion to strike and gave plaintiff leave to amend to correct his pleading. The Court rejected plaintiff's argument that Code of Civil Procedure 425.50 is unconstitutional. Instead of complying with the Court's order, plaintiff filed an amended complaint that does not comport with the pleading requirements of Code of Civil Procedure 425.50. And, there is no indication plaintiff has paid the $1,000 filing fee. In addition, plaintiff went beyond the Court's order and added a new claims for which he did not receive Court permission. At this point, his pleadings are subject to be stricken again.

Second, there appears to be a misjoinder of the defendants per Code of Civil Procedure 379 (a) (1). There are 4 disparate claims against the separate and distinct hotel defendants and joining all of these defendants in a single lawsuit may be improper.

Third, plaintiff's second amended complaint alleges construction related accessibility violations under 28 C.F.R. Section 36.302 ( e) (1) (ii) but no specific allegations are made against SHR Palo Alto in that regard. Moreover, although the second amended complaint has numerous pictures of alleged ADA violations at the SHR hotel those pictures are not connected to information on a website.

The Court cannot consider plaintiff's declaration and exhibits thereto for several reasons. First, plaintiff did not sign his declaration under penalty of perjury under the laws of the State of California in violation of Code of Civil Procedure 2015.5; *Kulshrestha v. First Union Commercial Corp.* (2004) 33 Cal 4th 601. Second, plaintiff did not request judicial notice. Third, plaintiff did not authenticate many of the exhibits. Fourth, much of plaintiff's declaration is

dedicated to casting aspersions on defense counsel which the court finds irrelevant and unnecessary. For that matter, the Court did not find defense counsel's vitriolic remarks about plaintiff helpful either. In any event, the Court sustains defense counsel's objections to plaintiff's declaration.

The Court finds that it is appropriate to require plaintiff to post an undertaking before proceeding with this lawsuit both under CCP 391.3 and under CCP 1030 as plaintiff is not a California resident and the Court harbors doubts that plaintiff has a reasonable probability of prevailing in this lawsuit. The Court has reviewed the submissions of counsel on anticipated attorney's fees and costs. The Court believes that $50,000 is a reasonable and adequate amount for a bond, given anticipated motion practice and discovery. Plaintiff is ordered to post a $50,000 undertaking within 20 (MAF) days of service of this order. Failure to post the security will result in dismissal of this case, upon motion or ex parte application, pursuant to CCP 391.4.

The Court declines to issue a pre-filing order at this time. That decision is made without prejudice, however.

Date: 12-16, 2020

Maureen A. Folan
Judge of the Superior Court

6
ORDER



**SUPERIOR COURT OF CALIFORNIA
COUNTY OF SANTA CLARA
DOWNTOWN COURTHOUSE**
191 NORTH FIRST STREET
SAN JOSÉ, CALIFORNIA 95113
**CIVIL DIVISION**



DEC 1 6 2020

Clerk of the Court
Superior Court of County of Santa Clara
BY_____DEPUTY
M. Rosales

RE:         **Peter Strojnik vs Sashi Group, LLC et al**
Case Number:   **20CV367614**

## PROOF OF SERVICE

**Order Granting Motion to Declare Plaintiff Peter Strojnik a Vexatious Litigant** was delivered to the parties listed below the above entitled case as set forth in the sworn declaration below.

If you, a party represented by you, or a witness to be called on behalf of that party need an accommodation under the American with Disabilities Act, please contact the Court Administrator's office at (408) 882-2700, or use the Court's TDD line (408) 882-2690 or the Voice/TDD California Relay Service (800) 735-2922.

**DECLARATION OF SERVICE BY MAIL:** I declare that I served this notice by enclosing a true copy in a sealed envelope, addressed to each person whose name is shown below, and by depositing the envelope with postage fully prepaid, in the United States Mail at San Jose, CA on December 16, 2020. CLERK OF THE COURT, by Mark Rosales, Deputy.

cc:    Peter Strojnik  7847 N Central Avenue  Phoenix AZ  85020
       Robert D Infelise  COX CASTLE & NICHOLSON LLP  50 California Street 32th Floor  SAN FRANCISCO CA  94111
       Philip Harris Stillman  3015 N Bay Road STE B  Miami Beach FL  33139
       Vexatious Litigation Prefiling Orders, California Judicial Council Administrative Office of the Courts, 455 Golden Gate Avenue San Francisco, CA 94102-3688

CW-9027 REV 12/08/16                           **PROOF OF SERVICE**