# EXHIBIT "A"

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

### I.    PARTIES.

THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE ("Settlement Agreement") is entered into this 5th day of October, 2020 (the "Effective Date") between Plaintiff Peter Strojnik (**"Strojnik" or "Plaintiff"**) and Defendant KSVA Hospitality Partners, LLC (**"KSVA" or "Defendant"**). Strojnik and KSVA are collectively referred to as the "Settling Parties."

### II.    RECITALS.

1.     On or about January 20, 2020, Strojnik visited KSVA's hotel located at 10210 N 26th Dr, Phoenix, AZ 85021 ("Comfort Suites"). During that visit, Strojnik documented various alleged accessibility barriers at Comfort Suites.

2.     On February 20, 2020, Strojnik filed suit against KSVA in Maricopa County Superior Court (the "Court") Case No. CV2020-051506 (the "Lawsuit"), alleging, among other things, violations of the Americans with Disabilities Act and Negligence.

3.     The Settling Parties now wish to settle and compromise all issues and claims against each other arising out of, or that could have arisen out of, the Lawsuit and for any claims, whether sounding in equity or at law, as torts or breach of contract claims under any theory arising at any time before or after the Effective Date, whether known or unknown. This Agreement is intended to resolve all claims whatsoever between the Settling Parties, now or in the future.

### III.    COVENANTS.

1.     **Incorporation of Recitals.** Each of the Recitals is incorporated into this Settlement Agreement and is a material part hereof. Each of the Settling Parties represents and warrants to all other Settling Parties that, to the best knowledge and belief of the warranting Settling Party, each of the Recitals is true and correct.

2.     **Consideration**.

a.     Settlement Payment. KSVA will pay a total of Seven Thousand, Five Hundred Dollars ($7,500.00) in immediately payable funds (the "Settlement Payment") to Peter Strojnik at 7847 N. Central Ave., Phoenix, Arizona 85020.

      b.    <u>Dismissal Against KSVA</u>.  KSVA and Strojnik will execute and file a stipulation to dismiss the Lawsuit <u>*with prejudice*</u> with each party to bear its own attorneys' fees and costs contemporaneous with the execution of this Settlement Agreement.

      3.    **<u>Each Party to Bear Own Litigation Costs.</u>**  Except for any claims to enforce this Settlement Agreement from and after the Effective Date, the Settling Parties shall bear their own costs and attorney's fees related to or arising from the Lawsuit and the preparation, negotiation and implementation of this Settlement Agreement.

      4.    **<u>No Admission.</u>**  The Settling Parties each agree that this Settlement Agreement and the matters herein, including the action of the Settling Parties related thereto, is a result of compromise and shall not be construed as any admission by any Settling Party of any wrongdoing, fault and/or liability of any kind or nature whatsoever, of/to any person and/or entity, with respect to matters described herein, any breach of any agreement and/or any violation of any law and/or regulation or otherwise.

      5.    **<u>General and Mutual Releases; Prohibition Against Future Actions.</u>**  In consideration of the mutual promises and covenants contained herein, the Settling Parties agree to the following mutual release.

      a.    Except for the performance of the obligations contained in this Agreement, the Settlement Parties mutually agree to forever release and covenant not to sue the other, or any of their past, present, and future, principals, shareholders, investors, members, officers, agents, brokers, employees, employers, trustees, representatives, attorneys, beneficiaries, servants, directors, partners, joint venturers, independent contractors, parent and subsidiary corporations, related entities, affiliate corporations or companies, franchisors, franchisees, executors, successors, predecessors-in-interest, administrators, insurers, re-insurers, and assigns, and all persons or entities claiming by, through, or under it, on any or all claims, actions, causes of action, suits, debts, sums of money, losses, interests, costs, lost profits, receivables, expenses, sums of money, accounts, covenants, contracts, agreements, representations, warranties, damages, injuries, liabilities and demands whatsoever, in law, equity, arbitration, administrative proceeding or otherwise, whether known or unknown, contingent or fixed, liquidated or unliquidated, which the Settlement Parties had, now have, or may claim to have in the future, arising out of or in any way related to the issues pled in the Lawsuit.

      b.    The Settling Parties acknowledge that they have entered into this Settlement Agreement in reliance on their own independent investigations and analysis of the facts and the law governing these actions and the claims asserted in

them, and that no representations, warranties, or promises of any kind have been made, directly or indirectly, to induce any of them to execute this Settlement Agreement, other than those that are expressly set forth in this Settlement Agreement.

c.    Strojnik understands and expressly acknowledges that the Settlement Payment is the only monetary compensation that he <u>will ever</u> receive from KSVA for any and all potential or existing claims, whether known or unknown, which he may have against KSVA. Strojnik understands that by accepting the consideration contemplated herein, he agrees that he fully releases KSVA from any liability for actions taken prior **<u>or subsequent to</u>** the execution of this Agreement.  To the extent Strojnik ever stays in a hotel owned by KSVA he does so at his own risk.

d.    In exchange for the actions and obligations to which KSVA agrees to be bound including, but not limited to, those set forth in Section III(2)(a), Strojnik, by executing this Agreement, completely and forever releases KSVA, and all of its past, present and future officers, directors, shareholders, members, partners, managers, representatives, board members, related companies, joint ventures, parent companies and partnerships, affiliated companies and partnerships, subsidiaries, insurance carriers, insurers, re-insurers, agents, servants, employees, successors, assigns, heirs, legatees, and attorneys, and each of them (collectively, the "Released Parties"), from any and all claims that in any way relate to the allegations that were made, or could have been made, in  the Lawsuit.  This Agreement is intended to bind the marital community of Strojnik, if applicable, as well as his heirs, executors, administrators and assigns, as well as Strojnik as an individual.

Without limiting the generality of this Agreement, Strojnik acknowledges and agrees that this Agreement is specifically intended to bar every possible claim, demand, and/or cause of action against KSVA including, without limitation, any and all claims arising under:

- The Americans With Disabilities Act,
- The Arizonans With Disabilities Act, and
- Any other cause of action arising under federal, state, or local law or statute.
- Without limiting the generality of this Agreement, Strojnik further acknowledges and agrees that this Agreement is intended to bar all tort claims, equitable claims, and all common law claims including, without limitation, claims of or for:
- Breach of Contract,
- Breach of Covenant of Good Faith and Fair Dealing,

- Estoppel,
- Fraud, including, but not limited to common law fraud and Arizona Consumer Fraud,
- Negligence,
- Negligent or intentional misrepresentation,
- Personal injury,
- Slander,
- Libel,
- Defamation,
- False light,
- Injurious falsehood,
- Invasion of privacy,
- Negligent or intentional infliction of emotional distress, and
- Loss of consortium.

6.     **Successors and Assigns.**  This Settlement Agreement is binding on the Settling Parties, their heirs, administrators, executors, successors and assigns. The Settling Parties covenant and agree that they themselves and their heirs, executors, administrators, successors and assigns will sign all instruments, releases, assignments and consents that may be reasonably required of them under the provisions of this Settlement Agreement.

7.     **Representation by Counsel.**  KSVA acknowledges that it has been represented by and has relied upon counsel of its choice throughout the negotiations and preparation of this Settlement Agreement. Strojnik acknowledges that he has chosen to forego legal counsel and has chosen to represent himself throughout the negotiations and preparation of this Settlement Agreement. The Settling Parties acknowledge that they have carefully read this Settlement Agreement. KSVA acknowledges that its counsel has fully explained its contents to it. Strojnik acknowledges that he fully understands the contents of this Settlement Agreement.

8.     **Voluntary Execution.**  The Settling Parties are aware of and understand the terms of this Settlement Agreement and the legal consequences thereof.  The Settling Parties warrant that they have signed the Settlement Agreement voluntarily of their own free will and accord and not under duress.

9.     **Transfer of Claims.**  The Settling Parties have not sold, assigned, transferred, conveyed or otherwise disposed of any of the released claims referred to in this Settlement Agreement.

10.     **Time of the Essence**.   The Settling Parties each acknowledge that time is of the essence with regard to this Settlement Agreement. The Settling Parties

each agree to perform their obligations hereunder expediently, promptly, and without delay.

11.  **Entirety Clause.**  This Settlement Agreement supersedes all prior agreements between the Settling Parties and it reflects the entire agreement between the Settling Parties.  Any statements, promises, or inducements that are not contained in this Settlement Agreement are not valid or binding on the Settling Parties.

12.  **Attorneys' Fees.**  If any Settling Party commences any legal or equitable action or proceeding related to any of the provisions of this Settlement Agreement, the prevailing Settling Party shall recover its reasonable attorneys' fees, witness costs (including expert witness costs) and litigation-related expenses in doing so.  This paragraph applies, among other things, to any action for declaratory relief or for any other form of relief to enforce, interpret or rescind or in any other manner affect the provisions of this Settlement Agreement, as well as an action for the breach of this Settlement Agreement.  This paragraph further applies to any appellate proceedings that may be brought in connection with such action.  The amount of the attorneys' fees, witness costs (including expert witness costs), and litigation related expenses shall be determined by the court, arbitrator, or other decision maker in the same action or in any separate action brought for that purpose, in addition to any other relief to which any party may be entitled.

13.  **Notices.**  Any notices or communications required or permitted under this Settlement Agreement shall be deemed to be given if sent by facsimile, email or delivered personally, with a copy thereafter sent by first class mail or registered mail, certified mail return receipt requested, or overnight courier service to the following persons:

*For Strojnik*:

Peter Strojnik
7847 N Central Ave
Phoenix, Arizona 85020
(602) 524-6602
ps@strojnik.com

*For KSVA:*

Brian C. Locker
Fowler St. Clair, PLLC
8655 E Via De Ventura
Suite G-225

Scottsdale, Arizona 85258
locker@fowlerstclair.com

14.     **Signature in Counterpart.**    This Settlement Agreement may be signed in counterpart and circulated by facsimile transmission or electronically. Each of the counterparts is original, and all of the originals constitute one and the same instrument, which will be effective on the Effective Date stated above.

15.     **Headings.**    The headings in this Settlement Agreement are for convenience only and shall not be used in interpreting the obligations of the Settling Parties under this Settlement Agreement.

16.     **Interpretation.**    It is understood and agreed that the terms of this Settlement Agreement were the result of mutual negotiations from the Settling Parties, and that all Settling Parties had the opportunity to and did in fact participate in drafting the final terms of this Settlement Agreement.

17.     **Amendment.**    This Settlement Agreement shall not be modified or amended except in writing signed by the Settling Parties.  Therefore, this Settlement Agreement shall not be construed against the "drafter" of the same.

18.     **Severability.**    In the event that one or more of the provisions, or portions thereof, of this Agreement are determined to be unenforceable, the remainder of this Agreement shall not be affected thereby and each remaining provision or portion thereof shall continue to be valid and effective and shall be enforceable to the fullest extent permitted by law, as long as the consideration set forth herein is not affected by the unenforceability of any provision.

19.     **Authority to Sign.**    The Settling Parties warrant that they have the sole and exclusive capacity and authority to sign this Settlement Agreement and to accept the promises specified in it. All actions on the part of each Settling Party necessary for the performance of its obligations under this Settlement Agreement has been taken prior to the signing of this Settlement Agreement.

20.     **Governing Law/Venue.**    This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of Arizona without regard to its body of conflicts laws.  The Settling Parties hereto agree that any legal action related to this Settlement Agreement or the transactions described in the Recitals may be instituted and prosecuted exclusively and only in the Superior Court of the State of Arizona, In and For Maricopa County.  Each party consents to exclusive subject matter and personal jurisdiction and exclusive venue of this Court and waives his or her right to change venue.

IN WITNESS WHEREOF, the Settling Parties have executed this Agreement as of the Effective Date.

_____

PETER STROJNIK

_____

KSVA HOSPITALITY PARNTERS, LLC
        BY: KAMAL JIT SINGH WALIA
        ITS: MANAGER