Peter Strojnik,
7847 N. Central Avenue
Phoenix, Arizona 85020
Telephone: (602) 524-6602
ps@strojnik.com

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Peter Strojnik,<br><br>                             Plaintiff,<br><br>vs.<br><br>(1)    Driftwood Hospitality Management, LLC; (2) United Hotels and Resorts, LLC; (3) CGD Tempe LP,<br><br>                           Defendants. | Case Nos:   2:20-cv-01532-PHX-DJH<br>                    2:20-cv-00343<br>                    2:20-cv-01434<br><br>CONSOLIDATED<br><br>**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S VERIFIED DECLARATION IN RESPONSE TO ORDER [30]** |

Defendant is unhappy that Plaintiff lost Twenty One Thousand One Hundred Twenty Nine Dollars and 02/100 ($21,129.02) in pursuing his strongly felt moral obligation to enforce basic human right of equal treatment for all, including the forgotten men, women and children who end up on the freeway off-ramp with extended hands. Plaintiff views his financial loss of $21,129.02 as a fair cost incurred in this moral endeavor. Dkt. at [31].

Defendant also objects that Plaintiff does not recover any damages on his ADA claims. Upon information and belief, Defendant is aware that there no damages are recoverable on an ADA claim.

It is not unusual for counsel to offer his opinions regarding what Plaintiff *really* means when he files papers with the Court. For example, in *Strojnik v. HPTRI,* 2:20-cv-01868, Defense counsel advised the Court that Plintiff *did not really mean* to sue HPTRI but *really* meant to sue HPTMI. Then, believing his own construction of the English language, *filed a counterclaim in the name of HPTMI* which prompted Plaintiff to note:

Defendant's entire Counterclaim is based on a novel, heretofore unrecognizable defense: "Plaintiff did not really mean to sue HPTRI Corporation ("HPTRI"), Plaintiff really meant to sue HPTMI Properties Trust ("HPTMI")". In the annals of jurisprudence this is a lifeless defense, so let there be no mystery: Plaintiff *intended* to sue HPTRI, he *did sue* HPTRI and he sued HPTRI because HPTRI - and not HPTMI - owns Residence Inn by Marriott Scottsdale Paradise Valley located at 6040 N. Scottsdale Rd., Paradise Valley, AZ 85253.

Dkt. [24] at 1. 17-23[1].

Or consider Mr. Leavitt's conclusion that Plaintiff's negligence claim is in reality a premises liability claim. *See New Crescent* at Dkt. 47.

Defendant's deconstruction of English language has come to a point where no word has any meaning and anything can be true, whatever counsel says. Plaintiff has difficulty in presenting a view where HPTRI means HPTMI, where "negligence" means "premises liability" and where a payment for mutual release of all…

> issues and claims against each other arising out of, or that could have arisen out of, the Lawsuit and for any claims, whether sounding in equity or at law, as torts or breach of contract claims under any theory arising at any time before or after the Effective Date, whether known or unknown. This Agreement is intended to resolve all claims whatsoever between the Settling Parties, now or in the future

…relates only to the ADA claim.

Concurrently herewith Plaintiff submits to the Court his All Writs Act Motion For Writ Of Prohibition Against Lindsay Leavitt and Jennings, Strouss & Salmon, P.L.C. which is incorporated herein in its entirety.

RESPECTFULLY SUBMITTED THIS 21st day of December, 2020.

**PETER STROJNIK**

_____
Plaintiff

ECF filed

---

[1] This case has since been remanded back to the Superior Court. Dkt. at [25]