1
2
3
4

Peter Strojnik,
7847 N. Central Avenue
Phoenix, Arizona 85020
Telephone:  (602) 524-6602
ps@strojnik.com

5
6

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

7
8
9
10
11
12
13
14

| | |
|---|---|
| Peter Strojnik,<br><br>                              Plaintiff,<br><br>           vs.<br><br>(1)     Driftwood Hospitality Management,<br>LLC; (2) United Hotels and Resorts, LLC;<br>(3) CGD Tempe LP,<br><br>                              Defendants. | Case Nos:     2:20-cv-01532-PHX-DJH<br>                    2:20-cv-00343<br>                    2:20-cv-01434<br><br>CONSOLIDATED<br><br>**PLAINTIFF'S RESPONSE TO<br>DEFENDANT'S REQUEST FOR<br>JUDICIAL NOTICE [32]** |

15
16
17
18
19
20
21
22
23

        Defendant New Crescent requests the Court to take judicial notice of a decision in the Superior Court of Santa Clara in California. [32-1]. The Santa Clara decision is based on the curiosity of California law and particularly CCP 391(b)(1) and (4). The essence of California state law is that a disabled person can file only 10 ADA cases before the filing fee for filing additional cases is increased by $1,000.00.  For this reason, the decision does not find Plaintiff a "vexatious litigant" in the sense of the All Writs Act. In fact, it *refuses* to impose any pre-filing orders altogether. In connection with this point, Plintiff by this reference incorporates the argument in his All Writs Act Motion for Writ of Prohibition against Lindsay Leavitt and Jennings Strouss and Salmon, Dkt. at 34.

24
25
26
27
28

        Under Federal Rule of Evidence 201(a), the Court may take judicial notice of "adjudicative facts". Rule 201(a) must be read in conjunction with Rule 402 which provides that "[i]rrelevant evidence is not admissible" and Rule 401 which defines relevant evidence as that which "has any tendency to make a fact more or less probable than it would be without the evidence".

The proffered Santa Clara Order is utterly irrelevant to the All Writs Act and is inadmissible to prove any fact or lack of any fact connected with Defendant New Crescent and Leavitt's Vexatious Litigant Motions. The only potential relevance it may have is to Plaintiff's AWA Motion at Dkt. 34 to show that Leavitt and New Crescent continue to abuse the jurisdictional reach of the District Court.

201(b) provides "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Documents in the public record may be judicially noticed to show, for example, that a judicial proceeding occurred or that a document was filed in another case, but a court may not take judicial notice of findings of facts from another case. *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (courts "may take judicial notice of court filings and other matters of public record."). Nor may a court take judicial notice of any matter that is in dispute. *Lee*, 250 F.3d at 689-90; *see also Ruiz v. City of Santa Maria*, 160 F.3d 543, 548 n.13 (9th Cir. 1998) (finding judicial notice inappropriate where the facts to be noticed were not relevant to the disposition of the issues before the court).

While the Court may take judicial notice of court filings, it cannot take judicial notice of the truth of any statements made in them. *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take judicial notice of undisputed matters of public record, . . . including documents on file in federal or state courts." (internal citation omitted)). The Court does so solely for its existence and content, not the truth of any statements therein. *See Rieckborn v. Jefferies LLC*, 81 F.Supp.3d 902, 913 (N.D. Cal. 2015).

## CONCLUSION AND PRAYER FOR RELIEF

Defendant's Supplemental Brief is just another example of New Crescent's and its lawyers' misuse of the judicial process by disparagement of the opposing party with utterly and completely irrelevant and inadmissible evidence.

1    Plaintiff requests sanction of $100.00 against Defendants for filing this knowingly
2  irrelevant paper with the Court.
3    RESPECTFULLY SUBMITTED THIS 24th day of December, 2020.
4
5                                    **PETER STROJNIK**
6    _____
7                                    Plaintiff
8  ECF filed
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28