Peter Strojnik,
7847 N. Central Avenue
Phoenix, Arizona 85020
Telephone: (602) 524-6602
ps@strojnik.com

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Strojnik,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>(1)　Driftwood Hospitality Management, LLC; (2) United Hotels and Resorts, LLC; (3) CGD Tempe LP,<br><br>　　　　　　Defendants. | Case Nos:　2:20-cv-01532-PHX-DJH<br>　　　　　　2:20-cv-00343<br>　　　　　　2:20-cv-01434<br><br>CONSOLIDATED<br><br>**ALL WRITS ACT MOTION FOR WRIT OF PROHIBITION AGAINST MONICA RYDEN, JACKSON LEWIS, P.C. DRIFTWOOD HOSPITALITY MANAGEMENT, LLC; UNITED HOTELS AND RESORTS, LLC; AND CGD TEMPE LP** |

## INTRODUCTION AND SUMMARY

Plaintiff brings this motion against Monica Ryden, Jackson Lewis, P.C.. Driftwood Hospitality Management, LLC; United Hotels And Resorts, LLC; AND CGD Tempe, LP. (cumulatively "Driftwood Defendants"). Driftwood Defendants removed Plaintiff's Superior Court complaint to the United States district court claiming that district court has jurisdiction. Upon removal, however, Driftwood Defendants moved to dismiss the same Superior Court complaint for lack of jurisdiction.

Driftwood Defendants know that similar motions to dismiss complaints filed in the Superior Court had been denied on two occasions. Exhibits 1 and 2.

Driftwood Defendants then moved the district court to declare Plaintiff a vexatious litigant and issue a writ enjoining Plintiff from filing actions in the Superior Court. [17].

Driftwood Defendants know that similar motions to declare Plaintiff a vexatious litigant were denied by the Superior Court on two occasions. *See* Dkt. at [31-1] and [31-2].

Plaintiff has filed no pro se complaints in the district court. *See* id.

State law, not federal law, governs the sufficiency of the pleadings filed in the State court. State law, not Federal law, governs the vexatious litigant designation for filing complaints in State Courts. The fact that Driftwood Defendants removed the Superior Court complaint to the district court does not transmute Plaintiff's Superior Court complaint from a complaint based on State law to one based on federal law. District court has no jurisdiction to prevent Plaintiff from filing cases in the State Court. *See* the Anti Injunction Act, 28 U.S.C. § 2283 (prohibiting federal courts from enjoining state court proceedings). Further, district court must regard the law of Arizona "as [a] rule of decision". 28 U.S.C. §1652. The State court decisions denying motions to dismiss and vexatious litigant motions represent the State law and must be accorded a precedential value pursuant to 28 U.S.C. §1652.

Driftwood Defendants' use of the removal in order to impose Federal law on Plaintiff's activities in the State Court must be enjoined "in aid of [district court's] … jurisdiction".

## ANALYSIS

**1. All Writs Act, Anti Injunction Act and State Law as Rules of Decision**

**28 U.S. Code § 1651. Writs**

**(a)** The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.
**(b)** An alternative writ or rule nisi may be issued by a justice or judge of a court which has jurisdiction.

**28 U.S. Code § 1652. State laws as rules of decision**

The laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply.

**28 U.S. Code § 2283. Stay of State court proceedings**

A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

The All Writs Act is limited by the Anti-Injunction Act which prevents a federal court from enjoining the "proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The limitations expressed in the Anti Injunction Act "rest[] on the fundamental constitutional independence of the States and their courts," *Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970), and reflect "Congress' considered judgment as to how to balance the tensions inherent in such a system," *Chick Kam Choo v. Exxon Corp.,* 486 U.S. 140, 146 (1988). Rooted firmly in constitutional principles, the Act is designed to prevent friction between federal and state courts by barring federal intervention in all but the narrowest of circumstances. *See Alton Box Bd. Co. v. Esprit de Corp*., 682 F.2d 1267, 1271 (9th Cir. 1982); *Bennett v. Medtronic*, 285 F.3d 801, 805 (9th Cir. 2002). Accordingly, the limited exceptions to the Anti Injunction Act will not "be enlarged by loose statutory construction." *Atlantic Coast Line*, 398 U.S. at 287. Rather, "[a]ny doubts as to the propriety of a federal injunction against state court proceedings [will] be resolved in favor of permitting the state courts to proceed," id. at 297, which means that the Court will uphold an injunction only on "a strong and unequivocal showing" that such relief is necessary, *Bechtel Petroleum, Inc. v. Webster*, 796 F.2d 252, 253-54 (9th Cir. 1986).

There is no "strong an unequivocal" need to enjoin Plaintiff's State Court complaints.

**2. Driftwood Defendants' Requested Writ to Prevent Plintiff from Filing Complaints in State Court Violates the Anti-Injunction Act.**

On the basis of the All Writs Act, 28 U.S.C. §1651, Driftwood Defendants filed a Motion to Declare Plaintiff a Vexatious Litigant [22]. There is no allegation that Plaintiff

3

filed *any* pro se ADA case in the Arizona district court.  In fact, Plaintiff never filed even one pro se ADA cases in the Arizona district court. *See* Declaration, [31] and attachments 31-1 and 31-2]. Plaintiff files all Arizona ADA cases in State Courts. Driftwood Defendants know this. Driftwood Defendants' lawyer, as member of the SBA, also knows that the district court lacks jurisdiction to enjoin Plaintiff from filing ADA cases in the State Court. Any writ preventing Plaintiff from filing cases in the State Court (1) violates the Anti-Injunction Act, and (2) any such writ would not aid the district court in *its* jurisdiction.

At the time of the filing of the vexatious litigant motion, Driftwood Defendants were aware that on May 28, 2020 and then again on October 9, 2020, the Maricopa County Superior Court twice concluded that Plaintiff as *not* a vexatious litigant under Arizona law. *See* post consolidation [31-1] and [31-2].  The Superior Court decisions are entitled to res judicata effect pursuant to 28 U.S. Code § 1652.

The All Writs Act grants the U.S. District Court power to "issue all writs necessary or appropriate in aid of **[District Court's]** respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. The Anti-Injunction Act, 28 U.S.C. §2283, however,  specifically prohibits federal courts from enjoining state court proceedings.  Further, 28 U.S.C. §1652 specifically provides that "[t]he laws of the several states … shall be regarded as rules of decision in civil actions in the courts of the United States".

Driftwood Defendants have improperly and intentionally confounded district court's jurisdiction over the ADA claim with the lack of district court's jurisdiction over State Court proceedings. Therefore, a declaration that Driftwood Defendants' intentional misuse of district court's jurisdiction "is necessary or appropriate in aid of **[District Court's]** … jurisdiction".

### CONCLUSION AND PRAYER FOR RELIEF

The old adage that one who accuses another of a bad act is usually guilty of the bad act himself is true. Driftwood Defendants could have filed the vexatious litigant motion in the Superior Court but instead removed the case to the district court. Driftwood Defendants knew full well that the vexatious litigant motion would have no possibility of success.

4

Driftwood Defendants should be enjoined from removing any case filed by Strojnik in the Superior Court and then claiming that the district court lacks jurisdiction or that Driftwood Defendants' removal renders Plintiff a vexatious litigant.

RESPECTFULLY SUBMITTED THIS 30th day of December, 2020.

**PETER STROJNIK**

_____
Plaintiff

ECF filed

5