Monica M. Ryden (State Bar No. 023986)
**JACKSON LEWIS PC**
2111 East Highland Avenue, Suite B-250
Phoenix, AZ  85016
Telephone: (602) 714-7044
Facsimile: (602) 714-7045
Monica.Ryden@jacksonlewis.com

Attorneys for Defendants Driftwood
Hospitality Management, LLC
and CGD Tempe LP

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Strojnik,<br><br>    Plaintiff,<br><br> vs.<br><br>Driftwood Hospitality Management, LLC; United Hotels and Resorts, LLC; and CGD Tempe LP,<br><br>    Defendants. | Case No. **2:20-cv-01532-PHX-DJH**<br>2:20-cv001434-PHX-JJT<br>2:20-cv000343-PHX-DWL<br>(Consolidated)<br><br>**DRIFTWOOD HOSPITALITY MANAGEMENT AND CGD TEMPE'S RESPONSE TO PLAINTIFF'S PETITION FOR WRIT OF PROHIBITION** |

Plaintiff's Petition for Writ of Prohibition [Doc. 38] seeks to have the case remanded to the state court, and enjoin Defendants and their attorney from removing any case filed by Plaintiff in the state court and then moving to dismiss for lack of standing. The Court may deny the Petition for Writ of Prohibition for three independent reasons.

First, Plaintiff's claims in his Petition for Writ of Prohibition are essentially the same as those in his Response to Defendant's Motion to Dismiss [Doc. 16]. The Motion to Dismiss [Doc. 12] has been fully briefed. Because Plaintiff did not move for leave to file a supplemental brief, the Court may deny the Petition for Writ of Prohibition.

The Court may also deny the Petition for Writ of Prohibition on the basis that it is an improper motion.  A petition for writ of prohibition may be used by an appellate court

1

to enjoin an inferior court in certain limited circumstances. *See Pulliam v. Allen*, 466 U.S. 522, 537-38, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984). This Court is not an appellate court and the relief Plaintiff seeks cannot be obtained through a writ of prohibition. *See Lopez-Arroyo v. United States*, No. CV 18-00040-TUC-CKJ, 2018 U.S. Dist. LEXIS 44505, at *3 (D. Ariz. Mar. 15, 2018) (dismissing the petition for this reason). Accordingly, the Court may dismiss the Petition.

Finally, Plaintiff's claims that the state court has twice concluded that Plaintiff is not a vexatious litigant, and that these decisions are entitled to res judicata effect are incorrect. The state court has twice denied motions to declare Plaintiff a vexatious litigant; the court did not conclude that Plaintiff is not a vexatious litigant. In *Strojnik v. KSVA Hospitality Partners LLC*, Judge Compagnolo considered a motion to declare Plaintiff a vexatious litigant under Arizona law, and found that "one instance" of Plaintiff filing an allegedly frivolous lawsuit as a pro se litigant would not amount to "vexatious conduct" as defined in A.R.S. 12-3201. [Doc. 13-1] In *Strojnik v. Imara Holdings, Inc.*, Judge Compagnolo considered another motion to declare Plaintiff a vexatious litigant, and found that "other than the mere fact that Plaintiff has filed a number of lawsuits as an unrepresented litigant, Defendant failed to present any showing that Plaintiff has committed acts in violation of A.R.S. 12-3201(E)." [Doc. 31-2]

Moreover, res judicata does not apply to these rulings. The doctrine of res judicata provides that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action. *Hells Canyon Pres. Council v. United States Forest Serv.*, 403 F.3d 683, 686 (9th Cir. 2005). The elements necessary to establish res judicata are (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties. *Id.* Judge Compagnolo's rulings denying motions to declare Plaintiff a vexatious litigant are not final judgments on the merits in any sense. Also, Defendants were not parties to Strojnik's litigation against KSVA Hospitality Partners LLC or Imara Holdings, Inc. Accordingly, there is no privity between the parties, and res judicata does not apply.

For all these reasons, Defendants ask that the Court deny Plaintiff's Petition.

1    DATED January 5, 2021.

                                                     **JACKSON LEWIS P.C.**

                                          By:*/s/ Monica M. Ryden*
                                                  Monica M. Ryden
                                                  Attorneys for Defendants Driftwood
                                                  Hospitality Management, LLC
                                                  and CGD Tempe LP

**CERTIFICATE OF SERVICE**

I hereby certify that on January 5, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Peter Strojnik
7847 North Central Avenue
Phoenix, AZ  85020
PS@strojnik.com
*Pro se Plaintiff*

*/s/*  _____

4835-2117-8837, v. 2

4