Peter Strojnik,
7847 N. Central Avenue
Phoenix, Arizona 85020
Telephone: (602) 524-6602
ps@strojnik.com

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Strojnik,<br><br>                              Plaintiff,<br><br>vs.<br><br>(1)   Driftwood Hospitality Management, LLC et al.<br><br>                              Defendants. | Case Nos:   2:20-cv-01532-PHX-DJH<br>                   2:20-cv-00343<br>                   2:20-cv-01434<br><br>CONSOLIDATED<br><br>**MOTION FOR NEW TRIAL**<br>**F. R. Civ. P. 59(a) and (e)** |

This Motion for New Trial is preliminary to appeal. It is filed for the sole purpose of allowing the district court to correct its errors in dismissing all claims with prejudice instead of remanding the entire matter to the Maricopa County Superior Court as required by law. 28 U.S.C. §1447(c) provides in relevant part:

> **If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.** An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

Lack of standing is jurisdictional. *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004) ("A suit brought by a plaintiff without Article III standing is not a case or controversy, and an Article III federal court therefore lacks subject matter jurisdiction over the suit.") Therefore, 28 U.S.C. §1447(c) applies directly. *See also Polo v. Innoventions International, LLC* 833 F. 3d 1193 (9th Cir. 2106) (holding that the district court *must* remand the case to state court, rather than dismiss it, citing to *Bruns v. Nat'l Credit Union Admin.,* 122 F.3d 1251, 1257 (9th Cir. 1997). *See also Collier v. SP Plus Corp.,* 889 F. 3d 94 (7th Cir. 2018) (holding that *Defendant's* tactic of removing the case and then moving

1  to dismiss it on standing grounds is a "dubious strategy" resulting in significant waste of
2  federal judicial resources.); *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir.
3  2017). (dismissal for lack of subject matter jurisdiction should be without prejudice); *Gini*
4  *v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994) (dismissal based on
5  declining supplemental jurisdiction over state law claims should be without prejudice).

6  "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions,
7  the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any
8  attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "This
9  requirement prevents a court without jurisdiction from prematurely dismissing a case
10 with prejudice. The court's dismissal of a plaintiff's case because the plaintiff lacks
11 subject matter jurisdiction is not a determination of the merits and does not prevent the
12 plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.* (citations omitted).

13 The Superior Court has proper jurisdiction. *See*, e.g. Order remanding to superior
14 court by the Honorable Steven P. Logan, Exhibit 1. *See also* Exhibits 2 and 3, Superior
15 Court's decisions denying indistinguishable Motions to Dismiss and Exhibit 4 and 5,
16 Superior Court's denial of indistinguishable vexatious litigant motions.

17 Since the Court concluded that Plintiff had no standing, it acted outside its
18 jurisdiction in dismissing *any* of the claims and by failing to remand. The Court also acted
19 outside its jurisdiction by violating the Anti Injunction Act, 28 U.S.C. §2283, the All Writs
20 Act, 28 U.S.C. §1651, and refusing to the apply 28 U.S.C. §1652. *See* [34], [37] and [38].

21 In order to correct these jurisdictional errors, Plaintiff respectfully requests that the
22 Court remand the entire matter back to the Superior Court pursuant to 28 U.S.C. §1447(c)
23 and above precedent.

24 Lastly, Judge Humetawa should refrain from referring to Strojnik as "limp" and
25 "lousy". *See* [49] at 17:21-22. Judge Humetawa's innuendo that Strojnik is "limp" versus
26 "hard", her mocking of Strojnik's disability for walking with a "limp", and her opinion of
27 Strojnik's "hygiene", are utterly irrelevant to the issues, to the parties, and to the District
   Court. Such ad hominem insults against a party cheapen the honor of the district court and
28

1 diminish public confidence in the judiciary. *See* Cannon 3(B)(4) of the Code of Conduct for United States Judges and Comment.

## CONCLUSION AND PRAYER FOR RELIEF

The Court made a jurisdictional error in failing to remand the case pursuant to 28 U.S.C. 1447(c). The case must be remanded without comment regarding the merits of *any* claim.

Plaintiff further requests that the Court order the Clerk to provide a copy of this Motion to the judges of the United States District Court for the District of Arizona.

RESPECTFULLY SUBMITTED THIS 7th day of January, 2021.

**PETER STROJNIK**

———————————————
Plaintiff

ECF filed