Monica M. Ryden (State Bar No. 023986)
**JACKSON LEWIS PC**
2111 East Highland Avenue, Suite B-250
Phoenix, AZ  85016
Telephone: (602) 714-7044
Facsimile: (602) 714-7045
Monica.Ryden@jacksonlewis.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Strojnik,<br><br>  Plaintiff,<br><br>vs.<br><br>Driftwood Hospitality Management, LLC; United Hotels and Resorts, LLC; and CGD Tempe LP,<br><br>Defendants. | Case No.  **2:20-cv-01532-PHX-DJH**<br>2:20-cv001434-PHX-JJT<br>2:20-cv000343-PHX-DWL<br>(Consolidated)<br><br>**DEFENDANTS' MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS** |

Pursuant to LRCiv. 54.2, Defendants Driftwood Hospitality Management, LLC, United Hotels and Resorts, LLC and CGD Tempe LP ("Defendants") respectfully move this Court for an order directing Plaintiff Peter Strojnik ("Strojnik" or "Plaintiff") to pay the attorneys' fees incurred by Defendants in defense of this matter.  For the reasons explained below, an award of attorneys' fees to Defendants is appropriate in this case.

**I.      ELIGIBILITY.**

   **A.     Judgment.**

Judgment was entered in this action on January 6, 2021 (Doc. 50), pursuant to the Court's Order dated January 6, 2021 (Doc. 49), dismissing Plaintiff's claims with prejudice for lacking standing, and granting Defendants' Motion to Declare Plaintiff a Vexatious Litigant.

1

### B. Nature of the Case.

This was one of many actions by Strojnik. As discussed in the Court's Order, before Strojnik was an ADA litigant, he was a serial ADA litigator known for his extortionate and pervasive lawsuits. Even without a license to practice law, Strojnik continues to file ADA lawsuits across the country. Strojnik's Complaint alleged violations of the ADA and claimed that Defendants committed negligence or fraud by misrepresenting their ADA compliance.

Defendants raised standing arguments through a Motion to Dismiss (Doc. 12), which subject the Court assessed on its own motion, taking into account Defendants' arguments. Defendants also filed a Motion to Declare Plaintiff a Vexatious Litigant (Doc. 17), which the Court granted on January 6, 2021.[1]

### C. Statutory Authority.

Under the ADA, "the court or agency, in its discretion, may allow the prevailing party, other than the United States a reasonable attorney's fee, including litigation expenses, and costs." *Advocates for Individuals with Disabilities, LLC v. MidFirst Bank ("MidFirst")*, No. CV-16-01969-PHX-NVW, 2018 U.S. Dist. LEXIS 123795, 2018 WL 3545291 (D. Ariz., July 24, 2018) (quoting 42 U.S.C. § 12205).

## II. ENTITLEMENT.

Defendants may recover attorneys' fees only "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Brown v. Lucky Stores*, 246 F.3d 1182, 1190 (9th Cir. 2001) (quoting *Summers v. A. Teichert & Son, Inc.*, 127 F.3d 1150, 1154 (9th Cir. 1997) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 54 L. Ed. 2d 648, 98 S. Ct. 694 (1978))); *see also MidFirst*, 2018 U.S. Dist. LEXIS 123795, *10 (quoting *Christiansburg Garment Co.*, 434 U.S. at 421). Here, where the Court has dismissed Plaintiff's claims

---

[1] This action was consolidated with two others. As discussed in the Court's Order, the defendants in the consolidated matters also filed Motions to Declare Plaintiff a Vexatious Litigant.

1  with prejudice for lacking standing, and granted Defendants' Motion to Declare Plaintiff
2  a Vexatious Litigant, making substantive findings as to the frivolous or harassing nature
3  of the litigant's actions, Defendants believes a fee award is appropriate.

**III.    REASONABLENESS OF REQUESTED AWARD.**

Defendants incurred a total of $28,583.80 in this matter through the Court's granting of Defendants' Motion to Declare Plaintiff a Vexatious Litigant. (*See* Declaration of Monica M. Ryden ("Ryden Decl.") attached at Exhibit A).

A consideration of the factors set forth in LRCiv 54.2(c)(3) demonstrates that those fees are reasonable.

**A.    Time and Labor Required of Counsel.**

The time and labor required of counsel on this case were completely appropriate to defeat Plaintiff's frivolous claims. Undersigned counsel performed all of the typical tasks associated with the defense of an ADA discrimination case plus the extraordinary tasks associated with moving to declare Plaintiff a vexatious litigant. This included preparation of removal papers, preparation of Defendants' Motion to Dismiss (Doc. 12), and preparation of Defendants' Motion to Declare Plaintiff a Vexatious Litigant (Doc. 17), including replies in support of these motions, which Plaintiff opposed.

Counsel for Defendants also had to respond to motions filed by Plaintiff, including Plaintiff's Motion to Remand to State Court (Doc. 21), Plaintiff's All Writs Act Motion for Writ of Prohibition (Doc. 38), and Plaintiff's Motion for Alternative Means of Dispute Resolution (Doc. 39)

**B.    Novelty and Difficulty of the Questions Presented.**

Plaintiff's Complaint demonstrated neither deterrence nor injury-in-fact to establish standing to bring his ADA claims, which were dismissed. His remaining claims were different species of fraud and negligence, including what Plaintiff argued was a "novel" "Brand Deceit" claim. These claims necessarily failed because Plaintiff failed to demonstrate a concrete injury resulting from ADA compliance. But until they were dismissed, Defendants had to address them.

3

1    Vexatious litigant motions are also not routine.

2    **C.    Skill Requisite to Perform the Legal Service Properly.**

3    Defendants utilized experienced counsel who practices exclusively in the area of
4    employment law, and someone who has litigated against Strojnik the ADA attorney and
5    then Strojnik the ADA litigant for years. (Ryden Decl. ¶ 5). The use of such counsel
6    resulted in more efficient handling of the issues presented in this case.

7    **D.    Preclusion of Other Employment by Counsel Because of the**
8    **Acceptance of the Action.**

9    This was not a factor in this case.

10   **E.    Customary Fee Charged in Matters of the Type Involved.**

11   Lead counsel's billing rate in this matter was $430.00 per hour. Counsel is aware
12   of the fees charged in similar matters by attorneys with generally similar experience and
13   training in this community, and counsel's professional opinion is that the billing rates in
14   this matter are reasonable and consistent with the rates charged by other attorneys in the
15   community with similar experience and training. (Ryden Decl. ¶ 7).

16   **F.    Whether the Fee Contracted is Fixed or Contingent.**

17   Defense counsel's fee agreement in this case is calculated on the basis of an hourly
18   billing rate of the professionals who worked on this case, the time spent in the performance
19   of legal services, and certain disbursements expended in the litigation. (Ryden Decl. ¶ 6).

20   **G.    Time Limitations Imposed by the Clients or Circumstances.**

21   This was not a factor in this case.

22   **H.    The Amount Involved and the Results Obtained.**

23   Because of Plaintiff's wrongful behavior, Defendants forced to file a defend this
24   action. As a consequence, Defendants incurred the approximately $28,583.80 in
25   attorneys' fees. Defendants obtained Judgment in their favor, and the Complaint in its
26   entirety was dismissed with prejudice. Defendants also obtained a ruling declaration
27   Plaintiff a vexatious litigant, not just for themselves, but for others who will benefit from
28

4

the Court's ruling. In light of the results obtained, the requested attorneys' fees are reasonable.

Notably, Plaintiff's Complaint demanded damages in an amount no less than $35,000 and punitive damages in an amount no less than $235,000 (Doc. 1-3), in addition to injunctive relief under the ADA.

### I.  The Experience, Reputation, and Ability of Counsel.

Undersigned counsel has 15 years of experience as a litigator, all in Arizona. (Ryden Decl. ¶ 3). Undersigned counsel asks the Court to draw upon its own knowledge and experience with undersigned counsel in this case, as well as its experience with other attorneys of Jackson Lewis P.C.

### J.  The "Undesirability" of the Case.

Until now, Plaintiff has leveraged the undesirability of these cases to his advantage in securing settlements. "It is reasonable to assume that many of the parties targeted by Mr. Strojnik's vexatious tactics would rather pay Mr. Strojnik to go away than deal with a lawsuit. The parties who choose to bear the costs of defeating Mr. Strojnik's frivolous claims in court are too few and far between." (Doc. 49 at 19). It follows that attorneys who champion these brave parties' efforts to deter further frivolous claims do so despite the "undesirability" of these cases.

### K.  Professional Relationship between Attorney and Clients.

Jackson Lewis P.C. has represented Defendant Driftwood in other matters, including other litigation brought by Strojnik.

### L.  Awards in Similar Action.

In *Advocates for Individuals with Disabilities, LLC v. MidFirst Bank ("MidFirst")*, No. CV-16-01969-PHX-NVW, 2018 U.S. Dist. LEXIS 123795, 2018 WL 3545291 (D. Ariz., July 24, 2018), the Court awarded $31,473.50 against Strojnik the ADA attorney and his client, plus an additional $18,361.50 against Strojnik under 28 U.S. § 1927. (*See* Exhibit B attached hereto).

5

1       In *Johnnie v. Target Corp.*, No. CV 06-826-PHX-MHB (D. Ariz. March 31, 2008), the court awarded $114,588.00 in attorneys' fees after the defendant prevailed on summary judgment on the plaintiffs' claims of employment discrimination and retaliation under Title VII of the Civil Rights Act. (*See* Exhibit C attached hereto).

      In *Osaka v. Target Corp.*, No CV 06-012525-JWS (D. Ariz. March 7, 2008), the court awarded the defendant $46,066.50 in attorneys' fees after the defendant obtained summary judgment on the plaintiff's discrimination and retaliation suit under Title VII. (*See* Exhibit D attached hereto).

      In *Hoffman v. Nieman-Marcus Grp.*, No. CV 04-2211-PHX-MHM, 2007 U.S. Dist. LEXIS 50445 (D. Ariz. July 8, 2007), a discrimination lawsuit, the District Court awarded nearly $100,000 in attorneys' fees to the defendant after dismissal all the plaintiff's claim on summary judgment. (*See* Exhibit E attached hereto).

      In *Deshler v. Pinon Unified School District*, No. CV 04-01554-PCT-MEA (D. Ariz. July 19, 2006), the Court awarded the prevailing defendant $28,713.50 in legal fees incurred in the successful defense of the plaintiff's claims under Title VII of the Civil Rights Act. (*See* Exhibit F attached hereto).

      In *Warden v. Coolidge Unified School Dist.*, No. CV 07-02273-MHB (D. Ariz. Oct. 27, 2009), the Court awarded the prevailing defendants $23,659.50 in attorneys' fees incurred in the successful defense of the plaintiff's claims under Title VII, the ADA, RCIO, and 42 U.S.C. § 1983. (*See* Exhibit G attached hereto).

      In *Larson v. United Natural Foods West, Inc., et al.*, No. CV-10-185-DGC (D. Ariz. Aug. 2013), the Court awarded the prevailing defendant $91,732 in attorneys' fees incurred in the successful defense of the plaintiff's claims under the ADA and ACRA while noting that plaintiff had failed to establish even a prima facie case under either statute. (*See* Exhibit H attached hereto).

**M.     Any Other Matters Deemed Appropriate Under the Circumstances.**

The Court may appropriately consider its own findings in this matter. Defendants believe it would also be appropriate for the Court to consider Plaintiff's history of harassing these Defendants.

First, Strojnik has sued these exact same properties before. Strojnik filed those lawsuits as an attorney for Fernando Gastelum: (1) *Gastelum v. Champion Hotel Investment of Phoenix LLC*, No. 2:17-cv-03834-DJH (against the Holiday Inn), and (2) *Gastelum v. CGD Tempe L P*, No. 2:18-cv-00512-GMS (against the DoubleTree").

Second, Strojnik has sued Defendant Driftwood before in the Southern District of California. *See Strojnik v. 8757 Rio San Diego Mission Valley Owner, LLC*, Case No. 3:20-CV-00384-DMS-MSB (filed 02/28/2020; terminated 09/16/2020). When Driftwood filed a motion to dismiss against Strojnik in that matter, he filed this action. (Ryden Decl. _). The Southern District of California later granted the motion to dismiss and judgment was entered against Strojnik. *See Strojnik v. 8757 Rio San Diego Mission Valley Owner, LLC*, Case No. 3:20-CV-00384-DMS-MSB (Doc. 22 and Doc. 23).

Third, when Driftwood filed its Motion to Dismiss and Motion to Declare Plaintiff a Vexatious Litigant in this matter, he wrote a letter to undersigned counsel stating that "Driftwood and I will be joined at the hips until each and every Driftwood portfolio is absolutely 100% ADA compliant." (Doc. 19-1 at 11-12).

**IV.    CONCLUSION.**

For these reasons, Defendants believe that an award of attorneys' fees is appropriate in this case. The Court has already made substantive findings as to the frivolous or harassing nature of Plaintiff's actions. Defendants should not be required to bear the cost of the defense when forced to defend against Plaintiff's frivolous claims.

Therefore, Defendants respectfully requests that the Court grant its motion for attorneys' fees in the amount of $28,583.80 incurred through the Court's granting of Defendants' Motion to Declare Plaintiff a Vexatious Litigant.

1   As the prevailing parties, Defendants are also entitled to their costs.  A Bill of Costs is filed concurrently herewith.

DATED January 20, 2021.

**JACKSON LEWIS P.C.**

By:*/s/ Monica M. Ryden*
   Monica M. Ryden
   Attorneys for Defendants

8

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Peter Strojnik
7847 North Central Avenue
Phoenix, AZ  85020
PS@strojnik.com
*Pro se Plaintiff*

*/s/ Amalia Tafoya*

4813-7849-9286, v. 1