Lindsay G. Leavitt – 029110
Lleavitt@jsslaw.com
JENNINGS, STROUSS & SALMON, P.L.C.
A Professional Limited Liability Company
One East Washington Street
Suite 1900
Phoenix, Arizona 85004-2554
Telephone: (602) 262-5911

*Attorneys for Defendant*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Strojnik,<br><br>Plaintiff<br><br>vs.<br><br>New Crescent Investments, LLC, d/b/a Sheraton Crescent Phoenix,<br><br>Defendant. | No. CV-20-01532-PHX-DJH<br>**CV-20-00343-PHX-DWL**<br>CV-20-01434-PHX-JJT<br>(Consolidated)<br><br>**DEFENDANT'S MOTION FOR ATTORNEYS' FEES, NON-TAXABLE COSTS AND EXPENSES PURSUANT TO FED. R. CIV. P. 54(D) & RULE 68** |

Pursuant to Rule 54(d), Fed. R. Civ. P. and L. R. Civ. 54.2, Defendant New Crescent Investments, LLC ("New Crescent") by and through counsel undersigned, hereby moves for an award of attorneys' fees, non-taxable costs and expenses incurred in its successful defense against Mr. Strojnik's claims. The Clerk's judgment in favor of New Crescent was entered pursuant to Fed.R.Civ.P. 58(b)(1) on January 6, 2021.

For the reasons set forth herein, New Crescent requests that the Court award New Crescent its reasonable attorneys' fees in the amount of $40,366.50 and costs in the amount of $1,885.36.

This Application is supported by the Memorandum of Points and Authorities and attached Declaration of Counsel (**Exhibit A**), Statement of Consultation (**Exhibit B & Ex 1**); New Crescent's Rule 68 Offer of Judgment (**Exhibit C**); and the Court's

Order dismissing this case (**Exhibit D**).

## MEMORANDUM OF POINTS AND AUTHORITIES

### A.   FACTUAL BACKGROUND

On January 23, 2020, Mr. Strojnik filed his Complaint asserting claims against New Crescent for violations of the Americans with Disabilities Act and common law negligence. Given that Mr. Strojnik's ADA claim had no monetary value (he is not entitled to damages or attorneys' fees) New Crescent moved to dismiss Mr. Strojnik's negligence claim because (1) emotional harm, by itself, cannot be the basis for damages in a negligence claim, and (2) the ADA cannot be the basis of a negligence *per se* claim. Mr. Strojnik then filed his First Amended Complaint (FAC), asserting that he suffered *physical* injuries due to the purported barriers to accessibility he encountered at New Crescent's property. He also asserted claims for common law fraud and consumer fraud.

On April 22, 2020, New Crescent presented Mr. Strojnik with a Rule 68 Offer of Judgment. It provided that New Crescent would allow judgment to be entered against it, in favor of Mr. Strojnik, in the amount of $1,250.00 and New Crescent would identify and remedy "any mobility accessibility features at its hotel that do not comply with the 2010 Standards of Accessibility Design" to the extent that it was readily achievable to do so. *See* attached **Exhibit C** [Offer of Judgment dated April 22, 2020]. The Offer of Judgment also notified Mr. Strojnik that his failure to ultimately secure a judgment that is more favorable would result in him being required to pay New Crescent's costs incurred after the offer.  Mr. Strojnik rejected the Offer.

After taking discovery, including Mr. Strojnik's deposition, New Crescent filed a Motion for Summary Judgment as well as a Motion to Declare Mr. Strojnik a Vexatious Litigant.  Both Motions were granted. *See* attached **Exhibit D** [January 6, 2021 Order]. The Court found that Mr. Strojnik did not have standing to pursue his

2

ADA claim because he could not—despite numerous opportunities to do so—demonstrate deterrence nor injury-in-fact. In fact, the Court noted Mr. Strojnik's "longstanding practice of failing to allege basic facts about standing, such as a connection between a barrier and his disability."

Accordingly, all of Mr. Strojnik's legal claims (including his tort claims which were predicated on his ADA claim) were dismissed with prejudice.

### B. NEW CRESCENT IS ENTITLED TO ITS ATTORNEYS' FEES AND COSTS.

The Court has at least three legal bases—a federal statute, an Arizona statute, and a federal rule of civil procedure—to award New Crescent its attorneys' fees, costs, and other sanctions.

#### 1. 42 U.S.C. § 12205

New Crescent requests its attorneys' fees under 42 U.S.C. § 12205. Under this statute the court may award a party who prevails in a lawsuit filed under the ADA "a reasonable attorney's fee, including litigation expenses and costs." The purpose of awarding fees to a prevailing defendant is "to deter the bringing of lawsuits without foundation." *CRST Van Expedited, Inc. v. E.E.O.C.,* 136 S. Ct. 1642, 1652 (2016) (quoting *Christianburg Garment Co. v. E.E.O.C.,* 434 U.S. 412, 420 (1978)). The court, therefore, has interpreted the statute "to allow prevailing defendants to recover [only] when the Plaintiff's claim was frivolous, unreasonable or groundless." *Id.* (quoting *Christiansburg*, 434 U.S. at 421).

The Ninth Circuit has held that dismissing a case for lack of subject matter jurisdiction is "a significant victory and permanently changes the legal relationship of the parties." *Amphastar Pharmaceuticals Inc. v. Aventis Pharma SA*, 856 F.3d 696, 709 (9th Cir. 2017).

The Court has already made the determination that Mr. Strojnik's lawsuit was frivolous, unreasonable, and groundless. In its Order dated January 6, 2021, the Court

3

held that "Mr. Strojnik's litigation tactics [were] frivolous and harassing." It also found that he is a "lousy private attorney general" and that he "harasses and coerces parties into agreeing to extortive settlements." Accordingly, the Court may award New Crescent its attorneys' fees and costs pursuant to 42 U.S.C. § 12205.

          2.     A.R.S. § 12-349.

New Crescent is also entitled to attorneys' fees, costs, and other sanctions under Arizona law. A.R.S. § 12-349(A)(1)-(3) provides as follows:

> A.    In a civil action commenced or appealed in a court of record in this state, the court shall assess reasonable attorney fees, expenses and, at the court's discretion, double damages of not to exceed five thousand dollars against an attorney or party, including this state and political subdivisions of this state, if the attorney or party does any of the following:
>
> 1.    Brings or defends a claim without substantial justification.
> 2.    Brings or defends a claim solely or primarily for delay or harassment.
> 3.    unreasonably expands or delays the proceeding.

In *Park v. Wells Fargo, NA*, 2020 WL 7059560 (D. Ariz. December 2, 2020), this Court awarded the defendant its attorneys' fees pursuant to § 12-349 because the plaintiff was a frequent litigator who "continued to bring identical claims before the Court" and "re-litigate settled issues without substantial justification." Accordingly, because Mr. Strojnik *commenced* his lawsuit in Arizona state court and because his claims had no basis and were filed primarily to coerce New Crescent into paying a settlement, the Court has ample justification to award fees and costs to New Crescent pursuant to A.R.S. § 12-349(A).

          3.     Rule 68, Fed.R.Civ.P.

Pursuant to Rule 68(a)-(d), a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If the Judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

4

1        Here, on April 22, 2020, New Crescent served Mr. Strojnik with an Offer of Judgment. The Offer provided that New Crescent would allow judgment to be entered against it, in favor of Mr. Strojnik, in the amount of $1,250.00 and New Crescent would identify and remedy "any mobility accessibility features at its hotel that do not comply with the 2010 Standards of Accessibility Design" to the extent that it was readily achievable to do so. The Offer also notified Mr. Strojnik that his failure to ultimately secure a judgment that is less favorable would result in him being required to pay New Crescent's costs incurred after the offer, and other sanctions allowed under Rule 68, Fed. R. Civ. P. Mr. Strojnik rejected the Offer. Mr. Strojnik did not accept New Crescent's Offer.

        Accordingly, Mr. Strojnik is required to pay New Crescent's costs incurred after the offer was made.

### C. NEW CRESCENT'S REQUEST IS REASONABLE.

New Crescent requests that the Court find that its request for attorney's fees is reasonable. Local Rule LRCiv 54.2(c)(3) lists a number of facts the Court may consider when determining whether the requested attorney's fee is reasonable.

      1.   <u>The time and labor required of counsel</u>.

Undersigned counsel's time and labor were reasonable in this action. New Crescent initially moved to dismiss Mr. Strojnik's Complaint, responded to discovery requests, submitted written discovery requests, took Mr. Strojnik's deposition and engaged in extensive motion practice, including motions for summary judgment and to declare Mr. Strojnik a vexatious litigant.

      2.   <u>The novelty and difficulty of the questions presented</u>.

Mr. Strojnik's ADA claim raised significant federal and state constitutional standing issues, including whether he had suffered an "injury-in-fact" or whether there was an "real and immediate threat of repeated harm in the future." He also asserted novel tort claims that have not been addressed squarely by Arizona courts, including

5

1   whether the ADA could serve as the basis for a negligence *per se* claim or whether a
2   plaintiff can sustain a fraud claim without suffering monetary harm. In addition,
3   undersigned counsel researched and filed a Motion to Declare Strojnik a Vexatious
4   Litigant.

5          3.    <u>The skill requisite to perform the legal service properly</u>.

6         Given that ADA accessibility litigation is (despite Mr. Strojnik's best efforts) a
7   relatively niche practice area, and given that the legal claims involved federal and state
8   constitutional standing issues, as well as novel tort claims, the legal skill required to
9   navigate these issues is relatively high.

10          4.    <u>The preclusion of other employment by counsel because of the acceptance of the action.</u>
11

12         Undersigned counsel was not precluded from accepting other matters due to his
13   time spent litigating this case.

14          5.    <u>The customary fee charged in matters of the type involved.</u>

15         Undersigned counsel's normal billing rate is $325/hour but he reduced it to
16   $280/hour in this matter due to a number of factors. This rate is below the customary
17   fee charged by partners at his firm, and certainly well below the customary fee charged
18   by partners with comparable expertise at comparable firms in Phoenix.

19          6.    <u>Whether the fee contracted between the attorney and the client is fixed or contingent</u>.
20

21         The fee contracted for between New Crescent and undersigned counsel was
22   based on a discounted hourly rate.

23          7.    <u>Any time limitations imposed by the client or the circumstances</u>.
24   Not applicable.

25          8.    <u>The amount of money, or the value of the rights, involved, and results obtained</u>.
26

27         The stakes in this case were relatively high—Mr. Strojnik sought a full closure
28

of New Crescent's hotel until it was fully compliant with the ADA and damages (including punitive damages) in excess of $75,000.00. New Crescent obtained a full dismissal of all claims with prejudice.

9. <u>The experience, reputation and ability of counsel</u>.

Undersigned counsel is one of, if not the most, experienced and successful ADA accessibility litigators in the region. He has successfully defended more than 300 ADA accessibility lawsuits since 2015 and he is frequently retained by defendants across the U.S. to defend their ADA lawsuits.

10. <u>The "undesirability" of the case</u>.

This case was difficult given New Crescent's desired outcome (i.e., a full dismissal) but its relatively modest litigation budget, especially during Covid-19. Knowing that Mr. Strojnik, a former attorney, was not hindered by similar constraints—and in fact, he achieves his settlements by forcing defendants to aggressively (and expensively) litigate. Also, given that Mr. Strojnik is willing to escalate disputes (i.e., he recently filed a lawsuit in Maricopa County Superior Court against New Crescent and undersigned counsel personally for "abuse of process") litigating against Mr. Strojnik brings additional challenges that are not present in typical litigation matters.

11. <u>The nature and length of the professional relationship between the attorney and the client</u>.

This is the first matter that undersigned counsel has represented New Crescent.

12. <u>Awards in similar actions</u>.

On January 12, 2021, a U.S. District Court for the Southern District of California awarded the defendant hotelier its attorney's fees of $21,995.00 for prevailing on its Rule 12(b)(1) Motion. The Court found that defendant's counsel's rate of $500/hour was reasonable under the circumstances. See <u>Strojnik v. 1017 Coronado, Inc.</u>, Case No. 19-cv-02210-BAS-MSB, Doc. 22.

7

1    13.    <u>Any other matters deemed appropriate under the circumstances</u>.

Given that Mr. Strojnik has been deemed a vexatious litigant who files baseless ADA lawsuits in an attempt to extort local, minority-owned hotel franchisees, New Crescent requests the Court award its full attorneys' fees and any other sanctions the Court deems necessary to deter Mr. Strojnik from continuing to file baseless ADA lawsuits.

RESPECTFULLY SUBMITTED this 20th day of January, 2021.

        JENNINGS, STROUSS & SALMON, P.L.C.

        By *s/ Lindsay G. Leavitt*
           Lindsay G. Leavitt
           One East Washington Street, Suite 1900
           Phoenix, Arizona 85004-2554
           *Attorneys for Defendant*

7464065v1(69171.1)

**CERTIFICATE OF SERVICE**

☒ I hereby certify that on January 20, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Peter Srojnik
7847 N. Central Avenue
Phoenix, AZ 85020
ps@strojnik.com

James C. Word
Christian.word@lw.com

Tracy A. Warren
twarren@buchalter.com
ccaufiled@buchalter.com
docket@buchalter.com

Laurent Badoux
lbadoux@buchalter.com
lharpel@buchalter.com

Monica M. Ryden
Monica.ryden@jacksonlewis.com
phoenixdocketing@jacksonlewis.com
Susan Johnson
susan.johnson@jacksonlewis.com

☐ I hereby certify that on January 20, 2021, I served the attached document by mail on the following, who are not registered participants of the CM/ECF System:

                                          s/ Tana Davis-Digeno