Laurent R.G. Badoux (AZ SBN: 020753)
lbadoux@buchalter.com
BUCHALTER,
A Professional Corporation
16435 N. Scottsdale Road, Suite 440
Scottsdale, AZ 85254-1754
Telephone: 480.383.1800
Facsimile: 480.824.9400

Tracy A. Warren (Cal. SBN: 228013) (*admitted pro hac vice*)
twarren@buchalter.com
BUCHALTER,
A Professional Corporation
655 W. Broadway, Suite 1625
San Diego, CA 92101
Telephone: 619.219.5335

*Attorneys for Defendants Xenia Hotels and Resorts, Inc., XHR Phoenix Palms, LLC, and XHR Scottsdale Ranch, LLC*

J. Christian Word (VA SBN: 46008) (*admitted pro hac vice*)
christian.word@lw.com
LATHAM & WATKINS, LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: 202.637.2223

*Co-Counsel for Defendants Xenia Hotels and Resorts, Inc., XHR Phoenix Palms, LLC, and XHR Scottsdale Ranch, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

Peter Strojnik, an individual,

Plaintiff, *pro se*,

v.

Xenia Hotels and Resorts, Inc., a foreign corporation; XHR Phoenix Palms, LLC dba Royal Palms Hotel; XHR Scottsdale Ranch, LLC dba Hyatt Regency Scottsdale Resort and Spa at Gainey Ranch,

Defendants.

Case Nos: 2:20-cv-01532-PHX-DJH
2:20-cv-00343
**2:20-cv-01434**
CONSOLIDATED

**REQUEST FOR FINDINGS PURSUANT TO PSLRA AND FOR ORDER TO SHOW CAUSE AS TO MANDATORY AWARD OF ATTORNEYS' FEES OR IN THE ALTERNATIVE, FOR SANCTIONS UNDER FEDERAL OR STATE LAW PROVISIONS**

## I. INTRODUCTION

Defendants Xenia Hotels and Resorts, Inc., a foreign corporation; XHR Phoenix Palms, LLC dba Royal Palms Hotel; XHR Scottsdale Ranch, LLC dba Hyatt Regency Scottsdale Resort and Spa at Gainey Ranch (the "XHR Defendants"), request that this Court enter findings pertaining to Plaintiff's non-compliance with Rule 11 of the Federal Rules of Civil Procedure, and, upon entry of such findings, for an Order to Show Cause to Plaintiff why the Court should not grant XHR Defendants an award of attorney's fees pursuant to the presumption set in the Private Securities Litigation Reform Act ("PSLRA"). 15 U.S.C. § 78u-4(c)(1). The PLSRA provides a presumption for an award of attorneys' fees to the prevailing party, which the non-prevailing party has the right to attempt to rebut.

Alternatively, XHR Defendants request that the Court recognize these Defendants' entitlement to an award of attorneys' fees and costs for all or some of the legal fees incurred in the captioned action, pursuant to the ADA or authority vested in the Court under its inherent powers or under state law.

In conjunction therewith, XHR Defendants request leave to submit a comprehensive application for attorneys' fees.

## II. STATEMENT OF THE CASE

Plaintiff, appearing *pro se*, is a resident of Maricopa County, Arizona. Compl. ¶ 3. As the Court noted, Plaintiff is a serial litigant under the ADA.

Plaintiff filed this action in Maricopa County Superior Court. XHR Defendants removed this action to federal court, pursuant to its original jurisdiction to hear ADA and Securities claims alleged in the Complaint. XHR Defendants subsequently offered to Plaintiff to amend his Complaint, which he refused to do. Thereafter, XHR Defendants moved to dismiss the Complaint and to have Plaintiff declared a vexatious litigant. While the motion stood submitted and fully briefed, the Court ordered the consolidation of the above-captioned matters, presenting similar issues for the Court's determination.

In his action against XHR Defendants, Plaintiff alleges not only a violation of the ADA (and various meritless allegations of violations of state law), but also a violation of Section 10 of the Securities Exchange Act.

On or about January 6, 2021, the Court ordered the dismissal of the consolidated matters and determined that Plaintiff was a vexatious litigant.

Following dismissal, Plaintiff filed a motion for a new trial. XHR Defendants offered, by and through counsel, to resolve the Parties' dispute without further litigation. Plaintiff rejected this offer on January 16, 2021.

## III. <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### *A. Mandatory Sanctions Under PSLRA*

Plaintiff's complaint against XHR Defendants, which the Court dismissed, included a claim under the Securities Exchange Act. XHR Defendants request that the Court consider sanctions against Plaintiff for abusive litigation pursuant to the PSLRA. The PSLRA provides that "upon final adjudication of the action, the court shall include in the record specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion." 15 U.S.C. § 78u-4(c)(1). The PSLRA makes it clear that sanctions are mandatory if the Court determines that the Complaint did not meet Rule 11 standards. *See* 15 U.S.C. § 78u-4(c)(2) (Before issue a Rule 11 finding, "the court shall give such party or attorney notice and an opportunity to respond.").

As the Court noted in its January 6, 2021 Order, Plaintiff has filed, yet again, a futile lawsuit in which he failed to meet basic pleading requirements. That is true for his Securities Exchange Act claim against XHR Defendants, not simply his ADA allegations. XHR Defendants made clear in their motion to dismiss that Plaintiff failed to alleged any actual economic loss, any specific statement upon which he relied to his economic detriment or any other evidence of any of the substantive elements of a legitimate claim under Section 10 of

the Act. In other words, the claims, under federal and state securities law, which the Parties concede are virtually identical, were facially deficient. *See Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 346-47 (2005).

Further, Plaintiff alleged in the Complaint that XHR Defendants made actionable false statements. The PSLRA has exacting requirements for pleading 'falsity.'" U.S.C. § 78u-4(b)(1). Plaintiff did not meet his obligation to explain with particularity "contemporaneous statements or conditions" that are "inconsistent" with the challenged statement—so as to demonstrate that it was false when made. *Rubke v. Capitol Bancorp, Ltd.*, 551 F.3d 1156, 1161 (9th Cir. 2009); 15 U.S.C. § 78u-4(b)(1).

Consistent therewith, XHR Defendants request that the Court put Plaintiff on notice that it must evaluate the appropriateness of the aforementioned mandatory sanctions and issue an order to show cause for Plaintiff why the Court should disregard the presumption of appropriateness of mandatory sanctions for abusive litigation under the PSLRA against Plaintiff.

***B. Alternate Grounds for Sanctions***

Plaintiff's Complaint against the XHR Defendants also includes claims arising under the ADA and state law. In addition to the sanctions specifically provided under the PSLRA, XHR Defendants request that the Court consider allowing them to submit a comprehensive fee application under the ADA, 42 U.S.C. § 12205, federal law, 28 U.S.C. § 1927, and Arizona state law, A.R.S. § 12-349.

**1. Sanctions Under the ADA**

The attorneys' fee provision of the ADA allows the court to award a prevailing private party "a reasonable attorney's fee, including litigation expenses, and costs." *Brown v. Lucky Stores*, 246 F.3d 1182, 1190 (9th Cir. 2001) quoting 42 U.S.C. § 12205. Attorneys' fees under § 12205 should be awarded to a prevailing defendant when "'plaintiff's action was frivolous, unreasonable, or without foundation.'" *Id.* quoting *Summers v. A. Teichert & Son, Inc.*, 127

F.3d 1150, 1154 (9th Cir. 1997). A defendant that is successful in getting a case dismissed for lack of standing is a "prevailing party" for the purposes of an award of attorney's fees. *Amphastar Pharm. Inc. v. Aventis Pharma SA*, 856 F.3d 696, 709-10 (9th Cir. 2017) (holding that *CRST Van Expedited Inc. v. E.E.O.C.*, 578 U.S. __, 136 S. Ct. 1642, 1646 (2016) effectively overruled prior Ninth Circuit precedent).

A prevailing civil rights defendant may be awarded attorney fees under 42 U.S.C. § 12205 if the plaintiff's claim was frivolous, unreasonable, vexatious or groundless ab initio, or if the plaintiff continued to litigate after the claim clearly became so. *Hughes v. Rowe*, 449 U.S. 5, 14, 66 L. Ed. 2d 163, 101 S. Ct. 173 (1980) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422, 54 L. Ed. 2d 648, 98 S. Ct. 694 (1978)). An action is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 104 L. Ed. 2d 338, 109 S. Ct. 1827 (1989). As explained in XHR Defendants' motion to dismiss, Plaintiff's Complaint was unequivocally lacking in legal or factual basis for any of its claims. Further, as this Court previously held in its January 6 Order, Plaintiff is a vexatious litigant and his current lawsuits are vexatious in nature.

This is not a new state of affairs for Plaintiff Strojnik, who was previously the subject of sanctions for pursuing such an unreasonable lawsuit, namely an action "'[n]ot guided by reason; irrational or capricious.'" *Advocates for Individuals with Disabilities, LLC v. MidFirst Bank*, 2:2016-CV-01969-PHX-NVW, 2018 U.S. Dist. LEXIS 123795, at *11 (D. Ariz. July 24, 2018) (imposing § 1927 sanctions on Strojnik as an attorney). The Court need not labor on this point extensively. Strojnik's complaints are the epitome of frivolous, unreasonable, vexatious, groundless *and* Strojnik continued to litigate well after his allegations were pointed out by courts throughout the Ninth Circuit to be so. The Complaint at issue here is cut from the same cloth. Despite innumerable warnings, Plaintiff refused to change his approach. Worse yet here, his additional count under the Securities Exchange Act and state securities law show his willingness to add even more deficient claims without regards for merit.

**2. Sanctions Under Court's Inherent Powers**

Alternatively, XHR Defendants request that this Court impose sanctions against Strojnik pursuant to 28 U.S.C § 1927, which provides that when one "so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Under the Court's inherent power, "every federal court" may sanction "abusive litigation practices." *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365, 127 S.Ct. 1105, 1112, 166 L. Ed. 2d 956 (2007). "At the very least, the inherent power must continue to exist to fill in the interstices." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46-47, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991). In *Chambers*, the Court left "no question that a court may levy fee-based sanctions when a party[1] has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, delaying or disrupting litigation, or has taken actions in the litigation for an improper purpose." *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001). "For purposes of imposing sanctions under the inherent power of the court, a finding of bad faith 'does not require that the legal and factual basis for the action prove totally frivolous; where a litigant is substantially motivated by vindictiveness, obduracy, or mala fides, the assertion of a colorable claim will not bar the assessment of attorney's fees.'" *Fink*, 239 F.3d at 992.

Sanctions under § 1927 require a showing of recklessness, or conduct tantamount to bad faith. *Fink*, 239 F.3d at 993. "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent. Tactics undertaken with the intent to increase expenses may also

[1] The Ninth Circuit has held that § 1927 may be applied to a *pro se* litigant. *Wages v. I.R.S.*, 915 F.2d 1230, 1235 (9th Cir. 1990) (sanctioning *pro se* litigant that repeatedly attempted "to file an amended complaint that did not materially differ from one which the district court had already concluded did not state a claim."). This is *a fortiori* applicable here since Strojnik was a practicing attorney until his spat with the Arizona State Bar resulted in his surrender of his license.

support a finding of bad faith." *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989) (internal quotation marks and citations omitted). As is evident from a review of *Advocates for Individuals with Disabilities, LLC v. MidFirst Bank*, and as made clear in this Court's January 6 Order, Strojnik was keenly aware that his stock ADA lawsuit has consistently been rejected by courts in Arizona (as well as in multiple other jurisdictions). 2018 U.S. Dist. LEXIS 123795 at *12-13 (imposing § 1927 sanctions on Strojnik for similar conduct as in this case and noting that Strojnik's "tactics had the sole purpose of increasing the expense of this litigation—to drive up its nuisance value so he could unethically extort excessive and unreasonable attorney fees for himself."). Although § 1927 does not reach the filing of the original complaint, unlike Rule 11 and, by extension, the SPRLA, § 1927 reaches at the very least the continuation of Strojnik's conduct in this case, namely forcing the filing of a motion to dismiss and the instant motion.

**3. Sanctions Under State Law**

Lastly, the Court also has authority to grant sanctions in the form of attorneys' fees to XHR Defendants pursuant to state law, as applied to Plaintiff's state law causes of action. Pursuant to A.R.S. § 12-349(A)(1)-(3) a court "shall assess reasonable attorney fees, expenses and, at the court's discretion, double damages of not to exceed five thousand dollars against an attorney or party," that "(1) [b]rings […] a claim without substantial justification; (2) […] for delay or harassment"; or "(3) unreasonably expands or delays the proceeding." Awarding attorneys' fees pursuant to § 12-349 because a plaintiff was a frequent litigator who "continued to bring identical claims before the Court" and "re-litigate settled issues without substantial justification" is firmly within the Court's authority and is warranted under the circumstances. *See Park v. Wells Fargo, NA*, 2:2020CV00746-PHX-SMB, 2020 WL 7059560 (D. Ariz. Dec. 2, 2020) (awarding fees against litigant continuously attempting to re-litigating the same claims). Indeed, Plaintiff, armed with his legal training and decades of law practice, commenced his lawsuit in Maricopa County Superior Court despite alleging

federal causes of action in a shameless example of forum-shopping in hope to avoid early dismissal and to leverage his lawsuit to extort a settlement from these Defendants.[2] The Court's January 6 Order details many examples of this unjustified and distasteful practice. Therefore, the Court has authority and justification pursuant to A.R.S. § 12-349(A) to allow entry of an award of attorneys' fees and costs to XHR Defendants.

Lastly, undersigned counsel attests that XHR Defendants offered Plaintiff an opportunity to walk away from the Parties' dispute following the Court's January 6 Order, which Plaintiff rejected on January 16, 2021.

Accordingly, sanctions against Strojnik are required to curtail this frivolous and harassing conduct.

## IV. CONCLUSION

For the foregoing reasons, Defendant requests that this Court enter (1) an Order to Show Cause why Plaintiff should not be subjected to sanctions pursuant to the PSLRA award; (2) an Order that XHR Defendants may be entitled to an award of reasonable attorneys' fees

---

[2] As evidenced that he understands the risk of sanctions that his litigation conduct entails, it is important to note that Plaintiff, although filing in state court, specifically avoided proceeding under the Arizonans with Disability Act ("AZDA"), as that statute was amended in 2017 to guard against Strojnik's abusive litigation practices. As Judge Wake noted:

> In 2017 the Legislature amended the AZDA fee provision to permit courts to "impose a sanction on a plaintiff or the plaintiff's attorney if the court determines that an action or series of actions is brought under this article for the primary purpose of obtaining a payment from the defendant due to the costs of defending the action in a court." . . . Indeed, as the Legislature stated it in its legislative findings, the amendment was made "in response to thousands of lawsuits and complaints that were filed a a inst Arizona businesses by the same lawyers and generally the same plaintiff." 2017 Ariz. Sess. Laws ch. 175, § 4. ***The amendment might as well have been called the Strojnik Amendment.***

*Advocates for Individuals with Disabilities, LLC v. MidFirst Bank*, 2018 U.S. Dist. LEXIS 123795 at *12 (emphasis added). There is little doubt under the totality of circumstances that Strojnik filed a state court lawsuit primarily under the ADA but without an AZDA claim as a forum-shopping tactic to ensure avoidance of an adverse state statute and more demanding federal pleading requirements and judicial oversight.

pursuant to one or more of the grounds detailed herein; and (3) a date for submission of a fee application from XHR Defendants.

DATED: January 20, 2021

**BUCHALTER,**
**A PROFESSIONAL CORPORATION**

By: */s/ Laurent R.G. Badoux*
Laurent R.G. Badoux
*Attorneys for Defendants Xenia Hotels and Resorts, Inc., XHR Phoenix Palms, LLC, and XHR Scottsdale Ranch, LLC*

I hereby certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants, and mailed a copy of same to the following if non-registrants, this 20th day of January, 2021, to:

Peter Strojnik, *pro se*
7847 N. Central Avenue
Phoenix, Arizona 85020
*Plaintiff*

By: */s/ Laurent Badoux*