Lindsay G. Leavitt – 029110
Lleavitt@jsslaw.com
JENNINGS, STROUSS & SALMON, P.L.C.
A Professional Limited Liability Company
One East Washington Street
Suite 1900
Phoenix, Arizona 85004-2554
Telephone: (602) 262-5911

*Attorneys for Defendant*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Peter Strojnik,<br><br>Plaintiff<br><br>vs.<br><br>New Crescent Investments, LLC, d/b/a Sheraton Crescent Phoenix,<br><br>Defendant. | No. CV-20-01532-PHX-DJH<br>**CV-20-00343-PHX-DWL**<br>CV-20-01434-PHX-JJT<br>(Consolidated)<br><br>**DEFENDANT NEW CRESCENT'S RESPONSE TO PLAINTIFF'S MOTION FOR NEW TRIAL** |

Mr. Strojnik's argument that the Court should have remanded his claims back to state court rather than dismiss them with prejudice is flawed for several reasons:

- The Ninth Circuit has held that dismissal with prejudice is appropriate when remanding them back to state court would be futile; and

- There is ample factual evidence and legal precedent for the Court to determine that Mr. Strojnik does not have standing under the Arizona Constitution.

In 2017, the U.S. District Court of Arizona addressed this very issue. Judge Neil Wake determined that Mr. Strojnik's ADA claim should be dismissed with prejudice rather than remanded back to state court because he determined that Mr. Strojnik's client could not possibly have standing under the Arizona constitution. See *Advocates for Individuals with Disabilities, Inc. v. Midfirst Bank*, 279 F.Supp.3d 891 (D.Ariz. 2017). This Court should reaffirm Judge Wake's prior ruling and clarify that

7482394v1(69171.1)

1 remanding Mr. Strojnik's claims would be futile because he does not have standing 2 to bring his claims under the Arizona Constitution.

3 **I.   LEGAL ARGUMENT**

4     **A.   <u>The Court may dismiss Strojnik's claims if it determines that remanding them would be futile</u>.**
5

6       Federal statute requires that, where a case has been removed to federal court, 7 "if at any time before final judgment it appears that the district court lacks subject 8 matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The Ninth 9 Circuit has recognized an exception to this requirement where it is "certain that 10 remand would prove futile." <u>Bell v. City of Kellogg</u>, 922 F.2d 1418, 1425 (9th Cir. 11 1991). The <u>Bell</u> court premised this "futility doctrine" on the assumption that 12 Congress did not "intend to ignore the interest of efficient use of judicial resources." 13 <u>Id</u>. at 1424-25.

14       In <u>Bell</u>, the Ninth Circuit affirmed the trial court's decision to dismiss rather 15 than remand a remaining state law claim because a state law requirement of posting a 16 bond was defaulted. The federal court's decision to dismiss the case rather than remand 17 it for the inevitable dismissal in state court "prevented any further waste of valuable 18 judicial time and resources" not to mention the parties' legal fees. <u>Id</u>. at 1425.

19       This is not the first time that Strojnik has (unsuccessfully) demanded that this 20 Court remand his ADA claim back to state court after a finding that he does not have 21 Article III standing.  In <u>Advocates for Individuals with Disabilities, Inc. v. Midfirst</u> 22 <u>Bank</u>, 279 F.Supp.3d 891 (D.Ariz. 2017), Judge Neil Wake held that remanding 23 Strojnik's ADA case would be futile because he was certain that Strojnik could not 24 meet Arizona's "rigorous standing requirements." In <u>Advocates</u>, Mr. Strojnik 25 represented the plaintiff and brought claims in state court under the ADA and the 26 Arizonans with Disabilities Act (AzDA). The case was removed to federal court. 27 Judge Wake determined that the plaintiff lacked Article III standing and dismissed

28

1 with prejudice the ADA and AzDA claims. Mr. Strojnik sought reconsideration of the court's dismissal, arguing that the case should have instead been remanded to state court. Citing the Ninth Circuit's decision in *Bell*, Judge Wake determined that he was absolutely certain that the plaintiff would also not have standing under Arizona's constitution. Judge Wake noted that "it is certain that Arizona law would not wink at standing to allow [plaintiff] and Strojnik to bring these injury-free lawsuits in light of the ethically suspect tactics Strojnik employs." *Advocates*, at 897.

Mr. Strojnik has had no success meeting Arizona's standing requirements. In 2016, Mr. Strojnik filed more than 1700 ADA lawsuits in Maricopa County Superior Court. The majority of the cases were consolidated into one case before the Hon. David Talamante. After a fully briefed Motion to Dismiss and oral argument, Judge Talamante dismissed all of Mr. Strojnik's cases for lack of standing under the Arizona Constitution because Mr. Strojnik's client was unable to allege a "distinct and palpable" injury sufficient to meet Arizona's "stringent" standing requirements. *See* **Exhibit A**. In the five years since getting more than 1,000 of his cases dismissed for lack of standing under the Arizona Constitution, Mr. Strojnik's ADA lawsuits are still deficient—he is still unable to allege a "distinct and palpable" injury.

**B.    Mr. Strojnik cannot meet Arizona's "rigorous standing requirement."**

For reasons of judicial policy, Arizona courts "impose rigorous standing requirement." *Ariz. Ass'n of Providers of Persons with Disabilities v. State*, 223 Ariz. 6, ¶ 16 (App. 2009). To gain standing to bring an action in Arizona, a plaintiff must allege a "distinct and palpable injury." *Sears v. Hull*, 192 Ariz. 65, 69, ¶ 16, 961 P.2d 1013, 1017 (1998). An allegation of generalized harm that is shared alike by all or a large class of citizens generally is not sufficient to confer standing. *Id.* In other words, plaintiffs must "show a particularized injury to themselves." *Bennett v. Brownlow*, 211 Ariz. 193, ¶ 17 (2005). Arizona courts can waive standing, but only do so in exceptional

1 circumstances, generally in cases involving issues of great public importance. *Id.* at 71,
2 ¶ 25, 961 P.2d at 1019. The "paucity of cases in which Arizona courts have waived the
3 standing requirement demonstrate both its reluctance to do so and the narrowness of
4 this exception." *Sears*, 192 Ariz. 65, ¶ 25. Arizona courts otherwise generally follow
5 federal principles of standing. *Advocates*, 279 F.Supp.3d at 897.

6 This Court has already found that (despite being given numerous opportunities
7 to do so) Mr. Strojnik's ADA lawsuits do not demonstrate (or even allege) that he
8 suffered a "distinct and palpable injury" or a "particularized injury to himself." He
9 has failed to offer evidence proving he suffers from a mobility disability and he has
10 not connected how the purported barriers to accessibility at the hotels affected his
11 ability to freely access the property. In essence, nothing has changed since (1) Judge
12 Talamante of the Maricopa County Superior Court dismissed more than 1200 of
13 Strojnik's ADA lawsuits in 2016 for failing to allege a "distinct and palpable" injury,
14 and (2) since Judge Wake found that remanding Strojnik's ADA claim to state court
15 would be "futile" because he was "certain that Arizona courts would not waive the
16 standing requirement and empower Strojnik's unethical extortion…from
17 defendants." *Advocates*, at 898.

18 **II.   CONCLUSION**

19 Mr. Strojnik has filed more than 2,000 ADA lawsuits in the past five years and
20 the vast majority have been dismissed because he cannot meet standing requirements
21 under Article III or the Arizona constitution. There is virtually no difference between
22 the cases dismissed by Judge Talamante and Judge Wake and these consolidated
23 cases before this Court. For that reason, the Court should find that remand would be
24 futile and reaffirm its dismissal with prejudice.

25 . . .
26 . . .
27 . . .
28

RESPECTFULLY SUBMITTED this 21st day of January, 2021.

          JENNINGS, STROUSS & SALMON, P.L.C.

          By *s/ Lindsay G. Leavitt*
              Lindsay G. Leavitt
              One East Washington Street, Suite 1900
              Phoenix, Arizona 85004-2554
              *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

☒ I hereby certify that on January 21, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Peter Srojnik
7847 N. Central Avenue
Phoenix, AZ 85020
ps@strojnik.com

James C. Word
Christian.word@lw.com

Tracy A. Warren
twarren@buchalter.com
ccaufiled@buchalter.com
docket@buchalter.com

Laurent Badoux
lbadoux@buchalter.com
lharpel@buchalter.com

Monica M. Ryden
Monica.ryden@jacksonlewis.com
phoenixdocketing@jacksonlewis.com
Susan Johnson
susan.johnson@jacksonlewis.com

☐ I hereby certify that on January 21, 2021, I served the attached document by mail on the following, who are not registered participants of the CM/ECF System:

              s/ Tana Davis-Digeno

7482394v1(69171.1)