Laurent R.G. Badoux (AZ SBN: 020753)
lbadoux@buchalter.com
BUCHALTER,
A Professional Corporation
16435 N. Scottsdale Road, Suite 440
Scottsdale, AZ 85254-1754
Telephone: 480.383.1800
Facsimile: 480.824.9400

Tracy A. Warren (Cal. SBN: 228013) (*admitted pro hac vice*)
twarren@buchalter.com
BUCHALTER,
A Professional Corporation
655 W. Broadway, Suite 1625
San Diego, CA  92101
Telephone: 619.219.5335

*Attorneys for Defendants Xenia Hotels and Resorts, Inc., XHR Phoenix Palms, LLC, and XHR Scottsdale Ranch, LLC*

J. Christian Word (VA SBN: 46008) (*admitted pro hac vice*)
christian.word@lw.com
LATHAM & WATKINS, LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: 202.637.2223

*Co-Counsel for Defendants Xenia Hotels and Resorts, Inc., XHR Phoenix Palms, LLC, and XHR Scottsdale Ranch, LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Strojnik, an individual,<br><br>  Plaintiff, *pro se*,<br>v.<br><br>Xenia Hotels and Resorts, Inc., a foreign corporation; XHR Phoenix Palms, LLC dba Royal Palms Hotel; XHR Scottsdale Ranch, LLC dba Hyatt Regency Scottsdale Resort and Spa at Gainey Ranch,<br><br>  Defendants. | Case Nos:  2:20-cv-01532-PHX-DJH<br>2:20-cv-00343<br>2:20-cv-01434<br>CONSOLIDATED<br><br>**OPPOSITION TO PLAINTIFF'S MOTION FOR NEW TRIAL** |

Defendants, jointly referred to as XHR Defendants in this consolidated matter, hereby submit their Opposition to Plaintiff's Motion for New Trial (the "Motion") filed by Plaintiff, Peter Strojnik ("Strojnik"). Doc. 51. This Opposition is supported by the following Memorandum of Points and Authorities.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **I.   INTRODUCTION**

Plaintiff's request for a new trial is a bit perplexing as no trial has occurred in this matter, making Rule 59(a) inapposite. To the extent the instant motion is one for reconsideration, it does not meet the circumstances contemplated by the drafters of Rule 59(e) or the requirements of the Local Rules. L.R. 7.2(g).

### **II.   LEGAL ARGUMENT**

**A.   The Motion Is Based on the Mistaken Premise That Rule 59(a) Applies**

Plaintiff requests relief under Rule 59(a) and 59(e). Plaintiff's request for a new trial is a bit perplexing as no trial has occurred in this matter. Rule 59, and the Advisory Committee notes thereon, are clear that the circumstances of the relief contemplated in 59(a), whether following a jury or a non-jury trial, are not present in this case, making relief pursuant to Rule 59(a) impossible.

Indeed, Plaintiff admits in his own motion the issues relevant to XHR Defendants were presented to the Court via a motion to dismiss.

In the motion, however, Plaintiff describes the relief sought as being more akin to reconsideration from the Court as to the entered judgment. To the extent he seeks relief under Rule 59(e), it is important to consider that the Advisory Committee Notes for the 1946 Amendment make clear that the purpose of subsection (e) was to codify the authority of the federal trial court to grant relief even after dismissal of a jury, not to reconsider a prior dispositive motion, which is addressed under Rule 50 in the trial context. To the extent Plaintiff's request is actually a motion for reconsideration, Local Rule 7 governs its

consideration, and, absent a Court Order to that effect, XHR Defendants are not permitted to submit a substantial response.

B. **Defendants Should Be Granted Leave To Respond Should The Court Be Inclined To Entertain Plaintiff's Request for Reconsideration.**

To the extent Plaintiff seeks relief under Rule 59(e) for alteration of a judgment, this request is more appropriately labeled a motion for reconsideration. *See Reilly v. Charles M. Brewer*, 2:06-CV-02861 JWS, 2008 U.S. Dist. LEXIS 138841, at *3 (D. Ariz. June 17, 2008). Local Rules for this District provide that a motion to reconsider will ordinarily be denied "absent a showing of manifest error or a showing of new facts or legal authority." LRCiv. 7.2(g)(1). The same Local Rule also indicates that no response to a request for reconsideration is to be filed "unless ordered by the Court." LRCiv. 7.2(g)(2). Although it is objectively apparent that Plaintiff does not meet the standards for reconsideration, *see Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) or that remand would be futile (See *Advocates for Individuals with Disabilities, LLC v. MidFirst Bank*, 279 F. Supp. 3d 891 (D.Ariz. 2017:) (recognizing futility of remand in absence of remaining justiciable issue pursuant to *Bell v. City of Kellogg*, 922 F.2d 1418, 1425 (9th Cir. 1991)); *see also* Response of New Crescent Defendants [Doc. 58]), absent an Order to that effect, XHR Defendants believe they lack the ability to respond substantively to the Motion for New Trial under Rule 59(e). Nonetheless, XHR Defendants stand prepared to oppose a motion for reconsideration, should the Court request briefing thereon.

## III.   CONCLUSION

For the foregoing reasons, Strojnik's Motion for New Trial under Rule 59(a) should be denied in its entirety. To the extent the Court is inclined to entertain the merits, or lack thereof, of Plaintiff's request for reconsideration, XHR Defendants request leave to file a substantive response.

DATED: January 21, 2021

**BUCHALTER,
A PROFESSIONAL CORPORATION**

By: */s/ Laurent R.G. Badoux*
Laurent R.G. Badoux
*Attorneys for Defendants Xenia Hotels and Resorts, Inc., XHR Phoenix Palms, LLC, and XHR Scottsdale Ranch, LLC*

I hereby certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants, and mailed a copy of same to the following if non-registrants, this 21st day of January, 2021, to:

Peter Strojnik, *pro se*
7847 N. Central Avenue
Phoenix, Arizona 85020
*Plaintiff*

By:  */s/ Lori Harpel*

BUCHALTER
A PROFESSIONAL CORPORATION
SCOTTSDALE