Peter Strojnik,
7847 N. Central Avenue
Phoenix, Arizona 85020
Telephone: (602) 524-6602
ps@strojnik.com

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| Peter Strojnik, | Case Nos: 2:20-cv-01532-PHX-DJH |
| --- | --- |
| Plaintiff, | 2:20-cv-00343 |
| vs. | 2:20-cv-01434 |
| (1)  Driftwood Hospitality Management, LLC et al. | CONSOLIDATED |
| Defendants. | **REPLY RE MOTION FOR NEW TRIAL**<br>**F. R. Civ. P. 59(a) and (e)** |

At issue is whether manifest error occurred when this Court dismissed, with prejudice, Plaintiff's claim that was removed from the State court that *had* jurisdiction, and thereafter declared Plaintiff a vexatious litigant for filing cases in the State Court. Plaintiff argues that manifest error *did* occur because the Order at issue is contrary to several prior rulings in this District, including rulings by Judge Humetewa.

**A. Judge Humetawa's Decision Conflicts with Intradistrict Orders, Including Her Own in 2016**

Judge Humetewa has previously acknowledged (on at least two separate occasions) that where an ADA case is removed from state court to federal court, but the federal court finds lack of constitutional standing, the federal court's only option is to remand back to state court. This is diametrically opposed to Judge Humetawa's decision at bar. *See e.g. Advocates for Individuals with Disabilities v. 1548 Main LLC*, D. Ariz. No. 2:16-cv-02169-DJH at Doc. 20 (Exhibit 1) ("1548 Main"); *accord* at Exhibit 2.

1    In *1548 Main*, Judge Humetewa was very clear that the sole option a district court has when it does not have jurisdiction over a removed state court action is to remand, to wit:

> The constraints of Article III "do not apply to state courts, and accordingly the state courts are not bound by the limitations of a case or controversy or other federal rules of justiciability even when the address issues of federal law." *ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989). A plaintiff who fails to establish Article III standing to bring suit in federal court is not necessarily barred from pursuing the same suit in state court.

*Id*. at 5:19-24. Only four years ago in the *1548 Main* case, Judge Humetawa was correct…*and also set a personal precedent* maintaining intradistrict consistency. She went further in her analysis that a federal court's sole option is to remand, *not to dismiss with prejudice*:

> As a result, the Court will remand rather than dismiss this case for lack of standing. In remanding, the Court will not dismiss the federal ADA claims because state courts have concurrent jurisdiction over those claims and the state courts may decide whether Plaintiffs have sufficient standing to pursue them. *See Yellow Freight Sys., Inc. v. Donnelly*, 494 U.S. 820, 821 (1990) ("we conclude that Congress did not divest the state courts of their concurrent authority to adjudicate [civil actions brought under Title VII of the Civil Rights Act of 1964]"); *Hapgood v. City of Warren*, 127 F.3d 490, 494 (6th Cir. 1997) ("State courts have concurrent jurisdiction over ADA claims"); *Jones v. Illinois Cent. R. Co*., 859 F. Supp. 1144, 1145 (N.D. Ill. 1994) (interpreting *Yellow Freight*, "it necessarily follows that the state courts have concurrent jurisdiction over ADA claims as well"); *Krouse v. Am. Sterlizer Co.*, 872 F. Supp. 203, 205 (W.D. Pa. 1994) ("it appears to be solidly established that state courts have concurrent jurisdiction over ADA cases.").

*Id*. at 6:15-27. As shown above and in Exhibit 2, this Court has personally established in the District of Arizona that where a federal court does not have jurisdiction over a removed state court filing, its only option is to remand it back to state court.

**B. Not Only Has Judge Humetewa Consistently Ruled That Remand is Most Appropriate in the Current Circumstances, But She Has Also Stressed the Importance of "Maintaining Consistency Among Rulings in Similar Cases"**

Also in *1548 Main*, Judge Humetawa was clear that "maintaining consistency among rulings in similar cases within the district" is of the utmost importance. *Id.* at 2:26-27. But the Order at bar is not only diametrically opposed to what Judge Humetawa herself ruled four years ago, it is diametrically opposed to what Judge Logan has ruled on the exact same issues that predated the Order at bar. *See* Logan Orders (Exhibits 3-5).

### C. With This Preface, the Following Timeline of Events Demonstrates That Judge Humetewa Ruled Contrary to Intra-District Ruling and to Herself

***First***, Plaintiff appropriately filed ADA claims in against defendants New Crescent, Maricopa County Superior Court no. CV2020-050551 (1/23/20), Xenia, Maricopa County Superior Court no. CV2020-054116 (7/1/20), and Driftwood, Maricopa County Superior Court no. CV2020-054300 (7/13/20) (the "Consolidated Cases").

***Second***, the Consolidated Defendants each strategically removed the Consolidated Cases to federal court for improper purposes knowing that Plaintiff had had favorable rulings on jurisdiction and vexatious litigant issues in Arizona superior courts. The removals were improper because each of the Consolidated Defendants avowed that federal court had jurisdiction despite Judge Humetewa saying that it does not.

***Third***, bizarrely, after avowing that the federal court had jurisdiction, each of the Consolidated Defendants moved to dismiss on the grounds that federal court allegedly does not have jurisdiction. *See New Crescent* at Doc. 12, *Xenia* at Doc. 8, *Driftwood* at Doc. 12.

***Fourth***, the Consolidated Defendants knew that the state court had denied motions indistinguishable to the motions at issue in this case when they removed the Consolidated Cases to federal court. *See Strojnik v. KSVA Hospitality*, CV 2020-051506; *Strojnik v. Imara*, CV2020-053929. The Consolidated Defendants were forum shopping in an effort to obtain a favorable judge, which they did in federal court.

***Fifth***, the Consolidated Defendants each filed Motions to Declare Plaintiff a Vexatious Litigant in the federal Consolidated Actions also knowing that the state court

3

had previously ruled contrary to what they were seeking from this federal Court. *Strojnik v. KSVA Hospitality*, CV2020-051506; *Strojnik v. Imara*, CV2020-053929.

***Sixth***, although Judge Humetawa has said that this Court lacks jurisdiction and has previously said that remand is the appropriate remedy, not a dismissal with prejudice and declaration of vexatiousness, the All Writs Act is clear that writs can only issue in aid of their jurisdiction: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate **in aid of their respective jurisdictions** …" 28 U.S.C. §1651(a) ("AWA") (emphasis supplied).

***Seventh***, in 2016 in the 1548 Main case, Judge Humetawa was clear that she looked down upon removals where a federal court lacked jurisdiction. See Exhibit 1 at 7:26-8:9 (that 28 U.S.C. §1447(c) is designed to "deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party."). *Accord, Collier v. SP Plus Corporation*, 889 F.3d 894 (7th Cir. 2018), in which the Court was expressing disapproval of defendants' "dubious practice" of removing a case from state court to district court and them moving to dismiss for lack of standing.

***Eight***, pursuant to the Anti Injunction Act, 28 U.S.C. §2283, a federal court may not grant an injunction to stay proceedings in a state court except in limited circumstances not applicable here. *Atlantic CoastLine Railroad v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 282-83, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970). Here, the district court exceeded its jurisdiction by threatening Plaintiff with sanctions for filing cases in State court.

***Finally,*** Plintiff filed All Writs Act motions against each of the Defendants. *See* Consolidated Cases at Dkt. 34 (New Crescent), Dkt. 37 (Xenia], and Dkt 38 (Driftwood). The motions argued that, in order to aid the district court in the exercise of its jurisdiction, Defendants should be precluded from removing cases claiming jurisdiction and then moving to dismiss for lack of jurisdiction. Defendants should also be precluded from filing motions to dismiss that contravene their own prior removal notices, and motions to declare Plaintiff a vexatious litigant for filing cases in the Maricopa County Superior Court over whom the district court has no jurisdiction. *See* the Anti Injunction Act. *See also Collier*

*v. SP Plus Corporation*, 889 F. 3d at 897 expressing disapproval of defendants' "dubious practice [of removing a case from state court to district court and then moving to dismiss for lack of standing]" which results "in a significant waste of federal judicial resources, much of which [is] avoidable". (citing cases).  In *1448 Main,* this Court agreed with *Collier*, and found that 28 U.S.C. 1447(c) is designed to "deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party". Exhibit 1 at 7:26 – 8:9)

### D. Conclusion and Prayer for Relief.

Plaintiff feels unfairly targeted. It is clear that the Consolidated Defendants strategically and inappropriately removed three cases from state court to federal court, avowed jurisdiction, and then moved to dismiss for lack of jurisdiction. This Court then ruled opposite to intradistrict decisions on the same issue and contrary to Judge Humetewa's own dictates in the past. The Court made a jurisdictional error, declined to follow its own prior rulings, failed to remand the case back to the Superior Court, failed to maintain "consistency among rulings in similar cases",  engaged factual determination regarding the merits of Plaintiff's claims, violated the All Writs Act, and embarked on an apparent sexual, ableist and hygienic personal assault on Plaintiff.

The case must be remanded to the State Court without further action against Plaintiff.

The Court should retain its jurisdiction to resolve Plaintiff's All Writs Act claims against Defendants.

RESPECTFULLY SUBMITTED THIS 22nd day of January, 2021.

**PETER STROJNIK**

Plaintiff

ECF filed this 22nd day of January 2021.