Monica M. Ryden (State Bar No. 023986)
**JACKSON LEWIS PC**
2111 East Highland Avenue, Suite B-250
Phoenix, AZ  85016
Telephone: (602) 714-7044
Facsimile: (602) 714-7045
Monica.Ryden@jacksonlewis.com

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Strojnik,<br><br>  Plaintiff,<br><br>vs.<br><br>Driftwood Hospitality Management, LLC; United Hotels and Resorts, LLC; and CGD Tempe LP,<br><br>  Defendants. | Case No. **2:20-cv-01532-PHX-DJH**<br>2:20-cv001434-PHX-JJT<br>2:20-cv000343-PHX-DWL<br>(Consolidated)<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS** |

Unable to raise a valid argument in opposition to Defendants' fee motion (Doc. 52), Peter Strojnik's opposition (Doc. 61) rests almost entirely on an attempt to reargue positions that the Court rejected.  However, the only matter before this Court with respect to these Defendants is applying the appropriate legal standard for evaluating attorney fee applications under 42 U.S.C. § 12205.  On that issue, Strojnik has nothing to say.  He offers no substantive argument regarding Driftwood Hospitality Management, LLC, United Hotels and Resorts, LLC, and CGD Tempe LP's entitlement to a fee award, and he does not dispute the reasonableness of the fees sought or the hourly rates or time incurred by Defendants' counsel.

Instead, Strojnik argues that Defendants' removal to the federal court was improper.  Strojnik ask the Court to "issue a monetary sanction against Consolidated Defendants and

1   their counsel payable to a 301(c)(3) organization for the disabled in the amount equal to
2   the fees expended in this action, and to refer counsel to the District Court's Standing
3   Committee on ethics." (Doc. 61 at 7). This is yet another example of unreasonable and
4   frivolous behavior by Strojnik, factors that further favor Defendants and their Motion for
5   fees.
6         As the Court noted in its Order of January 6, 2021, which summarily dismissed
7   Strojnik's claims and declared him a vexatious litigant, "Mr. Strojnik should know that if
8   he elects to bring a federal cause of action in state court, that cause of action may be
9   removed to federal court." (Doc. 49 at 19). For all his protests and attempts to recast this
10  frivolous litigation in a more favorable light in order to evade a fee award, Strojnik's
11  position remains the same today as ever. Distilled to its essence, Strojnik argues that he
12  *could* have survived a motion to dismiss and would not have been declared a vexatious
13  litigant had his case been heard in state court. As this argument has no merit and does not
14  remotely addresses the applicable fee standard, Defendants' Motion should be granted in
15  full.

16  **I.   ARGUMENT.**

17      **A.   Strojnik Challenges Neither Defendants' Attorneys' Rates Nor Their
18      Submitted Hours.**

19        Strojnik challenges neither the appropriateness of Defendants' attorneys' rates nor
20  their hours expended on the successful defense of this litigation. Aside from nakedly stating
21  that the Court should not award any fees at all, Strojnik introduces neither argument nor
22  evidence in support of his position. *See, e.g., Fed'n of Fly Fishers v. Daley*, 200 F. Supp.
23  2d 1181, 1193 (N.D. Cal. 2002) (granting full requested fee amount where "defendants
24  submit no factual evidence in opposition to the proposed fee. … Based on the evidence
25  before it, the Court determines that [the proposed] hourly rate … is reasonable.").
26        Offering no basis to contradict the evidence submitted by Defendants in support of
27  their Motion, Strojnik effectively concedes that the rates and amount sought by Defendants
28  are reasonable. To the extent Strojnik argues that Defendants' prolonged the litigation by

1. removing to federal court and moving to dismiss for lack of standing (Doc. 61 at 6), Strojnik's claim that the "District Court suffered unnecessary and significant waste of its judicial resources" because of Defendants' alleged improper removal, not Plaintiff's wrongful conduct, is entirely unfounded. Strojnik asserted a federal cause of action in state court, and Defendants properly removed the action to federal court. As discussed in the Court's Order, the "wrongful behavior here is Mr. Strojnik's harassing attempts to unjustly enrich himself through frivolous ADA claims. This behavior, to say the least wastes 'judicial time that properly could be used to consider the meritorious claims of other litigants.'" (Doc. 49 at 18). Strojnik's wrongful behavior also forced Defendants to incur fees defending this matter. In any case, as explained in Defendants' opening brief, the billable rates of its attorneys are reasonable and consistent with the rates charged by other attorneys in the community with similar experience and training. Strojnik makes no assertion and offers no evidence to the contrary.

**B.     Strojnik Does Not Challenge Defendants' Argument and Supporting Evidence That a Fee Award Pursuant to 42 U.S.C. § 12205 Is Appropriate.**

In addition to failing to offer any argument against the specific fees sought by Defendants, Strojnik does not challenge the application of 42 U.S.C. § 12205 to determine whether Defendants may recover attorneys' fees. *See Brown v. Lucky Stores*, 246 F.3d 1182, 1190 (9th Cir. 2001) (holding that defendants may recover attorneys' fees only "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.") (quoting *Summers v. A. Teichert & Son, Inc.*, 127 F.3d 1150, 1154 (9th Cir. 1997) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421, 54 L. Ed. 2d 648, 98 S. Ct. 694 (1978))).

First, as discussed in their Motion for fees, Defendants unequivocally won. Strojnik's case was dismissed in its entirety with prejudice. To the extent that a complete dismissal informs a court's fee decision, it weighs solely in favor of the victorious party. *See, e.g., Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983) ("the most critical factor is the degree of success obtained").

Second, as this Court has already found, Plaintiff's action was frivolous. Strojnik has been bringing these ADA lawsuits for year and has had many opportunities to rectify the deficiencies in his complaints. He continues to file them in bad faith to coerce settlements out of defendants. While bad faith is not required for an award of attorney fees, Plaintiff's conduct further favor Defendants and their Motion for fees. Defendants choose to bear the costs of defeating Strojnik's frivolous claims, and they won. Thus, they are entitled to their fees.

## II.   CONCLUSION.

Defendants completely prevailed against Strojnik's frivolous claims that targeted Defendants for defending claims by Strojnik in another jurisdiction and attempting to coerce settlement funds from them. Defendants have met the legal standard for the awarding of attorneys' fees to prevailing parties pursuant to 42 U.S.C. § 12205, a standard that is not in dispute. Defendants' fees incurred through the Court's January 6, 2021 Order, as documented in their Motion for fees, amount to $28,583.80. The additional fees accrued for purposes of moving for fees, including this reply to Plaintiff's opposition, amount to $3,782.50.[1] Defendants also incurred additional fees responding to Plaintiff's Motion for New Trial (Doc. 51), in the amount of $489.50.[2]  In total, Defendants seek **$32,855.80** in fees and $406.70 in costs.  (Doc. 53, Bill of Costs).  Defendants' respectfully urge this Court to grant its Motion in full so that it will be fully compensated for its fees and costs associated with the successful defense of this action.

---

[1] The Ninth Circuit has indicated that time spent on a fee application can be compensated. *See, e.g., Davis v. City and County of San Francisco*, 976 F.2d 1536, 1544 (9th Cir. 1992). Undersigned counsel expended 8.5 hours preparing Defendant's Motion and this reply. Counsel's rate increased from $430/hour to $445/hour at the start of 2021.

[2] Undersigned counsel expended 1.1 hours drafting a response in opposition to Plaintiff's motion for new trial.

4

1 | DATED January 29, 2021.

JACKSON LEWIS P.C.

By: */s/ Monica M. Ryden*
    Monica M. Ryden
    Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Peter Strojnik
7847 North Central Avenue
Phoenix, AZ  85020
PS@strojnik.com
*Pro se Plaintiff*

/s/ Amalia Tafoya

4841-2679-8809, v. 1