Peter Strojnik,
7847 N. Central Avenue
Phoenix, Arizona 85020
Telephone: (602) 524-6602
ps@strojnik.com

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Peter Strojnik,<br><br>                               Plaintiff,<br><br>vs.<br><br>(1)    Driftwood Hospitality Management, LLC et al.<br><br>                              Defendants. | Case Nos:   2:20-cv-01532-PHX-DJH<br>                    2:20-cv-00343<br>                    2:20-cv-01434<br><br>CONSOLIDATED<br><br>**NOTICE OF SUPPLEMENTAL AUTHORITY** |

Plaintiff submits as Exhibit 1 the January 25, 2021 9th Circuit Court of Appeals decision in *Whitaker v. Tesla Motors,* 19-56497, ___F.3d____ (9th 2021).

**1. Plaintiff's Removed Complaints Complied with *Whitaker* and 12(b)(1)**

In the *Whitaker* case, the complaint alleged that (1) Whitaker is mobility disabled, (2) that he visited defendant's premises, (3) that he personally encountered a barrier related to his disability and (4) that he was thereby deterred from returning.  "These allegations are sufficient to establish injury in fact for purpose of standing". *Id.*at p. 14.

District court has jurisdiction over all removed cases.

**2. Plaintiff's Removed Complaint Complied with *Whitaker* and 12(b)(6)**

The primary focus of the *Whitaker* case was whether plaintiff's ADA the complaint stated a claim.  The issue and the conclusion were summarized at p. 5, Section III:

> The complaint alleges that Tesla "failed to provide accessible service counters," that Whitaker "personally encountered" the inaccessible service counters, and that he was denied "full and equal access." These allegations do little more than recite the elements of an ADA claim, and fall short of putting Tesla on notice of how the counters prevented Whitaker from full

and equal access to the Tesla facility. The complaint failed to answer basic questions: Were the service counters too low? Or too high? Were they positioned in an area that was inaccessible for another reason? Without this sort of factual detail, the district court and Tesla were left in the dark about how the service counters denied Whitaker from full and equal enjoyment of the premises.

In *Whitaker*, the 9th Circuit Court of Appeals relied on *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007). In *Twombly,* the supreme court noted that in determining whether a complaint states a plausible claim, the district court should "draw on its experience and common sense". *Id.* at 556. Judicial experience and just plain old common sense dictate that based on Plaintiff's mobility impairments, Plaintiff's removed complaints stated a clam.

All of Plainiff's removed complaints complied with rule 12(b)(6).

RESPECTFULLY SUBMITTED THIS 1st day of March, 2021.

**PETER STROJNIK**

Plaintiff

ECF filed this 1st day of March 2021.