**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Strojnik,<br><br>          Plaintiff,<br><br>v.<br><br>Driftwood Hospitality Management LLC, et al.,<br><br>          Defendants. | No. CV-20-01532-PHX-DJH<br><br>**ORDER** |

There are several Motions pending before the Court. Here, the Court will address *pro se* Plaintiff Peter Strojnik's Motion for New Trial (Doc. 51) and Mr. Strojnik's Motion to Amend his Complaint (Doc. 65). Defendants have filed Responses in opposition to the Motion for New Trial (Docs. 57; 58; 59), and Mr. Strojnik has filed a Reply (Doc. 60). Mr. Strojnik brings his Motion under Federal Rule of Civil Procedure 59(a) and (e), which deals with motions for a new trial or altering judgment. There has never been a trial in this case, so the Court will construe his Motion as one for reconsideration. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (noting that *pro se* filings are to be "liberally construed"). With regards to Mr. Strojnik's Motion to Amend his Complaint (Doc. 65), Defendants have filed a Response in opposition (Doc. 67), and Mr. Strojnik filed a Reply (Doc. 69).

**I.     Background**

The Court set forth the factual and procedural background to this case in its prior Order. (Doc. 49 at 4–5). That prior Order dismissed Mr. Strojnik's claims with prejudice for lacking standing, and it declared him to be a vexatious litigant. The Order established

a procedure by which courts may evaluate Mr. Strojnik's complaints and ordered that if "Mr. Strojnik fails to demonstrate standing or otherwise meet federal pleading requirements, it shall dismiss the case." (*Id.* at 20). Mr. Strojnik argues that the prior Order erred because it failed to remand the entire matter to state court pursuant to 28 U.S.C. § 1447(c). (Doc. 51).

## II.   Legal Standard

"The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1).

## III.   Analysis

Mr. Strojnik correctly notes that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). He does not mention that the Ninth Circuit acknowledges an exception to this remand requirement when "remand to state court would be futile" and "the desire to have state courts resolve state law issues is lacking." *Bell v. Kellogg*, 922 F.2d 1418, 1425 (9th Cir. 1991). This exception has been invoked in this District before in one of Mr. Strojnik's cases, back when he was a licensed attorney. *See Advocs. for Individuals With Disabilities LLC v. MidFirst Bank* 279 F. Supp. 3d 891, 894 (D. Ariz. 2017).

The Court's Order failed to explicitly find that remand would be futile. But a review of the record shows that there can be no serious doubt, and the Court so finds, that remand in this instance would be a futile and inefficient use of judicial resources. *See Bell*, 922 F.2d at 1424–25 ("We do not believe Congress intended to ignore the interest of efficient use of judicial resources."). In light of Mr. Strojnik's "frivolous and harassing" litigation tactics, the "chronic deficiencies in Mr. Strojnik's many complaints," and the obvious defects in the filings Mr. Strojnik has made in this case and myriad others, which are detailed in the Court's prior Order, the Court is certain that remand would prove futile. (*See* Doc. 40 at 11, 17). Mr. Strojnik would surely fail to meet the "rigorous standing requirements" in Arizona Superior Court. *See Advocs. for Individuals With Disabilities*

*LLC*, 279 F. Supp. 3d at 897 (quoting *Fernandez v. Takata Seat Belts, Inc.*, 108 P.3d 917, 919 (Ariz. 2005)).  Nothing on the record indicates that state court, or any court, would desire to address Mr. Strojnik's frivolous claims.  *See Bell*, 922 F.2d at 1425.

However, because the Court cannot declare all future lawsuits filed by Mr. Strojnik in state court and removed to federal court as futile, it will amend its prior order such that, if Mr. Strojnik fails to demonstrate standing or otherwise meet federal pleading requirements, the Court shall dismiss *or remand* the case.

Ultimately, the Court reaffirms its decision to dismiss this case with prejudice. Therefore, the Court will deny Mr. Strojnik's Motion to Amend his Complaint.  (Doc. 65).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for a New Trial (Doc. 51) is **granted** in part and **denied** in part as set forth in this Order.

**IT IS FURTHER ORDERED** that the Court's prior Order (Doc. 49), page 20, line 23, is amended to insert "or remand" between "dismiss" and "the case."

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend his Complaint (Doc. 65) is **denied**.

Dated this 15th day of June, 2021.

Honorable Diane J. Humetewa
United States District Judge