**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Strojnik, | No. CV-20-01532-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Driftwood Hospitality Management LLC, et al., | |
| Defendants. | |

Pending before the Court in this consolidated action are Defendants' three Motions for Attorney Fees and Sanctions (Docs. 52; 54; 56). Plaintiff has responded to all three Motions and cross-moves for sanctions (Doc. 61). Defendants filed their replies (Docs. 62; 63; 64).

**I.      Background**

The facts and procedural history in this matter are set forth in the Court's prior Order and will not be repeated here. (Doc. 49). In brief, Plaintiff brought claims against Defendants alleging, in part, that they violated the Americans with Disabilities Act ("ADA"). The Court dismissed all of Plaintiff's claims with prejudice for lacking standing and, after finding his "litigation tactics frivolous and harassing," the Court declared him a vexatious litigant. (*Id.* at 49).

Now, Defendants Driftwood Hospitality Management, LLC, United Hotels and Resorts, LLC, and CGD Tempe PL (collectively, "Driftwood") request an award of attorney fees and costs under the ADA. (Doc. 52). Defendant New Crescent Investments,

LLC ("New Crescent") also requests attorney fees and costs under the ADA, A.R.S. § 12-349 and Fed. R. Civ. P. 68. (Doc. 54). Finally, Xenia Hotels and Resorts, XHR Phoenix Palms, LLC, XHR Scottsdale Ranch, LLC (collectively, "Xenia") request that the Court order Plaintiff to show cause why he should not be subject to sanctions under the Private Securities Litigation Reform Act. (Doc. 56). Xenia also requests the Court find it entitled to an award of attorney fees pursuant to the ADA, 28 U.S.C. § 1927, or A.R.S. § 12-349. (*Id.*)

Plaintiff argues he has prevailed in this matter because Defendants had to establish federal jurisdiction and failed to do so when the Court found it lacked jurisdiction over this matter. (Doc. 61). Furthermore, because the Court found it lacked jurisdiction, Plaintiff argues the Court is now without power to award attorney fees or impose sanctions. Plaintiff request the Court impose sanctions against Defendants for filing what he claims are frivolous motions. (*Id.*)

**II.      Power to Award Fees and Impose Sanctions after Finding no Jurisdiction**

The Court will first address Plaintiff's argument that the Court lacks the authority to award fees and impose sanctions. To begin, when Defendants removed these matters from state court, they show that removal was proper. *Gaus v. Miles*, Inc., 980 F.2d 564, 566 (9th Cir. 1992). When "a civil action includes . . . a claim arising under the Constitution, laws, or treaties of the United States . . . the entire action may be removed . . . ." 28 U.S.C. § 1441. As this matter involved claims under the ADA, removal was proper because Plaintiff's claims invoked a law of the United States, over which the Court has original jurisdiction. *See* 28 U.S.C. §§ 1331, 1441. Plaintiff's argument implies that a removing defendant is obliged to prove a plaintiff has standing. This is simply not so. Plaintiff has elected to bring a federal cause of action, and was, therefore, charged with establishing he has standing. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). The fact that the Court ultimately found Plaintiff had claimed no justiciable case or controversy does not mean Plaintiff prevailed.

Plaintiff's contention that the Court may no longer award fees or impose sanctions

is similarly without merit.  "Whenever any action or suit is dismissed in any district court . . . such court may order the payment of just costs."  28 U.S.C. § 1919; *see also Alaska Right to Life Pol. Action Comm. v. Feldman*, 504 F.3d 840, 852 (9th Cir. 2007) ("[A] court may award attorneys' fees and costs even after dismissing for lack of jurisdiction.").  Accordingly, the Court will deny Plaintiff's request for sanctions and proceed to evaluate Driftwood and New Crescent's Motions for Attorney Fees and Costs.

### III.  Attorney Fees and Costs

To support an award of attorney fees and costs, a party must show that it is (1) eligible for an award, (2) entitled to an award under the relevant legal standard, and (3) that the requested award is reasonable.  LRCiv 54.2(c).

#### a.  Eligibility & Entitlement

Both Driftwood and New Crescent argue they are eligible and entitled to attorney fees and costs under the ADA.  In ADA cases, the court "may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs . . . ."  42 U.S.C. § 12205; *see also Advocs. for Individuals with Disabilities, LLC v. MidFirst Bank*, 2018 WL 3545291, at *4 (D. Ariz. July 24, 2018) ("*MidFirst*").  Courts only award a prevailing defendant an award under 42 U.S.C. § 12205 when the plaintiff's action was "frivolous, unreasonable, or without foundation."  *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1190 (9th Cir. 2001) (cleaned up).

Driftwood and New Crescent argue that because this matter was dismissed with prejudice, and because Plaintiff was found to be a vexatious litigant for filing frivolous and harassing lawsuits, they are the prevailing Defendants and are entitled to an award under 42 U.S.C. § 12205.  The Court finds that Defendants did indeed prevail, and that Plaintiff's action was frivolous, unreasonable, and without foundation for reasons fully set forth in the Court's prior Order.  (*See* Doc. 49).  Both Driftwood and New Crescent are eligible and entitled to an award of attorney fees under the ADA.

#### b.  Reasonableness

Driftwood seeks an award of fees in the amount of $28,583.80.  (Doc. 52 at 9).  New

Crescent seeks an award of fees in the amount of $40,366.50 and costs in the amount of $1,885.36. (Doc. 54 at 1). In assessing whether a request for fees and costs is reasonable, the Court turns to a number of factors outlined in Local Rule 54.2(c)(3). The Court notes that Plaintiff failed to explicitly address any of the elements in his brief. (Doc. 61).

### i. *Time and Labor of Counsel*

Driftwood and New Crescent argue the time and labor involved in litigating this matter were reasonable given the nature of the case. The Court finds that this matter required a significant amount of time and attention in preparing the various motions to declare Plaintiff a vexatious litigant.

### ii. *Novelty and Difficulty of Questions Presented*

While Plaintiff's frivolous filings are common, motions to declare him a vexatious litigant are not. Accordingly, the Court finds this was a relatively difficult matter to pursue.

### iii. *Skill Required to Perform Legal Service Properly*

The Court finds that ADA litigation is a niche practice area that requires specialized knowledge, especially when dealing with serial litigants like Plaintiff.

### iv. *Preclusion of Other Employment*

Defendants Driftwood and New Crescent represent that they were not precluded from other work during this matter's litigation. (Docs. 52 at 4; 54 at 6).

### v. *Customary Fee*

Driftwood's lead counsel argues that his reasonable billing rate is $430 per hour. (Doc. 52 at 4). New Crescent's counsel notes that he has reduced is normal rate of $325 per hour to $280 per hour "due to a number of factors," and that this rate is below the customary fee charged by partners at his firm and those charged by attorney's with comparable expertise. (Doc. 54 at 6).

### vi. *Nature of Fee Contract*

Counsel for both Driftwood and New Crescent charged an hourly rate. (Docs. 52 at 4; 54 at 6).

///

       *vii.*    *Time Limitations*

Counsel for both Driftwood and New Crescent represent that time was not a factor in this case. (Docs. 52 at 4; 54 at 6).

       *viii.*    *Amount of Money, or Value of the Rights, Involved, and Results Obtained*

Plaintiff had requested no less than $270,000 in damages from Driftwood (Doc. 52 at 5), and no less than $75,000 from New Crescent. Both parties obtained full dismissal of the claims with prejudice.

       *ix.*    *Experience of Counsel*

Driftwood's counsel represents she has fifteen years of experience. (Doc. 52 at 4). New Crescent's counsel represents himself as an experienced ADA litigator having successfully defended over 300 ADA lawsuits. (Doc. 54 at 7). The Court finds Driftwood and New Crescent's counsel are experienced attorneys.

       *x.*    *Undesirability of Case*

The Court previously noted that most parties settle with Plaintiff and that those "who choose to bear the costs of defeating Mr. Strojnik's frivolous claims in court are too few and far between." (Doc. 49 at 19). Therefore, to maintain this action for so long was certainly undesirable.

       *xi.*    *Nature of Attorney-Client Relationship*

Driftwood's counsel has previously represented it in other actions against Plaintiff. (Doc. 52 at 5). This is the first matter New Crescent's counsel has litigated on its behalf. (Doc. 54 at 7).

       *xii.*    *Other Similar Awards*

Defendants note that in a previous matter, when Plaintiff was an attorney, the court awarded $31,473.50 against Plaintiff. *MidFirst*, 2018 WL 3545291, at *20. Defendants also note another award of fees against Plaintiff, as the party, in the amount of $21,995, in which the court found an hourly rate of $500 was reasonable. *Strojnik v. 1017 Coronado, Inc.*, 2021 WL 120899, at *4 (S.D. Cal. Jan. 13, 2021). Therefore, the Court finds that the requested awards here are reasonably aligned with other similar awards.

        *xiii.*    *Other Matters*

The Defendants note Plaintiff's history of harassing litigation tactics and repeated frivolous lawsuits against them. Indeed, after the Court dismissed this action, Plaintiff emailed Driftwood to notify them that he had sued them, again, in state court. (Doc. 71-1 at 2).

The Court, having reviewed the Driftwood and New Crescent's affidavits, itemized expense lists, and other supporting documentation, finds that the requested awards are reasonable. The Court will therefore grant their requests for attorney fees and costs.

**IV.**    **Xenia's Motion**

Xenia also requests the Court find it entitled to an award of attorney fees pursuant to the ADA, 28 U.S.C. § 1927, or A.R.S. § 12-349. (*Id.* at 4–9). For reasons set forth above, the Court finds Xenia is both eligible and entitled to an award of fees and costs under the ADA. Xenia may file a motion for fees explaining why its requested amount is reasonable pursuant to Local Rule 54.2.

Xenia also requests the Court order Plaintiff to show cause why he should not be subject to sanctions under the Private Securities Litigation Reform Act ("PSLRA"). (Doc. 56 at 3). Plaintiff's original Complaint against Xenia alleged breaches of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. 78j(b) and Rule 10b-5, 17 C.F.R. § 240.10b-5. (Doc. 1-3 at 43 in 2:20-cv-01434-DJH). Upon the final adjudication of a Securities Exchange Act claim, the Court is required to find whether any party violated Federal Rule of Civil Procedure 11(b). 15 U.S.C. § 78u-4(c). If such a finding is made, the Court is required to impose sanctions in accordance with Rule 11 after providing notice and an opportunity to respond to the censured party. *Id.*

In general, these mandatory sanctions presume the appropriate sanction is an award of reasonable attorney fees and costs incurred in the action. *Id.* The Court has already found that Xenia is eligible and entitled to an award of reasonable attorney fees and costs. Therefore, the PSLRA's presumed award is what Xenia is already entitled to. Any sanction the Court might grant under Rule 11 would necessarily rise above what the statute

presumes is adequate.

For reasons stated in its prior Order, the Court has found Plaintiff's litigation tactics frivolous and harassing. (Doc. 49 at 18). Here, the Court incorporates those reasons and finds that Plaintiff has harassed Defendants and needlessly increased the cost of litigation. *See* Fed. R. Civ. P. 11(b)(1). Plaintiff is hereby ordered to show cause why the Court should not impose sanctions above the award attorney fees and costs, which the Court already finds Defendants are entitled to.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Cross-Motion for Sanctions (Doc. 61) is **denied**.

**IT IS FURTHER ORDERED** that Driftwoods' Motion (Doc. 52) is **granted**. The Court awards Driftwood $28,583.80 in attorney fees, for which Plaintiff is liable.

**IT IS FURTHER ORDERED** that New Crescent's Motion (Doc. 54) is **granted**. The Court awards New Crescent $40,366.50 in attorney fees and $1,885.36 in costs, for which Plaintiff is liable.

**IT IS FURTHER ORDERED** that Xenia's Motion (Doc. 56) is **granted**. Xenia may file a motion for attorney fees and costs as set forth above no later than 14 days after the date of this Order.

**IT IS FINALLY ORDERED** that Plaintiff is ordered to show cause why the Court should not impose sanctions above the award attorney fees and costs in writing no later than 14 days after this the date of this Order.

Dated this 28th day of July, 2021.

Honorable Diane J. Humetewa
United States District Judge