Laurent R.G. Badoux (AZ SBN: 020753)
lbadoux@buchalter.com
BUCHALTER,
A Professional Corporation
16435 N. Scottsdale Road, Suite 440
Scottsdale, AZ 85254-1754
Telephone: 480.383.1800
Facsimile: 480.824.9400

Tracy A. Warren (Cal. SBN: 228013) (*admitted pro hac vice*)
twarren@buchalter.com
BUCHALTER,
A Professional Corporation
655 W. Broadway, Suite 1625
San Diego, CA  92101
Telephone: 619.219.5335

*Attorneys for Defendants Xenia Hotels and Resorts, Inc.,
XHR Phoenix Palms, LLC, and XHR Scottsdale Ranch, LLC*

J. Christian Word (VA SBN: 46008) (*admitted pro hac vice*)
christian.word@lw.com
LATHAM & WATKINS, LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone: 202.637.2223

*Co-Counsel for Defendants Xenia Hotels and Resorts, Inc.,
XHR Phoenix Palms, LLC, and XHR Scottsdale Ranch, LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Strojnik, an individual,<br><br>　　　　Plaintiff, *pro se*,<br><br>v.<br><br>Xenia Hotels and Resorts, Inc., a foreign corporation; XHR Phoenix Palms, LLC dba Royal Palms Hotel; XHR Scottsdale Ranch, LLC dba Hyatt Regency Scottsdale Resort and Spa at Gainey Ranch,<br><br>　　　　Defendants. | Case Nos:　2:20-cv-01532-PHX-DJH<br>　　　　　　2:20-cv-00343<br>　　　　　　2:20-cv-01434<br>　　　　　　CONSOLIDATED<br><br>**DEFENDANTS' MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS** |

Pursuant to LRCiv. 54.2, and in accordance with this Court's Order dated July 28, 2021 [Doc. 77], Defendants Xenia Hotels and Resorts, Inc., XHR Phoenix Palms, LLC and XHR Scottsdale Ranch, LLC ("Defendants") respectfully move this Court for an order directing Plaintiff Peter Strojnik ("Strojnik" or "Plaintiff") to pay the attorneys' fees incurred by Defendants in defense of this matter.

The attached Declarations of Laurent R.G. Badoux and Christian Word (Exhibits A and B, respectively), which are incorporated by this reference, confirm the amount of attorneys' fees incurred by Defendants in this action. The Declarations set forth each attorney performing the work, the hourly rate and the work performed. Based on these Declarations and the justification of those fees discussed in the following paragraphs, Defendants requests an award of attorneys' fees in the amount of $247,404.00, $110,068.00 to go to Buchalter, a Professional Corporation, and $137,336.00 to go to Latham & Watkins, LLP.

In a case such as the present one, the Court should consider a number of facts in evaluating the reasonableness of legal fees sought by Defendants. These factors were originally described in the Supreme Court decision of *Schwartz v. Schwerin*, 86 Ariz. 242, 245-46, 336 P.2d 146 (1959), as follows:

> (1) the qualities of the advocate: his ability, his training, education, experience, professional standing and skill; (2) the character of the work to be done; its difficulty, its intricacy, its importance, time and skill required, the responsibility imposed and the prominence and character of the parties where they affect the importance of the litigation; (3) the work actually performed by the lawyer: the skill, time and attention given to the work; (4) the result: Whether the attorney was successful and what benefits were derived.

A fifth factor was added to this formula by the decision in *Schweiger v. China Doll Restaurant, Inc.*, 138 Ariz. 183, 673 P.2d 927, 931 (App. 1983). In *China Doll*, the Court of Appeals stated that, "The beginning point in a development of a reasonable fee is the

determination of the actual billing rate which the lawyer charged in the particular matter." Federal courts have also relied on a series of more insular categories. *See Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975); *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) (adopting 12-factor test); *see also Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983) (referring to the *Johnson* 12 factors and highlighting the special importance of the success of the petitioning counsel as well as the lack of desirability of the litigation as key elements). In regards to the *Johnson* factors, as they go beyond the state *China Doll* factors, it is important to note that litigating against Strojnik is an undesirable task. As this Court and many others have become aware, Strojnik has deployed dubious and deplorable means to further his extortionate litigation scheme, frequently attacking counsel personally, beyond the original seeking sanctions for lawyers having the audacity to oppose his contentions, and going as far as threatening and/or initiating legal proceedings against opposing counsel. *See Strojnik v. Leavitt et al.*, CV-2020-056297 (Maricopa County Superior Court May 11, 2021) (dismissing Strojnik's claim of abuse of process filed against opposing counsel in this matter, Lindsay Leavitt of Jennings Strouss).[1]

Defendants therefore request that this Court award it the sum of $247,404.00 in attorney's fees incurred in this action, $110,068.00 to go to Buchalter, a Professional Corporation, and $137,336.00 to go to Latham & Watkins, LLP.

Defendants have incurred $970.78 in total cost for this matter, not including appellate costs, which breaks down into $410.61 in traditionally taxable costs (e.g. filing fees) and $560.17 in other related costs (e.g. out of norm copying or legal research fees).

---

[1] A copy of Maricopa County Superior Court Judge Theodore Campagnolo's Order is attached hereto as Exhibit C, and Defendants request that the Court take judicial notice thereof for the same reasons as have been raised in conjunction with other motion practice in this action. *See also* Exhibit 3 to Badoux Declaration.

DATED August 11, 2021.

                    **BUCHALTER,**
                    **A PROFESSIONAL CORPORATION**

By: */s/ Laurent R.G. Badoux*
     Laurent R.G. Badoux
     *Attorneys for Defendants Xenia Hotels and Resorts, Inc., XHR Phoenix Palms, LLC, and XHR Scottsdale Ranch, LLC*

I hereby certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants, and mailed a copy of same to the following if non-registrants, this 11th day of August, 2021, to:

Peter Strojnik, *pro se*
7847 N. Central Avenue
Phoenix, Arizona 85020
*Plaintiff*

By:  */s/ Lori Harpel*