*Exhibit C*

Clerk of the Superior Court
*** Filed ***
05/13/2021 8:00 AM

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2020-056297                                        05/11/2021

                                              CLERK OF THE COURT
HONORABLE THEODORE CAMPAGNOLO              J. Escarcega
                                                  Deputy


PETER STROJNIK                            PETER STROJNIK
                                          7847 N CENTRAL AVE
                                          PHOENIX AZ  85020

v.

LINDSAY LEAVITT, et al.                   LINDSAY LEAVITT


                                          COURT ADMIN-CIVIL-ARB DESK
                                          JUDGE CAMPAGNOLO


## MINUTE ENTRY GRANTING MOTION TO DISMISS


    The Court has reviewed and considered Defendants' Motion to Dismiss Plaintiff's
Complaint, Plaintiff's Response thereto, Plaintiff's Objection to Judicial Notice of Exhibit A to
Defendants' Motion to Dismiss; Defendants' Reply, the Complaint, any other relevant filings,
and the applicable law. The Court finds that oral arguments would not significantly assist the
Court in ruling on the Motion. *See* Maricopa County Local Rule 3.2(d).

    Defendants contended that the Complaint should be dismissed under Rule 12(b)(6) for
failure to state a claim for relief. Defendants contended that Plaintiff's only cause of action for
abuse of process is barred as a matter of law. In support of the Motion, Defendants attached
Exhibit A, a copy of an unpublished Order issued by United States District Judge Diane J.
Humetewa in *Peter J. Strojnik v.  Driftwood Hospitality Management LLC, et al.*, No. CV-20-
01532-PHX-DJH, No. CV-20-00343-PHX-DJH & No. CV-20-01434-PHX-DJH, filed on
January 6, 2021.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2020-056297                                          05/11/2021


This Order included Defendant herein New Crescent Investments LLC, who had removed Plaintiff's ADA case to federal court, which had originally been filed in Superior Court in CV2020-050551.In her Order, Judge Humetewa dismissed Plaintiff's lawsuit against New Crescent Investments, LLC. Judge Humetewa's Order also found Plaintiff to be a vexatious litigant under Arizona state law.

In the instant lawsuit against New Crescent Investments, LLC and its attorneys who represented New Crescent Investments, LLC in CV2020-050551, Plaintiff claims that the Defendants herein abused process by removing the case to federal court and in obtaining a dismissal and a finding that Plaintiff was a vexatious litigant. Defendants herein contended that Plaintiff cannot prove a claim for abuse of process under any facts susceptible of proof.

**Extraneous Matters under Rule 12(b)(6)**

Plaintiff objected to the Court considering Exhibit A to the Motion, and requested that the Court strike it from the Motion. The Court rejects Plaintiff's baseless arguments that the Exhibit should be stricken.

If a trial court considers matters outside of the pleadings in a Rule 12(b)(6) motion, defined as "extraneous matters," it must treat the Motion as a Rule 56 motion for summary judgment, and allow the non-movant a reasonable opportunity to present all pertinent material in response. *Strategic Development and Construction, Inc. v. 7th and Roosevelt Partners, LLC*, 224 Ariz. 60, ¶1 (App. 2010).

Matters of public record or matters that are central to a complaint are not considered "extraneous matters." *Id.* at ¶¶13 & 14. Rule 56 treatment is not required when an undisputedly authentic copy of a document that was the subject of the complaint was attached to the Rule 12(b)(6) motion, even if the document was not attached to the Complaint. *Strategic Development and Construction, Inc. v. 7th and Roosevelt Partners, LLC*, 224 Ariz. at ¶14.

Judge Humetewa's Order is a public record. Further, her Order is central to the Complaint in this case. Plaintiff's entire case of abuse of process is based upon the results obtained in federal court after removal of the case by New Crescent Investments, LLC.

Therefore, Exhibit A is not an extraneous matter, and it has been considered by the Court in this Rule 12(b)(6) proceeding.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2020-056297                                                    05/11/2021

**Rule 12(b)(6)**

The court assumes the truth of plaintiff's factual allegations when analyzing a complaint for failure to state a claim upon which relief can be granted. *Hogan v. Washington Mutual Bank, N.A.*, 230 Ariz. 584, ¶7 (2012). Even though Rule 12(b)(6) motions are not favored under Arizona law, *State ex rel. Corbin v. Pickrell*, 136 Ariz. 589, 594 (1983), dismissal is permitted when a plaintiff would not be entitled to relief under any interpretation of the facts susceptible of proof. *Fidelity Security Life Insurance. Co. v. State Department of Insurance,* 191 Ariz. 222, ¶4 (1998).

**Discussion**

The Complaint's only allegation is that Defendants filed the removal of CV2020-050551, and obtained dispositive relief against Plaintiff in federal court.

The elements of an abuse-of-process claim are (1) a willful act in the use of judicial process; (2) for an ulterior purpose not proper in the regular conduct of the proceedings. *Crackel v. Allstate Insurance Co.,* 208 Ariz. 252, ¶11 (App. 2004). A party can demonstrate the second part of the test by showing that the process was used primarily to accomplish a purpose for which the process was not designed. *Id*. A plaintiff must present evidence that a defendant committed a specific "wilful act ... not proper in the regular conduct of the proceedings" to support a claim for abuse of process. *Id*. at ¶15 [citation omitted].

A plaintiff must present more than mere speculation that a defendant has used court processes with an improper intent. Rather, a plaintiff must show that the defendant's improper purpose was the primary motivation for its actions, not merely an incidental motivation. *Id*. at ¶18.  To show that a defendant's primary motive was improper, a plaintiff must show that the defendant used a court process inconsistently with legitimate litigation goals. *Id*. at ¶19.

In summary, there is no action for abuse of process when a defendant uses the process for its authorized or intended purpose, even if it is made with bad intentions, or if there is an incidental motive of spite. *Morn v. City of Phoenix*, 152 Ariz. 164, 167 (App. 1986).

Plaintiff's Complaint failed to allege that Defendants committed an abuse of process. The removal of the case was a proper use of process, as were the pleadings filed in federal court to dismiss the case and to obtain a finding that Plaintiff was a vexatious litigant. The relief obtained was the type of relief normally authorized and intended in such process, and it was not inconsistent with legitimate litigations goals. This was confirmed by Judge Humetewa when she stated "Mr. Strojnik has brought a federal claim that was properly removed to this Court.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2020-056297                                        05/11/2021

Defendants then moved to declare him a vexatious litigant. Those Motions are properly before the Court." Order of January 6, 2021 at 12.

Defendants requested an award of attorneys' fees under A.R.S. §12-349. Section 12-349 provides in pertinent part as follows:

> A. Except as otherwise provided by and not inconsistent with another statute, in any civil action commenced or appealed in a court of record in this state, the court shall assess reasonable attorney fees, expenses and, at the court's discretion, double damages of not to exceed five thousand dollars against an attorney or party, including this state and political subdivisions of this state, if the attorney or party does any of the following:
>
> 1. Brings or defends a claim without substantial justification.

The statute goes on to define the term "without substantial justification" as "the claim or defense is groundless and is not made in good faith." *Id*. at §12-349(F).

The terms "groundless" and "frivolous" have been found to be equivalent terms, and a claim is frivolous "if the proponent can present no rational argument based upon the evidence or law in support of the claim." *Rogone v Correia*, 236 Ariz. 43, ¶22 (App. 2014) [citation omitted]. If a court finds that there is entitlement to attorney fees, the determination of the amount of the award requires consideration of the factors detailed in A.R.S. §12-350. *Phoenix Newspapers, Inc. v. Department of Corrections, State of Arizona,* 188 Ariz. 237, 243 (App. 1997).

Based on the foregoing, Plaintiff had no substantial justification to file its cause of action of abuse of process based on Defendants' removal of his prior lawsuit, and filing a motion to dismiss and a motion to declare Plaintiff a vexatious litigant. The Court finds that the Complaint in this case was brought without substantial justification. Defendants are entitled to an award of attorneys' fees under A.R.S. §12-349(A)(1).

## Conclusion

Taking the allegations in the Complaint as true, Plaintiff is not entitled to relief under any interpretation of the facts susceptible of proof. Dismissal of the Complaint is appropriate under the facts and the law. Because the Complaint in this case was brought without substantial justification, Defendants shall be allowed to seek an award of attorneys' fees under A.R.S. §12-349.

**IT IS ORDERED** that Defendants' Motion to Dismiss Plaintiff's Complaint is granted.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2020-056297                                          05/11/2021


**IT IS FURTHER ORDERED** that the Complaint is dismissed with prejudice.

**IT IS FURTHER ORDERED** that, in order to allow for an award of attorneys' fees, Defendant shall lodge a form of Judgment of Dismissal no later than **May 31, 2021**.

**IT IS FURTHER ORDERED** that Defendants shall file an application and affidavit for attorney's fees under A.R.S. §12-349, and a verified statement of costs, no later than **May 31, 2021**. Plaintiff may file a response/objection to the application no later than **June 14, 2021**. No Reply shall be filed.


HON. THEODORE CAMPAGNOLO
JUDGE OF THE SUPERIOR COURT