1 Laurent R.G. Badoux (AZ SBN: 020753)
lbadoux@buchalter.com
2 BUCHALTER,
A Professional Corporation
3 16435 N. Scottsdale Road, Suite 440
Scottsdale, AZ 85254-1754
4 Telephone: 480.383.1800
Facsimile: 480.824.9400

5 Tracy A. Warren (Cal. SBN: 228013) (*admitted pro hac vice*)
twarren@buchalter.com
6 BUCHALTER,
A Professional Corporation
7 655 W. Broadway, Suite 1625
San Diego, CA  92101
8 Telephone: 619.219.5335

9 *Attorneys for Defendants Xenia Hotels and Resorts, Inc.,*
*XHR Phoenix Palms, LLC, and XHR Scottsdale Ranch, LLC*
10

11 J. Christian Word (VA SBN: 46008) (*admitted pro hac vice*)
christian.word@lw.com
12 LATHAM & WATKINS, LLP
555 Eleventh Street, NW, Suite 1000
13 Washington, D.C. 20004-1304
Telephone: 202.637.2223
14
*Co-Counsel for Defendants Xenia Hotels and Resorts, Inc.,*
15 *XHR Phoenix Palms, LLC, and XHR Scottsdale Ranch, LLC*

16 **UNITED STATES DISTRICT COURT**

17 **DISTRICT OF ARIZONA**

18
| | |
|---|---|
| Peter Strojnik, an individual, | Case Nos:  2:20-cv-01532-PHX-DJH |
| Plaintiff, *pro se*, | 2:20-cv-00343 |
| v. | 2:20-cv-01434 |
| | CONSOLIDATED |
| Xenia Hotels and Resorts, Inc., a foreign corporation; XHR Phoenix Palms, LLC dba Royal Palms Hotel; XHR Scottsdale Ranch, LLC dba Hyatt Regency Scottsdale Resort and Spa at Gainey Ranch, | **DEFENDANTS' MOTION TO FILE FEE AGREEMENTS UNDER SEAL** |
| Defendants. | |

BUCHALTER
A PROFESSIONAL CORPORATION
SCOTTSDALE

1

## A.    INTRODUCTION

Pursuant to Rule 5.6 of the Local Rules of Civil Procedure of the District Court of Arizona, Defendants move the Court to enter an Order authorizing it to file under seal the fee agreements (the "Fee Agreements") of Buchalter, a Professional Corporation, and Latham & Watkins LLP. These documents are in support of Defendants' Response to Motion for Leave to Conduct Discovery and Supplemental Support for Requested Award of Attorneys' Fees and Costs [Doc. 84].

The Fee Agreements between Defendant Xenia and counsel are treated as confidential. Defendants wish to have the confidential nature of these arrangements maintained, including the unique arrangements that may be reached with different law firms for the performance of a variety of legal services.

The Court may order that a record be filed under seal if it finds that there is an overriding privacy, confidentiality, or proprietary interest that overcomes the policy of public access. See Fed. R. Civ. P. 26(c); see also *Phillips v. General Motors Corporation*, 307 F.3d 1206, 1210-1211 (9th Cir. 2002). There is a common law right of public access to records in civil proceedings. *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). However, the right is not absolute and the decision whether access is appropriate is "'one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.' [Citation]." *Ibid.* "The factors relevant to a determination of whether the strong presumption of access is overcome include the 'public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets.' [Citation.]" *Ibid.*

"Moreover, in a non-dispositive motion, [such a motion for attorney's fees,] a party need only make a particularized showing of 'good cause' to seal a document instead of the normal 'compelling reasons' standard. [Citation.] This is because 'the public has less

of a need for access to court records attached only to non-dispositive [filings] [since] those documents are often unrelated, or only tangentially related, to the underlying cause of action.' [Citation.]"  *MMI, Inc. v. Baja, Inc.*, 743 F. Supp. 2d 1101, 1106 (D. Ariz. 2010).

**B.    COMPELLING REASONS AND GOOD CAUSE EXIST FOR SEALING COUNSEL'S FEE AGREEMENTS WITH DEFENDANTS**

The Fee Agreements that have been lodged consistent with L.R. 5.6 consist of Defendant's engagement letter and fee agreement with its counsel. These documents are not shared outside of the attorney and client relationship.  The document contains confidential information relating to the nature of the case, the nature of the representation and the scope and terms of counsel's engagement. The information contained in the Fee Agreements is not public and is only intended to be communicated between attorney and client. There is little if any benefit that the public would glean from these documents— certainly not enough to override the policy of maintaining the confidentiality of attorney-client communications.

For these reasons, Defendants request that this Court enter an order pursuant to L.R. 5.6(a) for the retainer agreement lodged to be filed under seal in conjunction with this motion per L.R. 5.6(c) to be accepted for filing under seal. Defendants submit a proposed order for this Court's consideration.

Dated:  September 2, 2021

**BUCHALTER**
**A PROFESSIONAL CORPORATION**


By: */s/ Laurent R.G. Badoux*
     Laurent R.G. Badoux
     *Attorneys for Defendants Xenia Hotels and*
     *Resorts, Inc., XHR Phoenix Palms, LLC, and*
     *XHR Scottsdale Ranch, LLC*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

I hereby certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants, and mailed a copy of same to the following if non-registrants, this 2nd day of September, 2021, to:

Peter Strojnik, *pro se*
7847 N. Central Avenue
Phoenix, Arizona 85020
*Plaintiff*

By:  */s/ Lori Harpel*