Peter Strojnik,
7847 N. Central Avenue
Phoenix, Arizona 85020
Telephone: (602) 524-6602
ps@strojnik.com

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Strojnik,<br><br>Plaintiff,<br><br>vs.<br><br>Driftwood Hospitality Management, LLC;<br><br>Defendants. | Case Nos:   2:20-cv-01532-PHX-DJH<br>**2:20-cv-00343**<br>2:20-cv-01434<br><br>CONSOLIDATED<br><br>**PLAINTIFF'S REPLY TO DEFENDANT XENIA'S RESPONSE RE MOTION FOR DISCOVERY** |

In its Response, Dkt. 84 at 3:11-14, Xenia admits that the handling of *this* case consisted of "coordination [with other cases filed by Plaintiff] to ensure consistency of pleadings, strategy and retention of institutional knowledge in addressing Plaintiff's litany of complaints". In other words, Xenia and its lawyers admit that everything they filed in *this* case was cut and pasted from their prior filed and paid for motions in *other* cases.

This can be referred to as the "cut-and-paste consistency".

In order to achieve consistency, i.e., cutting and pasting their prior motions filed in *other* cases, Xenia and the lawyers now swear under oath that they incurred Two Hundred Forty Seven Thousand Four Hundred and Four dollars ($247,404.00). *See* Xenia's lawyers' declarations at Dkt. 79-1 and 79-2.

Cutting and pasting prior prepared and paid for motions does not take a quarter of a million dollars. Xenia's and its lawyers' claim is baseless on its face.  The more Xenia and its lawyers try to explain this horrendous breach of legal ethics, the more obvious it becomes that the $247,404 claim is but a scheme or artifice to defraud the Court and

1

Plaintiff. This is but one of the reasons why a review of the actual fee agreement is necessary. It is essential to discover whether Xenia actually paid, or agreed to pay, its lawyers for $247,404.00 in order to achieve the "cut-and-paste consistency" in *this* case.

Xenia's and their lawyers' reprehensible claim for a quarter million dollars in cut-and-paste fees evokes the memory of the immortal words of the Arizona Supreme Court justice Feldman in discussing the scope of Arizona's racketeering law:

> "[Racketeering] 'scheme' is a 'plan', while an 'artifice' is an 'evil or artful strategy'. Thus s 'scheme or artifice" is some 'plan, device, or trick' to perpetrate a fraud. [Citations]. …The definition of 'fraud' must be broad enough to cover all the varieties made possible by boundless human ingenuity".

*State v. Haas*, 138 Ariz. 413, 424, 675 P.2d 673, 675 (1983).

Here, Xenia's and its lawyers used their "boundless human ingenuity" to exercise a fraud not only on Plaintiff but, more importantly, on the Court. Defendant Xenia and its lawyers correctly assessed district court's sentiment toward Plaintiff, but they misguidedly concluded that this sentiment would translate into district court's unwitting participation in their fraud.

Plaintiff submits that the honor of the district court eclipses district court's sentiment toward any individual litigant before it. For this reason, not only should the fee agreement be publicly disclosed, but expansive discovery should be permitted, and an evidentiary hearing held regarding Xenia's and its lawyers' egregious scheme and artifice designed to perpetrate a fraud on this Court and on Plaintiff.

RESPECTFULLY SUBMITTED THIS 5th day of September, 2021.

**PETER STROJNIK**

_____
Plaintiff

ECF filed

2