Peter Strojnik,
7847 N. Central Avenue
Phoenix, Arizona 85020
Telephone: (602) 524-6602
ps@strojnik.com

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Peter Strojnik,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>Driftwood Hospitality Management, LLC;<br><br>　　　　　　　　　　Defendants. | Case Nos:　2:20-cv-01532-PHX-DJH<br>　　　　　　**2:20-cv-00343**<br>　　　　　　2:20-cv-01434<br><br>CONSOLIDATED<br><br>**MOTION FOR ORDER TO SHOW CAUSE DIRETCED TO XENIA AND ITS LAWYERS** |

In Plaintiff's Reply To Defendant Xenia's Response Re Motion For Discovery, Dkt at 88, Plaintiff shared with the district court Defendant Xenia's and its lawyers' admission that the $247,404.00 in claimed fees was in fact cut and pasted from previously filed motions. *See* Xenia's Response, Dkt. 84 at 3:11-14. Xenia admitted that the handling of *this* case consisted of "coordination [with other cases filed by Plaintiff] to ensure consistency of pleadings, strategy and retention of institutional knowledge in addressing Plaintiff's litany of complaints." In other words, Xenia and its lawyers admit that everything they filed in *this* case was cut and pasted from their prior filed and paid for motions in *other* cases regarding Plaintiff.

This can be referred to as the "cut-and-paste consistency."

Xenia subsequently resisted disclosing the fee agreement but was ultimately forced to disclose it. Dkt. at 90-1.

The fee agreement provides in its Outside Counsel Policy & Guidelines:

1

**Work Product**

Final versions of all substantive work product produced on Xenia's behalf, are the property of Xenia and are to be submitted to the lead Xenia in-house counsel (unless that Xenia in-house counsel indicates otherwise). Work product includes, but is not limited to, research, notes, memoranda, pleadings and correspondence. The re-use of Xenia work product to maximize efficiencies is encouraged, where possible.

Accordingly, the lawyers' "cut-and-paste consistency" does not represent new work, nor does it represent the lawyers' work on this case. It represents the use of Xenia's work product for which no fees were or could be charged. All the research, notes, memoranda, pleadings and correspondence were already paid for and belonged to Xenia.

The express difficulty with this is that both Xenia and its lawyers were aware that there were no new fees incurred fees actually incurred and paid for in *this* case (with the possible exception of reshuffling Xenia's own work product.)

The only way to resolve this matter is for the court to issue its Order to Show Cause why Xenia and its lawyers should not be found in contempt for defrauding the court. The Order to Show Cause should require both Xenia and its Lawyers to provide the following information:

1. The actual billing for the filing of two cut and paste motions; and
2. The actual proof of payment for those services.

Once this information is received, the court can determine whether the $247,404 represents actual fees incurred and paid, or whether the $247,404.00 is an attempt at using the court system to perpetrate a fraud.

Lastly, Xenia and its lawyers had ethical duty to alert the court that it lacked jurisdiction to award fees. *See Feezor v. Lopez De-Jesus,* 439 F. Supp. 2nd 1109,1110-11. (S.D. Cal. 2006) (Dismissal for lack of standing is not a judgment on the merits such as would entitle costs and fees under the ADA. . Likewise, a defendant is not a prevailing party when a case is dismissed on jurisdictional grounds. *Miles v. California*, 320 F.3d 986, 988 (9th Cir 2003).

///

1
2      RESPECTFULLY SUBMITTED THIS 30th day of November, 2021.
3
4                              **PETER STROJNIK**
5                              _____
6                              Plaintiff
7  ECF filed
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28