IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Strojnik,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Driftwood Hospitality Management LLC, et al.,<br><br>　　　　Defendants. | No. CV-20-01532-PHX-DJH<br><br>**ORDER** |

There are three matters pending before the Court in this consolidated action. The first Defendants Xenia Hotels and Resorts, Inc.; XHR Phoenix Palms, LLC; and XHR Scottsdale Ranch, LLC's (collectively "Xenia") Motion for Attorney Fees (Doc. 79). The second is *pro se* Plaintiff's Renewed Request for Leave to Conduct Discovery (Doc. 82), and the third is Plaintiff's recently filed Motion for Order to Show Cause (Doc. 91). Here, the Court addresses Plaintiff's Motions.[1]

**I.　Renewed Request for Leave to Conduct Discovery (Doc. 82)**

Under this District's Local Rules, discovery "shall not be conducted in connection with a motion for award of attorneys' fees and related non-taxable expenses, unless ordered by the court upon motion and good cause shown." LRCiv 54.2(g).

Plaintiff requests, in part, to ascertain the amount of money Xenia actually paid its

---

[1] Xenia has filed a Response to Plaintiff's Renewed Request for Leave to Conduct Discovery, (Doc. 84), and Plaintiff filed a Reply (Doc. 88). The Renewed Request for Leave to Conduct Discovery is ripe. In addition, although Xenia has not filed a Response to Plaintiff's Motion for Order to Show Cause, one is not necessary as the Motion will be denied and struck.

attorneys. (Doc. 82 at 2). The Local Rules state a party seeking an award of attorney fees "shall include a statement as to whether" its client has paid any fees pursuant to a fee agreement "and, if so, a statement of the amount paid . . . ." LRCiv 54.2(d)(4)(b). Xenia states it will provide such information. (Doc. 84 at 10). The Court will order Xenia to do so.

Plaintiff also requests to know the amount Xenia agreed to pay its attorneys. This request has been satisfied by Xenia's recent filing of fee agreements. (*See* Doc. 90).

Finally, Plaintiff requests discovery on "[t]he relationship between Xenia's motions filed in this case and similar motions filed by Xenia's attorneys in similar cases; and . . . [t]he fees incurred and paid by Xenia's other clients in relation to their motions to dismiss and their motions to declare Plaintiff a vexatious litigant." (Doc. 82 at 2). The Court finds that Plaintiff has not demonstrated good cause warranting discovery for this information. If Plaintiff takes issue with the work Xenia's counsel purports to have done in this matter and whether work in other matters made it easier, he should have identified "with specificity all disputed issues of material fact [on time sheets] and . . . each and every disputed time entry or expense item." LRCiv 54.2(f). Plaintiff has not done so, and the time in which to do so has passed. LRCiv 7.2(c).

## II. Motion for Order to Show Cause (Doc. 91)

Plaintiff's Motion for Order to Show Cause is better characterized as a Sur-Reply to his Renewed Request for Leave to Conduct Discovery. It requests "[t]he actual billing for the filing of two cut and paste motions; and . . . [t]he actual proof of payment for those services." (Doc. 91 at 2). This is essentially the same request that was made in the original Motion, and the Local Rules do not allow for such pleadings. *See* LRCiv 7.2. Therefore, the Court will strike Plaintiff's Motion for Order to Show Cause.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion (Doc. 82) is **granted** in part, and **denied** in part. Xenia shall supplement its Motion for Attorney Fees by providing a statement of the fees paid as directed by Local Rule 54.2(d)(4)(b). Xenia shall file this

supplement by no later than close of business <u>Friday, December 3, 2021</u>.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Order to Show Cause (Doc. 91) is **denied** and shall be stricken.

Dated this 30th day of November, 2021.

_____
Honorable Diane J. Humetewa
United States District Judge