**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Strojnik, | No. CV-20-01532-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Driftwood Hospitality Management LLC, et al., | |
| Defendants. | |

Pending before the Court in this consolidated action is Defendants Xenia Hotels and Resorts, Inc.; XHR Phoenix Palms, LLC; and XHR Scottsdale Ranch, LLC's (collectively "Xenia") Motion for Award of Attorneys' Fees and Costs (Doc. 79). The Motion seeks a total of $247,404.00 in attorney fees and $970.78 in costs. *Pro se* Plaintiff has not filed a response directly to the Motion. Instead, Plaintiff filed a Renewed Motion for Leave to Conduct Discovery (Doc. 82) on how Xenia came to this amount.[1] For the following reasons, the Court grants Xenia's Motion in part.

**I.     Background**

Previously, the Court dismissed Plaintiff's claims against Xenia and declared Plaintiff a vexatious litigant for his frivolous and harassing litigation tactics. (Doc. 49 at 17).  Because Plaintiff's original Complaint alleged Xenia violated the Securities Exchange Act of 1934, Xenia sought to impose a mandatory sanction against Plaintiff for frivolous conduct under the Private Securities Litigation Reform Act

---

[1] Plaintiff's Motion was granted in part and denied in part. (Doc. 92).

("PSLRA") and Federal Rule of Civil Procedure 11(b). (Doc. 56 at 2). Because the standard PSLRA sanction is attorney fees, the Court Ordered Plaintiff "to show cause why the Court should not impose sanctions above an award of attorney fees and costs, which the Court already finds Defendants are entitled to." (Doc. 77 at 7). In response, Plaintiff represents he "has unsuccessfully searched his memory to determine what actions on his part would merit sanctions." (Doc. 78 at 2). He also argues this Court and others in the District of Arizona have breached the Code of Conduct for United States Judges. (*Id.*)

Xenia then filed its Motion for Attorney Fees, in response to which Plaintiff filed an original Motion for Leave to Conduct Discovery (Doc. 80). This Motion was denied for lacking a certification that Plaintiff had conferred with Xenia as required by Local Rule of Civil Procedure 7.2(j). In his renewed Motion, Plaintiff represents that Xenia's counsel "declined to engage." (Doc. 82 at 1).

Noting deficiencies in Xenia's Motion, the Court ordered Xenia to supplement its Motion for Attorney Fees for failing to comply with the Local Rules. Specifically, Xenia did not provide a copy of a written fee agreement, nor did it explain how its requested fees were reasonable. (Doc. 83 at 2) (citing LRCiv 54.2(c)(3), (d)(2)). Xenia supplemented its Motion as ordered. (*See* Docs. 84; 90). Subsequently, the Court granted Plaintiff's Renewed Motion for Leave to Conduct Discovery in part and ordered Xenia to supplement its Motion by providing a statement of the amount it has actually paid its attorneys, as required by the Local Rules. (Doc. 92 at 2) (citing LRCiv 54.2(d)(4)(b)). Xenia then filed a supplement representing that as of August 11, 2021, it had paid its attorneys $248,374.78. (Doc. 93 at 2). This figure, Xenia represents, does not include the fees or costs Xenia has incurred litigating Plaintiff's appeal. (*Id.*)

The Court first addresses whether Plaintiff should be sanctioned under the PSLRA for an amount that is greater than Xenia's attorney fees.

**II.     Presumed Award of Attorney Fees**

The PSLRA requires the Court to review the record and find whether any party has violated Federal Rule of Civil Procedure 11(b). 15 U.S.C. § 78u-4(c)(1). The Court has

already done so and found "that Plaintiff has harassed Defendants and needlessly increased the cost of litigation." (Doc. 77 at 7). For substantial failures to comply with Rule 11(b), the presumed award under the PSLRA is an award of "reasonable attorneys' fees and other expenses incurred in the action." 15 U.S.C. § 78u-4(c)(3)(A). Plaintiff's defense, that he does not remember any violations of Rule 11(b), fails to rebut this presumption, and fails to show why an award in excess of reasonable attorney fees should not be granted. (Doc. 78 at 2).

Rule 11(b) requires that sanctions be limited to only that which deters a party from repeating the sanctionable conduct. The Court, in crafting its Order that declared Plaintiff a vexatious litigant, was also tasked with crafting narrowly tailored order so as to prevent Plaintiff's vexatious behavior. (Doc. 49 at 18). It may be debated whether its efforts were successful. Xenia notes that after the Court's previous Order awarding Defendant New Crescent Investments, LLC ("New Crescent") attorney fees, Plaintiff filed suit in Maricopa County Court arguing that New Crescent "abused process" by removing the action to federal court and obtaining an Order declaring Plaintiff a vexatious litigant. (Doc. 79-3) (containing a copy of the order granting New Crescent's motion to dismiss in *Strojnik v. Leavitt*, CV 2020-06297 (May 11, 2021)). That action was dismissed, and the court found that New Crescent was entitled to another award of attorney fees because the complaint "was brought without substantial justification . . . ." (*Id.* at 5).

As will be discussed below, Xenia's requested award is significantly higher than other awards granted against Mr. Strojnik, and the Court will consider Plaintiff's history as a vexatious litigant and the surrounding circumstances of Xenia's Motion to determine what constitutes a reasonable award of attorney fees. However, because the requested fees are so great, the Court sees no reason to impose additional sanctions beyond an award of attorney fees and costs under Rule 11(b).

**III.    Reasonable Attorney Fees**

Xenia seeks $247,404.00 in attorney fees. This amount, if granted, would be divided between two firms that represented Xenia in this matter, "$110,068.00 to go to

Buchalter, a Professional Corporation ['Buchalter'], and $137,336.00 to go to Latham & Watkins, LLP ['Latham']." (Doc. 79 at 4).

To receive an award of fees, a party must show that it is eligible and entitled to an award, and that the requested award is reasonable. LRCiv 54.2(c). The Court has already found Xenia is eligible and entitled to an award of fees. (Doc. 77 at 6). Therefore, the question is whether Xenia's request of $247,404.00 in attorney fees is reasonable.

To determine whether an award is reasonable, the Court then uses the lodestar method by multiplying "the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). Reasonableness is assessed with the following factors:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976); *see also* LRCiv 54.2(c)(3). The Court proceeds to evaluate each of the *Kerr* factors in turn.

**a. Evaluation of the *Kerr* Factors**

*1. Time and Labor Required*

Both Buchalter and Latham attach copies of itemized statements of legal services rendered. (Docs. 79-1; 79-2). Buchalter represents in its time sheets that its firm spent a total of 279 hours on this matter. (Doc. 79-1 at 33). Although Latham nowhere states how much time it spent on this matter, the Court calculates its firm spent a total of 149.7 hours on this matter. Xenia represents its counsel "left no stone unturned in insuring the right outcome in this case." (Doc. 84 at 4). In total, Xenia seeks attorney fees for 428.7 hours of labor.

Surveying the record, Xenia's involvement in this matter consisted of removing this case to this Court, filing a Motion to Dismiss, filing a Motion to Declare Plaintiff a Vexatious Litigant, filing a Motion for Sanctions under the PSLRA, as well as a Response to Plaintiff's Motion for New Trial, and the reply briefs to Xenia's own motions. This course of action is substantially similar to the other Defendants, who represent that they spent substantially less time on this matter. Defendants Driftwood Hospitality Management, LLC; United Hotels and Resorts, LLC; and CGD Tempe Pl, represent that their counsel spent, by the Court's calculation, 85.1 hours on this matter. (Doc. 52-1 at 7–13). Likewise, New Crescent represents that its counsel spent 139.1 hours on this matter. (Doc. 54-1 at 21).

The Court recognizes Xenia's position is somewhat different because, unlike with the other Defendants, Plaintiff alleged that Xenia had committed securities fraud. (*See* Doc. 49 at 5).

*2. Novelty and Difficulty of Questions*

As was previously noted, "[w]hile Plaintiff's frivolous filings are common, motions to declare him a vexatious litigant are not. Accordingly, the Court finds this was a relatively difficult matter to pursue." (Doc. 77 at 4).

*3. Requisite Skill*

The Court previously found "ADA litigation is a niche practice area that requires specialized knowledge, especially when dealing with serial litigants like Plaintiff." (Doc. 77 at 4). Given the benefit of hindsight, the Court recognizes that securities law played a minor role in this matter. However, this too is a specialized area of the law.

*4. Preclusion of Other Employment*

Xenia's counsel represent they were not precluded from other employment. (Doc. 84 at 5).

*5. Customary Fee*

Counsel for Buchalter represents that his billing rate is $460 per hour. (Doc. 79-1 at 4). Counsel for Lathan represents that his customary rate was $1,295 per hour in 2020

and $1,360 in 2021. (Doc. 79-2 at 3). Here, the Court notes that Buchalter is based in San Diego, California, and Latham is based in Washington, D.C., and nowhere does Xenia attempt to show what the customary fee for an attorney's services in Phoenix, Arizona.

Previously, the Court found that the rates charged by other Defendants' Arizona counsel, of $430 per hour and $325 per hour, were reasonable amounts. (Doc. 77 at 4).

*6. Fixed or Contingent Fee*

Xenia's counsel operated on a fixed fee agreement. (Doc. 90). The Court notes that the time sheets provided by Latham indicate that Xenia was sent a monthly invoice for legal fees. (Doc. 79-2 at 4).

*7. Time Constraints*

Xenia's counsel represents that its client did not impose time constraints. (Doc. 84 at 6).

*8. Involvement and Results Obtained*

Xenia's involvement, as discussed earlier, is substantially similar to the other Defendants' involvement. The results obtained were an Order declaring Plaintiff a Vexatious Litigant and dismissal of the claims against Xenia. (Doc. 49). This is a successful result, especially considering Plaintiff's history of harassing and frivolous litigation.

*9. Experience, Reputation, and Ability of Attorneys*

Xenia's counsel represents they are well-regarded in their community and experts in their respective fields. (Doc. 84 at 7). Plaintiff has made no showing to rebut this representation, and so the Court accepts Xenia's representations.

*10. Undesirability of Case*

The Court previously noted that most parties settle with Plaintiff and that those "who choose to bear the costs of defeating Mr. Strojnik's frivolous claims in court are too few and far between." (Doc. 49 at 19). To maintain this action for so long is certainly undesirable.

/ / /

11. *Nature of Relationship with Client*

Xenia represents it has "an established relationship with Buchalter," but it says nothing about its relationship with Latham. (Doc. 84 at 8). The Court infers from a 2015 engagement letter with Latham that Xenia has had a relationship with that firm for nearly seven years. (Doc. 90-1 at 5).

12. *Awards in Similar Cases*

The Court need only go back to its prior Order granting attorney fees for other Defendants in the amount of $28,583.80 and $40,366.50. (Doc. 77 at 7). Other courts have found awards of $31,473.50 and $21,995 to be reasonable. *See Advocs. for Individuals with Disabilities, LLC v. MidFirst Bank*, 2018 WL 3545291, at *20 (D. Ariz. July 24, 2018); *Strojnik v. 1017 Coronado, Inc.*, 2021 WL 120899, at *4 (S.D. Cal. Jan. 13, 2021).

**b. Lodestar Calculation**

The Court will now conduct its lodestar calculation, starting with a determination of what a reasonable time expended is. Courts should exclude hours that were not reasonably expended. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Counsel seeking an award of fees should exercise "billing judgment" even though they do not expect the client to pay the fees. *Id.* The 279 hours that Buchalter claims is a significantly greater amount of time than other firms, conducting comparable work, have claimed. Therefore, the Court finds that a reasonable amount of time for Buchalter to have spent on this matter is 150 hours. As discussed above, this amount of time aligns with the upper end of what other counsel spent in this matter conducting substantially similar work. By the same measure, the Court finds the 149.7 hours Latham spent on the matter is a reasonable amount of time.

Next the Court will determine what a reasonable rate is. In *Kerr*, the Ninth Circuit adopted the Fifth Circuit's factors to determine reasonableness. 526 F.2d at 69 (citing *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 718 (5th Cir. 1974)). These factors included a consideration of customary fees "for similar work *in the community*," not, as Xenia suggests, customary fees for the attorney in question. *Johnson*, 488 F.2d at 718

(emphasis added).  Bearing this in mind, the Court finds the rates charged by Buchalter of $460 per hour is reasonable and comparable to the amount charged by Arizona counsel. (*See* Doc. 77 at 4).  The rate charged by Latham, far exceeds what is reasonably expected in Arizona.  Therefore, the Court sets a reasonable rate for Latham at $600 per hour.

By the lodestar calculation, Buchalter's reasonable fees amount to $69,000.00, and Latham's fees amount to $89,820.00.  This sums to $158,820.00, which is a figure that the Court sees no reason to modify further.

**IV.   Conclusion**

The Court will grant Xenia an award in the amount of $158,820.00 in attorney fees. The Court will also grant Xenia an award of costs in the amount of $970.78.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Award of Attorneys' Fees and Costs (Doc. 79) is **granted** in part.  The Court awards Xenia $158,820.00 in attorney fees and $970.78 in costs, for which Plaintiff is liable.

Dated this 16th day of December, 2021.

Honorable Diane J. Humetewa
United States District Judge